| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------- X<br>  CITY OF ALMATY, KAZAKHSTAN and BTA  :<br>  BANK JSC,                                                             :<br>                                                                                 :<br>                                               Plaintiffs,          :<br>                                                                                 :<br>                             -against-                                  :<br>                                                                                 :<br>                                                                                 :<br>                                                                                 :<br>                                                                                 :<br>  FELIX SATER; DANIEL RIDLOFF;                             :<br>  BAYROCK GROUP, INC.; GLOBAL HABITAT  :<br>  SOLUTIONS, INC.; RRMI-DR LLC; FERRARI   :<br>  HOLDINGS LLC; MeM ENERGY PARTNERS  :<br>  LLC,                                                                       :<br>                                              Defendants.       :<br>-------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 3/27/2019<br><br>19-CV-2645 (VEC)<br><br>ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS Plaintiff's Complaint [Dkt. 1 at 17 n.4] notes that at least three individuals whose conduct figures prominently in the Complaint—Ilyas Khrapunov, Viktor Khrapunov, and Mukhtar Ablyazov—are parties to *City of Almaty v. Ablyazov*, No. 15-CV-5354, a case pending before the Honorable Alison Nathan;

WHEREAS Plaintiffs City of Almaty and BTA Bank JSC are also parties to that case;

WHEREAS it appears to the Court that this action may be related to 15-CV-5354 because "the actions concern the same or substantially similar parties, property, transactions or events," "there is substantial factual overlap," and, "absent a determination of relatedness," "there [c]ould be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses," Southern District Local Business Rule 13(a);

WHEREAS Local Civil Rule 1.6 imposes a "continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or

criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort," and directs that "[a]s soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned";

WHEREAS Southern District Local Business Rule 13(b)(1) furthermore requires any attorney filing a civil case to "disclose on [the] form JSC44C any contention of relatedness" and to "file a Related Case Statement stating clearly and succinctly the basis for the contention"; and

WHEREAS no Related Case Statement has been filed with this Court,

IT IS HEREBY ORDERED that no later than **April 2, 2019**, Plaintiffs shall submit a letter explaining why they neither filed a Related Case Statement pursuant to Southern District Local Business Rule 13(b)(1) nor clearly and conspicuously brought the possibility of this case's relatedness to 15-CV-5354 to the Court's attention pursuant to Local Civil Rule 1.6.  In the same letter, Plaintiffs must explain whether, in their view, this case is related to 15-CV-5354 under Southern District Local Business Rule 13.

**SO ORDERED.**

**Date:  March 27, 2019**
      **New York, New York**

_____
      **VALERIE CAPRONI**
      **United States District Judge**