IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

City of Almaty, et ano.

               Plaintiff,

against

Felix Sater, et al.

               Defendant.

CIVIL ACTION NO.: 19-CV-2645 (AJN)(KHP)

---

**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on May 14, 2019, and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:

Defendants participated in a criminal enterprise and are liable for laundering and profiting from money stolen from Plaintiffs -- including punitive damages -- under claims of unjust enrichment, money had and received, fraud, conversion, and unlawful means conspiracy.

Defendants:

None of the claims asserted in the Complaint against Defendants Felix Sater, Bayrock Group Inc., and Global Habitat Solutions, Inc. (collectively the "Sater Defendants") or Daniel Ridloff and RRMI-DR LLC (collectively, the "Ridloff Defendants") are viable under New York Law for a myriad of reasons, including that the claims are barred by the statute of limitations, fail to state a claim and are barred by a release.

The claims against the Sater Defendants have been asserted in bad faith, no doubt to "sanitize" the actions of Plaintiffs and their counsel, who have been accused of paying a witness for testimony in a related case pending before this Court (the "Related Case").  Plaintiffs entered into an asset recovery agreement (the "Recovery Agreement'), with a company wholly owned by Mr. Sater. Pursuant to the Recovery Agreement, Plaintiffs paid Sater's company monthly for a period of approximately two years in exchange for asset recovery and litigation strategy services.  Such services were provided in connection with, among other things, the Related Case.  Mr. Sater was subpoenaed to and did testify in the Related Case.  Plaintiffs' counsel met and conferred with Mr. Sater on multiple occasions in the offices of Boise Schiller Flexner LLP and in fact, counsel instructed Mr. Sater to meet with financial advisers hired by Plaintiffs.  Additionally, Mr. Sater repeatedly met with Plaintiffs' representative  Arcanum for over a three-year period during  which Plaintiffs' counsel and  Sater discussed and strategized as to the recovery of assets on behalf of the Plaintiffs in the Related Case, including at the outset, the hiring of Boise Schiller Flexner LLP.  In fact, it was Mr. Sater who identified the assets that are currently being fought over in the Related Case.  Finally, and most outrageous, is the fact that Plaintiffs have commenced this action: a) to avoid paying the remaining monies owed under the Recovery Agreement,  despite fully releasing Mr. Sater in 2015 and b) in blatant retaliation for Sater initiating an arbitration against Plaintiffs to recover the remaining monies owed.

The Ridloff Defendants deny all of the allegations in the Complaint as fanciful and malicious fabrications without any basis in fact. The Ridloff Defendants' only involvement was in their capacity as a licensed real estate broker and employee, pursuant to which the Ridloff Defendants earned a standard Real Estate broker fee and wages.

The claims against Ferrari Holdings LLC are equally meritless based upon similar reasons as articulated by the other defendants above.  For instance, claims against that party stem from a business transaction involving the purchase of a mortgage and/or debt collateralized by the Tri County Mall.  Ferrari Holdings LLC denies any allegations of any wrongdoing.   In addition, the claims, as directed at  Ferrari Holdings LLC, do not state a cause of action since Ferrari Holdings LLC is far removed from any allegation of wrongdoing in the complaint.  If the Court were to permit such attenuated claims against a party, there would be an endless parade of defendants.

2. **Basis of Subject Matter Jurisdiction:**   Diversity and supplemental jurisdiction

3. **Subjects on Which Discovery May Be Needed**

Plaintiff:

Defendants' financial records, communications, and documents reflecting their participation and profiting in the money laundering scheme. Third party discovery of their co-conspirators, of financial institutions, and of corporate services providers re same.

Defendant:

All communications between Boies Schiller Flexner LLP and any of the Sater Defendants or their representatives, all agreements between Boies Schiller Flexner LLP and any of the Defendants, and all documents concerning or relating to any such communications or agreements, or concerning the Plaintiff's recovery of assets from the Khrapunovs, the Ablyazovs or any other persons as alleged in this action, all discovery produced in the Related Action, including third party discovery.

Any and all documents, financial records, communications, and documents reflecting any basis for the allegations against any defendant as set forth in the complaint. In other words, documents must be provided to form a complete and unbroken chain of events to the extent it is alleged in the complaint.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be disclosed by Plaintiff(s) on June 18, 2019. In addition, on July 2, 2019, Plaintiff(s) will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be disclosed by Defendant(s) on June 18, 2019. In addition, on July 2, 2019, Defendant(s) will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by June 4, 2020.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

    i.    <u>Depositions</u>:  Depositions shall be completed by  <u>6/4/20</u> and limited to no more than <u> 20  </u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>  6/25/19    </u>.  All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

    iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before  <u>  6/4/20           </u>.

    iv.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>  6/25/19   </u> and responses shall be due on  <u> 7/23/19          </u>.  All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Defendants anticipate that Plaintiffs may object to the discovery of Boies Schiller Flexner LLP.

7.    **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? <u>Possibly in response to Defendants' motions to dismiss.</u>

    b.    Last date to amend the Complaint:  <u>Plaintiffs' response to Defendants' motions to dismiss or answers is due July 17, 2019.</u>

8.    **Expert Witness Disclosures**

At this time, the parties (do)/do not (circle one) anticipate utilizing experts. Expert

discovery shall be completed by __October 9, 2020_____.

9. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? __Yes_____

    b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? ___N/A_____

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

_____
_____
_____

10. **Anticipated Motions**

The Sater Defendants and the Ridloff Defendants anticipate two motions:

1) A motion pursuant to Rule 12(b) to dismiss all of the claims asserted against the Sater Defendants and the Ridloff Defendants.
2) A motion to disqualify Boies Schiller Flexner LLP as counsel to the Plaintiffs, based on Boies Schiller Flexner LLP being a material witness to the allegations set forth in the Complaint, a potential answer, counterclaims, and/or third party claims asserted by the Sater Defendants and their communications with Sater.

Defendant Ferrari Holdings anticipates filing a motion pursuant to Rule 12(b) to dismiss all of the claims asserted against Ferrari Holdings

Plaintiffs reserve the right to make a cross-motion for sanctions and other relief in response to any motion to disqualify Plaintiffs' counsel.

11. **Early Settlement or Resolution**

The parties have/(have not) (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than_____. The following information is needed before settlement can be discussed:

Evidence concerning Defendants' knowledge of and participation in the money laundering scheme. Complete financial disclosure from the defendants. The location and amount of assets traceable to the relevant transactions.

12. **Trial**
    a. The parties anticipate that this case will be ready for trial by  12/ 7/20
    b. The parties anticipate that the trial of this case will require  30  days
    c. The parties do / **do not** (circle one) consent to a trial before a Magistrate Judge at this time.
    d. The parties request a **jury** / bench (circle one) trial.

13. **Other Matters**

Respectfully submitted this 28 day of May 2019 on behalf of:

ATTORNEYS FOR PLAINTIFF(S):

Matthew L. Schwartz
Boies Schiller Flexner LLP
*Attorneys for Plaintiffs*

ATTORNEYS FOR DEFENDANT(S):

Jill Levi
Todd & Levi, LLP
*Attorneys for Felix Sater, Bayrock Group Inc., Global Habitat Solutions, Inc., Daniel Ridloff and RRMI-DR LLC*

Michael Horn
Archer & Greiner, P.C.
*Attorneys for Ferrari Holdings LLC*

By:

/s/ Matthew L. Schwartz
Matthew L. Schwartz
Boies Schiller Flexner LLP
*Attorneys for Plaintiffs*