UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/08/2019
```

CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,

　　　　　　　　Plaintiffs,

　　-against-

FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,

　　　　　　　　Defendants.

19 Civ. 2645 (AJN) (KHP)

## [PROPOSED] STIPULATED PROTECTIVE ORDER

KATHARINE H. PARKER, United States Magistrate Judge:

The undersigned parties ("Party" or "Parties") and each counsel of record stipulate and move the Court for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of confidential or proprietary information produced in discovery in the above-referenced action. Because the Court finds that good cause exists for issuance of a confidentiality order governing the pre-trial phrase of this action,

**IT IS HEREBY ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, experts and consultants, witnesses, and all third parties providing discovery in this action—shall adhere to the following terms, upon pain of contempt:

　　1.　　Any person subject to this Order who receives from any other person any information of any kind provided in the course of discovery in this action ("Discovery Material") that is designated as "confidential" pursuant to the terms of this Order ("Confidential Discovery

Material") shall not disclose such Confidential Discovery Material to anyone unless otherwise agreed by the producing party, ordered by the Court, or otherwise provided for herein. Additionally, a producing Party may also designate certain Confidential Discovery Material as "Attorneys' Eyes Only" pursuant to paragraph [7], below.

2. A person producing Discovery Material may designate such material as "Confidential" only to the extent such Discovery Material includes:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sales margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans, product development information, or marketing plans;

   d. previously-disclosed information that is subject to a confidentiality obligation;

   e. any other sensitive non-public information; or

   f. any other category of information hereinafter given confidential status by the Court.

3. With respect to Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion of that Discovery Material as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for confidential information, in which case the transcript of the

2

designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential Discovery Material, he may so designate by so notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential Discovery Material under the terms of this Order.

5. Except as required by law, no person subject to this Order other than the producing Party shall disclose any of the Confidential Discovery Material to any other person whomsoever, except to:

   a. the Parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned to this matter;

   c. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action but only during his or her testimony or deposition or in preparation for his or her testimony or deposition, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   d. any person retained by a Party to serve as an expert witness or otherwise provide specialized advice or assistance to counsel in connection with this action, including but not limited to translators, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. stenographers engaged to transcribe depositions conducted in this action;

3

f. the Court and its support personnel and any appellate court and support personnel in connection with any appeals of this matter; and

g. any other person who has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

6. In addition, a Producing Party may designate certain Confidential Discovery Material as "Confidential Attorneys' Eyes Only" if the Producing Party in good faith believes that such documents and information are of a highly sensitive nature or have been granted substantially-similar protection in other judicial proceedings, and with the consent of the parties, or by order of the Court. Such Confidential Discovery Material should be designated Confidential Attorneys' Eyes Only pursuant to the procedures described in paragraph 3. Confidential Attorneys' Eyes Only documents and information shall be maintained in the custody of counsel and may only be shown to the persons identified in paragraphs 5(b), (d), (e), and (f). No copies of Confidential Attorneys' Eyes Only documents and information may be retained by non-attorneys, except by the persons identified in paragraph 5(d), in which case, such documents and information must be returned or destroyed in accordance with paragraph 17. Non-attorneys reviewing Confidential Attorneys' Eyes Only documents and information shall not make notes, nor share the information other than with counsel, except that the persons identified in paragraph 5(d) may make notes, which must be returned or destroyed in accordance with paragraph 17.

7. If a person subject to this Order is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, that seeks disclosure of any Confidential Discovery Material, the receiving person must

4

notify, to the extent permitted by law, the producing Party, in writing, and include with that notice a copy of the discovery request, subpoena, order or other form of legal process as soon as reasonably practical and in any event no later than ten (10) calendar days after receipt unless production is required earlier, in which case the notice must be made in time for the producing Party to take steps as set forth below. The receiving Party also must promptly inform the Party that caused the discovery request, subpoena, order, or other form of legal process to issue that some or all of the material covered by the discovery request, subpoena, order, or other form of legal process is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other matter that caused the discovery request, subpoena, order, or other form of legal process to issue. The receiving Party shall not produce the requested Confidential Discovery Material unless and until a court of competent jurisdiction so directs, except if the producing Party (a) consents, or (b) fails to file a motion to quash or fails to notify the receiving person in writing of its intention to contest the production of the Confidential Discovery Material within ten (10) days of notice from the receiving person, in which case the receiving person may produce on the production date, but no earlier, or (c) as otherwise required by law. In connection with any production of Confidential Discovery Material subject to this Order, the receiving person shall request confidential treatment of the Confidential Discovery Material. The produced Confidential Discovery Material shall continue to be treated in this action in accordance with this Order.

8. *Subject to this Court's rules pertaining to requests to file under seal,* All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other paper filed with the Court that disclose Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further *(to the extent the sealing request is granted by this Court)* order of the Court. The parties will use their best efforts to minimize such sealing. In any event,

5

any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9. Each person who has access to Confidential Discovery Material shall take all due precaution to prevent the unauthorized or inadvertent disclosure of such Material.

10. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance no authorized under this Order, the receiving Party must, as soon as practicable, but in any event, not longer than two (2) business days after discovery of the disclosure, (a) notify in writing the producing Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential Discovery Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11. To the extent the Parties produced documents containing redactions for privilege, or withhold otherwise responsive documents on the basis of some privilege, the Parties will produce a privilege log in connection with any such redactions or withheld documents.

12. If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed

Information, provide a certification of counsel that all such information has been returned or destroyed, and make no use of the Inadvertently Disclosed Information

14. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information on the grounds that the Inadvertently Disclosed Information is not protected from disclosure by any privilege or immunity from production. The motion shall be filed under seal.

16. The disclosing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Upon written request by counsel for the producing Party and within thirty (30) days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or destroyed at the election of the receiving person.

18. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying on their client's assistance in the examination of Confidential Discovery Material.

19. This Order may be amended or modified by further agreement of the Parties in writing or by an Order of the Court. Nothing herein shall prevent any person from seeking, by written agreement of the Parties or by Court order, further, greater, or lesser protection with respect to the use of any Confidential Discovery Material.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21. Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles.

22. Nothing in this Order affects the parties' obligations to comply with the Court's Individual Practices in Civil Cases governing redactions and filing under seal.

**SO STIPULATED AND AGREED.**

Name: Matthew Schwartz
Dated: 7/3/19
*Attorney for BTA Bank and City of Almaty, Kazakhstan*

Name: Jill Levi
Dated: 7/3/19
*Attorney for Felix Sater, Daniel Ridloff, Bayrock Group Inc., Global Habitat Solutions, Inc., and RRMI-DR LLC*

Name: Michael Horn
Dated: 7/3/19
*Attorney for Ferrari Holdings LLC*

**IT IS SO ORDERED.**

Dated: July 8, 2019
New York, New York

Katharine H. Parker
United States Magistrate Judge

8