# TODD & LEVI, LLP

444 MADISON AVENUE
SUITE 1202
NEW YORK, NEW YORK 10022
www.toddlevi.com

JOHN F. TODD
JILL LEVI
DAVID B. ROSENBERG

TELEPHONE (212) 308-7400

FACSIMILE (212) 308-8450
E MAIL: toddandlevi@toddlevi.com
NOT FOR SERVICE OF LITIGATION PAPERS

July 10, 2019

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

    Re:    **City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.,
USDC, SDNY Case No. 19 Civ. 2645 (AJN) (KHP)**

Honorable Judge Parker:

    We represent Defendants Felix Sater ("Sater"), Bayrock Group, Inc., Global Habitat Solutions, Inc., Daniel Ridloff and RRMI-DR LLC (collectively, the "Todd & Levi Defendants") and are writing pursuant to Rule III.b of Your Honor's Individual Practice Rules to request a pre-motion conference in anticipation of Defendant Sater's motion for a stay pending arbitration pursuant to 9 U.S.C.A. §3 (the "Motion"). We set forth below the legal and factual bases for the Motion.

The Pending Arbitration Proceeding

    On or about October 12, 2018, Litco, LLC ("Litco"), a Delaware Limited Liability Company of which Sater is the sole member, filed a Demand for Arbitration (the "Arbitration") with the American Arbitration Association ("AAA"), against the City of Almaty, Kazakhstan ("Almaty"), the Republic of Kazakhstan ("Kazakhstan"), BTA Bank JSC ("BTA"), and Arcanum (Asia) Limited ("Arcanum", together with Almaty, Kazakhstan and BTA, the "Arbitration Respondents"). Litco's claims in the Arbitration arise entirely out of a certain Confidential Assistance Agreement, dated as of June 12, 2015, entered into between Litco and the Arbitration Respondents (the "Assistance Agreement"). The Assistance Agreement provides that "any dispute, claim or controversy arising out of or relating to [the Assistance Agreement] or the breach, termination, enforcement, interpretation or validity thereof, . . . shall be settled by final and binding arbitration" before the AAA. The Arbitration is pending before the AAA. As counsel to Litco, we participated in a conference call with the arbitration panel on July 2, 2019,

TODD & LEVI, LLP

July 10, 2019
Page 2

among other things, to discuss the scheduling of the Arbitration. We anticipate that the Arbitration will be tried in the second quarter of 2020.

Significantly, one of the central issues in the Arbitration is the enforceability of the Assistance Agreement, which, among other things, contains a general release (the "Release") by the Arbitration Respondents in favor of Litco and all of its officers, members, employees, etc., which Release includes Sater. A copy of the provision of the Assistance Agreement containing the Release is attached hereto as Exhibit A.

Accordingly, Almaty and BTA, who are Respondents in the Arbitration and Plaintiffs in this action, released Sater, who is indisputably a member of Litco, from the very claims that they seek to pursue against Sater in this action. Although the parties have not yet filed formal pleadings in the Arbitration, Litco is not only suing to recover its fees and compensation for monies owed in connection with its asset recovery services, but Litco will also be seeking to enforce the Assistance Agreement in its entirety, including the enforceability of the Release. The Arbitration Respondents have alleged as a defense to Litco's claims in the Arbitration, that the Assistance Agreement is unenforceable because they were fraudulently induced into entering into the Assistance Agreement. Accordingly, the issue of whether the Assistance Agreement, and therefore the Release, is enforceable, shall be decided by the Arbitrators in the Arbitration. The determination of these issues in the Arbitration proceeding will have a material and potentially dispositive effect on the claims asserted by Plaintiffs against Sater in the pending action.

The Authority Supporting a Stay Pending Arbitration

The Federal Arbitration Act, 9 U.S.C.§3, provides as follows:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

"This provision requires the court, on application of one of the parties, to stay the action if it involves an issue referable to arbitration under an agreement in writing." In re A2P SMS Antitrust Litigation, 972 F.Supp.2d 465, 474 (S.D.N.Y. 2013) (internal quotations omitted) (opinion by Hon. Alison Nathan). Furthermore, "Courts have recognized a number of common law principles of contract law that may allow non-signatories to enforce an arbitration agreement, including equitable estoppel." Id., 972 F.Supp.2d at 476.

**TODD & LEVI, LLP**

July 10, 2019
Page 3

"Signatories to an arbitration agreement can be compelled to arbitrate their claims with a non-signatory where a careful review of the relationship among the parties, the contracts they signed . . . and the issues that had arisen among them discloses that the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." Id.

In addition, where there are claims against multiple defendants, and the court must determine the responsibility of each defendant for the alleged claims, "the issue must be litigated in one proceeding in order to avoid the risk of inconsistent determinations." Lipford v. New York Life Insurance, 2003 WL 21313193 *6 (S.D.N.Y. 2003). In this situation, the stay should be extended to all claims against all defendants, to avoid the risk of inconsistent determinations. Id.

Request for Pre-Motion Conference

At bar, as explained at the Preliminary Conference, one of Sater's defenses to the claims asserted in the Complaint will be the Release executed by Plaintiffs. The enforceability of the Release, which is contained in the Assistance Agreement and which is subject to arbitration, will be decided in the Arbitration. Most importantly, if the Arbitrators issue a decision upholding the enforceability of the Release, then the Release will be dispositive of Plaintiffs' claims against Sater in this Action.

Accordingly based on the pending Arbitration, the Federal Arbitration Act, and the authority in New York supporting the issuance of a stay pending arbitration, the Todd & Levi Defendants respectfully request a pre-motion conference to set a schedule for the briefing of the Motion and to address such other issues as the Court may deem appropriate.

We thank Your Honor for her time and attention to this matter.

Respectfully submitted,

Jill Levi

cc:   All Counsel by ECF