# Exhibit 2

Конфиденциально

## CONFIDENTIAL ASSISTANCE AGREEMENT

This Assistance Agreement ("**Agreement**"), dated June 12, 2015 is entered into by and among Litco LLC, a Delaware limited liability company ("**Litco**"), Arcanum (Asia) Limited, a Hong Kong corporation ("**Arcanum**") and each of the other parties listed on the signature page hereto (each hereinafter referred to individually as a "**Party**" and collectively as the "**Parties**"), through their authorized representatives.

### RECITALS

A.   Arcanum and/or its affiliate entities have been engaged directly and/or through legal counsel or consultants by The Republic of Kazakhstan ("**Kazakhstan**"), The City of Almaty, Kazakhstan ("**Almaty**") and BTA Bank JSC ("**BTA**") in connection with the recovery of allegedly misappropriated assets.

B.   Arcanum is in the process of seeking to locate, seize and recover billions of US Dollars in worldwide assets of (i) the former head of BTA, Mukhtar Ablyazov, members of his family and entities which they own or control (collectively, the "**Ablyazov Entities**") and (ii) the former Mayor of Almaty, Victor Khrapunov, members of his family and entities which they own or control (collectively, the "**Khrapunov Entities**").

B.   Litco has agreed to provide information, assistance and cooperation to Arcanum in its investigative efforts to locate and recover assets directly or indirectly related to the Khrapunov Entities and the Ablyazov Entities.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein set forth, the parties hereto agree as follows:

1.   Assistance.  Litco hereby agrees to provide information, assistance, and cooperation (hereafter collectively referred to as "assistance") to Arcanum, as agent to Kazakhstan, Almaty and BTA, in its investigative and asset recovery efforts with respect to the Khrapunov Entities and the Ablyazov Entities.  Litco shall provide such assistance in compliance with all applicable rules, regulations, statutes and laws.

2.   Consideration.  In consideration for Litco's assistance hereunder, Arcanum, Kazakhstan, Almaty and BTA jointly and severally agree to pay Litco (i) a monthly fee equal to $100,000 each calendar month for a period equal to the greater of (a) twelve calendar months or (b) the duration of such assistance, commencing the date of execution of this Agreement (the "**Monthly Fee**"), plus (ii) an amount equal to sixteen percent (16%) of <u>all</u> monies, remuneration, proceeds, accounts, assets, real estate, art, or other economic value recovered ("**Recoveries**") in Arcanum's asset recovery efforts against the Khrapunov Entities and/or the Ablyazov Entities, including, without limitation, any Recoveries by Kazakhstan, its governmental agencies, municipalities, subdivisions and government owned or controlled entities, including but not limited to Almaty (collectively, the "**Kazakhstan Governmental Authorities**") and BTA, as a result of, or in connection with, assistance provided by Litco, including without limitation, any leads derived, directly or indirectly, therefrom (the "**Recoveries Consideration**") regardless of

**CONFIDENTIAL**

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345

Almaty-BTA0252978
Almaty-BTA_FS00252978

whether Arcanum or the Kazakhstan Governmental Authorities or BTA had previous knowledge of the information provided in connection with the Recoveries; provided, however, that Litco shall not be entitled to compensation hereunder with respect to that portion of assets, if any, recovered wholly independent of any assistance or information provided by Litco. Litco shall be entitled to such compensation in accordance with all applicable rules, regulations, statutes and laws.

3. Payment of Consideration.

(a) Monthly Fee. The Monthly Fee for the first month shall be paid to Litco upon the execution of this Agreement and the Monthly Fees for the remaining months shall be payable to Litco not later than the 10th day of each calendar month.

(b) Recoveries Consideration. Within fifteen (15) days of the receipt of Recoveries by Arcanum, the Kazakhstan Governmental Entities or BTA, or their respective legal counsel, consultants or representatives, Arcanum shall cause to be disbursed amounts equal to the Recoveries Consideration due to Litco to Moses & Singer, LLP on behalf of Litco or to such other law firm as directed by Litco. To the extent practicable the Recoveries Consideration shall be disbursed directly to Litco from Recoveries received by the legal counsel then representing the Kazakhstan Governmental Entities or BTA in the respective asset recovery matter.

(c) Payment Information. Payments shall be made in immediately available funds to Litco or its designee(s) pursuant to written payment instructions provided to Arcanum by Litco from time to time.

4. Reimbursement of Expenses. Arcanum shall reimburse Litco for approved reasonable travel, lodging, meal and other reasonable expenses incurred by Litco and potential witnesses provided by Litco in connection with Litco's performance of services hereunder upon submission of evidence, reasonably satisfactory to Arcanum, of the incurrence and purpose of each such expense.

5. Investigation, Asset Recovery and Litigation. The Parties agree that Arcanum, the Kazakhstan Governmental Entities, and BTA shall have sole discretion to determine the scope, duration, and strategy of all investigative, asset recovery, and litigation efforts, including but not limited to decisions to initiate litigation proceedings and/or to settle claims.

6. Representations and Warranties of Litco. Litco hereby represents and warrants to Arcanum that:

(a) It is duly organized, validly existing and in good standing under the laws of the State of Delaware and has all requisite right, power and authority to enter into, execute and deliver this Agreement and any other agreements and instruments required to consummate the transactions contemplated hereby and thereby, and to perform fully its respective obligations hereunder and thereunder.

**CONFIDENTIAL**

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345

Almaty-BTA0252979
Almaty-BTA_FS00252979

(b) The execution, delivery and performance of this Agreement and the consummation of the transactions contemplated hereby have been duly authorized by all necessary limited liability company action. This Agreement has been duly executed and delivered by it, and constitutes the legal, valid and binding obligation enforceable against it in accordance with its terms, except as enforcement may be limited by applicable bankruptcy, insolvency and other laws relating to or affecting creditors' rights generally and subject also to general principles of equity affecting the right to specific performance and injunctive relief.

(c) No approval, consent, ratification, waiver, or other authorization, release or similar order of or from, or registration, notification, declaration or filing with, any individual or legal entity, including, without limitation, any governmental body is required in connection with the valid execution, delivery or performance of this Agreement by it or the consummation by it of the transactions contemplated herein.

(d) No provision of any material agreement, instrument or understanding, or of any material order, judgment, decree, statute, rule or regulation of any court or governmental authority to which it is a party or by which it is bound or subject, has been or will be violated by the execution by it of, or the performance or satisfaction of any agreement or condition upon its part to be performed or satisfied under, this Agreement.

(e) No potential witness which Litco identifies and produces to Arcanum in connection with assistance to be provided under this Agreement shall have any ownership interest in Litco or in the Monthly Fees or Recoveries Consideration payable to Litco under this Agreement

7. <u>Representations and Warranties of Arcanum</u>. Arcanum hereby represents and warrants to Litco that:

(a) It is duly organized, validly existing and in good standing under the laws of Hong Kong and has all requisite right, power and authority to enter into, execute and deliver this Agreement and any other agreements and instruments required to consummate the transactions contemplated hereby and thereby, and to perform fully its respective obligations hereunder and thereunder.

(b) The execution, delivery and performance of this Agreement and the consummation of the transactions contemplated hereby have been duly authorized by all necessary corporate action. This Agreement has been duly executed and delivered by it, and constitutes the legal, valid and binding obligation enforceable against it in accordance with its terms, except as enforcement may be limited by applicable bankruptcy, insolvency and other laws relating to or affecting creditors' rights generally and subject also to general principles of equity affecting the right to specific performance and injunctive relief.

(c) No approval, consent, ratification, waiver, or other authorization, release or similar order of or from, or registration, notification, declaration or filing with, any individual or legal entity, including, without limitation, any governmental body is required in connection with the valid execution, delivery or performance of this Agreement by it or the consummation by it of the transactions contemplated herein.

**CONFIDENTIAL**

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345

Almaty-BTA0252980
Almaty-BTA_FS00252980

(d) No provision of any material agreement, instrument or understanding, or of any material order, judgment, decree, statute, rule or regulation of any court or governmental authority to which it is a party or by which it is bound or subject, has been or will be violated by the execution by it of, or the performance or satisfaction of any agreement or condition upon its part to be performed or satisfied under, this Agreement.

(e) It has been retained by the Kazakhstan Governmental Authorities and BTA directly and/or through legal counsel or consultants to provide investigative and asset recovery efforts with respect to the Khrapunov Entities and the Ablyazov Entities and is authorized by the Kazakhstan Governmental Entities and BTA to enter into this Agreement and obligate the Kazakhstan Governmental Entities and BTA to pay Litco the Recoveries Consideration set forth herein.

8. Authority to Execute Agreement; Confirmation of Arcanum as Agent.

(a) By signing below, each Party represents and warrants that the person executing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any By-law, covenants and/or other restrictions placed upon them by their respective entities.

(b) Upon the execution of this Agreement by such Party, each of Kazakhstan, Almaty and BTA confirms to Litco that Arcanum is authorized to act as such Party's agent with respect to the transactions and subject matter of this Agreement.

9. Reporting. As soon as available, and in any event within thirty (30) days after the end of each month, Arcanum shall deliver to Litco a report signed by an officer summarizing, to the best of such officer's knowledge, the status of the asset recovery efforts, including but not limited to any related legal proceedings, on behalf of the Kazakhstan Governmental Authorities or BTA to the extent such efforts result from or utilize information derived from the assistance provided by Litco under this Agreement, the amount of Recoveries by the Kazakhstan Governmental Authorities and BTA for such month and for the period from the Effective Date of this Agreement to the end of such month, all in reasonable detail, together with copies of litigation documents filed in connection with any legal proceeding in furtherance of such asset recovery efforts.

10. Release: Upon the execution of this Agreement by such Party, each of Kazakhstan, Almaty and BTA, for itself, and on behalf of its predecessors, successors, past, present, and future officials and citizens, assigns and successors in interest (collectively, the "**Releasors**"), hereby releases and discharges Litco, together with its predecessors, successors, direct or indirect parent companies, direct and indirect subsidiary companies, and its past, present, and future officers, directors, shareholders, interest holders, members partners, attorneys, agents, employees, managers and representatives (collectively, the "**Releasees**"), from all known and/or unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses, and punitive damages, of any nature whatsoever, known or unknown, which such Releasors have, or may have had, against the Releasees, whether or not

4

1346567v1 014140.0104

**CONFIDENTIAL**

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345

Almaty-BTA0252981
Almaty-BTA_FS00252981

apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from this Agreement, the Releasees' previous, current or future contractual obligations and any other matter between the Parties, and/or any other claims under applicable local, federal or ethical rules, regulations, statutes and laws. This release shall not apply under any circumstances or in any way to any of the Khrapunov Entities or Ablyyazov Entities.

11. <u>Confidentiality</u>. The Parties agree to keep the terms of this Agreement <u>confidential</u> and not to disclose the terms of this Agreement to anyone except: (1) to legal and tax advisors as reasonably necessary for their engagement; (2) as may be required by law or pursuant to legal process or subpoena or Court order; and (3) to enforce each Party's respective rights stated in this Agreement in a judicial proceeding. To the extent either Party is requested to disclose this Agreement pursuant to (2) above (except as to tax obligations), the disclosing party shall provide the non-disclosing party prompt notice prior to making any disclosure so that the non-disclosing party may seek an appropriate protective order.

12. <u>Survival</u>. Sections <u>2</u>, <u>3</u>, <u>9</u>, <u>10</u>, <u>11</u>, <u>14</u> and <u>16</u> shall survive any termination of this Agreement. Termination of this Agreement shall not relieve any party hereto of any liability for any breach of this Agreement prior to such termination.

13. <u>Governing Law</u>: This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of New York, without regard to the principles of conflicts of laws.

14. <u>Consent to Jurisdiction</u>. (a) Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be settled by final and binding arbitration, in New York, New York, administered by the American Arbitration Association ("<u>AAA</u>"), in accordance with its Commercial Arbitration Rules, and with the procedures required under New York law. In construing this Agreement and disputes arising hereunder, the arbitrator(s) shall apply the law of the State of New York, without regard to its conflicts of laws principles. Any award pursuant to such arbitration shall be accompanied by a written opinion of the arbitrator(s) giving the reasons for the award, including findings of facts and conclusions of law. Any award by the arbitrators in connection with such decision shall also grant the prevailing party its reasonable attorney's fees and other costs incurred in the proceedings, in addition to any other relief which may be granted. The expenses of the arbitrator(s) (including their compensation) shall be borne in the first instance equally by the Parties, except that the arbitrator(s) may assess, as part of the award, and at their discretion, all or any part of these expenses against the non-prevailing Party. Nothing herein set forth shall prevent the Parties from settling any dispute by mutual agreement at any time. The award rendered by the arbitrators shall be conclusive and binding upon the Parties, and judgment upon the award may be entered in any court of competent jurisdiction or application may be made to such court for a judicial acceptance of the award and an order of enforcement. Each of the Parties hereby consents to the jurisdiction of the State and Federal Courts located in the County of New York, State of New York (and of the appropriate appellate courts therefrom) in any such action or proceeding (including an action to compel arbitration) and waives any objection to venue laid therein. Process in any action or proceeding referred to in the preceding sentence may

**CONFIDENTIAL**

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345

Almaty-BTA0252982
Almaty-BTA_FS00252982

be served personally or by registered mail, anywhere in the world. Each party, irrevocably (a) unconditionally accepts the exclusive jurisdiction and venue of the arbitration proceeding in New York; (b) waives any defense of forum non conveniens; and (c) agrees that service of all process in any such proceeding may be made by registered or certified mail, return receipt requested, to the applicable party at its address provided in accordance with Section 17 is sufficient to confer personal jurisdiction over the applicable party in any such proceeding, and otherwise constitutes effective and binding service in every respect.

15. <u>Reliance on Own Counsel</u>: In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

16. <u>No Admission of Liability:</u> The Parties acknowledge that this Agreement, or any information, assistance, cooperation, collaboration or support, provided by Litco pursuant to this Agreement, is not, nor shall be construed as, an admission of any liability by Litco, its officers, directors, shareholders, members, partners, attorneys, or representatives, and is not to be construed as an admission that Litco, its officers, directors, shareholders, members, partners, attorneys, or representatives, engaged in any wrongful, tortious or unlawful activity.

17. <u>Notices</u>. All reports and notices required or permitted to be given by either Party to the other under this Agreement shall be sent to the physical or electronic addresses set forth herein (or at such other address for a Party as shall be specified in a notice given in accordance with this Section 17), and shall be sufficient if sent by: (a) hand delivery or courier service, with signature confirmation; or (b) certified mail, return receipt requested; or (c) telegram, facsimile or e-mail (i.e., electronically), with electronic confirmation of delivery to the sender (sent as aforesaid, "notice"); <u>provided, however,</u> that if such notice or other communication is not sent during the normal business hours of the recipient, such notice or communication shall be deemed to have been sent at the opening of business on the next business day for the recipient. Thereafter, notices, requests and other communications shall be delivered to the most recent address so furnished. Notice addresses are as follows:

If to Litco, to:

Litco LLC
c/o Robert S. Wolf
Moses & Singer LLP
405 Lexington Avenue
New York, New York 10174
Facsimile: (917) 206-4325
E-mail: rwolf@mosessinger.com

6

1346567v1 014140.0104

**CONFIDENTIAL**

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345

Almaty-BTA0252983
Almaty-BTA_FS00252983

If to Arcanum, to:

> Arcanum (Asia) Limited
> 2nd Floor, 625 King's Road
> North Point, Hong Kong
> Attention: Peder A. Garske
> E-mail: Garske@ArcanumGlobal.com

If to Kazakhstan, Almaty and BTA, to such Party:

> c/o Arcanum (Asia) Limited
> 2nd Floor, 625 Kings's Road
> North Point, Hong KongAttention: Peder A. Garske
> E-mail: Garske@ArcanumGlobal.com

    18.    <u>Binding Effect; Assignment</u>. This Agreement shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns; <u>provided</u>, <u>however</u>, that no Party hereto may assign this Agreement or any of their respective rights or obligations hereunder, except with the prior written consent of the other Party. Any assignment in violation of this Section 18 shall be void.

    19.    <u>Interpretation</u>: Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

    20.    <u>Entire Agreement</u>. This Agreement constitutes the entire agreement and understanding of the Parties with respect to the subject matter hereto and supersedes any prior agreement and understanding with respect to such matters.

    21.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts and by different parties on separate counterparts, each of which shall be an original, but all of which together shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page of this Agreement by fax or other electronic imaging means shall be effective as delivery of a manually executed counterpart of this Agreement.

    22.    <u>Effective Date</u>: This Agreement is effective as to each respective Party on the date of signature of such Party to the Agreement (Effective Date of this Agreement). Arcanum and Litco shall execute this Agreement as of the date of this Agreement. The Republic of Kazakhstan shall execute this Agreement within twenty-one (21) days of the date of the Agreement. Each remaining Party (BTA and City of Almaty) shall use their best efforts to execute this Agreement within twenty-one (21) days of the date of this Agreement, but shall execute this Agreement within thirty (30) days of the date of this Agreement.

**CONFIDENTIAL**

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345

Almaty-BTA0252984
Almaty-BTA_FS00252984

[Signature pages follow]

8

1346567v1 014140.0104

**CONFIDENTIAL**

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345

Almaty-BTA0252985
Almaty-BTA_FS00252985

IN WITNESS WHEREOF, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

LITCO LLC

By: _____
Name:
Title:

Date: _____

ARCANUM (ASIA) LIMITED

By: _____
Name:
Title:

Date: _____

REPUBLIC OF KAZAKHSTAN

By: _____
Name: M. Be[k]ta[ssov]
Title: Executive [Director]
Date: of the Mini[stry of Justice]

THE CITY OF ALMATY, KAZAKHSTAN

By: _____
Name: A. Abdykadyrova
Title: Head of Financial Department
Date:

9

1346567v1 014140.0104

**CONFIDENTIAL**

BTA BANK JSC

By: _____
Name: N. Nazgabylov
Title: Director

Date: _____

1346567v1 014140.0104

10

**CONFIDENTIAL**

Confidential                                                                                    Almaty-BTA0252987
Confidential Under Protective Order in Case No. 15 Civ. 5345                                    Almaty-BTA_FS00252987

IN WITNESS WHEREOF, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

**LITCO LLC**

By: _[signature]_
Name: KALSOM KAM
Title: DIRECTOR

Date: 6/13/15

**ARCANUM (ASIA) LIMITED**

By: _[signature]_
Name: [Fedel]
Title: Direc[tor]
Date: June 12, 2015

**REPUBLIC OF KAZAKHSTAN**

By: _____
Name:
Title:

Date: _____

**THE CITY OF ALMATY, KAZAKHSTAN**

By: _____
Name:
Title:

Date: _____

9

1346567v1 014140.0104

**CONFIDENTIAL**

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345
Almaty-BTA0252988
Almaty-BTA_FS00252988

IN WITNESS WHEREOF, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

### LITCO LLC

By: _____
Name:
Title:

Date: _____

### ARCANUM (ASIA) LIMITED

By: _____*[signature]*_____
Name:  Peder Garske
Title:   Director

Date:  June 12, 2015

### REPUBLIC OF KAZAKHSTAN

By: _____
Name:
Title:

Date: _____

### THE CITY OF ALMATY, KAZAKHSTAN

By: _____
Name:
Title:

Date: _____

9

1346567v1 014140.0104

**CONFIDENTIAL**