# Exhibit 4



MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

October 9, 2018

**BY E-MAIL AND CERTIFIED MAIL**

Litco LLC
c/o Robert Wolf
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-1299
rwolf@mosessinger.com

Re:   *Litco LLC Confidential Assistance Agreement*

Dear Mr. Wolf:

We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities"). We write regarding the "Confidential Assistance Agreement" dated June 12, 2015, between Litco LLC and the Kazakh Entities, among others ("the Agreement"). As described in further detail below, your clients, Litco LLC and Felix Sater, as Litco's recently-revealed sole member, are in breach of the Agreement. For this reason, the Kazakh Entities demand return of all consideration paid under the Agreement within 30 days.

Litco has breached the Agreement in at least three respects: (1) it has made false representations in the Agreement and caused money to be paid to witnesses in violation of the express terms of the Agreement; (2) it has produced witnesses who allegedly breached duties of confidentiality to third parties; and (3) it has failed to cooperate with the Kazakh Entities.

**1.   Paragraph 6(e)**

As you are aware, Litco executed the Agreement with the Kazakh Entities, among others, on or about June 13, 2015. Under the Agreement, Litco agreed to assist the Kazakh Entities' litigation and asset recovery efforts against Mukhtar Ablyazov, Ilyas Khrapunov, and others by identifying and facilitating the cooperation of potential witnesses. The Agreement was signed by Kalsom Kam, identified as Litco's director, on or about June 13, 2015. Among other things, Litco represented and warranted as part of the Agreement that "[n]o potential witness which Litco identifies and produces . . . in connection with the assistance to be provided under this Agreement shall have any ownership interest in Litco or in the Monthly Fees or Recoveries Consideration payable to Litco under [the] Agreement." Agreement, at ¶ 6(e).

Until recently, the Kazakh Entities had every reason to believe that Litco had complied with this requirement. In his recent deposition, however, it was revealed for the first time that Felix Sater is the sole member and owner of Litco, and has personally received substantially all of the consideration paid under the Agreement. This is a clear and unambiguous violation of the Agreement. Indeed, as you well know, the purpose of paragraph 6(e) of the Agreement was to ensure that the consideration paid, including a percentage of any potential recovery, would not end up with any witness called at trial.

Despite these representations, Litco identified and produced Mr. Sater on numerous occasions. Mr. Sater testified in his recent deposition that he met repeatedly with representatives of the Kazakh Entities "as Litco," yet he never disclosed his ownership of Litco to the Kazakh Entities. Indeed, Mr. Sater testified that he never once discussed Litco with the Kazakh Entities or its agents, obscuring his role as its sole member. Furthermore, we are informed that on numerous occasions you personally represented to the Kazakh Entities or their agents that you did not know who the member or members of Litco were – including to me, as recently as the day before Mr. Sater's deposition – and/or that Felix Sater was not a member of Litco.

### 2. Paragraph 6(d)

In the Agreement, Litco also represented and warranted that:

> No provision of any material agreement, instrument or understanding, or of any material order, judgment, decree, statute, rule or regulation of any court or governmental authority to which it is a party or by which it is bound or subject, has been or will be violated by the execution by it of, or the performance or satisfaction of any agreement or condition upon its part to be performed or satisfied under, this Agreement.

Agreement, at ¶ 6(d). Yet in Mr. Sater's deposition, it was revealed that Mr. Sater had executed a consulting agreement with "Swiss Promotion Group," which Mr. Sater testified applied to all of his work for Ilyas Khrapunov, and which contained a "Confidentiality And Non-Disclosure" clause, stating:

> Either Party and their representatives and employees shall keep confidential any information concerning the business or business operations which may be discussed or disclosed in the course of the relationship created by this Agreement and will not disclose any such information to any third party without the written permission of the others. Information shall remain at all time [sic] confidential.

Neither Litco nor Mr. Sater ever disclosed that Mr. Sater was subject to a confidentiality and non-disclosure agreement when Litco arranged meetings between Mr. Sater and the Kazakh Entities' representatives, nor did Mr. Sater disclose these restrictions during such meetings, as he admitted at his deposition.

### 3. Paragraph 1

The crux of Litco's obligations under the Agreement are to "provide information, assistance, and cooperation" in the Kazakh Entities' asset recovery efforts. Two weeks ago, however, I advised you that Triadou and the Khrapunovs had moved to compel various documents related to Litco. My clients' response was due on October 3rd. I therefore asked you to provide "ASAP" correspondence and communications between Moses & Singer, as counsel to

Confidential
Confidential Under Protective Order in Case No. 15 Civ. 5345

Almaty-BTA0252927
Almaty-BTA_FS00252927

Litco and Mr. Sater, with anyone at or on behalf of the Kazakh Entities or their representatives. Having heard no response, I prompted you again for this information last week. When we finally spoke, last Thursday (October 4), you promised to get me the requested information that evening or the following morning. Already, the Kazakh Entities had been prejudiced by your failure to respond, and we were forced to unilaterally consent to the production of the Litco agreement. As of the date of this letter, I have still not received anything.

This is a violation of Litco's obligation to "provide information, assistance, and cooperation" that has prejudiced the Kazakh Entities. Among other things, they were required to formulate their response to the motions without the benefit of the full underlying factual record.

**4. Paragraph 6(a)**

Finally, Mr. Sater also testified that he could not recall whether Litco had any other officers or directors, yet the Agreement was signed by Mr. Kam, as "director" of Litco. The Kazakh Entities now question whether Mr. Kam lacked authorization to enter into the Agreement, which would be a violation of Section 6 (a), in which Litco represents and warrants that Litco was

> duly organized, validly existing and in good standing under the laws of the State of Delaware and has all requisite right, power and authority to enter into, execute and deliver this Agreement and any other agreements and instruments required to consummate the transactions contemplated hereby and thereby, and to perform fully its respective obligations hereunder and thereunder

Agreement, at ¶ 6(a).

Litco's violations of the Agreement constitute a material, and uncurable, breach. Accordingly, the Kazakh Entities demand return of all consideration paid under the Agreement within 30 days.

We request your response, including a firm date by which Litco will repay my clients, by no later than October 12, 2018.

Sincerely,

/s/ Matthew L. Schwartz
Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, New York 10022

Confidential                                                                                      Almaty-BTA0252928
Confidential Under Protective Order in Case No. 15 Civ. 5345                          Almaty-BTA_FS00252928