USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CITY OF ALMATY, KAZAKHSTAN and
BTA BANK JSC,

                              Plaintiffs,

         -against-

FELIX SATER, et al.,

                              Defendants.

------------------------------------------------------------X

19-CV-2645 (AJN) (KHP)

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Plaintiffs have moved for a default judgment against Defendant MeM Energy Partners LLC ("MeM") because MeM has not appeared or answered the Complaint in this action. (Doc. No. 68.) In connection with the Motion, Plaintiffs have filed a memorandum of law and various exhibits. They request that portions of their memorandum of law and certain exhibits appended to the declaration submitted in support of the Motion – Exhibits F, I, J, K, N, and S – be filed under seal. (Doc. No. 71.)

      The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process . . . ." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit Court of Appeals has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and

written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted).

"[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); *see also Newsday*, 730 F.3d at 166 ("[T]he facts necessary to show good cause for a protective order applicable to discovery documents that are not yet implicated in judicial proceedings will not necessarily meet the higher threshold imposed by the First Amendment with respect to judicial documents."); *City of Almaty, Kazakhstan v. Ablyazov*, 15-cv-5345 (AJN), 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019) (denying redaction requests). Documents submitted in support of or opposition to a dispositive motion are judicial documents. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018).

Plaintiffs argue that the memorandum and declaration rely on certain information designated confidential under the protective order in place in the related action, *City of Almaty, Kazakhstan, et al. v. Mukhtar Ablyazov, et al.*, 15-cv-05345 (AJN) (KHP) (S.D.N.Y. Nov. 30, 2016) (Doc. No. 253.)  This Court permitted Plaintiffs to use this confidential material in the instant case under the terms of a stipulation and order entered by Judge Parker in the related action. *City of Almaty, Kazakhstan,* 15-cv-05345 (AJN) (KHP) (S.D.N.Y. July 8, 2019) (Doc. No. 1102.) The documents and information are now no longer simply documents exchanged in discovery. They are judicial documents insofar as they have been submitted in connection with a default motion.  Therefore, there is a higher need for public access to these documents.

Plaintiffs' reason for requesting that Exhibit F (an email chain) and I (excerpts of deposition testimony from the related action) be filed under seal is that Sater, who was a third-party in that action, designated them as confidential pursuant to a protective order entered for purposes of managing discovery.  Neither Plaintiffs nor Sater, who is a defendant in this action, provide specific information to show why these exhibits, which are now judicial documents insofar as they have been filed in connection with a dispositive motion against a party, should remain confidential.  Therefore, the request to seal Exhibits F and I is denied.

Exhibit J is the expert report of Bruce Dubinsky, prepared for Plaintiffs in connection with the related action. Plaintiffs argue that this report should be sealed because the report "quotes and describes extensively numerous non-public documents and testimony designated confidential by a significant number of entities and individuals," including documents obtained by the Republic of Kazakhstan "in connection with its ongoing criminal investigations."  (Doc. No. 71.)  The report itself has not been made public and has, so far, not been relied on by any

court in connection with any exercise of judicial authority. More importantly, this report appears to have been attached to Plaintiffs' Default Motion principally to provide background information to the Court, not to provide information pertinent to determining whether to issue a default judgment against MeM. To the extent this exhibit contains confidential information provided by another country in connection with ongoing criminal investigations, and insofar as such information is not pertinent to deciding the Motion against MeM, the Court finds there may be compelling reasons to keep such information under seal that outweigh the public interest in obtaining access to this information.

Plaintiffs, however, have not indicated which portions of the report pertain to the ongoing criminal investigations. Plaintiffs' Motion also does not indicate which portions of the report were provided by non-parties or whether those parties object to the information being made public at this point, given that the information is likely going to become public in the very near future in connection with dispositive motions or trial in the related action. Nevertheless, the Court is mindful that, having been designated as confidential for discovery purposes in the related action, there should be compelling reasons for requiring such information to be publicly filed in this action, especially if the information is not pertinent to any dispositive ruling to be made by this Court in this action or in the related action. *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001) ("Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." (alteration in original) (internal quotation marks and citation omitted)). Accordingly, Plaintiffs are directed to submit a supplemental letter brief providing further justification for

their request to file all or part of Exhibit J under seal. Such brief shall be filed by **November 22, 2019**.

Plaintiffs argue that Exhibits K and N "were produced by third-parties in the related action and contain sensitive non-public financial, settlement, and business information." (Doc. No. 71.) However, having reviewed the information, this Court does not find them to be of such a sensitive nature that the public should not have access to them insofar as they are now judicial documents submitted in connection with a dispositive motion. Plaintiffs also contend that Exhibit S, which contains excerpts of the deposition testimony of Ilyas Khrapunov in the related action, should be filed under seal because Khrapunov designated them as confidential in discovery in the related action. For the same reasons that Exhibits K and N can no longer remain under seal, Exhibit S can no longer remain under seal. Accordingly, the request to seal exhibits K, N, and S is denied.

Finally, the Court denies Plaintiffs' request to file certain sections of their brief in support of their Motion for Default under seal. The brief provides the arguments for entry of a default judgment against MeM and, having reviewed the supposedly confidential information, the Court finds that the need for public access to the full document outweighs any interest in maintaining the information confidential. *See City of Almaty,* 2019 WL 4747654, at *5.

Plaintiffs' counsel is directed to file an unredacted version of the brief filed at Docket Entry 69 and unredacted versions of certain exhibits filed at Docket Entry 70, Exhibits F, I, K, N, and S, to allow the Clerk of Court to substitute them for the redacted versions of those documents currently on ECF by no later than **November 22, 2019**. Plaintiffs' supplemental

letter brief providing further justification for their request to file all or part of Exhibit J under seal shall be filed by no later than **November 22, 2019**.

**SO ORDERED.**

Dated: November 13, 2019
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge