UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,<br><br>        Plaintiffs,<br><br>        v.<br><br>FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR, LLC, FERRARI HOLDINGS LLC and MEM ENERGY PARTNERS LLC,<br><br>        Defendants. | No. 19 Civ. 2645 (AJN) (KHP) |

### DECLARATION OF MATTHEW L. SCHWARTZ

Matthew L. Schwartz, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

1.     I am a Partner with the law firm of Boies Schiller Flexner LLP ("BSF"), counsel for Plaintiffs BTA Bank and the City of Almaty, Kazakhstan (the "Kazakh Entities") in the above-referenced action. I make this declaration pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of the Kazakh Entities' motion for entry of a default judgment against defendant MeM Energy Partners LLC ("MeM Energy").

2.     MeM Energy is an entity incorporated in Delaware. According to Delaware corporate records, the registered agent of MeM Energy is Corporation Service Company. The only business address that the Kazakh Entities have been able to identify that is associated with MeM Energy is 405 Lexington Avenue, 26th floor, New York, New York 10174.  A true and correct copy of the State of Delaware's Department of State webpage, showing entity details for

1

MeM Energy Partners, LLC is attached hereto as Exhibit E.  This is the address that MeM Energy's owner, Mendel Mochkin, listed in connection with certain Securities and Exchange Commission filings for an affiliated entity of MeM Energy, also controlled by Mochkin.  A true and correct copy of SEC Form 3 for Avenue Group, Inc., dated March 23, 2008, is attached hereto as Exhibit G.  These filings describe MeM Energy's ownership of shares in Mochkin's other company, as well as consulting agreements between the two companies.

3. The claims for damages in this action against MeM Energy are for unjust enrichment and money had and received.

4. The Court has subject matter jurisdiction based on 28 U.S.C. § 1332, diversity jurisdiction, because all of the plaintiffs are foreign entities and all of the defendants are domiciled in the United States.

5. This action was commenced on March 25, 2019, by the filing of the summons and complaint. A copy of the summons and complaint was served on MeM Energy on April 9, 2019, by personal service on Lynanne Gares, 251 Little Falls, Wilmington, Delaware 19080. Lynanne Gares was authorized to accept service for Corporation Service Company, which is the Registered Agent for MeM Energy.  A true and correct copy of the affidavit of service of the summons and complaint on Lynanne Gares is attached hereto as Exhibit C.

6. Accordingly, MeM Energy was properly served under Fed. R. Civ. P. 4.

7. Plaintiffs' counsel has not been contacted informally by MeM Energy or its representatives. MeM Energy has not appeared in the action, and it failed to appear for the Initial Case Management Conference held before Magistrate Judge Parker on June 4, 2019. *See* ECF No. 41.

8. Under the Scheduling Order entered by Judge Parker on June 6, 2019, the Kazakh

Entities are to submit their motion for entry of a default judgment against MeM Energy by no later than July 31, 2019. ECF No. 41 at 3.

9. The Clerk of the Court entered a Certificate of Default for MeM Energy on July 24, 2019. ECF No. 58. A true and correct copy of the Clerk's Certificate of Default for MeM Energy is attached hereto as Exhibit D.

10. The Kazakh Entities move for the entry of a default judgment against MeM Energy in the amount of $2,250,000, plus prejudgment interest at a rate of 9 percent per annum from August 30, 2013, to the date of the judgment. As of July 31, 2019 – the date of this motion, 5 years 11 months later – the total amount of damages plus pre-judgment interest is $3,448,125.00.[1] A table is appended to this declaration showing the per day interest that should be added to this amount through the end of 2019, depending on the date of any judgment. *See* Appendix 1.

11. The damages amount is based on MeM Energy's receipt of $2,250,000 traceable to funds stolen from Plaintiffs. As explained further in the supporting memorandum, this amount and the supporting allegations and documentary evidence provide the Court with a sufficient basis to decide damages without the need for an inquest. *See, e.g.*, *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53-54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."). A true and correct copy of the bank statement for Tri-County Mall Investors, LLC, reflecting the relevant wire transfers, which was produced in the Ablyazov matter and Bates stamped Almaty-BTA0243536, is attached hereto as Exhibit M.

12. The company that transferred the $2,250,000 to MeM Energy was Tri-County

---

[1] $2,250,000 * (1 + (0.09 * (5 + 11/12))) = $3,448,125.00.

Mall Investors, LLC, which was a subsidiary of Triadou SPV S.A. Tri-County Mall Investors was managed by Felix Sater and Daniel Ridloff. Tri-County Mall Investors purchased a debt instrument relating to the Tri-County Mall in Cincinnati, Ohio, using funds provided by Telford International Limited. Telford International was a company used by Ilyas Khrapunov to launder money stolen from the Kazakh Entities. Further details on this asset tracing are provided in the accompanying expert report of Bruce Dubinsky. A true and correct copy of the expert report of Bruce Dubinsky, submitted in the related action, *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*, No. 15 Civ. 5345 (S.D.N.Y) (the "Ablyazov matter"), is attached hereto as Exhibit J.

13. The Tri-County Mall scheme has been the subject of extensive discovery in the Ablyazov matter. The Kazakh Entities obtained documentary evidence from law firms, banks, corporate services providers, and individuals and entities who directly participated in Tri-County Mall Investors' purchase and resale of the Tri-County Mall asset. Depositions were taken of some of the individuals involved in the transaction, including Felix Sater, Ilyas Khrapunov, Cesare Cerrito, Nicolas Bourg, Will Sledge, Luigi Rosabianca, and Kevin Meyer. Additional depositions were taken of individuals purportedly involved in the decision to settle with Sater in the subsequent lawsuit filed against him by Tri-County Mall Investors, including Philippe Glatz and Gennady Petelin. The Kazakh Entities have not identified any evidence that MeM Energy or Mochkin played any role in the Tri-County Mall investment other than to receive the one single payment of $2,250,000 at the direction of Felix Sater and Ilyas Khrapunov. To be clear, there is evidence that Felix Sater *referred* to this transfer as a "commission," but no evidence that MeM Energy or Mochkin actually did anything to earn a commission. Moreover, the evidence was undisputed that Tri-County Mall Investors, LLC never approved the payment to MeM Energy,

and did not know on what basis Sater directed the $2,250,000 payment to it.

14. However, should the Court have any questions or concerns regarding MeM Energy's liability or damages, Plaintiffs are prepared to submit supplemental briefing or move forward with an inquest at a hearing in whatever manner the Court may direct.

15. The Court may appropriately order a default judgment on the issue of damages with respect to MeM Energy prior to resolution of the entire action. While Plaintiffs could seek a larger damages amount from MeM Energy, including by seeking to hold it jointly and severally liable for money received by its co-conspirators, Plaintiffs are purposefully narrowing the scope of the damages against MeM Energy in the context of their motion for entry of a default judgment.

16. A proposed judgment is attached as (following the ECF categories for attachments), "Text of Proposed Order for Entry of Default Judgment."

17. Attached hereto are true and correct copies of the following documents:

    a. Exhibit A is a copy of the Complaint filed in this action. [ECF No. 1.]

    b. Exhibit B is a copy of the Summons issued to MeM Energy on March 26, 2019. [ECF No. 17.]

    c. Exhibit C is a copy of the affidavit of service of the summons and complaint on MeM Energy's Registered Agent. [ECF No. 24.]

    d. Exhibit D is a copy of the Clerk's Certificate of Default for MeM Energy, entered July 24, 2019. [ECF No. 58.]

    e. Exhibit E is a copy of the State of Delaware's Department of State webpage, showing entity details for MeM Energy Partners, LLC.

    f. Exhibit F is a copy of a document previously produced in the Ablyazov

matter, Bates stamped FS_0003.

g. Exhibit G is a copy of SEC Form 3 for Avenue Group, Inc., dated March 23, 2008, *available at* https://sec.report/Document/0001116502-08-000953/.

h. Exhibit H is a copy of the Regus RU webpage titled "Virtual Office in Chrysler Building," *available at* https://www.regus.ru/en-ru/virtual-office/united-states/new-york/manhattan/new-york-new-york-city-chrysler-building.

i. Exhibit I is a copy of excerpts of the deposition of Felix Sater, conducted in the Ablyazov matter on September 13, 2018 and February 5, 2019.

j. Exhibit J is a copy of the expert report of Bruce G. Dubinsky, submitted in in the Ablyazov matter, dated April 19, 2019.

k. Exhibit K is a copy of a document previously produced in the Ablyazov matter, Bates stamped KRAMERLEVIN0000048.

l. Exhibit L is a copy of a document previously produced in the matter Ablyazov matter and identified as PX 29 at the deposition of Will Sledge.

m. Exhibit M is a copy of a document previously produced in the Ablyazov matter, Bates stamped Almaty-BTA0243536.

n. Exhibit N is a copy of a document previously produced in the Ablyazov matter, Bates stamped MEYER0003084.

o. Exhibit O is a copy of a document previously produced in the Ablyazov matter, Bates stamped HERZ0004525.

p. Exhibit P is a copy of a document previously produced in the Ablyazov

        matter, Bates stamped HERZ0004521.

q.     Exhibit Q is a copy of a directorship and consulting agreement, entered into March 23, 2008 between Avenue Group, Inc. and MeM Energy Partners, LLC.

r.     Exhibit R is a copy of the LinkedIn profile of Mendel Mochkin, *available for download at* https://www.linked.in.com/in/mendel-mochkin-9b8a123/.

s.     Exhibit S is a copy of excerpts of the deposition of Ilyas Khrapunov, conducted in the Ablyazov matter on February 1, 2018.

Dated:   New York, New York                     Respectfully,
         July 31, 2019

                                                     /s/ Matthew L. Schwartz
                                                     Matthew L. Schwartz

# Appendix 1

| DATE | SIMPLE INTEREST |
|---|---|
| 7/31/2019 | $3,448,125.00 |
| 8/1/2019 | $3,448,679.79 |
| 8/2/2019 | $3,449,234.58 |
| 8/3/2019 | $3,449,789.37 |
| 8/4/2019 | $3,450,344.16 |
| 8/5/2019 | $3,450,898.95 |
| 8/6/2019 | $3,451,453.74 |
| 8/7/2019 | $3,452,008.53 |
| 8/8/2019 | $3,452,563.32 |
| 8/9/2019 | $3,453,118.11 |
| 8/10/2019 | $3,453,672.90 |
| 8/11/2019 | $3,454,227.69 |
| 8/12/2019 | $3,454,782.48 |
| 8/13/2019 | $3,455,337.27 |
| 8/14/2019 | $3,455,892.06 |
| 8/15/2019 | $3,456,446.85 |
| 8/16/2019 | $3,457,001.64 |
| 8/17/2019 | $3,457,556.43 |
| 8/18/2019 | $3,458,111.22 |
| 8/19/2019 | $3,458,666.01 |
| 8/20/2019 | $3,459,220.80 |
| 8/21/2019 | $3,459,775.59 |
| 8/22/2019 | $3,460,330.38 |
| 8/23/2019 | $3,460,885.17 |
| 8/24/2019 | $3,461,439.96 |
| 8/25/2019 | $3,461,994.75 |
| 8/26/2019 | $3,462,549.54 |
| 8/27/2019 | $3,463,104.33 |
| 8/28/2019 | $3,463,659.12 |
| 8/29/2019 | $3,464,213.91 |
| 8/30/2019 | $3,464,768.70 |
| 8/31/2019 | $3,465,323.49 |
| 9/1/2019 | $3,465,878.28 |
| 9/2/2019 | $3,466,433.07 |
| 9/3/2019 | $3,466,987.86 |
| 9/4/2019 | $3,467,542.65 |
| 9/5/2019 | $3,468,097.44 |
| 9/6/2019 | $3,468,652.23 |
| 9/7/2019 | $3,469,207.02 |
| 9/8/2019 | $3,469,761.81 |

| Date | Amount |
|---|---|
| 9/9/2019 | $3,470,316.60 |
| 9/10/2019 | $3,470,871.39 |
| 9/11/2019 | $3,471,426.18 |
| 9/12/2019 | $3,471,980.97 |
| 9/13/2019 | $3,472,535.76 |
| 9/14/2019 | $3,473,090.55 |
| 9/15/2019 | $3,473,645.34 |
| 9/16/2019 | $3,474,200.13 |
| 9/17/2019 | $3,474,754.92 |
| 9/18/2019 | $3,475,309.71 |
| 9/19/2019 | $3,475,864.50 |
| 9/20/2019 | $3,476,419.29 |
| 9/21/2019 | $3,476,974.08 |
| 9/22/2019 | $3,477,528.87 |
| 9/23/2019 | $3,478,083.66 |
| 9/24/2019 | $3,478,638.45 |
| 9/25/2019 | $3,479,193.24 |
| 9/26/2019 | $3,479,748.03 |
| 9/27/2019 | $3,480,302.82 |
| 9/28/2019 | $3,480,857.61 |
| 9/29/2019 | $3,481,412.40 |
| 9/30/2019 | $3,481,967.19 |
| 10/1/2019 | $3,482,521.98 |
| 10/2/2019 | $3,483,076.77 |
| 10/3/2019 | $3,483,631.56 |
| 10/4/2019 | $3,484,186.35 |
| 10/5/2019 | $3,484,741.14 |
| 10/6/2019 | $3,485,295.93 |
| 10/7/2019 | $3,485,850.72 |
| 10/8/2019 | $3,486,405.51 |
| 10/9/2019 | $3,486,960.30 |
| 10/10/2019 | $3,487,515.09 |
| 10/11/2019 | $3,488,069.88 |
| 10/12/2019 | $3,488,624.67 |
| 10/13/2019 | $3,489,179.46 |
| 10/14/2019 | $3,489,734.25 |
| 10/15/2019 | $3,490,289.04 |
| 10/16/2019 | $3,490,843.83 |
| 10/17/2019 | $3,491,398.62 |
| 10/18/2019 | $3,491,953.41 |
| 10/19/2019 | $3,492,508.20 |

| Date | Amount |
|---|---|
| 10/20/2019 | $3,493,062.99 |
| 10/21/2019 | $3,493,617.78 |
| 10/22/2019 | $3,494,172.57 |
| 10/23/2019 | $3,494,727.36 |
| 10/24/2019 | $3,495,282.15 |
| 10/25/2019 | $3,495,836.94 |
| 10/26/2019 | $3,496,391.73 |
| 10/27/2019 | $3,496,946.52 |
| 10/28/2019 | $3,497,501.31 |
| 10/29/2019 | $3,498,056.10 |
| 10/30/2019 | $3,498,610.89 |
| 10/31/2019 | $3,499,165.68 |
| 11/1/2019 | $3,499,720.47 |
| 11/2/2019 | $3,500,275.26 |
| 11/3/2019 | $3,500,830.05 |
| 11/4/2019 | $3,501,384.84 |
| 11/5/2019 | $3,501,939.63 |
| 11/6/2019 | $3,502,494.42 |
| 11/7/2019 | $3,503,049.21 |
| 11/8/2019 | $3,503,604.00 |
| 11/9/2019 | $3,504,158.79 |
| 11/10/2019 | $3,504,713.58 |
| 11/11/2019 | $3,505,268.37 |
| 11/12/2019 | $3,505,823.16 |
| 11/13/2019 | $3,506,377.95 |
| 11/14/2019 | $3,506,932.74 |
| 11/15/2019 | $3,507,487.53 |
| 11/16/2019 | $3,508,042.32 |
| 11/17/2019 | $3,508,597.11 |
| 11/18/2019 | $3,509,151.90 |
| 11/19/2019 | $3,509,706.69 |
| 11/20/2019 | $3,510,261.48 |
| 11/21/2019 | $3,510,816.27 |
| 11/22/2019 | $3,511,371.06 |
| 11/23/2019 | $3,511,925.85 |
| 11/24/2019 | $3,512,480.64 |
| 11/25/2019 | $3,513,035.43 |
| 11/26/2019 | $3,513,590.22 |
| 11/27/2019 | $3,514,145.01 |
| 11/28/2019 | $3,514,699.80 |
| 11/29/2019 | $3,515,254.59 |

| Date | Amount |
|---|---|
| 11/30/2019 | $3,515,809.38 |
| 12/1/2019 | $3,516,364.17 |
| 12/2/2019 | $3,516,918.96 |
| 12/3/2019 | $3,517,473.75 |
| 12/4/2019 | $3,518,028.54 |
| 12/5/2019 | $3,518,583.33 |
| 12/6/2019 | $3,519,138.12 |
| 12/7/2019 | $3,519,692.91 |
| 12/8/2019 | $3,520,247.70 |
| 12/9/2019 | $3,520,802.49 |
| 12/10/2019 | $3,521,357.28 |
| 12/11/2019 | $3,521,912.07 |
| 12/12/2019 | $3,522,466.86 |
| 12/13/2019 | $3,523,021.65 |
| 12/14/2019 | $3,523,576.44 |
| 12/15/2019 | $3,524,131.23 |
| 12/16/2019 | $3,524,686.02 |
| 12/17/2019 | $3,525,240.81 |
| 12/18/2019 | $3,525,795.60 |
| 12/19/2019 | $3,526,350.39 |
| 12/20/2019 | $3,526,905.18 |
| 12/21/2019 | $3,527,459.97 |
| 12/22/2019 | $3,528,014.76 |
| 12/23/2019 | $3,528,569.55 |
| 12/24/2019 | $3,529,124.34 |
| 12/25/2019 | $3,529,679.13 |
| 12/26/2019 | $3,530,233.92 |
| 12/27/2019 | $3,530,788.71 |
| 12/28/2019 | $3,531,343.50 |
| 12/29/2019 | $3,531,898.29 |
| 12/30/2019 | $3,532,453.08 |
| 12/31/2019 | $3,533,007.87[2] |

---

[2]   The amount of prejudgment interest per annum is **$202,500.00** when the prejudgment interest rate of 9 percent per annum is applied to the $2,250,000 default judgment amount against MeM Energy.  Assuming 365 days per year, the interest per day is **$554.79**.