

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

November 22, 2019

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
             Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (AJN) (KHP)

Dear Judge Parker:

      We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities"). We write in response to the Court's November 13, 2019 Order [ECF No. 113, the "November 13 Order"] regarding the sealing of documents the Kazakh Entities filed in support of their motion for a default judgment against Defendant MeM Energy Partners LLC.  In particular, the November 13 Order recognized that Exhibit J to the motion – the expert report of Bruce Dubinsky – "has not been made public and has, so far, not been relied on by any court in connection with any exercise of judicial authority.  More importantly, this report appears to have been attached to Plaintiffs' Default Motion principally to provide background information to the Court, not to provide information pertinent to determining whether to issue a default judgment against MeM."  [November 13 Order at 3-4].  The Court therefore required the Kazakh Entities to provide additional information about the sources of confidential information incorporated into the Dubinsky Report, the position of the producing parties, and the relationship between the information contained in the Dubinsky Report and foreign criminal proceedings to determine whether it should remain under seal.[1]

      The Kazakh Entities respectfully request that Exhibit J, the Dubinsky Report, be accepted for filing under seal.  Consistent with the Court's recognition that the Report was provided for background purposes only, should the Court grant this request, there is no portion of the Kazakh Entities' memorandum of law that would need to be redacted, and the entire brief could be filed publicly.

      The Dubinsky Report was attached as background to the motion for default, to provide "[f]urther details concerning this multi-layered money laundering conspiracy, including the asset tracing from Kazakhstan to the United States." [ECF No. 69 at 3]. Nothing in the Dubinsky Report is specifically cited in support of the default judgment motion; rather, it is provided as a

---

[1]     Other than Exhibit J, the Kazakh Entities had and have no objection to the filing of the default judgment motion publicly, and moved to seal other exhibits and corresponding portions of the brief solely because the parties that had produced those exhibits had designated them confidential and not consented to their public filing.



convenient synopsis of the underlying fraud and money laundering scheme. As a result, the Dubinsky Report is not a judicial document. The Report has not, to date, been made public and has "not been relied on by any court in connection with any exercise of judicial authority." [November 13 Order at 4]. Moreover, as the Court recognized, the report was intended "principally to provide background information to the Court, not to provide information pertinent to determining whether to issue a default judgment against MeM" [November 13 Order at 4], and the Court can and should grant the default judgment motion without relying on the report.

On the Kazakh Entities' default motion, the Court must accept the Kazakh Entities' factual allegations as true and draw all reasonable inferences in their favor. Doing so would obviate the need to place any reliance on, or indeed read, the Dubinsky Report. But, as the Kazakh Entities recognized in their motion for entry of a default judgment, the Court may, in its discretion, conduct hearings or engage in other fact-finding concerning the Kazakh Entities' allegations. [*See* ECF No. 69 at 12-13 (brief at 8-9).] In such a scenario, the Dubinsky Report *may* become a judicial document to the extent the Court relies on the Report when determining facts surrounding the money laundering conspiracy, and the Kazakh Entities provided the report in an abundance of caution to address that possibility. For the time being, however, "the information is not pertinent to any dispositive ruling to be made by this Court in this action or in the related action." [November 13 Order at 4.]

The Report is based on extensive confidential information obtained from a wide variety of discovery targets, including parties to the related action, parties to this action, and third parties. A copy of the "materials considered" by Mr. Dubinsky is contained in an appendix to the Report, and reveals the identity of the producing parties. The third parties that produced confidential documents cited in the Dubinsky Report include Triadou SPV S.A., BNY Mellon, the Chetrit Entities, Deutsche Bank, ING Bank, Kramer Levin, Frank Monstrey, Gennady Petelin, and UBS. Virtually all of the materials considered by Mr. Dubinksy that were not produced by the Kazakh Entities themselves were and remain confidential.

The Report also includes materials gathered by Republic of Kazakhstan criminal authorities pursuant to mutual legal assistance requests to the United Arab Emirates and the Isle of Man, as part of their ongoing criminal investigation. As the Court is aware from the related case, these documents relate principally to Eesh Aggarwal, the U.A.E.-based accountant and corporate services provider for various entities involved in the money laundering scheme alleged in this case, as well as the Isle of Man-based corporate services provider SMP Partners. These documents were subsequently obtained by the Kazakh Entities pursuant to their status as recognized victims of crime under Kazakhstan law.

The confidential information from these various sources is interwoven throughout the entire Dubinsky Report, such that redacting confidential information would render the Report unreadable in a way that would obscure any value from its public filing. (Nonetheless, if the Court believes that some or all of the confidential materials should be redacted and the remainder of the Report publicly-filed, the Kazakh Entities will of course prepare a proposed redacted version.)

While the Kazakh Entities agree with the Court that the information contained in the Dubinsky Report will eventually become public (either when the related case or this case



proceeds to trial, or possibly if the Court holds a hearing on the default judgment motion), the Dubinsky Report has not yet assisted the Court in its exercise of judicial authority. Until that happens, the Report is not a judicial document and is not subject to the heightened presumption of access discussed in the cases cited by the November 13 Order. Accordingly, the Kazakh Entities respectfully request that the Dubinsky Report remain under seal.

    Thank you for your consideration of this request.

                                      Respectfully,

                                      /s/ Matthew L. Schwartz
                                    Matthew L. Schwartz
                                    BOIES SCHILLER FLEXNER LLP
                                    55 Hudson Yards
                                    New York, New York 10001