UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CITY OF ALMATY, KAZAKHSTAN and     :
BTA BANK, JSC,     :
     :   Case No. 19-civ-02645
               Plaintiffs,     :   (AJN) (KHP)
     :
        -against-     :
     :
FELIX SATER, DANIEL RIDLOFF, BAYROCK  :
GROUP INC., GLOBAL HABITAT SOLUTIONS, :
INC., RRMI-DR LLC, FERRARI HOLDINGS    :
LLC, and MEM ENERGY PARTNERS LLC,    :
     :
               Defendants.     :
-------------------------------------------------------------X

**SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANT FELIX SATER
IN FURTHER SUPPORT OF MOTION TO STAY ACTION PENDING
ARBITRATION OR ALTERNATIVELY,  TO STAY THE
CLAIMS ASSERTED AGAINST FELIX SATER**

TODD & LEVI, LLP

Jill Levi
David Rosenberg
444 Madison Avenue, Suite 1202
New York, New York 10022
Tel: (212) 308-7400

# **TABLE OF CONTENTS**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      THE ADDITIONAL AUTHORITIES CITED BY THE
           KAZAKH ENTITIES DO NOT SUPPORT A DENIAL OF
           THE STAY PENDING ARBITRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      The Flinn Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      The Bankers Conseco Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      Moss v. BMO Harris Bank, NA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      Republic of Iraq v. ABB AG . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

**CASES**                                                                           **Page(s)**

American Express Co v. Italian Colors Rest.,
    507 U.S. 228 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Arthur Andersen LLP v. Carlisle,
    556 U.S. 624, 129 S.Ct. 1896,  173 L.Ed.2d 832 (2009) . . . . . . . . . . . . . . . . . . . . . 2, 3-4

Bankers Conseco Life Insurance Company v. Feuer,
    2018 WL 1353279 (S.D.N.Y. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

Choctaw Generation Ltd., P'Ship v. Am Home Assurance Co.,
    271 F3d 403 (2d Cir, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Flinn v. Bank of America Corp,
    2016 WL 9334709 (D. Vt., 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Government Employees Ins. Co. v. Grand Medical Supply, Inc.,
    2012 WL 2577577 (S.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

In re A2P SMS,
    972 F.Supp.2d 465 (S.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Moss v. BMO Harris Bank, NA,
    24 F.Supp.3d 281 (EDNY 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

Nederlandse Erts-Tanksersmaatschappij, N.V. v. Isbrandtsen Co.,
    339 F.2d 440 (2d Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Republic of Iraq v. ABB AG,
    769 F. Supp 2d 605 (S.D.N.Y., 2011) *aff'd,* 472 Fed. Appx. 11 (2d Cir, 2012) . . . . . . 5, 6

Smith/Enron Cogeneration Ltd. Partnership, Inc. v. Smith Cogeneration Int'l, Inc.,
    198 F.3d 88 (2d Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Thomson–CSF, S.A. v. American Arbitration Ass'n,
    64 F.3d 773 (2d Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CITY OF ALMATY, KAZAKHSTAN and  :
BTA BANK, JSC,                  :
                                :  Case No. 19-civ-02645
                     Plaintiffs, :    (AJN) (KHP)
                                :
        -against-               :
                                :
FELIX SATER, DANIEL RIDLOFF, BAYROCK :
GROUP INC., GLOBAL HABITAT SOLUTIONS, :
INC., RRMI-DR LLC, FERRARI HOLDINGS :
LLC, and MEM ENERGY PARTNERS LLC, :
                                :
                     Defendants. :
------------------------------------------------------------X

**SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANT FELIX SATER
IN FURTHER SUPPORT OF MOTION TO STAY ACTION PENDING
ARBITRATION OR ALTERNATIVELY,  TO STAY THE
CLAIMS ASSERTED AGAINST FELIX SATER**

Defendant Felix Sater ("Sater") respectfully submits this Supplemental Memorandum of

Law in further support of Sater's Motion (the "Motion") for a Stay Pending Arbitration (the

"Opp Mem") and pursuant to the Order of the Court dated November 18, 2019 ECF# 119,

which granted Sater permission to submit this supplemental briefing to address the additional

cases cited by counsel for the Kazakh Entities  during the oral argument of the Motion held on

November 18 2019.[1]

---

[1] Unless otherwise defined herein, all defined terms used herein shall be used as defined in
Sater's Moving Memorandum of Law (the "Moving Mem") (ECF# 80) and Reply Memorandum
of Law (ECF# 94).

## **ARGUMENT**

## **THE ADDITIONAL AUTHORITIES CITED BY THE KAZAKH ENTITIES DO NOT SUPPORT A DENIAL OF THE STAY PENDING ARBITRATION**

During oral argument, the Kazakh Entities cited to a handful of cases, which they either mischaracterized completely, which cases actually support the Motion or which fail to change the ultimate conclusion, meaning that the Sater is entitled to a stay pending arbitration. Each of such cases is discussed below.

### **The Flinn Case**

Counsel for the Kazakh Entities claims that in its prior submissions and at oral argument, Sater overstated the effect of Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009). To support this argument, counsel relied on Flinn v. Bank of America Corp, 2016 WL 9334709 (D. Vt., 2016), for the proposition that the Second Circuit decision in Nederlandse Erts-Tanksersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440 (2d Cir. 1964), is still viable and that Nederlandse stands for the proposition that a non-party to an arbitration agreement cannot avail itself of the mandatory stay set forth in Section 3 of the FAA. That is simply an incorrect statement of the law and the Flinn case, which is completely distinguishable, does not change anything.

In Flinn, the Plaintiffs commenced an arbitration proceeding under the Financial Industry Regulation Authority ("FINRA") against Merrill Lynch and its employees. There was no dispute that the FINRA arbitration proceeding between Plaintiff, Merrill Lynch and Merrill's employees was mandatory, as such parties agreed to arbitrate their disputes pursuant to FINRA. Plaintiff then commenced the Flinn case against Defendant Bank Of America ("BOA"), the issuer of the

securities that Plaintiff purchased through Merrill Lynch. Significantly, in the <u>Flinn</u> case, BOA "concede[d] that it is not a FINRA member, and is not a proper party to the arbitration." 2016 WL 9334709 *1. As such, there was no issue that such a non-party who conceded that it was not a proper party to the arbitration was not entitled to a mandatory stay under the FAA. The remainder of the <u>Flinn</u> case discusses the factors governing a discretionary stay.

At bar, the situation is completely different than it was in the <u>Flinn</u> case. Here, unlike in <u>Flinn</u>, Sater has a relationship with Litco, who is a party to the subject arbitration. As a matter of state law (See Reply Mem at pp.1-6), Sater has a right to enforce the contract, namely the CAA, which is the subject to the arbitration, because he is a releasee under Section 10 of the CAA and because of the intertwined-ness test. <u>Flinn</u> is not remotely on point to the facts in this case.

Indeed, the <u>Arthur Andersen</u> case makes clear that "[a] litigant who was not a party to the arbitration agreement may invoke § 3 (of the FAA) if the relevant state contract law allows him to enforce the agreement." 129 S.Ct. 1896, 1898. Moreover, <u>Flinn</u> did not at all concern any issue of whether under state contract law, a non-signatory can enforce an agreement to arbitrate and estop a signatory, namely the Kazakh Entities, from arbitrating such dispute. "[T]he Second Circuit has long recognized that a non-signatory may either be bound by, or may compel a signatory to arbitrate pursuant to ... common law principles of contract." <u>Government Employees Ins. Co. v. Grand Medical Supply, Inc.</u>, 2012 WL 2577577, *3 (S.D.N.Y. 2012).

**The Bankers Conseco Case**

The Kazak Entities also cited to <u>Bankers Conseco Life Insurance Company v. Feuer,</u> 2018 WL 1353279 (S.D.N.Y. 2018), which supposedly expressly rejected the proposition that

Arthur Anderson overruled all pre-2009 case law.  However, Bankers Conseco  does not stand
for such proposition and this case actually supports the grant of a stay in the case at bar.

In Bankers Conseco, the Court expressly cited to Arthur Anderson in noting that "State
law principles . . . apply in determining whether a contract can be enforced against a non-
signatory."  (556 U.S. 624, 631 (2009)).  2018 WL 1353279 *3. Further, in terms of whether
pre-2009 case law was abrogated, the Court was not discussing Arthur Anderson at all.  Instead,
the Court discussed whether American Express Co v Italian Colors Rest., 507 U.S. 228 (2013),
in which the Supreme Court stated that "'courts must 'rigorously enforce' arbitration agreements
according to their terms," meant that all pre-2009 case law is abrogated by this statement.  2018
WL 1353279*6. The Court in Bankers Conseco went on to determine that a non-signatory could
invoke equitable estoppel to compel a signatory to arbitration and then the Court issued a stay.[2]
Finally, the Court also noted that the Italian Colors Case did not  eliminate an estoppel analysis
or longstanding principles of contract and agency law to determine whether non-signatories can
invoke the arbitration provisions of the agreements of their corporate employers.    The Court
concluded that based upon, among other things, an agency relationship, the agents could compel
arbitration. 2018 WL 1353279 *7.

## Moss v. BMO Harris Bank, NA,

The Kazahk Entities also cited  Moss v. BMO Harris Bank, NA, 24 F.Supp.3d 281

---

[2] See, Choctaw Generation Ltd., P'Ship v Am Home Assurance Co., 271 F3d 403, 406 (2d Cir,
2001), (finding that a signatory is estopped from avoiding arbitration with a non-signatory
"when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the
agreement that the estopped party has signed," citing Thomson–CSF, S.A. v. American
Arbitration Ass'n, 64 F.3d 773, 779 (2d Cir.1995)).  See also, Smith/Enron Cogeneration Ltd.
Partnership, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 98 (2d Cir.1999).

4

(EDNY 2014), in claiming that there is very little difference between State and Federal law on the issue of equitable estoppel. In Moss, the Court considered whether a non-signatory to an arbitration agreement could force a signatory to arbitrate. Moss did not analyze the issues under state and federal law. Instead, the Court employed an estoppel analysis and concluded that because of, among other things, a broad arbitration provision, it was foreseeable that defendants, who were involved in the subject transactions and referenced in the governing agreement as such by the descriptive category of "agents" and "servicers," were among the third parties with whom plaintiffs agreed to arbitrate. The Court in Moss granted a stay pending arbitration,

Similarly, here, Sater was mentioned in the descriptive category as "releasee" and as such, it was certainly foreseeable and contemplated that a releasee, Sater, would be "among the third parties with whom [the Kazakh Entities] agreed to arbitrate" all issues relating to the release. 24 F. Supp at 284.


**Republic of Iraq v. ABB AG**

Finally, The Kazakh Entities also suggest that the arbitration provision in the CAA is akin to the arbitration provision in the Republic of Iraq v. ABB AG, 769 F. Supp 2d 605 (S.D.N.Y., 2011) aff'd, 472 Fed. Appx. 11 (2d Cir, 2012), and that therefore, Sater is just general third-party beneficiary who is not entitled to an arbitration of the enforceability of the release in the CAA. The Republic of Iraq case, however, is distinguishable.

As an initial matter, the CAA's arbitration provision is extremely broad. Pursuant to Paragraph 14 of the CAA:

> "[a]ny dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be settled by final and binding arbitration, in New York, New York, administered by the American

Arbitration Association ("AAA"), in accordance with its Commercial Arbitration Rules, and the procedures required under New York law.

Notably, this provision does not state "**any dispute between the parties**" or any issue of enforcement, interpretation of validity "**between the parties**" is subject to arbitration. Instead, it refers much more broadly and generally to all disputes and issues of interpretation under the CAA, not just disputes between the parties. Accordingly, the scope of the arbitration clause in the CAA is broader than the scope of the arbitration clause in Republic of Iraq which contained repeated references to the parties. 769 F. Supp 2d at 608.

Further, in Republic of Iraq, the Republic invoked the arbitration provision nearly two years after it initiated the lawsuit, unlike at bar where Sater promptly made the Motion for a stay. 769 F. Supp 2d at 609.

Most importantly, in Republic of Iraq, the Republic relied *solely* on its alleged status as a third-party beneficiary under the agreement containing the arbitration clause. The Court did not address at all the intertwined-ness test and estoppel analysis and the myriad of factors discussed in Sater's Moving and Reply papers, all of which militate in favor of a stay and which distinguish the Republic of Iraq case from the case at bar.

Here, Sater is not just a general third-party beneficiary. Indeed, under state law Sater has the right to enforce the contract containing the arbitration clause as a releasee (Reply Mem at pp. 3-6 ), and Sater had more than established his right to enforce the arbitration provisions under state law and the intertwined-ness factors, namely "whether (1) the signatory's claims arise under the subject matter of the underlying agreement, and (2) whether there is a 'close relationship' between the signatory and the non-signatory party," In re A2P SMS, 972 F.Supp.2d 465,476 (S.D.N.Y. 2013). See also Moving Mem at Mem. pp. 6–11.

---

## CONCLUSION

For all of the foregoing reasons, and those set forth in the Reply Mem, the Moving Mem, the Sater Aff, the Levi Decl. and the Reply Decl, Sater respectfully requests that the Motion be granted in its entirety, together with such other relief as the Court deems just and proper.

Dated: New York, New York
November 25, 2019

TODD & LEVI, LLP
By:
Jill Levi
David Rosenberg
444 Madison Avenue, Suite 1202
New York, New York 10022
Tel: (212) 308-7400

7