USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2019

# THE LAW OFFICE OF FREDERICK M. O[BERLANDER]

**FREDERICK M. OBERLANDER**

fred55@aol.com

September 4, 2019

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

Motion terminated as moot. (*See* Doc. No. 133.)

**Re:   City of Almaty, Kazakhstan et ano. v. Felix Sater, et al.
        19 Civ. 2645**

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

**REQUEST FOR SCHEDULING ORDER**

12/2/2019

Dear Judge Nathan:

I am the Proposed Intervenor who on August 14, 2019 filed a motion to intervene for the limited purpose of opposing Plaintiffs' motion to file documents supporting his dispositive motion for default judgment. See ECF *74*. As a motion to intervene, it presumably triggered a 14-day response time for filings in opposition, then on expiration of that time, August 28, 2019, a 7-day time for filings in reply, which ordinarily would expire today, September 4, 2019. Opposition to the merits of sealing vel non would not be appropriate, at least presumably so, only opposition to the merits of intervention to oppose sealing.

To date, the only responsive filing was made August 23, 2019 by Plaintiffs, see ECF 82. It appears not to oppose intervention, but to oppose some (not all) of my objections to sealing.

Now, days ago on August 30, 2019, Plaintiffs have filed an amended complaint, ECF 83, containing redactions (which are, pursuant to Indiv. Rule 4, only "proposed"), along with a letter motion, ECF 84, requesting leave to do so "officially," that is, by order of this court.

That motion suffers from the same fatal defects as Plaintiffs' motion, ECF 70, to partially seal the default judgment motion papers, which started all this. That is, in brief (1) as with a dispositive motion, the public's right to access a civil complaint is provided not only by common law but also by the First Amendment, which raises an almost insurmountable burden to overcome; (2) it may be overcome only by a court's finding at a clear and convincing evidentiary level that failure to seal would create virtually certain grave risk at the level of "the missiles will be flying in 10 minutes" or "movements of troop ships at sea at time of war" and at the same time sealing would be virtually certain to prevent it and no less sealing than proposed would suffice; (3) Plaintiffs proffer no evidence that such considerations exist here, in fact seem to have sculpted

their argument to *contravene* LR 4(B), not satisfy it (for examples, (i) that the parties or others agreed to seal is irrelevant; (ii) that the information is not public is irrelevant as an argument to seal, because almost all litigation involves non-public information; (iii) that another court granted a Rule 26 protective order is irrelevant, as the standards are not the same; and (iv) that another court may even have sealed it is irrelevant insofar as (a) there would have to be evidence that such court did so appropriately, with the requisite findings, for it to be preclusive; in any event (b) any change in circumstance would require relitigating the issues anyway; (c) if sealed pursuant to a lower standard, for example because they were not there themselves, or part of, a judicial document; and (d) is irrelevant whether any court has ever relied on them in performing Article III function, it matters only that it might have, could have, was asked to, etc.

(The First Amendment right as to the complaint attached immediately on filing, so even were this court to stay in favor of arbitration, even if it were to refer issues of substantive arbitrability to arbitration, the right would have attached, as none of these Article III functions would have occurred but for the filing.)

Rather than enter into an endless pas de deux of filings and counter-filings, presumably this will cease if, and at such time as, this court resolves any of my filings in favor of finding, in part, that such requests by a party are woefully inadequate for the above, and previously briefed, reasons, making that law of the case.

In particular, as the court has not commented on Plaintiff's note that third party interests "might" be implicated so he was notifying such parties (the court was not asked to comment, anyway), I ask with respect that this court issue what should be styled a scheduling order which would (1) consolidate Plaintiffs' two extant motions to file under seal, since the legal issues (access to dispositive judicial documents) are the same and the factual failings (lack of evidentiary support) are as well; (2) set dates whereby any other persons who would be heard must be heard; and (3) as I am the one who started this, set a date whereby I may file a final response rather than do it piecemeal; and (4) make clear if the court expects these filings to be full submissions or expects there may need to be evidentiary hearings to follow and as make clear that these filings are to address the merits of sealing *vel non*, not just of intervention.

I respectfully remind the court that as the public enjoys a presumptive First Amendment right to access these materials, while it may resolve access in favor of the public using only common law rights and standards, it may not ignore the First Amendment rights of "all deliberate speed" or however it is expressed, that the public's right of access under the First Amendment must be resolved with dispatch (even if for constitutional avoidance it is resolved at common law). There is interesting, new Third circuit caselaw discussing this, but as it relies on *Amodeo* and *Lugosch* in this circuit I defer more formal argument until the date due.

Sincerely yours,

Frederick M. Oberlander
Proposed Intervenor *pro se*.