UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN and
BTA BANK JSC,

Plaintiffs,

-against-

FELIX SATER, DANIEL RIDLOFF,
BAYROCK GROUP INC., GLOBAL
HABITAT SOLUTIONS, INC., RRMI-DR
LLC, FERRARI HOLDINGS LLC, and
MEM ENERGY PARTNERS LLC,

Defendants.

Case No. 1:19-cv-02645

**BRIEF IN SUPPORT OF DEFENDANT FERRARI HOLDINGS LLC's
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**ARCHER & GREINER, P.C.**
630 Third Avenue, 7th Floor
New York, NY 10017
(201) 342-6000
Attorneys for Defendant, Ferrari Holdings
LLC

On the Brief:
Michael S. Horn, Esq.

217398197v2

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................ iii

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS ............................................................................... 1

PROCEDURAL HISTORY............................................................................... 4

     POINT I STANDARD FOR MOTION TO DISMISS................................................ 4

     POINT II PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT FACTS
         TO SUPPORT THE CLAIM OF UNJUST ENRICHMENT........................ 10

        A.    Plaintiff Relies On Bare and Unsubstantiated Conclusory
            Statements................................................................................ 10

        B.    No Showing of Required Close Relationship ........................................ 11

        C.    Plaintiffs do not Allege Facts to Support Equity and Good
            Conscious would Require Ferrari Holdings to Relinquish Funds ........... 15

        D.    Plaintiffs Allegations in Regards to the Supposed Lack of
            Documentations Does not Trigger Unjust Enrichment Liability............. 16

        E.    Courts Rejects Unjust Enrichment Claims Alleged Against
            Innocent Third-Parties Such as Ferrari Holdings.................................. 17

        F.    Plaintiffs' Bare Assertions That Ferrari Holdings Received a
            Benefit Should not Defeat the Motion to Dismiss .................................. 18

        G.    Plaintiffs' Allegation that Ferrari Holdings Split Fees is Irrelevant
            to the Underlying Claims and the act thereof occurs within the
            Normal Course of Business ..................................................... 18

     POINT III PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT FACTS
         TO SUPPORT THE CLAIM OF MONEY HAD AND RECEIVED ........... 19

        A.    Plaintiffs Allege Insufficient Facts to Support Its Money Had
            Money Received Claim Against Ferrari Holdings................................... 20

        B.    Plaintiffs' Fail to Show the Relationship Between Themselves and
            Ferrari Holdings was not Too Attenuated.............................................. 21

        C.    The Fees Received by Ferrari Holdings Were Not Actually Ill-
            gotten................................................................................... 23

     POINT IV STATUTE OF LIMITATIONS................................................................ 23

        A.    Plaintiffs are Time Barred from Bringing their Dressed up
            Conversion Claims................................................................... 24

         B.    Plaintiff is Time Barred from Bringing their Unjust Enrichment
            Claim................................................................................... 26

i

**TABLE OF CONTENTS**
(continued)

**Page**

C.      Plaintiffs are also Time Barred from Bringing their Money Had
        and Received Claim ................................................................................. 27

CONCLUSION.......................................................................................................... 28

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Ames Dep't Stores, Inc.,*
    No. 065394, 2008 WL 7542200 (S.D.N.Y. June 4, 2008)......................................................22

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................................5, 6

*Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.,*
    888 F.3d 696 (4th Cir. 2018) .....................................................................................................6

*Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.,*
    No. 031537(MBM), 2003 WL 23018888 (S.D.N.Y. Dec. 22, 2003), *aff'd,* 110
    F. App'x 191 (2d Cir. 2004) ....................................................................................................18

*In re Bayou Hedge Funds Inv. Litig.,*
    472 F. Supp. 2d 528, 531–32 (S.D.N.Y. 2007) .......................................................................17

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).............................................................................................................5, 6

*Bice v. Robb,*
    324 Fed. Appx. 79 (2d Cir. 2009) (unpublished)...................................................................25

*Buchwald v. Renco Grp.,*
    539 B.R. 31 (S.D.N.Y. 2015)...................................................................................................20

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys, Inc.,* 637 F.3d 1047 (9th Cir.
    2011) .......................................................................................................................................6

*Charles R. McCormack & Co. v. Keeveny,*
    271 F. 299 (2d Cir. 1921) ........................................................................................................20

*Cohen v. S.A.C. Trading Corp.,*
    711 F.3d 353 (2d Cir. 2013).....................................................................................................25

*DeJesus v. HF Mgmt. Servs., LLC,*
    726 F.3d 85 (2d Cir. 2013)........................................................................................................5

*DiVittorio v. Equidyne Extractive Indus., Inc.,*
    822 F.2d 1242 (2d Cir. 1987).....................................................................................................7

*Fed. Treasury Enter. Sojuzplodoimporl v. Spirits Inl'l N.V.,*
    400 F.App'x 611 (2d Cir. 2010) .............................................................................................26

iii

*Franzone v. City of New York,*
    No. 13-5282 (NG), 2015 WL 2139121 (E.D.N.Y. May 4, 2015)...........................................6, 9

*Frota v. Prudential-Bache Sec., Inc.,*
    639 F. Supp. 1186 (S.D.N.Y. 1986)........................................................................................6

*Grain Traders, Inc. v. Citibank, N.A.,*
    960 F.Supp. 784 (S.D.N.Y.1997)..........................................................................................24

*Grynberg v. Eni S.P.A.,*
    06-cv-6495(RLC), 2007 WL 2584747 (S.D.N.Y. Sept 5, 2007)..........................................27

*Harris v. Mills,*
    572 F.3d 66 (2d Cir. 2009)......................................................................................................5

*Jacobs v. Carnival Corp.,*
    No. 06-0606, 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009)....................................................5

*Kapernekas v. Brandhorst,*
    638 F. Supp. 2d 426 (S.D.N.Y. 2009).............................................................................25, 28

*Kaye v. Grossman,*
    202 F.3d 611 (2d Cir. 2000)..................................................................................................18

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,*
    No. 12 CIV. 3723 (RJS), 2013 WL 1294668, at *16 (S.D.N.Y. Mar. 28,
    2013), 797 F.3d 160 (2d Cir. 2015) ......................................................................................17

*Malmsteen v. Berdon,*
    LLP, 477 F.Supp.2d 655 (S.D.N.Y.2007) .............................................................................26

*Marini v. Adamo,*
    12 F.Supp.3d 549, 556–57 (E.D.N.Y. 2014) .......................................................................19

*Marketxt Holdings Corp.*, 693 F. Supp. 2d 387, 394–98 (S.D.N.Y. 2010) ...................................26

*Martin Hilti Family Tr. v. Knoedler Gallery, LLC,*
    137 F.Supp.3d 430, 466 (S.D.N.Y. 2015).............................................................................27

*McLaughlin v. Anderson,*
    962 F.2d 187 (2d Cir. 1992)....................................................................................................6

*Mia Shoes, Inc. v. Republic Factors Corp.,*
    No. 967974, 1997 WL 525401 (S.D.N.Y. Aug.21, 1997) ......................................................24

*Norris v. Grosvenor Mktg. Ltd.,*
    803 F.2d 1281 (2d Cir. 1986).............................................................................................25, 26

iv

*Price v. Cushman & Wakefield, Inc.*,
   808 F. Supp. 2d 670 (S.D.N.Y. 2011) .................................................................20

*Redtail Leasing, Inc. v. Bellezza*,
   No. 955191(JFK), 1997 WL 603496 (S.D.N.Y. Sept. 30, 1997) ...........................14

*Smith v. Local 819 I.B. T. Pension Plan*,
   291 F.3d 236 (2d Cir. 2002) ...................................................................................5

**State Cases**

*Alan B. Greenfield, M.D., P.C. v. Long Beach Imaging Holdings, LLC*,
   981 N.Y.S.2d 135, 114 A.D.3d 888 (2d Dep't 2014) ............................................15

*Amanat v. Bank of Leumi Tr. Co. of New York*,
   662 N.Y.S.2d 501, 243 A.D.2d 257 (1st Dep't 1997) ...........................................22

*Bd. of Educ. v. Rettaliata*,
   78 N.Y.2d 128, 576 N.E.2d 716 (1991) .................................................................27

*Brick v. Cohn–Hall–Marx Co.*,
   276 N.Y. 259, 11 N.E.2d 902 (1937) .....................................................................25

*Cohen v. City Co. of New York*,
   283 N.Y. 112, 27 N.E.2d 803 (1940) .....................................................................29

*Congregation Yetev Lev D'Satmar v. 26 Adar N.B. Corp.*,
   596 N.Y.S.2d 435, 192 A.D.2d 501 (2d Dep't 1993) ...........................................28

*Coombs v. Jervier*,
   74 A.D.3d 724, 906 N.Y.S.2d 267 (2d Dept 2010) ...............................................25

*Corsello v. Verizon N.Y., Inc.*,
   18 N.Y.3d 777, 944 N.E. 1104 (2012) ...................................................................10

*Dafnos v. Hayes*,
   264 A.D.2d 305, 694 N.Y.S.2d 42 (1st Dep't 1999) ...............................................8

*People ex rel. Dusenbury v. Speir*,
   77 N.Y. 144 (1879) ................................................................................................21

*Erlitz v. Segal, Liling & Erlitz*,
   530 N.Y.S.2d 848 (2d Dept 1988) ........................................................................19

*Georgia Malone & Co.*,
   19 N.Y.3d at 516 ............................................................................................*passim*

*Goel v. Ramachandran*,
   111 A.D.3d 783, 975 N.Y.S.2d 428 (2d Dep't 2013) ............................................18

*Gold Sun Shipping Ltd. v. Ionian Transport Inc.*,
   666 N.Y.S.2d 677, 245 A.D.2d 420 (2d Dep't 1997) ............................................................26

*Goldston v. Bandwidth Tech. Corp.*,
   859 N.Y.S.2d 651 (1st Dep't 2008) ...................................................................................8

*H.F. Podvin Assoc., Inc. v. Heritage Bag Co.*,
   No. C-850328, 1986 WL 5961 (Ohio Ct. App. 1st Dist. 1986) ..........................................20

*Hornett v. Leather*,
   535 N.Y.S.2d 799, 145 A.D. 814 (3d Dep't 1988), *lv denied* 74 N.Y.2d 603
   (N.Y. 1989) ..........................................................................................................................10

*IDT Corp.*, 12 N.Y.3d at 142)), aff'd, 125 A.D.3d 413, 414, 2 N.Y.S.3d 462, 464
   (1st Dep't 2015), leave to appeal denied, 25 N.Y.3d 907, 32 N.E.3d 963
   (2015) ...................................................................................................................................18

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
   12 N.Y.3d 132 (2009) ..........................................................................................................17

*Ingrami v. Rovner*,
   847 N.Y.S.2d 132 (2d Dept 2007) .......................................................................................28

*Katz v. Kar*,
   597 N.Y.S.2d 135, 192 A.D.2d 695 (2d Dep't 1993) ..........................................................26

*Kramer v. Greene*,
   142 A.D.3d 438 (1st Dep't 2016) ..........................................................................................8

*Litvinoff v. Wright*,
   54 N.Y.S.3d 22, 150 A.D.3d 714 (2d Dep't 2017) .............................................................21

*Mandarin Trading Ltd v. Wildenstein*,
   16 N.Y.3d at 182 ...............................................................................................10, 12, 15, 22

*McCulloch v. Milan*,
   907 N.Y.S.2d 19, 74 A.D.3d 1034 (2d Dep't 2010) ...........................................................22

*McGrath v. Hilding*,
   41 N.Y.2d 625 (1977) ..........................................................................................................19

*Miller v. Schloss*,
   218 N.Y. 400 (1916) ............................................................................................................21

*North Salem Psychiatric Servs., P.C. v. Medco Health Sol., Inc.*,
   854 N.Y.S.2d 905, 50 A.D.3d 986 (2d Dep't 2008) ...........................................................14

vi

*Old Republic Natl. Tit. Ins. Co. v. Cardinal Abstract Corp.*,
  14 A.D.3d 678, 790 N.Y.S.2d 143 (N.Y. 2005) ....................................................19

*Parsa v. State*,
  64 N.Y.2d 143, 148; 474 N.E.2d 235 (1984)...................................................21, 22

*RAE Assocs., Inc. v. Nexus Commc'n, Inc.*,
  36 N.E.3d 757 (Ohio Ct. App. 10th Dist. 2015) ..................................................20

*Reid v. Bd. of Albany Cty. Sup'rs*,
  128 N.Y. 364, 28 N.E. 367 (1891)..........................................................................29

*Roberts v. Gin Realty Corp.*,
  145 Misc 2d 618, 547 N.Y.S.2d 527 (Sup Ct. N.Y. Cty. 1989) ...........................20

*Robinson v. Oz Master Fund, Ltd*,
  No. 654009/13, 2015 WL 6126956, at *5 (N.Y.Co. Oct. 16, 2015).......................13

*Sperry v. Crompton*.
  8 N.Y.3d 204 (2007) ....................................................................................12, 13, 14

*Stephans v. Apostol*,
  234 N.Y.S.2d 337, 17 A.D.2d 982 (2d Dep't 1962)..............................................22

*Vassel v. Vassel*,
  336 N.Y.S.2d 887, 40 A.D.2d 713 (2d Dep't 1972), *aff'd by* 33 N.Y.2d 533,
  301 N.E.2d 422 (1973)...........................................................................................14

*Williams-Guillaume v. Bank of America, N.A.*,
  14 N.Y.S.3d 466, 130 A.D.3d 1016 (2d Dep't 2015)............................................28

*World Trade Knitting Mills Inc. v. Lido Knitting Mills Inc. et al.*,
  154 A.D.2d 99, 551 N.Y.S.2d 930 (2d Dep't 1990) ..............................................8

*Xaleron Pharmaceuticals v. Actavis*,
  No. 150587/2016, 2016 WL 4764970 (N.Y. Co. Sup. Ct. Sept. 12, 2016) ............14

*Zell & Ettinger v. Berglas*,
  690 N.Y.S.2d 613 (2d Dep't 1993)........................................................................18

*Zimmerman v. Kohn*,
  No. 652826/13, 2014 WL 1490936, *3 (Sup. Ct. N.Y. Cty. Apr. 11, 2014)...........18

**State Statutes**

Real Property Law § 442(1)...........................................................................................20

217398197v1

**Rules**

Fed. R. Civ. P. 9(b) ..........................................................................................6

Fed. R. Civ. P. 12(b)(6)...................................................................................5

**Other Authorities**

Restatement of Restitution § 1, Comment A ..................................................19

217398197v1

## PRELIMINARY STATEMENT

Plaintiffs are "grasping at straws" to try and link Ferrari Holdings to any alleged improper acts. However, despite the fact that Plaintiffs have had ample opportunity to submit a pleading with sufficient factual allegations, they have failed. Plaintiffs cannot maintain an action against an innocent party that is too far removed from the allegedly ill-gotten gains at issue in this case. Indeed, if a party were to file a lawsuit against a party that is completely removed from an improper transaction, there would be an endless parade of similarly situated defendants. Furthermore, such an expansion would have a chilling effect on businesses; because, no business could predict its exposure to potential liability for performing its ordinary and necessary business services.

While Plaintiffs have a long and detailed complaint, the facts asserted against Ferrari Holding, LLC ("Ferrari Holdings") are minimal and conclusory. Of the hundreds of paragraphs in the Complaint, only a handful relate to Ferrari Holdings and none of the allegations provide direct evidence of any wrongdoing of Ferrari Holdings. Even the alleged confidential factual allegations do not contain facts that articulate a cause of action as to Ferrari Holdings. Without any factual allegations of any wrongdoing by Ferrari Holdings, and without a close nexus between the money Ferrari Holdings received for its services and the money Plaintiffs allegedly lost, the claim against Ferrari Holdings cannot stand.

## STATEMENT OF FACTS

The Complaint alleges that there were multiple transactions that do not involve Ferrari Holdings. In fact, Ferrari Holdings was only involved in receiving a finder's fee in furtherance of the purchase of a mortgage and debt related to the Tri-County Mall in Cincinnati, Ohio, that occurred in the middle of 2013. (Horn Dec. Ex. 2.)

Plaintiffs assert a claim of unjust enrichment (First Cause of Action) and money had and received (Second Cause of Action) against Ferrari Holdings. The allegations with respect to

1

Ferrari Holdings are that it received a finder's fee for services it performed. The funds were from a Real Estate Law Firm's escrow account. It is alleged that after receiving those funds, Ferrari Holdings transferred exactly half of the finder's fee to RRMI-DR LLC. (Horn Dec. Ex. 4 ¶¶ 236– 43.) In fact, Plaintiffs entire allegation boils down to the following:

> On or about May 23, 2013, just a day after the Real Estate Law Firm had received the $28,000,000 transfer from Telford's account at FBME, the Real Estate Law Firm transferred $1,080,000 in Stolen Funds at Ridloff's direction from the Real Estate Law Firm's escrow to an account at Capital One Bank in the name of Ferrari Holdings LLC ("Ferrari")

(Horn Dec. Ex. 4 ¶ 230.)

Plaintiffs rely on conclusory allegations in asserting claims against Ferrari Holdings. For instance, Plaintiffs are claiming that the funds were "stolen funds" but provide no factual basis to support any finding that Ferrari Holdings had any knowledge of the alleged original source of funds. *Id.*

Plaintiffs allege that a representative of a real estate advisor had never heard of Ferrari Holdings. (Horn Dec. Ex. 4 ¶ 237.) Plaintiffs further allege that there "is no written agreement between Ferrari and Triadou or TCMI concerning brokerage services provided by Ferrari in connection with the Tri-County Deal" and that TCMI did not identify its own broker in the Loan Sale Agreement. (Horn Dec. Ex. 4 ¶ 238–39.)

The allegation further alleges that Richard Ferrari, who is not a litigant in this case and who is affiliated with Ferrari Holdings did the following:

> 241. After Ferrari retained $540,000 in Stolen Funds for its role in the Tri-County Mall Scheme, in April 2014, Richard Ferrari acted as broker for the sale of a condominium unit in the Trump SoHo Hotel. The unit was sold for over $1.4 million by an entity called Soho 3310 LLC. As publicly reported, Soho 3310 LLC is an entity controlled by the Khrapunovs. Richard Ferrari, who brokered the sale, is a relative of at least one member of Ferrari Holdings LLC.

217398197v1

242. Ferrari Holdings LLC was aware of its essential role in the conspiracy to launder the Stolen Funds, which Ferrari knew were the rightful property of BTA and Almaty. Ferrari worked closely both with the Khrapunovs and with Sater and Ridloff to hide the true nature of transactions that served to dissipate Ablyazov's assets in violation of the Worldwide Freezing Orders.

(Horn Dec. Ex. 4 ¶ 241–42.)

However, the member of Ferrari Holdings LLC is Frank Ferrari. While Richard Ferrari's father is named "Frank Ferrari," that individual is not the Frank Ferrari that is a member of Ferrari Holdings LLC. While they have a somewhat distant familiar relationship, they are not business associates. (Horn Dec. ¶¶ 7–8.)

The First Amended Complaint makes the following conclusory allegations as to Ferrari Holdings LLC:

Ferrari too was instrumental in the conspiracy to breach the Worldwide Freezing Orders. Specifically, Ferrari played a key role in hiding the knowing receipt of Stolen Funds by Sater and Ridloff, in return for which it received over half a million dollars in Stolen Funds as a kickback. Transfers to and from Ferrari further concealed the Stolen Funds from the Kazakh.

(Horn Dec. Ex. 4 ¶ 279.)

However, this paragraph only provides conclusory allegations that Ferrari received a "kickback" in order to play "a key role in hiding" funds. Moreover, the First Amended Complaint fails to set forth specific facts to support such a conclusion. As such, it is unclear from the pleading whether those allegations are merely speculative and/or conclusory claims. (*Id.*)

217398197v1

## PROCEDURAL HISTORY

On March 25, 2019, Plaintiffs filed a Complaint for a civil action against multiple defendants without specifying sufficient facts or allegations as to Ferrari Holdings LLC.1 (Horn Dec. Ex. 1.)

On June 6, 2019, a Pretrial conference was scheduled. During the conference, Defendants outlined Ferrari Holdings LLC's position with respect to this motion. (Horn Dec. Ex. 2, p. 19:9–23:2.) In response, the court provided the parties an opportunity to meet and confer, and Plaintiffs had the opportunity to amend their pleading before the filings of a motion to dismiss. (Horn Dec. Ex. 2, p. 23:15–24:7; 31:4–31:9.)

On July 8, 2019, after the parties met and conferred, a briefing schedule was prepared to provide Plaintiffs yet another opportunity to amend the complaint after receiving Defendants initial motion to dismiss. (Horn Dec. Ex. 3.) After the initial motions to dismiss were filed, on August 30, 2019, Plaintiffs filed a First Amended Complaint in this matter. (Horn Dec. Ex. 4 and 5.)

## POINT I
## STANDARD FOR MOTION TO DISMISS

Plaintiffs have still failed to assert sufficient factual allegations and to set forth a claim against Ferrari Holdings LLC. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), the Complaint should be dismissed as to Ferrari Holdings since the Complaint merely sets forth conclusory statements which simply fail to state a claim upon which relief can be granted.

---

1 This matter is related to a matter that had been litigated several years prior to the filing of the within action. CF *135 Flat LLC, et al. v. Triadou SPV SA, et al*, Case No. 15-cv-5345 (AJN)

217398197v1

FRCP 12(b)(6) mandates dismissal of a cause of action if it does not contain "enough facts to state a claim upon which relief is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory averments are insufficient to meet this pleading threshold; rather, a claim must be supported by specific factual allegations, which if accepted as true, are sufficient to support the accusation's plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not withstand dismissal." *Jacobs v. Carnival Corp.*, No. 06-0606, 2009 WL 856637, at *3 (S.D.N.Y. Mar. 25, 2009) (internal quotations omitted) (citing *Smith v. Local 819 I.B. T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)). Pleadings that contain "no more than conclusions[] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 (A plaintiff must put forth sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level" in order to survive a motion to dismiss).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint must, therefore, contain more than naked assertions devoid of further factual enhancement. A pleading that contains "no more than [bare] conclusions . . . [is] not entitled to the assumption of truth otherwise applicable to complaints in the context of motions to dismiss. *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678–79). Further, a complaint that is "highly repetitious" or "confused," or that "consist[s] of incomprehensible rambling" violates FR CP 8(a). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). If the content and structure of the Complaint is disjointed in nature, it therefore fails to "put the defendant[s] on

notice as to the nature of the claim against [them] and the relief sought." *See Twombly*, 550 U.S. at 574. In the instant case, without notice of the claims asserted against them, Ferrari Holdings cannot adequately prepare an answer or prepare a defense. Even liberally construed, Plaintiffs' assertions are unclear, and insufficient to state a claim upon which relief can be granted.

Moreover, the allegations against Ferrari Holdings are based upon alleged fraudulent conduct—of which, Ferrari Holdings did not participate in. However, Plaintiffs alleges that the funds received by Ferrari Holdings are somehow connected to the theft of money that belongs to Plaintiffs. As such, since the allegations are based upon alleged fraudulent conduct, the Court should apply a heightened pleading requirement. Rule 9(b) extends to all averments of fraud or mistake, whatever the theory or legal duty. *Frota v. Prudential-Bache Sec., Inc.*, 639 F. Supp. 1186, 1192 (S.D.N.Y. 1986). This means that "[i]n addition to meeting the plausibility standard, RICO allegations sounding in fraud must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b)." *Franzone v. City of New York*, No. 13-5282 (NG), 2015 WL 2139121, at *6 (E.D.N.Y. May 4, 2015) (citing *McLaughlin v. Anderson*, 962 F.2d 187, 194 (2d Cir. 1992)); *see Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696 (4th Cir. 2018) (affirming district court ruling that an affirmative defense of unjust enrichment that "sounded in fraud" had to comply with Rule 9(b)). In fact, this heightened pleading standard is "designed to further three goals: (1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (citation omitted).

Here, Plaintiffs' unjust enrichment claim sounded in fraud because they state that the alleged enrichment resulted from "fraudulent acts." Plaintiffs have failed to make specific

allegations of conduct that gives rise to Ferrari Holdings having unjustly enriched itself or perpetrated money had and received.  Moreover, the core of Plaintiffs' allegations against Ferrari Holdings are not even based upon the actions of a member of Ferrari Holdings LLC, but based upon the alleged actions of Richard Ferrari who is not even affiliated with Ferrari Holdings LLC. (Horn Dec. Ex. 4 ¶¶ 241–42.)   Plaintiffs' claim against Ferrari Holdings boils down to allegations that it cannot hold money which it received as a finder's fee for its work in brokering a debt deal, and thereafter distributed that finder's fee based upon its understanding of the amounts owed to various parties as a result of this debt deal.   There are no actual facts that would even suggest that Ferrari Holdings did anything wrong.

In fact, Plaintiffs rely upon the allegation that a representative of a real estate advisor had never heard of Ferrari Holding and they rely upon an allegation that there "is no written agreement between Ferrari and Triadou or TCMI concerning brokerage services provided by Ferrari in connection with the Tri-County Deal," and that TCMI did not identify its own broker in the Loan Sale Agreement. (Horn Dec. Ex. 4 ¶¶ 237–39.)   Yet, such allegations provide no basis for a claim for unjust enrichment.   And merely because there was no written agreement and merely because a document fails to identify a broker does not provide facts to support a claim that it would be unjust for Ferrari Holdings to possess money it earned.   At bottom, even where there is no written contract or documents or certain oral agreements, the allegations do not suggest anything improper. *See, e.g., Kramer v. Greene*, 142 A.D.3d 438, 439 (1st Dep't 2016) ("An oral agreement may be enforceable as long as the terms are clear and definite and the conduct of the parties evinces mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms".) (citations and internal quotation marks omitted).

Furthermore, it was not Plaintiffs that were involved in paying for the services that Ferrari Holdings provided. Indeed, if there was concern that Ferrari Holdings did not do sufficient work to receive those funds, it would be the purchaser of the debt that would be concerned that Ferrari Holdings did not do sufficient work to earn a "finder's fee."    It is well settled that New York courts do not concern themselves with adequacy of consideration. *Dafnos v. Hayes*, 264 A.D.2d 305, 307, 694 N.Y.S.2d 42 (1st Dep't 1999). "[P]arties to a contract may make a bargain as they see fit 'even if the consideration exchanged is grossly unequal or of dubious value' ... the operative factor being whether the promised consideration 'is acceptable to the promisee'." *Goldston v. Bandwidth Tech. Corp.*, 859 N.Y.S.2d 651, 657 (1st Dep't 2008) (citations omitted). In addition, Plaintiffs were never in privity with Ferrari Holdings and therefore they have no basis to suggest that it failed to provide the services it promised to provide. *See World Trade Knitting Mills Inc. v. Lido Knitting Mills Inc. et al.*, 154 A.D.2d 99, 107, 551 N.Y.S.2d 930 (2d Dep't 1990) (the general rule is the "failure to perform [a contract] at all is a nonfeasance which constitutes no more than a breach of contract actionable only by one in privity of contract"). And therefore Plaintiffs cannot now second guess the value of the services provided by Ferrari Holdings, LLC in this deal. An unjust enrichment cause of action is just not designed to provide a distant party the opportunity to assert claims that would not be cognizable by a party close to the transaction.

What's more, the fact that the Complaint contains volumes of information about the conduct of other parties does not satisfy Plaintiffs' obligation as to pleading sufficient facts with respect to Ferrari Holdings. *See Franzone v. City of New York*, No. 13-cv-5282(NG), 2015 WL 2139121, at *6 (E.D.N.Y. May 4, 2015) (dismissing a twice-amended complaint with a "sprawling narrative" replete with "repetition, prolixity and garble," hyphenated entities that were "nowhere defined," and a failure even to "adequately differentiate plaintiffs" let alone defendants).

8

Here, as discussed above, Plaintiffs' Complaint, as it relates to Ferrari Holdings, is wrought with speculation—as evidenced by the fact that it even alleges conduct of a non-party that merely has the last name "Ferrari." Based upon Plaintiffs view of the scope of a pleading, a claim could also be made against Ferrari Holdings if there were any problems with a vehicle that was sold by Enzo Ferrari who is the founder of the Ferrari automobile marque. While there is a somewhat liberal view of the pleading standards, it is not so liberal that a claim can be made against a party merely because they share the same last name. Indeed, Plaintiffs' do not allege facts that implicitly or explicitly support their assertion that Ferrari Holding purposefully and/or knowingly received fees that were ill-gotten gains.

Accordingly, Plaintiffs' Complaint, as it relates to Ferrari Holdings, is inadequate and is replete with bare, unfounded and non-specific assertions and must be dismissed for failing to state a claim upon which relief can be granted.

### POINT II
### PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT FACTS TO SUPPORT THE CLAIM OF UNJUST ENRICHMENT

Plaintiffs' unjust enrichment claim should be dismissed; because, as set forth below, Plaintiffs' Complaint is devoid of any facts that show the close relationship between Ferrari Holdings and the recipients of the ill-gotten gains—which New York law requires.

Generally, to successfully allege unjust enrichment, Plaintiffs must show that "[Ferrari Holdings was] unjustly enriched *when retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties*[.]" *Hornett v. Leather*, 535 N.Y.S.2d 799, 816, 145 A.D. 814 (3d Dep't 1988), *lv denied* 74 N.Y.2d 603 (N.Y. 1989) (citation omitted) (emphasis added). Specifically, in order to sustain an unjust enrichment claim "[a] plaintiff must show that (1) the other party was enriched, (2) at [the plaintiff's] expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is

sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E. 128 (2011) (internal quotations and citation omitted). However, this doctrine is a narrow one—it is "not a catchall cause of action to be used when others fail." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 944 N.E. 1104, 1110 (2012) (citations omitted).

### A.      Plaintiff Relies on Bare and Unsubstantiated Conclusory Statements

At the outset, Plaintiffs attempt to rely upon conclusory statements within the Complaint to substantiate the claim for unjust enrichment. Specifically, Plaintiffs fail to articulate the basis for their belief that Ferrari Holdings are unjustly in possession of funds. Moreover, they claim that Ferrari Holdings merely received certain funds in connection with the brokering of a transaction. There are no facts contained in the pleading that would provide any indication that Ferrari Holdings would be unjustly enriched if they were to keep the money they earned by brokering this transaction. Indeed, Plaintiffs only speculate that Ferrari Holdings knew that the funds were allegedly ill-gotten. However, there are no facts in the pleading to support such a bold conclusion.

Plaintiffs merely rely upon allegation that it does not believe that Ferrari Holdings provide a sufficient amount of services in order to earn the money it was paid. (Horn Dec. Ex. 4 ¶¶ 237–39.) However, Plaintiffs do not allege that they would have sufficient knowledge as to the amount of work done by Ferrari Holdings in furtherance of this debt deal. There is no indication that the work of Ferrari Holdings was not sufficient for it to earn the finder's fee. Moreover, even if the amount of work was not satisfactory, Plaintiffs are in no position to second guess the payment to Ferrari Holdings. Indeed, Plaintiffs were not even remotely part of the transaction and certainly they did not retain Ferrari Holdings to perform any services. As such, Plaintiffs claim of unjust enrichment must fail based upon the sheer fact that it was extremely distant from the transaction at issue.

**B.     No Showing of Required Close Relationship**

Next, Plaintiffs have failed to allege the required closeness of relationship required for an unjust enrichment claim. The degree of the relationship between the parties necessary for an unjust enrichment claim has been heavily litigated in New York case law. The courts have routinely held that an unjust enrichment claim may not survive dismissal where the parties' alleged relationship is "too attenuated." An unjust enrichment claim requires a close relationship between parties. In *Sperry v. Crompton*, the plaintiff, the purchaser of tires, asserted an unjust enrichment claim against the producers of chemicals used to manufacture the tires. 8 N.Y.3d 204, 863 N.E.2d 1012 (2007). The *Sperry* plaintiff alleged that those producers engaged in a price fixing conspiracy that inflated the cost of tires to consumers and unjustly enriched the defendants. *Id.* at 209. In affirming dismissal of that claim for lack of a sufficient relationship, the Court of Appeals reasoned that, "[w]hile we agree . . . that a plaintiff need not be in privity with the defendant to state a claim for unjust enrichment . . . the connection between the purchaser of tires and the producers of chemicals used in the rubber-making process is simply too attenuated to support such a claim." *Id.* at 215.

Recently, the Court of Appeals in *Georgia Malone & Co. v. Rieder* likewise reaffirmed that while a plaintiff was not required to allege privity, the pleading must assert a connection between the parties that is not too attenuated. 19 N.Y.3d 511, 517, 973 N.E.2d 743 (2012) (finding "the relationship too attenuated because they simply had no dealings with each other."). The Court would later hold that for plaintiff to succeed on an unjust enrichment cause of action the plaintiff must establish not only a connection with the defendant, but that they had dealings together. *Id.* at 518. In *Mandarin Trading*, the Court held that an unjust enrichment claimant must plead facts "that would indicate a relationship between the parties, or at least an awareness by" the defendant of the plaintiff's existence. 16 N.Y.3d at 182. At bottom, a defendant's awareness, however, requires more than a mere knowledge of the other party's existence. *See Georgia Malone & Co.,*

11

19 N.Y.3d at 516. Here, it is uncontested that Plaintiffs and Ferrari Holdings had no relationship. There are no facts that suggests that Ferrari Holdings was aware of the existence of Plaintiffs. As such, the pleading falls short of an unjust enrichment claim.

In fact, in *Robinson v. Oz Master Fund, Ltd*, the court found that defendants' alleged connection to plaintiffs was too weak to sustain plaintiff's claim for unjust enrichment. No. 654009/13, 2015 WL 6126956, at *5 (N.Y. Co. Sup. Ct. Oct. 16, 2015). Although a complex fact pattern, the plaintiff, the beneficiary of notes on which a bankrupt third-party had defaulted, essentially alleged that other creditors of that third party who received payment on their claims were unjustly enriched. *Id.* at *1. The court dismissed that claim finding that the defendants' connections to plaintiffs were indirect, through other entities, and thus were too weak to support the claim. *Id.* at **5–6.

In fact, Plaintiffs even admit that it was "Ridloff who personally communicated with the Real Estate Advisor and submitted TCMI's bid." (Horn Dec. Ex. 4 ¶ 237.) While this allegation does not provide any support for a finding that Ferrari Holdings, LLC did not do any work in furtherance of the project, it highlights the fact that Ferrari Holdings, LLC was too far removed from any ill-gotten acts to be held liable in this case.

Moreover, in *Sperry v. Crompton Corp.*, the court held that a plaintiff cannot succeed on an unjust enrichment claim unless it has a sufficiently close relationship with the other party. 8 N.Y.3d 204, 863 N.E.2d 1012 (2007). In *Sperry*, the plaintiff, who claimed to have purchased overpriced tires, asserted a cause of action for unjust enrichment against the producers of the chemicals used by tire manufacturers. *Id.* at 209. The plaintiff's theory was that the chemical producers overcharged the tire manufacturers, who, in turn, passed the cost to the plaintiff and others similarly situated. *Id.* The *Sperry* court found that, while "a plaintiff need not be in privity

with the defendant to state a claim for unjust enrichment," there must exist a relationship or connection between the parties that is not "too attenuated" *Id.* at 215–16.

Again, there are absolutely no allegations in the Complaint that shows of required close relationship between Ferrari Holdings and the Plaintiffs, which mandates dismissal. Unjust enrichment requires not just the existence of a close relationship between the parties, but that the relationship must have caused the plaintiff's reliance or inducement. *See Xaleron Pharmaceuticals v. Actavis*, No. 150587/2016, 2016 WL 4764970 (N.Y. Co. Sup. Ct. Sept. 12, 2016); *Redtail Leasing, Inc. v. Bellezza,* No. 955191(JFK), 1997 WL 603496, at *8 (S.D.N.Y. Sept. 30, 1997) ("contemporaneous trading relationship" too attenuated to establish unjust enrichment claim). There are no such allegations in the Complaint.

In sum, if Plaintiffs' claims were to survive, there would be no end to such liability. Indeed, without sufficient facts, conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of a plaintiff warrant dismissal. *See North Salem Psychiatric Servs., P.C. v. Medco Health Sol., Inc.*, 854 N.Y.S.2d 905, 50 A.D.3d 986 (2d Dep't 2008); *Vassel v. Vassel*, 336 N.Y.S.2d 887, 40 A.D.2d 713 (2d Dep't 1972), *aff'd by* 33 N.Y.2d 533, 301 N.E.2d 422 (1973)). Even if the alleged funds were the result of ill-gotten gains, does every party that did actual work for funds that can be traced back to these funds incur liability? Clearly, there is a point when the origins of the funds are too far removed from the recipient as to make a finding of liability improper as a matter of law.

### C.     Plaintiffs do not Allege Facts to Support Equity and Good Conscious would Require Ferrari Holdings to Relinquish Funds

Furthermore, the Complaint does not even provide sufficient facts to support a finding that equity and good conscious would require Ferrari Holdings to give up those funds. "The plaintiff must show that the other party was enriched, at plaintiff's expense, and that "'it is against equity

and good conscience to permit [the other party] to retain what is sought to be recovered"' *Georgia Malone*, 926 N.Y.S.2d at 497 (citation omitted) (alterations in original). Ultimately, even if the other elements are met, the court must be persuaded that it is against equity and good conscience to allow Plaintiffs to receive the benefit of Ferrari Holding's performance without compensating Plaintiffs for said performance. *Compare Mandarin Trading*, 16 N.Y.3d at 182–83 ([T]he mere existence of a letter that happens to find a path to a prospective purchaser does not render this transaction one of equitable injustice requiring a remedy to balance a wrong.") *with Alan B. Greenfield, M.D., P.C. v. Long Beach Imaging Holdings, LLC*, 981 N.Y.S.2d 135, 137, 114 A.D.3d 888 (2d Dep't 2014) (the allegations that defendant "used the plaintiff's files and records to enrich itself at the plaintiff's expense" was enough to defeat motion). Here, unlike *Alan B. Greenfield, M.D., P.C.*, Ferrari Holdings did not engage in any acts it knew would knowingly enrich itself. In reality, Ferrari Holdings brokered a transaction whereby it received a success fee for making introductions and providing advice regarding the purchase of a mortgage and/or collateralized debt.

In fact, there are no allegations in the Complaint to even suggest that Ferrari Holdings did not perform any service for these funds. Ferrari Holdings facilitated this debt purchase. If Ferrari Holdings were not compensated for the work it performed in this case, that would be unjust enrichment since Ferrari Holdings would have done a substantial amount of brokerage work for no compensation. The additional factual allegations provide no evidence that Ferrari Holdings failed to serve a role in this transaction.

Thus, there is no reason to deny Ferrari Holdings the right to receive compensation for its work.

217398197v1

**D.     Plaintiffs Allegations in Regards to the Supposed Lack of Documentations Does not Trigger Unjust Enrichment Liability**

Years and years after the transaction was already completed, Plaintiffs try to piece together allegations they believe suggest that work was not done by Ferrari Holdings LLC.  This is based upon the following: 1) the fact that after years passed a representative of the Real Estate Advisor testified that he did not recognize the name Ferrari Holdings LLC, and 2) there is no written agreement between Ferrari and Triadou or TCMI concerning brokerage services provided by Ferrari in connection with the Tri-County Deal. (Horn Dec. Ex. 4 ¶¶ 237–38.)  However, it is extremely speculative to base an unjust enrichment cause of action on these two allegations. Firstly, it is not surprising that after years passed a representative of the real estate advisor does not recognize the name Ferrari Holdings LLC.  There were many entities involved in this large transaction that occurred several year ago.  In fact, there were many entities involved in the debt deal part of the transaction, which is why there was a split of the fees.   As such, it is not surprising that a representative of the real estate advisor does not recall Ferrari Holdings LLC. In short, the fact that a witness does not recall Ferrari Holdings LLC does not create a cause of action. Secondly, the allegation that there was no written agreement between Ferrari and Triadou or TCMI concerning brokerage services is of no moment.   There are many instances in commercial transactions where the parties do not have written contracts.  However, that does not give entities, such as Plaintiffs, the ability to sue because of the lack of a writing.  Indeed, it is uncontested that Plaintiffs were not parties to this transaction.  As such, Plaintiffs cannot assert a claim against Ferrari Holdings LLC as a result of a lack of documentation.

217398197v1

E.    **Courts Reject Unjust Enrichment Claims Alleged Against Innocent Third-Parties Such as Ferrari Holdings**

Ferrari Holdings is an innocent third-party, with no knowledge that the fees collected were tainted and/or ill-gotten by the actions of parties it had no knowledge of. Again, Plaintiffs' unjust enrichment claim must be dismissed. The proceeding cases are illustrative of this point.

In *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, IDT Corporation entered into an agreement with Telefonica International, S.A., concerning a fiber-optic network called SAm-1. 12 N.Y.3d 132, 907 N.E.2d 268 (2009).  IDT sought to recover investment banking fees that Morgan Stanley had received from Telefonica and other companies in connection with the SAm-1 network. The Court of Appeals rejected IDT's unjust enrichment claim:

> Nor can the unjust enrichment claim support the disgorgement of any profits Morgan Stanley obtained from Telefonica or other companies, in connection with SAm–1. . . . In seeking Morgan Stanley's profits from SAm– 1, IDT does not, and cannot, allege that Morgan Stanley has been unjustly enriched at IDT's expense, because IDT did not pay the alleged fees.

*Id.* at 142.

Other courts applying New York law have similarly rejected unjust enrichment claims where the plaintiff seeks to recover fees it did not pay.  *See, e.g., Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, No. 123723(RJS), 2013 WL 1294668, at *16 (S.D.N.Y. Mar. 28, 2013) ("Plaintiffs' claim for unjust enrichment fails because Plaintiffs did not pay these fees; the CDOs paid the fees that Plaintiffs allege were unjustly acquired."), *rev'd in part, vacated in part, on other grounds*, 797 F.3d 160 (2d Cir. 2015); *In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528, 531–32 (S.D.N.Y. 2007) (dismissing unjust enrichment claims brought by hedge fund's investors against law firm retained by hedge fund because "the payment by [the hedge fund] of operating expenses (such as legal fees) using misappropriated funds does not confer a 'direct' and 'specific' benefit on [the law firm] at the expense of plaintiffs"); *Banco Espirito Santo de Investimento, S.A.*

16

*v. Citibank, N.A.*, No. 031537(MBM), 2003 WL 23018888, at *18 (S.D.N.Y. Dec. 22, 2003) (rejecting unjust enrichment claim where plaintiff did not pay defendant's fees), *aff'd*, 110 F. App'x 191 (2d Cir. 2004); *Goel v. Ramachandran*, 111 A.D.3d 783, 792, 975 N.Y.S.2d 428 (2d Dep't 2013) (dismissing unjust enrichment claims where payments to defendant were "duly authorized"); *Zimmerman v. Kohn*, No. 652826/13, 2014 WL 1490936, *3 (Sup. Ct. N.Y. Cty. Apr. 11, 2014) ("Unjust enrichment does not apply to the disgorgement of fees paid by another.") (citing *IDT Corp.*, 12 N.Y.3d at 142)), *aff'd*, 2 N.Y.S.3d 462, 464 (1st Dep't 2015), *leave to appeal denied*, 25 N.Y.3d 907 (2015)).

Further, like Plaintiffs' failure to provide sufficient facts to support their claims against Ferrari, Plaintiffs cannot successfully support a claim for unjust enrichment **_or_** money had and received against Frank Ferrari's cousin.2 Cases in which family members have been alleged to have benefited from alleged ill-gotten gains, the courts have found them to not be liable when the Plaintiff has been unable to prove or show that "any of the stolen funds [ . . . ] traceable to the defendant [ . . . ] [along with the] plaintiffs' unsubstantiated allegations that [the defendant] benefited from and had knowledge of his [family member's] theft . . . ." *Zell & Ettinger v. Berglas*, 690 N.Y.S.2d 613, 614 (2d Dep't 1993) (finding husband of employee who allegedly misappropriated funds was not liable for unjust enrichment for having access to his wife's misappropriated funds in the couple's joint bank account). *See Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (holding wife of borrower co-defendant was not unjustly enriched because plaintiff "offered no evidence demonstrating that [defendant-wife] actually received any portion of the [alleged ill-gotten gains], nor did she show that the [alleged ill-gotten gains] relieved

---

2 For sake of not being repetitive, this portion of this argument is applicable to those made in Defendant's Money Had and Received arguments, set forth below in Point III.

[defendant-wife] of any financial obligations for which she otherwise would have been responsible."); *Marini v. Adamo*, 12 F.Supp.3d 549, 556–57 (E.D.N.Y. 2014) (holding, under New York law, sufficient proof that an innocent party specifically and directly benefited, as basis for recovering for unjust enrichment or money had and received under New York law, requires more than a showing that the innocent party may have had access to, or some awareness of, the funds in question.). Thus, courts have been unwillingly to find innocent third-parties liable for either unjust enrichment claims or money had and received claims with more than what Plaintiffs have offered. As such, the Court should dismiss Plaintiffs' claims against Defendant.

### F.   Plaintiffs' Bare Assertions That Ferrari Holdings Received a Benefit Should Not Defeat the Motion to Dismiss

And "a plaintiff's allegation that the [defendant] received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment." *Old Republic Natl. Tit. Ins. Co. v. Cardinal Abstract Corp.,* 14 A.D.3d 678, 680, 790 N.Y.S.2d 143 (N.Y. 2005). *See McGrath v. Hilding,* 41 N.Y.2d 625, 629 (1977); *Erlitz v. Segal, Liling & Erlitz,* 530 N.Y.S.2d 848, 850 (2d Dept 1988). "Critical is that under the circumstances and as between the two parties to the transaction the enrichment be unjust." *McGrath,* 41 N.Y.2d at 629 (citing Restatement of Restitution § 1, Comment A).

### G.   Plaintiffs' Allegation that Ferrari Holdings Split Fees is Irrelevant to the Underlying Claims and the act thereof occurs within the Normal Course of Business

Finally, Plaintiffs' concern that Ferrari Holdings split the success fee is of no moment. Firstly, it is uncontested that Ferrari Holdings no longer has those funds, and therefore it did not benefit from those funds. *Buchwald v. Renco Grp.*, 539 B.R. 31, 49–50 (S.D.N.Y. 2015) ("[A] benefit is direct when it or its functional equivalent is in the defendant's possession to return.") (citation omitted). Secondly, splitting commissions in a sales related function is not uncommon,

18

*see, e.g.*, Real Property Law § 442(1); *Roberts v. Gin Realty Corp.*, 145 Misc 2d 618, 619, 547 N.Y.S.2d 527 (Sup Ct. N.Y. Cty. 1989); *Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 681 (S.D.N.Y. 2011); nor is it uncommon in the context of oral agreements to split commissions, *see, e.g., RAE Assocs., Inc. v. Nexus Commc'n, Inc.*, 36 N.E.3d 757 (Ohio Ct. App. 10th Dist. 2015); *see also, e.g., H.F. Podvin Assoc., Inc. v. Heritage Bag Co.*, No. C-850328, 1986 WL 5961, at *1 (Ohio Ct. App. 1st Dist. 1986). In short, nothing wrong or intentionally improper could be summated from merely splitting a commission. *Charles R. McCormack & Co. v. Keeveny*, 271 F. 299, 300 (2d Cir. 1921).

Accordingly, Plaintiffs' unjust enrichment claim should be dismissed, because Plaintiffs' Complaint is devoid of any facts that show the close relationship between Ferrari Holdings and the recipients of the ill-gotten gains in this case.

## POINT III
## PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT FACTS TO SUPPORT THE CLAIM OF MONEY HAD AND RECEIVED

As set forth below, Plaintiffs' claim for money had and received should be dismissed because Plaintiffs have failed to meet their obligations to properly allege (1) that Ferrari Holdings had received money that was rightfully the Plaintiffs'; or (2) that the relationship was not attenuated between Ferrari Holdings and Plaintiffs. A claim for money had and received requires a showing that: (1) the defendant received money belonging to the plaintiff; (2) the defendant benefited from the receipt of the money; and (3) under principles of good conscience the defendant should not be allowed to retain that money. *Litvinoff v. Wright*, 54 N.Y.S.3d 22, 150 A.D.3d 714, 716 (2d Dep't 2017).

The cause of action for money had and received is a contract implied in law. *Parsa v. State of New York*, 64 N.Y.2d 143, 148 (1984). It is the obligation which the law creates, in the absence of agreement, when one party possesses money that, in equity and good conscience, he ought not

19

to retain that belongs to another "if one man has obtained [that] money from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass". *Parsa, supra*, 64 N.Y.2d at 148 (quoting *Miller v. Schloss*, 218 N.Y. 400, 408 (1916)). "The action depends upon equitable principles in the sense that broad considerations of right, justice and morality apply to it." *Id.* at 148; *see People ex rel. Dusenbury v. Speir*, 77 N.Y. 144, 150 (1879).

### A.     Plaintiffs Allege Insufficient Facts to Support Its Money Had Money Received Claim Against Ferrari Holdings

The pleading must provide sufficient facts to allege that Ferrari Holdings has benefited from what is rightfully Plaintiffs', such that equity and good conscience would demand restoration of the disputed property to Plaintiffs. Here, the factual allegations are insufficient to state a cause of action for money had and received, since the Complaint failed to adequately allege that Ferrari Holdings received money that ***rightfully belongs*** to Plaintiffs. *See McCulloch v. Milan*, 907 N.Y.S.2d 19, 74 A.D.3d 1034 (2d Dep't 2010); *Amanat v. Bank of Leumi Tr. Co. of New York*, 662 N.Y.S.2d 501, 502, 243 A.D.2d 257, 257 (1st Dep't 1997); *Stephans v. Apostol*, 234 N.Y.S.2d 337, 338, 17 A.D.2d 982, 982–83 (2d Dep't 1962). *See also In re Ames Dep't Stores, Inc.,* No. 065394, 2008 WL 7542200, at *9 (S.D.N.Y. June 4, 2008) (finding that the plaintiff could not pursue a claim for money had and received merely because it was owed a debt by the defendant). And there are insufficient facts to support a finding that Ferrari Holdings received the fees "through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass", *Parsa*, supra, 64 N.Y.2d at 148; and, as such, this claim against Ferrari Holdings cannot stand. In short, the Complaint does not provide sufficient factual allegations that Ferrari Holding had and received ill-gotten funds at the improper expense of the plaintiff.

217398197v1

**B.**    **Plaintiffs' Fail to Show the Relationship Between Themselves and Ferrari Holdings was not Too Attenuated**

In addition, although privity between the parties is not required for a claim based upon money had and received, a relationship that is not "too attenuated" is required. *Mandarin Trading Ltd.*, 16 N.Y.3d at 182. *See Georgia Malone Ck Co., Inc. v. Rieder*, 19 N.Y.3d 511, 517–18 (2012) (affirming dismissal of complaint where the relationship between the parties was "too attenuated" because they had no contact regarding the transaction at issue).

Here, the only basis for the claim is that Ferrari Holdings was paid for its role in this transaction. (Horn Dec. Ex. 4 ¶¶ 230–35.) In fact, based upon the flow of funds, as alleged, Ferrari Holdings had no reason to believe that the funds were ill-gotten. Plaintiffs' alleged that Ferrari Holdings received a finder's fee from an attorney at a closing. (*Id.*) It is also alleged by Plaintiffs that Ferrari Holdings then dispersed that finder's fee to another entity. (*Id.*) Such a transaction is a normal business transaction. There is nothing to suggest that Ferrari Holdings would have any suspicion that the funds were ill-gotten. In fact, it worked to locate the mortgage and debt purchase as a sound investment for a client and then received a fee for its services. There is nothing to suggest illegality. Indeed, the illustrate how speculative Plaintiffs claims have become, Plaintiffs allege "[A]fter Ferrari retained $540,000 in Stolen Funds for its role in the Tri-County Mall Scheme, in April 2014, Richard Ferrari acted as broker for the sale of a condominium unit in the Trump SoHo Hotel." (Horn Dec. Ex. 4 ¶ 241.) In short, Plaintiffs speculate that as a reward for the work Ferrari Holdings did to broker this debt deal, a person who merely has the last name Ferrari was able to broker a completely different deal involving a Trump property. Such speculative allegations, based merely upon someone's last name, provide no basis for a lawsuit.

It is undisputed that there was never any privity or relationship between Plaintiffs and Ferrari Holdings LLC. It is important to keep in mind that the New York Court of Appeals, in

21

*Georgia Malone & Co. v. Rieder*, illustrates that relationships that are closer in nature may still be too attenuated. 19 N.Y.3d 511 (N.Y. 2012).   In *Rieder*, the plaintiff was a real estate broker who prepared diligence reports for a developer in connection with the potential purchase of certain property, and the broker was to receive a commission in the event of a purchase.   *Id.* at 514.   The plaintiff alleged that the developer then provided the reports to a rival broker who had knowledge of their preparation by the plaintiff, and the rival broker then obtained a new buyer, resulting in a commission to the rival broker.   *Id.* at 515.   The Court affirmed the dismissal of the plaintiff's unjust enrichment claim against the rival broker on the basis of their lack of privity, reasoning that:

> "[T]he rule urged by [plaintiff] would require parties to probe the underlying relationships between the businesses with whom they contract and other entities tangentially involved but with whom they have no direct connection. This would impose a burdensome obligation in commercial transactions."

*Id.* at 519.   In the within case, Plaintiffs and Ferrari Holdings did not even have knowledge of each other's existence during the transaction at issue.   In fact, Plaintiff was not even part of the transaction.   As such, applying unjust enrichment to the within facts would be contrary to applicable and well accepted law.

### C.    The Fees Received by Ferrari Holdings Were Not Actually Ill-gotten

In addition, the funds were received from a law firm and therefore, there is no reason to conclude that the actual funds can be described as ill-gotten.   In fact, since the funds came from a law firm and not directly from a party that allegedly embezzled the funds, there are insufficient allegations to support the position that plaintiff had an ownership interest in the funds it claims Ferrari Holdings misappropriated.   *See Mia Shoes, Inc. v. Republic Factors Corp.*, No. 967974, 1997 WL 525401, at *3 (S.D.N.Y. Aug.21, 1997) (noting plaintiff's inability to show in its complaint that "[plaintiff] had an ownership interest in the receivables collected by the [defendant]" was fatal to its money had and received claim); *see also Grain Traders, Inc. v.*

22

*Citibank, N.A.*, 960 F.Supp. 784, 793 (S.D.N.Y.1997).  As a result, Plaintiffs' claim for money had and received should be dismissed because Plaintiffs have failed to meet their obligations to properly allege (1) that Ferrari Holdings had received money that was rightfully the Plaintiffs'; or (2) that the relationship was not attenuated between Ferrari Holdings and Plaintiffs.

Accordingly, Defendants' request this Court to dismiss Plaintiffs' money had and received claim for failure to provide sufficient facts to support their claim.

**POINT IV**
**STATUTE OF LIMITATIONS**

This matter involves the loss of funds, which occurred several years ago.  An applicable limitations period begins to runs "upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013) (quoting *Coombs v. Jervier*, 74 A.D.3d 724, 724, 906 N.Y.S.2d 267 (2d Dep't 2010)).

Here, the statute of limitations for recovery of those funds began to accrue at the time when those funds were initially taken from Plaintiffs.  For instance, a cause of action for unjust enrichment "accrue[] upon the occurrence of the wrongful act giving rise to a duty of restitution." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013) (unjust enrichment); *Bice v. Robb*, 324 Fed. Appx. 79, 81 (2d Cir. 2009) (unpublished) (constructive trust).  The Complaint alleges that the funds at issue were "looted" from May 2005 until February 2009.  (Horn Dec. Ex. 1 ¶ 16.)  Indeed, the statute of limitations could not begin each time money was transferred to a new party.  Otherwise there would be no statute of limitation since it would continue to renew each time money "changed hands".  As such, the statute of limitations in this case began accruing at the moment when the funds were taken from Plaintiffs.

217398197v1

A.    **Plaintiffs are Time Barred from Bringing their Dressed up Conversion Claims**

As a general matter, "[i]n applying the Statute of Limitations, courts must look to the essence of the claim, and not to the form in which it is pleaded." *Kapernekas v. Brandhorst*, 638 F. Supp. 2d 426, 428 (S.D.N.Y. 2009); *see also Brick v. Cohn–Hall–Marx Co.*, 276 N.Y. 259, 264, 11 N.E.2d 902 (1937) (courts applying the statute of limitations "look for the reality, and the essence of the action and not its mere name"). An equitable claim cannot proceed where "the plaintiff has had and let pass an adequate alternative remedy at law." *Norris v. Grosvenor Mktg. Ltd.*, 803 F.2d 1281, 1287 (2d Cir. 1986) (unjust enrichment claim fails where plaintiff let pass legal remedy for tortious interference). Here, the Plaintiff's core claim is a claim that designated funds were converted improperly. That claim has a three year statute of limitations from the time the funds were converted. *See, e.g.*, *Gold Sun Shipping Ltd. v. Ionian Transport Inc.*, 666 N.Y.S.2d 677, 678, 245 A.D.2d 420, 421 (2d Dep't 1997) (where action "in reality[ ] sounded in conversion," plaintiff's additional claims for fraud, breach of fiduciary duty, and constructive trust were governed by three-year statute and thus time-barred); *Katz v. Kar*, 597 N.Y.S.2d 135, 136, 192 A.D.2d 695, 695–96 (2d Dep't 1993) ("This action, purportedly to recover damages for breach of a bailment contract, is, in fact, an action to recover damages for conversion"); *Malmsteen v. Berdon*, LLP, 477 F.Supp.2d 655, 667 (S.D.N.Y.2007) ("[I]f the unjust enrichment claim is merely incidental to or duplicative of another claim with a shorter limitations period, the Court will not allow a plaintiff to avail himself of the longer limitations period"). Thus, where claims for unjust enrichment, and money had and received boil down to an allegation that defendant converted the *property* for his own benefit, plaintiff cannot avoid the three-year statute of limitations by asserting other claims, based on the same facts, that really sound in conversion. *See, e.g.*, *Norris*, 803 F.2d at 1287 (discussing that an unjust enrichment claim fails where plaintiff let pass legal remedy for

tortious interference); *Fed. Treasury Enter. Sojuzplodoimporl v. Spirits Inl'l N.V.*, 400 F.App'x 611, 613 (2d Cir. 2010) (summary order) (discussing that unjust enrichment claims cannot be used to evade statute of limitations for legal claim); *Marketxt Holdings Corp.*, 693 F. Supp. 2d 387, 394–98 (S.D.N.Y. 2010) (stating that a breach of fiduciary duty claim is subject to conversion statute of limitations where "gravamen" of claims is that defendant "stole money," and "the theft itself" formed basis for all of plaintiff's claims). At best, and latest, the claim began accruing in 2009 when the funds were allegedly embezzled. As such, the claims are stale and beyond the applicable statute of limitations.

It is important to note that both money had and received and unjust enrichment are quasi-contract claims that afford relief when one party has received money or some other benefit at the unlawful or inequitable expense of another. *Georgia Malone & Co.*, 19 N.Y.3d at 516; *Bd. of Educ. v. Rettaliata*, 78 N.Y.2d 128, 138, 576 N.E.2d 716 (1991). In light of the similarities between the two causes of action, they are both susceptible to litigants trying to use them to extend the statute of limitations of the claim that forms the "essence of the action". However, it is clear that courts do not permit statute of limitations to be extended by using these causes of action to supplant the actual cause of action applicable to a set of facts. At best, this is an expired conversion claim that cannot be extended by asserting unjust enrichment and money had and received causes of action.

Furthermore, the statute of limitations does not begin anew every time "money changes hands". If the Court were to find that each time money is transacted, in the normal course of business, a new statute of limitations revives a Plaintiffs' stale claims; resulting in undermining of the entire statute of limitations jurisprudence and claims could last into perpetuity.

**B.      Plaintiff is Time Barred from Bringing their Unjust Enrichment Claim**

Even if this court finds that Plaintiffs dressed up conversion claims are not time barred, Plaintiffs' unjust enrichment claim is time barred. Plaintiff merely seeks monetary relief with respect to Ferrari Holdings.  Under New York law, the statute of limitations for unjust enrichment is three years when monetary relief is sought and six years when equitable relief is sought. *Grynberg v. Eni S.P.A.*, 06-cv-6495(RLC), 2007 WL 2584747, at *3 (S.D.N.Y. Sept 5, 2007).  The three year statute of limitations "begins to run upon the occurrence of the wrongful act giving rise to the duty of restitution."  *Martin Hilti Family Tr. v. Knoedler Gallery, LLC*, 137 F.Supp.3d 430, 466 (S.D.N.Y. 2015) (quoting *Ingrami v. Rovner,* 847 N.Y.S.2d 132, 134, 45 A.D.3d 806, 808 (2d Dep't. 2007)).

Here, the unjust enrichment claim has expired for the following three reasons.  **Firstly**, since Plaintiff's unjust enrichment claim seeks monetary relief, it is barred since there is a three year statute of limitations.  **Secondly**, the unjust enrichment claim is derivative of a conversion claim since it is based upon alleged designated funds.  As such, it is time-barred under conversion's three-year statute of limitations.  *See Kapernekas v. Brandhorst*, 638 F.Supp.2d 426, 428–29 (S.D.N.Y. 2009) (finding that where the plaintiff's claims "boil down to an allegation that defendant converted the [property] in question for his own benefit," the plaintiff "cannot avoid the three-year statute of limitations by asserting other claims, based on the same facts, that really sound in conversion . . . .").  **Thirdly**, even if the three-year statute of limitations for conversion does not apply, the claim is time-barred under the six-year statute of limitations for unjust enrichment itself.  The statute of limitations for unjust enrichment is six years and begins to run "upon the occurrence of the alleged wrongful act giving rise to the duty of restitution." *Williams-Guillaume v. Bank of America, N.A.*, 14 N.Y.S.3d 466, 469, 130 A.D.3d 1016, 1017 (2d Dep't 2015) (citations omitted).  *See Ingrami v. Rovner*, 45 A.D.3d 806, 808, 847 N.Y.S.2d 132 (2d

26

Dep't 2007); *see also Congregation Yetev Lev D'Satmar v. 26 Adar N.B. Corp.*, 596 N.Y.S.2d 435, 192 A.D.2d 501, 503 (2d Dep't 1993).  Here, the claim would have begun accruing when the funds were originally taken from Plaintiff, which is more than six years ago.  As a result, the three year statute of limitation has expired and Plaintiffs' unjust enrichment claim must be dismissed.

### C.   Plaintiffs are also Time Barred from Bringing their Money Had and Received Claim

Also Plaintiffs' money had and received claim is barred by the requisite statute of limitations.  For money had and received, Plaintiffs had within six years to request back the money from the time Defendant received the alleged tainted money from Defendant received in error. *Reid v. Bd. of Albany Cty. Sup'rs*, 128 N.Y. 364, 369, 28 N.E. 367 (1891).  Where a cause of action for money had and received is based upon payment of the money under a mistake of law or of fact, the accrual of the cause of action relates back to the time of the original payment, and the statute of limitations begins to run from such time.  *See Cohen v. City Co. of New York*, 283 N.Y. 112, 27 N.E.2d 803 (1940).

Here, the original funds were transferred from Plaintiffs to another party well over six years ago.  Therefore, Plaintiffs should not be permitted to raise the claim of money had and received against Ferrari Holdings since the claim is barred by the applicable statute of limitations.

217398197v1

**CONCLUSION**

For the above-stated reasons, Ferrari Holdings respectfully requests that this Court dismiss all claims asserted by Plaintiffs against it in the First Amended Complaint, along with all other relief which this Court deems just and proper.

Dated:  October 4, 2019                                 Respectfully submitted,

                                                        ARCHER & GREINER, P.C.

                                                        By:  /s/ Michael S. Horn, Esq.
                                                              Michael S. Horn, Esq.
                                                              Michael J. Lauricella, Esq.
                                                              mhorn@archerlaw.com

                                                        630 Third Avenue, 7th Floor
                                                        New York, New York 10017
                                                        Phone No.: (212) 682-4940
                                                        Facsimile No.: (201) 342-6611
                                                        Attorneys for Defendant, Ferrari Holdings,
                                                        LLC

217398197v1

28