UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CITY OF ALMATY, KAZAKHSTAN and
BTA BANK JSC,

                              Plaintiffs,

           -against-

FELIX SATER, et al.,

                             Defendants.

------------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 5/28/2020

**OPINION & ORDER ON MOTION TO QUASH**

**19-CV-2645 (AJN) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Non-party Diane Artal-Burger, an attorney proceeding pro se, has moved to quash document and deposition subpoenas served on her by Plaintiffs the City of Almaty, Kazakhstan ("Almaty") and BTA Bank JSC ("BTA"). (*See* ECF Nos. 174, 175, 184.) She also seeks reimbursement for her printing and mailing costs in the amount of $40.

## BACKGROUND

Plaintiffs brought this action against Felix Sater, two companies he owns, Bayrock Group Inc. ("Bayrock Inc.") and Global Habitat Solutions, Inc. ("Global Habitat"), Daniel Ridloff, a former business associate of Sater's, RRMI-DR LLC, a company owned by Ridloff, Ferrari Holdings LLC, and MeM Energy Partners LLC ("MeM Energy"). Plaintiffs allege that Sater and Ridloff assisted Mukhtar Ablyazov, former chair of BTA, and Viktor Khrapunov, former mayor of the City of Almaty, Kazakhstan, to launder money that Ablyazov and Khrapunov stole from Plaintiffs. They allege that the stolen funds were laundered through shell entities into various investments and that Sater and Ridloff, through the Defendant entities they control, knowingly accepted and still possess millions of dollars of the stolen funds. Plaintiffs bring claims for

1

unjust enrichment and money had and received against all Defendants. They also assert claims for fraud, conversion, conspiracy under English law, and punitive damages against Sater and Ridloff, individually.

The allegations in this action are intertwined with those in another action pending in this Court, captioned *City of Almaty, Kazahkstan, et al. v. Mukhtar Ablyazov, et al.*, No. 15-cv-5345 (AJN) (KHP) (the "Ablyazov Action"). The Court assumes familiarity with the facts of these actions and does not repeat them here.[1]

Ms. Artal-Burger represented an entity called Triadou SPV SA ("Triadou"), a defendant in the Ablyazov Action, and several Triadou affiliates when she was an associate at the law firm Rosabianca & Associates PLLC (the "Rosabianca Firm"). In connection with her legal work for those entities, she interacted with many individuals with knowledge of facts relevant to this matter and the Ablyazov Action, including Nicolas Bourg, Kevin Meyer, Philippe Glatz, Alexander Yassik, Cesare Cerrito, Joseph Chetrit, and Robert Wolf. On or about February 28, 2015, another law firm, Peyrot and Associates PC (the "Peyrot Firm") took over representation of Triadou and its affiliates. Ms. Artal-Burger assisted in transferring all Triadou client files from the Rosabianca Firm to the Peyrot Firm. Ms. Artal-Burger left the Rosabianca Firm at approximately the same time.

The document subpoena in this matter seeks all documents for the period January 1, 2013 through June 30, 2016 pertaining to various entities including Triadou, Argon Holding

---

[1] For additional background on this action see ECF No. 144. For additional background on the Ablyazov Action, see *City of Almaty, Kazahkstan v. Ablyazov*, No. 15-cv-5345 (AJN) (KHP), 2019 WL 4747654 (S.D.N.Y. Sept. 30, 2019); 2019 WL 4126445 (S.D.N.Y. Aug. 30, 2019); 2019 WL 1430155 (S.D.N.Y. March 29, 2019); 2018 WL 3579100 (S.D.N.Y. July 25, 2018); 2018 WL 1583293 (S.D.N.Y. March 27, 2018); 278 F. Supp. 3d 776 (S.D.N.Y. 2017); 226 F. Supp. 3d 272 (S.D.N.Y. 2016); 2016 WL 5945912 (S.D.N.Y. June 24, 2016).

Corp., Argon OPCO Inc., Syracuse Center LLC, Tri-County Mall Investors LLC, CF 135 West Member LLC, Payment Card Systems, Adlux, World Health Networks, Bespoke, SDG Capital S.A., Swiss Promotion Group, Bayrock Inc., Global Habitat Solutions, Inc., RRMI-DR LLC, Ferrari Holdings LLC, and MeM Energy.  It also seeks all communications and documents concerning Felix Sater, Daniel Ridloff, Peter Sztyk, Nicolas Bourg, Lloyd LaMarca, Phillippe Glatz, Maxim Interbrick, Laurent Foucher, Ilyas Khrapunov, and Alexander Yassik.  The subpoena does not describe the type of documents or communications that are relevant.  For example, it does not specify topics of interest.

      Ms. Artal-Burger states that because she left the Rosabianca Firm in 2015, she currently has only a few documents pertaining to Triadou and its affiliates.  She also maintains that she lacks access to her former Rosabianca Firm and Peyrot Firm email accounts.  The documents she has consist of ten email chains and documents that pertain mostly to accounting, billing, and lack of payment for her legal services, and one email chain that is more substantive in nature.  She contends that the one substantive email chain is privileged and confidential.  The emails in this chain are dated February 25-27, 2015 and are between and among herself, Petr Krasnov, Cesare Cerrito, "yassik@fiscus.ch," Gilles Widder, and David Van Leeuwen, and concern "asset stripping."  (ECF No. 178 at 4.)  With regard to the deposition subpoena, she contends that she has no knowledge relevant to the claims in this action and no memory of specific conversations or the content of specific documents.  She argues that a deposition would be burdensome, particularly during the instant COVID-19 pandemic, and that Plaintiffs' quest for the information she has (which is little) is disproportionate to the needs of this case.

Plaintiffs contend that Ms. Artal-Burger has knowledge about a lawsuit between defendants Felix Sater and Daniel Ridloff, on the one hand, and representatives of Mukhtar Ablyazov and Ilyas and Viktor Khrapunov, on the other hand, concerning the disposition of profits from investments made with money stolen from Plaintiffs.  The specific investment that led to the lawsuit and settlement was an investment this Court has referred to as the "Tri-County Mall" investment in prior decisions in the Ablyazov Action and described in the complaint in this action.  *See supra* note 1.

Plaintiffs believe that Ms. Artal-Burger also has knowledge about Felix Sater's oversight of stolen money used in another investment in a property in Syracuse, New York, described in the complaint in this action and also in several opinions this Court has issued in the Ablyazov Action.  Plaintiffs argue that, notwithstanding the limited number of documents she has, they should be permitted to test her memory about the Tri-County Mall and Syracuse investments in a deposition.  They say the burden she faces is no different from any non-party witness and that they will schedule a deposition date that is convenient for her.  Finally, Plaintiffs argue the motion to quash the document subpoena is moot because she has already responded and at the present time has no basis to challenge her representations as to the extent and nature of the documents in her possession.

**LEGAL STANDARD**

Rule 45 permits a party to command a non-party to produce documents and provide deposition testimony.  *See* Fed. R. Civ. P. 45(a).  The issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  The party served with the subpoena may object to the subpoena but must do so

4

before the earlier of either the time specified for compliance or fourteen days after the subpoena is served.  Fed. R. Civ. P. 45(d)(2)(B).  The court "*must* quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3) (emphasis added).  "Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court.'"  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)); *Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017).

## **DISCUSSION**

Because Ms. Artal-Burger has responded to the document subpoena, and Plaintiffs do not challenge the adequacy of her response, that motion is now moot.  *See, e.g.*, *Fan v. United States*, 15-cv-4169, 2019 WL 2503995, at *2 (E.D.N.Y. June 17, 2019) (holding subsequent action regarding a subpoena rendered the motion to quash moot).  Accordingly, the Court addresses only the motion to quash the deposition subpoena.

Rule 26(b)(1) permits discovery regarding any nonprivileged matter relevant to any party's claims or defenses that is proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  The same scope of discovery applies when seeking discovery from a non-party.  *See Crosby v. City of New York*, 269 F.R.D. 267, 282 & n.82 (S.D.N.Y. 2010) (collecting cases).

Ms. Artal-Burger clearly is a person who should possess information relevant to the claims in this matter.  She concedes that she represented Triadou and its subsidiaries in various matters and that she communicated with other witnesses in this case.  Plaintiffs indicate that

5

they are in possession of numerous emails and documents on which Ms. Artal-Burger's name appears—documents that likely will be shown to her during her deposition to refresh her recollection of certain transactions relevant to this matter.  For example, Plaintiffs state that Ms. Artal-Burger negotiated the terms of the termination of Sater's working relationship with Triadou and its subsidiaries and sent letters to Sater's lawyer, Robert Wolf, asking for information about entities involved in the claims in this action, including World Health Networks and defendant MeM Energy.  While she currently states she has no memory of relevant transactions and communications, it is quite possible that her memory may be refreshed during a deposition.  Plaintiffs are entitled to probe her memory about relevant information.  Ms. Artal-Burger does not, and cannot, claim that her memory cannot be refreshed.  Thus, her alleged lack of memory is an insufficient basis on which to quash the deposition subpoena.  *Cf. S.E.C. v. Tourre*, No. 10-cv-3229, 2013 WL 3326867, at *1 (S.D.N.Y. June 26, 2013) (holding that a subpoena would be enforced over the non-party's claim that he had "no independent recollection" of the call at issue given the importance of the potential testimony).

      To the extent Ms. Artal-Burger claims that being subjected to a deposition is burdensome to her and not proportional to the needs of the case, her argument is unpersuasive.  Her deposition will not last longer than one day (seven hours) and is no more burdensome to her than to any other non-party subpoenaed to give deposition testimony.  While she complains of inconvenience, this, without more, is not a basis to quash a subpoena.  *See Anwar v. Fairfield Greenwich Ltd.*, 297 F.R.D. 223, 226 (S.D.N.Y. 2013).  Further, this Court finds that the subpoena is proportional to the needs of the case.  Very little preparation will be

needed since Ms. Artal-Burger apparently has few documents to review and need only present herself and answer questions truthfully to the best of her recollection.  The Court also notes that Plaintiffs have agreed to schedule the deposition on a day that is convenient to Ms. Artal-Burger sometime in the next two months.  She can surely find one day during this time to appear for a deposition.  To the extent there are concerns about safety amid the COVID-19 pandemic, this Court already has encouraged the taking of depositions remotely by video.  A laptop computer or even a smart phone can be used to access Skype or Zoom or any other Internet-based platform for purposes of appearing for a deposition.  Therefore, there is no basis for finding that COVID-19 renders the deposition unduly burdensome.

## **CONCLUSION**

For the reasons set forth above, Ms. Artal-Burger's motions to quash the subpoenas are denied.  Ms. Artal-Burger shall make herself available for one day (seven hours) in June or July 2020 to be deposed in this action.

Dated:     May 28, 2020
           New York, New York

_____
Katharine H. Parker
United States Magistrate Judge