# TODD & LEVI, LLP

444 Madison Avenue
Suite 1202
New York, New York 10022
www.toddlevi.com

JOHN F. TODD
JILL LEVI
DAVID B. ROSENBERG
JONATHAN WEG

TELEPHONE  (212) 308-7400

FACSIMILE  (212) 308-8450
E MAIL: toddandlevi@toddlevi.com

NOT FOR SERVICE OF LITIGATION PAPERS

June 18, 2020

**BY ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.,
      USDC, SDNY Case No. 19 Civ. 2645 (AJN) (KHP)

Dear Magistrate Judge Parker:

We represent Defendants Felix Sater, Bayrock Group, Inc., Global Habitat Solutions, Inc., Daniel Ridloff and RRMI-DR LLC (collectively, the "Sater Defendants").

In anticipation of our upcoming status conference, scheduled for June 22, 2020 at 11 A.M., we ask that the Court consider a stay of all discovery (or a limitation of discovery) pending a decision on the Sater Defendants' motion to dismiss the amended complaint. We intend to raise this issue with Your Honor during the status conference.

As Your Honor may recall, on July 31, 2019, all of the Sater Defendants moved to dismiss the complaint in its entirety on a variety of grounds, including but not limited to the statute of limitations and the failure to state a claim. In response, Plaintiffs amended their complaint and on October 11, 2019, the Sater Defendants moved to dismiss the amended complaint (the "Dismissal Motion"), as the amended complaint failed to cure the legal deficiencies of the first pleading. The Dismissal Motion is *sub judice* before Judge Nathan.

As this Court is undoubtedly aware, Judge Nathan has, in a series of decisions (the most recent of which was on June 1, 2020), in City of Almaty, Kazakhstan and BTA Bank, JSC vs. Mukhtar Ablyazov, Victor Khrapunov et al, Case Number 15 CV 5345 (AJN) (KHP), dismissed such case in its entirety against Viktor Khrapunov (which case was dismissed against him back in September, 2019) and Ilyas Khrapunov (collectively, the "Khrapunovs"). The claims against the Khrapunovs were dismissed, among other things, based upon certain substantially similar legal defenses to those raised by the Sater Defendants in the Dismissal Motion, including but not limited to, the untimeliness of claims for unjust enrichment and conversion. Based upon Judge

June 18, 2020
Page-2-

Nathan's rulings in the Ablyazov Case, it is highly likely that the Sater Defendants will prevail on their Dismissal Motion as well.

The Khrapunovs had to endure years of onerous, burdensome and costly discovery while their dismissal motions were pending, and now about five years later, the claims against the Khrapunovs have finally all been dismissed. Moreover, it appears that the case against Mr. Ablyazov may be dismissed as well, as the Court recently directed Plaintiffs to show cause why the sole remaining claim against Mr. Ablyazov should not also be dismissed based upon the Court's June 1 dismissal of such claim against Ilyas Khrapunov.[1]

A stay of discovery or a dramatic limitation thereof is warranted pending the Court's determination of the Dismissal Motion. The lesson of the Ablyazov Case has not gone unnoticed by the Sater Defendants. Plaintiffs (a foreign bank and a foreign country), apparently have unlimited budgets and have litigated the Ablyazov Case and are litigating this action in a way designed to bankrupt such defendants and beat them into submission. As this Court is aware, the Plaintiffs conceded that they waited at least two years before commencing an action against the Sater Defendants, while they continued to use Mr. Sater for his assistance in the recovery of assets from Messrs. Ablyazov, the Khrapunovs and others. There certainly was no urgency on Plaintiffs' part to bringing the claims against the Sater Defendants. Similarly, there is no urgency to prosecuting the pending claims against the Sater Defendants before a decision is rendered on the Dismissal Motion.

Plaintiffs have produced millions of pages of documents (largely from the Ablyazov Case), which the Sater Defendants have to review, and the list of non-party depositions continues to grow. At this rate, it seems apparent that Plaintiffs will likely seek to exceed the statutory limit for depositions of nonparty witnesses. Moreover, the recent subpoena served on non-party Arnie Herz (an attorney who represented certain of the Sater Defendants and certain of the Defendants in the Ablyazov Case) has resulted in no less than 14,000 documents to review, including many documents which appear to be privileged.

While we recognize the burdens imposed on party defendants, in this case, and as this Court has seen first-hand in the Ablyazov Case, the cost of discovery knows no bounds (certainly for Plaintiffs). Moreover, the hardship has been particularly felt while we try to proceed with voluminous discovery during a pandemic.

In light of the foregoing, a stay and/or a limitation on discovery pending a determination of the Dismissal Motion is warranted. We would be happy to file a formal motion for a stay following a discussion of these issues during the conference.

---

[1] It is undisputed that the only time Defendant Sater met Mr. Ablyazov was at the wedding of his daughter and Defendant Ridloff never met him at all.

June 18, 2020
Page-3-

       We thank Your Honor for her time and attention to this matter.

                                            Respectfully submitted,

                                            /s/ Jill Levi
                                            Jill Levi

cc:     All Counsel by ECF