

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

June 19, 2020

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
              Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (AJN) (KHP)

Dear Judge Parker:

      We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities") and write in response to the June 18, 2020 letter from the Sater Defendants previewing their intention to again seek a stay of discovery. [*See* ECF No. 198 (the "Letter").] The Court previously denied the Sater Defendants' motion to stay in a thorough 37-page Opinion & Order after full briefing and argument [*see* ECF No. 144 at 34 ("Sater has not met his burden of showing the necessity for a stay.")], and there is nothing in the Sater Defendants' Letter justifying a reversal of that prior Order. To the contrary, the Sater Defendants' Letter is premised primarily on Judge Nathan's June 1 decision in the related case, No. 15 Civ. 5345. But that decision is not helpful to the Sater Defendants: to the extent Judge Nathan dismissed certain claims, she did so on the basis of subject matter jurisdiction issues that are not present here. Meanwhile, the June 1 order permitted the Kazakh Entities' claims against Triadou SPV S.A.—which like the defendants here was involved in laundering funds stolen from Plaintiffs in the United States—to go forward.

**I.    The Dismissal Decisions in the Ablyazov Case Do Not Help the Sater Defendants.**

      The Sater Defendants point to decisions in the related case, *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*, 15 Civ. 5345 (S.D.N.Y.), dismissing the Kazakh Entities' claims against Viktor Khrapunov and Ilyas Khrapunov. The Sater Defendants argue that, "Based upon Judge Nathan's rulings in the Ablyazov Case, it is highly likely that the Sater Defendants will prevail on their Dismissal Motion as well." [Letter at 1-2.] First of all, if the Sater Defendants truly thought the decisions dismissing certain claims in the Ablyazov Case were relevant to this Court's decision to stay discovery, the time to bring this motion was six month ago when the Court denied the stay or, better yet, in their original motion to stay. But more fundamentally, the Sater Defendants are simply wrong that the decisions in the Ablyazov Case suggest their motions to dismiss here will succeed.

      The "most recent" dismissal order that the Sater Defendants rely on was jurisdictional and has absolutely no applicability to the case at hand. [Letter at 1.] The Kazakh Entities obtained judgments against Mukhtar Ablyazov and Ilyas Khrapunov in the United Kingdom and sought to enforce them in the Ablyazov Case. Judge Nathan determined that the "foreign judgment recognition claim against Ilyas Khrapunov is not part of the same Article III case or



controversy as any claim in this case for which the Court had original jurisdiction." [15 Civ. 5345, ECF No. 1254 at 14-15.] Here, there is no judgment recognition claim against the Sater Defendants, and the Court clearly has diversity jurisdiction over all claims in this case.

The other bases for dismissal of certain claims in the Ablyazov Case are equally unhelpful to the Sater Defendants. Judge Nathan dismissed the fraudulent conveyance claims in the Ablyazov Case as moot because the Kazakh Entities settled with one of the defendant groups in the Ablyazov Case—an issue totally unrelated to anything in this case. [*See* 15 Civ. 5345, ECF No. 1171.] Since that was the only remaining claim against Viktor Khrapunov, Judge Nathan denied his motion to dismiss as moot as well. *Id.* at 10-11.

It is the same with the statute of limitations decisions in the Ablyazov Case. In 2017, Judge Nathan dismissed certain state law claims in the Ablyazov Case as time barred because "the causes of action accrued when the allegedly wrongful acts of embezzlement occurred, no later than 2009 in the case of Ablyazov, and no later than 2007 in the case of Viktor Khrapunov." [15 Civ. 5345, ECF No. 426 at 44.] The "embezzlement" referred to in the opinion is Ablyazov's fraud on BTA Bank and Viktor Khrapunov's fraud on the City of Almaty, not subsequent efforts to launder that money and evade worldwide freezing orders through specific schemes in the United States, as is the case here. Similarly, in 2018, Judge Nathan held that certain claims against Ilyas Khrapunov were time barred because he first received the stolen funds at issue sometime between 2008 and 2012. [*See* 15 Civ. 5345, ECF No. 592 at 10.] On the other hand, defendant Triadou SPV S.A.—which laundered stolen funds in the United States—was not dismissed from the Ablyazov Case and will proceed to summary judgment and trial, as the June 1 opinion confirmed.

## II. A Stay of Discovery Remains Unwarranted

The Sater Defendants still have not met their "heavy burden of showing necessity for the stay." [ECF No. 144 at 34 (Opinion & Order on Motion to Stay) (internal quotation marks omitted).]

The Sater Defendants claim that "there is no urgency to prosecuting the pending claims against [them]." [Letter at 2.] The Court has already rejected this argument: "Sater's suggestion that delay is not prejudicial because Plaintiffs have been litigating their claims for a long time and waited until 2019 to bring suit against him is incorrect." [ECF No. 144 at 35.] Indeed, when balancing the various interests at stake, the Court determined that "all factors weigh against a stay." *Id.* at 35-36.

Next, the Sater Defendants attempt to substantiate their inflammatory claim that the Kazakh Entities "are litigating this action in a way designed to bankrupt such defendants and beat them into submission." [Letter at 2.] This is an entirely baseless accusation. The Sater Defendants blame the Kazakh Entities for having "produced millions of pages of documents (largely from the Ablyazov Case)[.]" *Id.* But that is precisely what the Sater Defendants asked for when they requested documents from the Ablyazov case relating to any of the claims against them—claims that involve five separate domestic schemes to launder tens of millions of dollars originally stolen through even more complicated schemes in Kazakhstan. The Court is familiar with just how extensive that record is.



Next the Sater Defendants claim that the "list of non-party depositions continues to grow. At this rate, it seems apparent that Plaintiffs will likely seek to exceed the statutory limit for depositions of nonparty witnesses." [Letter at 2.] The Sater Defendants stipulated to 20 depositions per party. [*See* ECF No. 40 at 4 (Report of Rule 26(f) Meeting and Proposed Case Management Plan).] The Kazakh Entities have so far subpoenaed nine non-party witnesses (one of whom is the owner of defendant MeM Energy Partners), and actually conducted only one deposition.[1] One or more of the noticed depositions may not go forward, and nearly all were adjourned because of the pandemic. So it is simply not the case that depositions of non-party witnesses have caused any undue burden.

As to document subpoenas, the Kazakh Entities have amicably resolved any disputes concerning their scope save possibly for two—the subpoenas to Arnie Herz and Elvira Khrapunova. These individuals sat at the center of the five money laundering schemes alleged in the Amended Complaint. Because of their importance in the schemes and their extensive course of dealing with the Sater Defendants, it is no surprise that their subpoena responses are complicated and contentious, or that they have a significant number of relevant records. (It should be noted that the parties and interested third parties held a meet and confer regarding the Herz subpoena response that started precisely when the Sater Defendants filed their Letter. As was discussed in that meet and confer, the process for narrowing the 14,000 documents that Herz produced is ongoing. The final number of documents that will actually need to be reviewed, or that will be at issue if there is a dispute ripe for the Court, will be lower than 14,000. The Sater Defendants chose to cite the non-final 14,000 number regardless.)

While the Kazakh Entities have gone to great lengths to target their discovery precisely where it is needed, the Sater Defendants have managed to almost entirely avoid any discovery burden whatsoever. The Sater Defendants have so far produced only a small number of documents, have responded to limited non-contention interrogatories, and have yet to be deposed. A significant number of depositions, including party depositions, had been scheduled for this Spring but were adjourned because of COVID-19. Notably, the Sater Defendants did not bring their renewed motion to stay when those depositions were originally scheduled.

\*   \*   \*

As they did the first time, the Sater Defendants have failed to meet their heavy burden to justify a stay. The Court should allow discovery to proceed.[2]

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz

---

[1] Two non-party witnesses—Diane Artal and Aleksandr Udovenko—moved to quash their deposition subpoenas. Both motions were denied.

[2] If, however, the Court is considering a stay, the Kazakh Entities respectfully request full briefing.