**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC  Plaintiffs,  v.  FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 19 Civ. 2645 (AJN) (KHP) |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON
THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the Southern District of New York (the "Court"), presents its compliments to the Ministry of Justice and Public Order of the Republic of Cyprus under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court respectfully requests that the Ministry of Justice and Public Order recognize this Letter of Request and arrange for its execution, in adherence to the Hague Convention and in the interest of comity.

 **A.**  **Sender**

The Honorable Alison J. Nathan, United States District Judge for the Southern District of New York, New York, New York, United States of America.

B. **Central Authority of the Requested State**

Ministry of Justice and Public Order
125 Athalassas Avenue
1461 NICOSIA
Cyprus
(registry@mjpo.gov.cy)

C. **Person to Whom the Executed Request Is to Be Returned**

This Court hereby requests that the executed Letter of Request and all documents and materials covered by this Letter of Request be returned to the following attorney for Plaintiffs the City of Almaty, Kazakhstan and BTA Bank JSC (collectively, the "Plaintiffs"), as an officer of this Court:

Craig Wenner, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards
New York, New York 10001
Telephone Number: (212) 446-2300
Fax Number: (212) 446-2350
Email: cwenner@bsfllp.com

As an officer of this Court, he will act as confidential courier of this Court and deliver the executed Letter of Request and all related documents and materials directly to me at the following address:

The Honorable Alison J. Nathan
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, New York 10007

All documents and materials deposited with the Court in accordance with this Letter of Request will be available to all parties and their counsel.

D. **Purpose of Evidence Sought and Requested Date of Receipt of Response**

The requested documents will be used by the parties in support of their claims or defenses. The Court accordingly respectfully requests a prompt response to this Letter of Request.

I. **HAGUE CONVENTION REQUIREMENTS**

This Court requests the assistance more specifically described herein as necessary in the interests of justice. In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request:

A. **Requesting Judicial Authority**

The Honorable Alison J. Nathan
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, New York 10007
USA

B. **Central Authority of the Requested State**

Ministry of Justice and Public Order
125 Athalassas Avenue
1461 NICOSIA
Cyprus

C. **Name of the Case and Identifying Number**

All documents and materials requested will be used in relation to the above-captioned civil lawsuit, which can be identified by the following information:

Case Name:   *City of Almaty, Kazakhstan, et al. v. Felix Sater, et al.*
Court:       United States Federal District Court for the Southern District of New York
Case Number: 19 Civ. 2645 (AJN) (KHP)

**D.     Names and Addresses of the Parties and their Representatives**

1.     <u>Plaintiffs</u>

The City of Almaty, Kazakhstan ("Almaty") and BTA Bank JSC ("BTA") are, respectively, a political subdivision and a citizen of the Republic of Kazakhstan.

2.     <u>Plaintiffs' Representative</u>

Matthew L. Schwartz, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: mlschwartz@bsfllp.com

3.     <u>Defendants</u>

Defendant Felix Sater is a national of the United States of America, currently domiciled in the State of New York, United States of America. Defendant Daniel Ridloff is a national of the United States of America, currently domiciled in the State of New York, United States of America. Defendant Bayrock Group Inc. ("Bayrock Inc.") is an entity incorporated and licensed to do business in the State of Delaware, United States of America. Defendant Global Habitat Solutions, Inc. ("GHS") is an entity incorporated and licensed to do business in the State of New York, United States of America. Defendant RRMI-DR LLC is an entity incorporated and licensed to do business in the State of New York, United States of America. Defendant Ferrari Holdings LLC is an entity incorporated and licensed to do business in the State of New Jersey, United States of America. Defendant MeM Energy Partners LLC is an entity incorporated in the State of Delaware, United States of America, with its principal place of business at 405 Lexington Avenue, 26th Floor, New York, New York, United States of America.

4. <u>Defendants' Representatives</u>

<u>Felix Sater, Daniel Ridloff, Bayrock Group Inc., Global Habitat Solutions, Inc., and RRMI-DR LLC</u>
Jill Levi, Esq.
Todd & Levi, LLP
444 Madison Avenue, Suite 1202
New York, New York 10022
Telephone: (212) 308-7400
Facsimile: (212) 308-8450
Email: jlevi@toddlevi.com

<u>Ferrari Holdings LLC</u>
Unrepresented and currently in default

<u>MeM Energy Partners LLC</u>
Unrepresented and currently in default

**E.    Nature of the Proceedings and Summary of the Case and Relevant Facts**

The above-captioned case is a civil lawsuit brought by Plaintiffs under the laws of the United States and United Kingdom seeking money damages for injuries resulting from the alleged theft and laundering of funds belonging to Plaintiffs. *See* Exhibit A (Amended Complaint). Plaintiffs allege that the Defendants laundered funds rightfully belonging to the Plaintiffs through various schemes in the United States. Defendant Felix Sater is a former longtime associate of Viktor Khrapunov, the former mayor of the City of Almaty, and his son, Ilyas. Defendant Daniel Ridloff is a former business associate of Sater. Defendant Bayrock Inc. is an entity established in the State of Delaware, United States of America, and wholly owned and controlled by Sater. Defendant GHS is an entity established in the State of New York, United States of America, and wholly owned and controlled by Sater. Defendant RRMI-DR LLC is an entity established in the State of New York, United States of America, and wholly owned and controlled by Ridloff. Defendant Ferrari Holdings LLC is an entity established in the State of New Jersey, United States of America. Defendant MeM Energy Partners LLC is an entity established in the State of

Delaware, United States of America, and owned and controlled by Mendel Mochkin, an individual domiciled in the State of New York, United States of America.

Plaintiffs allege that Mukhtar Ablyazov, the former Chairman of BTA Bank, and Viktor Khrapunov stole billions of dollars in Kazakhstan by abuse of their offices; Ablyazov through embezzlement from BTA Bank, and Viktor Khrapunov through corruption of his office as Mayor of Almaty. After Ablyazov fled to the United Kingdom, BTA brought a series of civil fraud actions against him, resulting in the issuance of a worldwide freezing order by the U.K. courts. Ablyazov repeatedly defied orders of the U.K. courts to disclose his assets, leading to his being sentenced to 22 months imprisonment for contempt. Ablyazov fled sentencing in the U.K. and went into hiding, and the U.K. courts awarded BTA billions of dollars in judgments against Ablyazov and his associates for their theft from BTA.[1]

Plaintiffs have alleged that in an effort to evade the U.K. worldwide freezing orders, Ablyazov conspired with his son-in-law, Ilyas Khrapunov, to launder proceeds of his embezzlement from BTA Bank into the United States through numerous investment schemes. Plaintiffs allege that Defendants Sater and Ridloff spearheaded five of these schemes, only to later turn on Ablyazov and the Khrapunovs and retain a portion of the stolen funds for themselves. The Defendant entities also are alleged to have knowingly received stolen funds.

As specifically relevant to this request, Plaintiffs allege that Ablyazov established complete dominion over BTA Bank and controlled the company through a network of trusted associates. Among Ablyazov's trusted associates was Yerzhan Tatishev, who served as Chairman of BTA Bank and held portions of Ablyazov's shares for Ablyazov's benefit while Ablyazov was in prison

---

[1] *See JSC BTA Bank v. Ablyazov et al.*, 201 EWHC 510 (comm); *JSC BTA Bank v. Ablyazov*, 2013 EWHC 3691 (ch); *JSC BTA Bank v. Ablyazov* [2015] UKSC 64; *JSC BTA Bank v. Ablyazov and Khrapunov*, 2016 EWHC 289 (comm).

in Kazakhstan. After Tatishev died, the assets that Tatishev held for Ablyazov's benefit passed to his estate. Plaintiffs believe that Ablyazov took back his assets from Tatishev's estate and more through an agreement with Tatishev's widow, in which he paid her a sum of money stolen from BTA to acquire Tatishev's BTA shares. In addition, Plaintiffs contend that Ablyazov acquired Tatishev's interest in the "Zhaikmunai" oil-and-gas investment, also funded with money stolen from BTA, through this agreement. Plaintiffs allege that, to pay Tatishev's widow, Ablyazov and his confederates used a number of shell companies with accounts at OJSC Promsvyazbank, Cyprus Branch ("Promsvyazbank"), to move and launder funds stolen from BTA. Plaintiffs now seek documentary evidence as to the sources of the funds in these companies' accounts at Promsvyazbank.

Plaintiffs and Defendants currently are engaged in third-party discovery, where the parties exchange information from nonparties concerning their claims and defenses. The Court accordingly has not addressed the merits of Plaintiffs' allegations.

Plaintiffs contend that the information sought by this request is available to the Ministry of Justice and Public Order of Cyprus. This Court respectfully requests Cyprus act on this Letter of Request expeditiously.

**F.    Evidence to Be Obtained**

Based on the foregoing, this Court respectfully requests that the Senior Master of the Ministry of Justice and Public Order of Cyprus provide assistance to obtain the following documents in response to this Letter of Request that may be lawfully obtained by the Ministry of Justice and Public Order or any other department, division, or office of the government of the Republic of Cyprus, that relate to Plaintiffs' allegations against Defendants:

1. Account records for accounts belonging to "Casalake Trading Limited" at Promsvyazbank, Cyprus Branch, including for Account Number

      40807840400000014001.

2. Account opening or creation documents for the accounts belonging to "Casalake Trading Limited" at Promsvyazbank, Cyprus Branch, including for Account Number 40807840400000014001, including due diligence, customer identification, and know-your-customer documents that show the source of funds for these accounts.

3. Account records for accounts belonging to "Gold Point (GB) Limited" at Promsvyazbank, Cyprus Branch, including for Account Number 40807840100000028601.

4. Account opening or creation documents for the accounts belonging to "Gold Point (GB) Limited" at Promsvyazbank, Cyprus Branch, including for Account Number 40807840100000028601, including due diligence, customer identification, and know-your-customer documents that show the source of funds for these accounts.

5. Account records for accounts belonging to "Mignola Services S.A." at Promsvyazbank, Cyprus Branch, including for Account Number 40807840100000071001.

6. Account opening or creation documents for the accounts belonging to "Mignola Services S.A." at Promsvyazbank, Cyprus Branch, including for Account Number 40807840100000071001, including due diligence, customer identification, and know-your-customer documents that show the source of funds for these accounts.

7. Account records for accounts belonging to "Irwood Commercial Ltd." at Promsvyazbank, Cyprus Branch, including for Account Number 40807840600000070201.

8. Account opening or creation documents for the accounts belonging to "Irwood Commercial Ltd." at Promsvyazbank, Cyprus Branch, including for Account Number 40807840600000070201, including due diligence, customer identification, and know-your-customer documents that show the source of funds for these accounts.

9. Account records for accounts belonging to "Toplet Investment Inc." at Promsvyazbank, Cyprus Branch, including for Account Number 40807840400000059901.

10. Account opening or creation documents for the accounts belonging to "Toplet Investment Inc." at Promsvyazbank, Cyprus Branch, including for Account Number 40807840400000059901, including due diligence, customer identification, and know-your-customer documents that show the source of funds for these accounts.

11. Account records for accounts belonging to "Trainor Alley Corporation" at Promsvyazbank, Cyprus Branch, including for Account Number 40807840000000071101.

12. Account opening or creation documents for the accounts belonging to "Trainor Alley Corporation" at Promsvyazbank, Cyprus Branch, including for Account Number 40807840000000071101, including due diligence, customer identification, and know-your-customer documents that show the source of funds for these accounts.

13. Account records for accounts belonging to "Rincoms Ltd." at Promsvyazbank, Cyprus Branch.

14. Account opening or creation documents for the accounts belonging to "Rincoms Ltd." at Promsvyazbank, Cyprus Branch, including due diligence, customer identification, and know-your-customer documents that show the source of funds for these accounts.

15. Account records for accounts belonging to "EAS Capital Partners Ltd." at Promsvyazbank, Cyprus Branch.

16. Account opening or creation documents for the accounts belonging to "EAS Capital Partners Ltd." at Promsvyazbank, Cyprus Branch, including due diligence, customer identification, and know-your-customer documents that show the source of funds for these accounts.

## II. OTHER REQUIREMENTS

### A. Fees and Costs

Plaintiffs are responsible for reasonable copy costs and charges associated with the processing and handling of this request by the Ministry of Justice and Public Order of Cyprus.

### B. Reciprocity

This Court expresses its sincere willingness to provide similar assistance to the courts of the Republic of Cyprus, if future circumstances so require.

## III. CONCLUSION

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Letter of Request seeking information, documents, testimony, and things described herein, from the Ministry of Justice and Public Order. This Court extends to all judicial and other authorities of the Republic of Cyprus the assurances of its highest consideration.

Date: 8/4/2020

_____
The Honorable Alison J. Nathan
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, New York 10007

SEAL OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK