**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   No. 19 Civ. 2645 (AJN) (KHP) |
| FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON**
**THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the Southern District of New York (the "Court") presents its compliments to the Ministry of Justice of the French Republic under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court respectfully requests that the Ministry of Justice recognize this Letter of Request from this Court and arrange for its execution, in adherence to the Hague Convention and in the interest of comity.

**A.      Sender**

The Honorable Alison J. Nathan, United States District Judge for the Southern District of New York, New York, New York, United States of America.

**B.      Central Authority of the Requested State**

Ministère de la Justice
Direction des Affaires Civiles et du Sceau
Bureau du droit de l'Union, du droit international privé et de l'entraide civile (BDIP)
13, Place Vendôme
75042 Paris Cedex 01

**C.      Person to Whom the Executed Request Is to Be Returned**

This Court hereby requests that the executed Letter of Request and all documents and

materials covered by this Letter of Request be returned to the following attorney for the Plaintiffs,

the City of Almaty, Kazakhstan and BTA Bank (collectively, the "Plaintiffs"), as an officer of this

Court:

Craig Wenner, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards
New York, New York 10001
Telephone Number: (212) 446-2300
Fax Number: (212) 446-2350
cwenner@bsfllp.com

As an officer of this Court, he will act as confidential courier of this Court and deliver the

executed Letter of Request and all related documents and materials directly to me at the following

address:

The Honorable Alison J. Nathan
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, New York 10007

All documents and materials deposited with the Court in accordance with this Letter of

Request will be available to all parties and their counsel.

D.      **Purpose of Evidence Sought and Requested Date of Receipt of Response**

The requested deposition will be used by the parties in support of their claims or defenses.

The Court accordingly respectfully requests a prompt response to this Letter of Request.

I.      **HAGUE CONVENTION REQUIREMENTS**

This Court requests the assistance more specifically described herein as necessary in the

interests of justice. In conformity with Article 3 of the Hague Convention, the undersigned

applicant has the honor to submit the following request:

A.      **Requesting Judicial Authority**

The Honorable Alison J. Nathan
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007, USA

B.      **Central Authority of the Requested State**

Ministère de la Justice
Direction des Affaires Civiles et du Sceau
Bureau du droit de l'Union, du droit international privé et de l'entraide civile (BDIP)
13, Place Vendôme
75042 Paris Cedex 01

C.      **Name of the Case and Identifying Number**

All evidence requested will be used in relation to the above-captioned civil lawsuit, which

can be identified by the following information:

Case Name:   *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*
Court:            United States Federal District Court for the Southern District of New York
Case Number: 19 Civ. 2645 (AJN) (KHP)

**D.      Names and Addresses of the Parties and their Representatives**

1.      Plaintiffs

The City of Almaty, Kazakhstan ("Almaty") and BTA Bank JSC ("BTA") are, respectively, a political subdivision and a citizen of the Republic of Kazakhstan.

2.      Plaintiffs' Representative

Craig Wenner, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards
New York, New York 10001
Telephone Number: (212) 446-2300
Fax Number: (212) 446-2350
cwenner@bsfllp.com

3.      Defendants

Defendant Felix Sater is a national of the United States of America, currently domiciled in the State of New York, United States of America. Defendant Daniel Ridloff is a national of the United States of America, currently domiciled in the State of New York, United States of America. Defendant Bayrock Group Inc. ("Bayrock Inc.") is an entity incorporated and licensed to do business in the State of Delaware, United States of America. Defendant Global Habitat Solutions, Inc. ("GHS") is an entity incorporated and licensed to do business in the State of New York, United States of America. Defendant RRMI-DR LLC is an entity incorporated and licensed to do business in the State of New York, United States of America. Defendant Ferrari Holdings LLC is an entity incorporated and licensed to do business in the State of New Jersey, United States of America. Defendant MeM Energy Partners LLC is an entity incorporated in the State of Delaware, United States of America, with its principal place of business at 405 Lexington Avenue, 26th Floor, New York, New York, United States of America.

4.      Defendants' Representatives


Felix Sater, Daniel Ridloff, Bayrock
Group Inc., Global Habitat Solutions,
Inc., and RRMI-DR LLC
Jill Levi, Esq.
Todd & Levi, LLP
444 Madison Avenue, Suite 1202
New York, New York 10022
Telephone: (212) 308-7400
Facsimile: (212) 308-8450
Email: jlevi@toddlevi.com

Ferrari Holdings LLC
Unrepresented and currently in default

MeM Energy Partners LLC
Unrepresented and currently in default


**E.      Nature of the Proceedings and Summary of the Case and Relevant Facts**

The above-captioned case is a civil lawsuit brought by Plaintiffs under the laws of the

United States and United Kingdom seeking money damages for injuries resulting from the alleged

theft and laundering of funds belonging to Plaintiffs. *See* Exhibit A (Amended Complaint).

Plaintiffs allege that the Defendants laundered funds rightfully belonging to the Plaintiffs through

various schemes in the United States. Defendant Felix Sater is a former longtime associate of

Viktor Khrapunov, the former mayor of the City of Almaty, and his son, Ilyas.  Defendant Daniel

Ridloff is a former business associate of Sater. Defendant Bayrock Inc. is an entity established in

the State of Delaware, United States of America, and wholly owned and controlled by Sater.

Defendant GHS is an entity established in the State of New York, United States of America, and

wholly owned and controlled by Sater. Defendant RRMI-DR LLC is an entity established in the

State of New York, United States of America, and wholly owned and controlled by Ridloff.

Defendant Ferrari Holdings LLC is an entity established in the State of New Jersey, United States

of America. Defendant MeM Energy Partners LLC is an entity established in the State of Delaware, United States of America, and owned and controlled by Mendel Mochkin, an individual domiciled in the State of New York, United States of America.

Plaintiffs allege that Mukhtar Ablyazov, the former owner and Chairman of BTA Bank, and Viktor Khrapunov stole billions of dollars in Kazakhstan by abuse of their offices; Ablyazov through embezzlement from BTA Bank, and Viktor Khrapunov through corruption of his office as Mayor of Almaty. After Ablyazov fled to the United Kingdom, BTA brought a series of civil fraud actions against him, resulting in the issuance of a worldwide freezing order by the U.K. courts. Ablyazov repeatedly defied orders of the U.K. courts to disclose his assets, leading to his being sentenced to 22 months imprisonment for contempt. Ablyazov fled sentencing in the U.K. and went into hiding, and the U.K. courts awarded BTA billions of dollars in judgments against Ablyazov and his associates for their theft from BTA.[1] Ablyazov was subsequently discovered and arrested in France. He has since been released from French prison but remains in France, accepting service of process through his attorneys.

Plaintiffs have alleged that in an effort to evade the U.K. worldwide freezing orders, Ablyazov conspired with his son-in-law, Ilyas Khrapunov, to launder proceeds of his embezzlement from BTA Bank into the United States through numerous investment schemes. Plaintiffs allege that Defendants Sater and Ridloff spearheaded five of these schemes, only to later turn on Ablyazov and the Khrapunovs and retain a portion of the stolen funds for themselves. The Defendant entities also are alleged to have knowingly received stolen funds.

---

[1] *See JSC BTA Bank v. Ablyazov et al.*, 201 EWHC 510 (comm); *JSC BTA Bank v. Ablyazov*, 2013 EWHC 3691 (ch); *JSC BTA Bank v. Ablyazov* [2015] UKSC 64; *JSC BTA Bank v. Ablyazov and Khrapunov*, 2016 EWHC 289 (comm).

In connection with a related lawsuit in which Ablyazov is a defendant, this Court previously requested assistance from the Ministry of Justice of the French Republic with obtaining discovery from Ablyazov. *See City of Almaty, et ano. v. Mukhtar Ablyazov, et al.* Case No. 15 Civ. 5345 (S.D.N.Y.). Ablyazov was deposed by the parties to that action in France over two days on October 30 and 31, 2018, in the Tribunal Grand Instance, Aix-en-Provence. Plaintiffs and Defendants in the present lawsuit currently are engaged in discovery concerning their claims and defenses – where Ablyazov is a third-party witness. The Court accordingly has not addressed the merits of Plaintiffs' allegations.

Plaintiffs contend that the information sought by this request is available to the Ministry of Justice of the French Republic. This Court respectfully requests that the French Republic act on this request expeditiously.

**F.      Evidence to Be Obtained**

Based on the foregoing, this Court respectfully requests that the Ministry of Justice of the French Republic provide assistance to obtain the following testimony from Mr. Ablyazov in response to this Letter of Request that may be lawfully obtained by the Ministry of Justice or any other department, division, or office of the government of the French Republic, that relates to Plaintiffs' allegations against Defendants.

1.      A deposition of Mukhtar Ablyazov – who receives judicial process at the office of his attorney, Olivier Quesneau, REBSTOCK-CERDA & Associés, 11 Rue Emeric David, 13100 Aix-en-Provence, France, *see* Exhibit B (testimony of Ablyazov regarding service of process) – on the following topics:

> 1)      Ablyazov's deposition testimony in the matter *City of Almaty, et ano. v. Mukhtar Ablyazov, et al.* Case No. 15 Civ. 5345 (S.D.N.Y.), taken over two days on October 30 and 31, 2018;
>
> 2)      Ablyazov's control of BTA Bank;

3)  Ablyazov's knowledge regarding Telford International Limited;

4)  Ablyazov's knowledge regarding Swiss Development Group;

5)  Ablyazov's knowledge regarding Swiss Promotion Group;

6)  Ablyazov's knowledge regarding Triadou SPV SA;

7)  Ablyazov's knowledge regarding investments in the United States by Triadou SPV S.A. and its affiliates, including the sources of funding for those investments;

8)  Ablyazov's knowledge regarding corporate services provided to BTA Bank and Ablyazov by Eastbridge Capital and Eastbridge Capital (Moscow);

9)  Ablyazov's assets, both in his name and held by associates for his benefit;

10) Ablyazov's ownership or control of any corporate entities, either in his name and held by associates for his benefit;

11) Ablyazov's communications with Felix Sater;

12) Ablyazov's communications with Daniel Ridloff;

13) Ablyazov's communications with Ilyas Khrapunov;

14) Ablyazov's communications with Viktor Khrapunov;

15) Ablyazov's communications with Gennady Petelin;

16) Ablyazov's communications with Alexsandr Udovenko;

17) Ablyazov's communications with Anar Aitzhanova;

18) Ablyazov's communications with Peter Sztyk (a/k/a Petro Sztyk);

19) Ablyazov's communications with Nicolas Bourg;

20) Ablyazov's communications with Philippe Glatz;

21) Ablyazov's relationship with Eesh Aggarwal and any entities controlled or operated by Eesh Aggarwal;

22) Ablyazov's retention of relevant documents or financial records, or maintenance of such records by Ablyazov's employees or agents;

23) Ablyazov's knowledge regarding the sources of funding for Northern Seas Waterage, Inc., including but not limited to information regarding:

   a.  Communications and agreements with Frank Monstrey;

   b.  Communications and agreements with Yerzhan Tatishev;

   c.  Communications and agreements with Boris Fydorov;

   d.  Communications with and services provided by SMP Partners Limited, Stephen McGowan, and/or Stephen Whitehead;

   e.  Northern Seas Waterage, Inc.;

      f.  Tradestock Inc.;

      g.  Thyler Holdings Limited;

      h.  Harrison Limited;

      i.  Scoulton Holdings Limited;

      j.  Lineford Limited;

      k.  Sartfield Limited;

      l.  Claremont Holdings Limited;

      m.  TOO Zhaikmunai and Zhaikmunai LP;

      n.  Nostrum Oil & Gas PLC; and

      o.  KazStroyService Global B.V.

## II.   OTHER REQUIREMENTS

### A.   Deposition Date

The deposition should be scheduled to take place no later than December 1, 2020.

### B.   Deposition Format

The deposition should be conducted in a format that would be admissible in the above captioned proceedings and should include:

(1) sworn testimony under the laws of the United States;

(2) questioning conducted by Plaintiffs' and Defendants' attorneys in accordance with the United States Federal Rules of Civil Procedure and Federal Rules of Evidence;

(3) verbatim transcription and video recording of the deposition; and

(4) questioning conducted in English with French (and Russian, as needed) real time translation, taking place over seven hours if conducted in English, or 14 hours if conduced in another language.

### C.      Fees and Costs

Plaintiffs are responsible for reasonable copy costs and charges associated with the processing and handling of this request by the Ministry of Justice. The fees and costs associated with the transcription and interpretation needs will be paid for by the parties.

### D.      Reciprocity

This Court expresses its sincere willingness to provide similar assistance to the courts of the French Republic, if future circumstances so require.

## III.      CONCLUSION

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Letter of Request seeking information, testimony, and things described herein, from the Ministry of Justice. This Court extends to all judicial and other authorities of the French Republic the assurances of its highest consideration.

Date: ___8/4/2020_____          _____
                                      The Honorable Alison J. Nathan
                                      United States District Court for the
                                      Southern District of New York
                                      Thurgood Marshall United States Courthouse
                                      40 Foley Square
                                      New York, New York 10007

                                      SEAL OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK