UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC<br><br>Plaintiffs,<br><br>v.<br><br>FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,<br><br>Defendants. | No. 19 Civ. 2645 (AJN) (KHP) |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON
THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the Southern District of New York (the "Court") presents its compliments to the Geneva Civil Court of the First Instance of the Swiss Confederation under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court respectfully requests that the Geneva Civil Court recognize this Letter of Request from this Court and arrange for its execution, in adherence to the Hague Convention and in the interest of comity.

**A.   Sender**

The Honorable Alison J. Nathan, United States District Judge for the Southern District of New York, New York, New York, United States of America.

1

**B.     Central Authority of the Requested State**

Tribunal civil - Tribunal de première instance
Place du Bourg-de-Four 1
Case postale 3736
CH-1211 Genève 3, Switzerland
tpi.securise@justice.ge.ch

**C.     Person to Whom the Executed Request Is to Be Returned**

This Court hereby requests that the executed Letter of Request and all documents and materials covered by this Letter of Request be returned to the following attorney for the Plaintiffs, the City of Almaty, Kazakhstan and BTA Bank (collectively, the "Plaintiffs"), as an officer of this Court:

Matthew L. Schwartz
Craig Wenner
Boies Schiller Flexner LLP
55 Hudson Yards
New York, New York 10001
Telephone Number: (212) 446-2300
Fax Number: (212) 446-2350
cwenner@bsfllp.com

Represented in Switzerland by the Plaintiffs' Swiss attorney:

Claudio Bazzani
Homburger AG
Prime Tower
Hardstrasse 201
CH-8005 Zurich, Switzerland
Telephone: +41 43 222 1000
Fax:_ +1 43 222 1500
Email: claudio.bazzani@homburger.ch

As an officer of this Court, they will act as confidential courier of this Court and deliver the executed Letter of Request and all related documents and materials directly to me at the following address:

The Honorable Alison J. Nathan
United States District Court for the Southern District of New York

2

Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, New York 10007

All documents and materials deposited with the Court in accordance with this Letter of Request will be available to all parties and their counsel.

### D. Purpose of Evidence Sought and Requested Date of Receipt of Response

The requested testimony will be used by the parties in support of their claims or defenses. The Court accordingly respectfully requests a prompt response to this Letter of Request.

## I. HAGUE CONVENTION REQUIREMENTS

This Court requests the assistance more specifically described herein as necessary in the interests of justice. In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request:

### A. Requesting Judicial Authority

The Honorable Alison J. Nathan
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007, USA

### B. Central Authority of the Requested State

Tribunal Civil - Tribunal de Première Instance
Place du Bourg-de-Four 1
Case postale 3736
CH-1211 Genève 3, Switzerland

### C. Name of the Case and Identifying Number

All evidence requested will be used in relation to the above-captioned civil lawsuit, which can be identified by the following information:

Case Name: *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*
Court: United States Federal District Court for the Southern District of New York
Case Number: 19 Civ. 2645 (AJN) (KHP)

### D. Names and Addresses of the Parties and their Representatives

#### 1. Plaintiffs

The City of Almaty, Kazakhstan ("Almaty") and BTA Bank JSC ("BTA") are, respectively, a political subdivision and a citizen of the Republic of Kazakhstan.

#### 2. Plaintiffs' Representative

Matthew L. Schwartz
Craig Wenner
Boies Schiller Flexner LLP
55 Hudson Yards
New York, New York 10001
Telephone Number: (212) 446-2300
Fax Number: (212) 446-2350
cwenner@bsfllp.com

and

Claudio Bazzani
Homburger AG
Prime Tower
Hardstrasse 201
CH-8005 Zurich, Switzerland
Telephone: +41 43 222 1000
Fax:_ +1 43 222 1500
Email: claudio.bazzani@homburger.ch

#### 3. Defendants

Defendant Felix Sater is a national of the United States of America, currently domiciled in the State of New York, United States of America. Defendant Daniel Ridloff is a national of the United States of America, currently domiciled in the State of New York, United States of America. Defendant Bayrock Group Inc. ("Bayrock Inc.") is an entity incorporated and licensed to do business in the State of Delaware, United States of America. Defendant Global Habitat Solutions, Inc. ("GHS") is an entity incorporated and licensed to do business in the State of New York, United States of America. Defendant RRMI-DR LLC is an entity incorporated and licensed to do business

4

in the State of New York, United States of America. Defendant Ferrari Holdings LLC is an entity incorporated and licensed to do business in the State of New Jersey, United States of America. Defendant MeM Energy Partners LLC is an entity incorporated in the State of Delaware, United States of America, with its principal place of business at 405 Lexington Avenue, 26th Floor, New York, New York, United States of America.

4. <u>Defendants' Representatives</u>

<u>Felix Sater, Daniel Ridloff, Bayrock Group Inc., Global Habitat Solutions, Inc., and RRMI-DR LLC</u>
Jill Levi
Todd & Levi, LLP
444 Madison Avenue, Suite 1202
New York, New York 10022
Telephone: (212) 308-7400
Facsimile: (212) 308-8450
Email: jlevi@toddlevi.com

<u>Ferrari Holdings LLC</u>
Unrepresented and currently in default

<u>MeM Energy Partners LLC</u>
Unrepresented and currently in default

**E.  Nature of the Proceedings and Summary of the Case and Relevant Facts**

The above-referenced case is a civil lawsuit brought by Plaintiffs under the laws of the United States and United Kingdom seeking money damages for injuries resulting from the alleged theft and laundering of funds belonging to Plaintiffs. *See* Ex. A (Plaintiffs' Amended Complaint). Defendant Felix Sater is a longtime associate of Viktor Khrapunov, the former mayor of the City of Almaty, and his son, Ilyas Khrapunov. Defendant Daniel Ridloff is a former business associate of Sater. Defendant Bayrock Inc. is an entity established in the State of Delaware, United States of America, and wholly owned and controlled by Sater. Defendant GHS is an entity established in

5

the State of New York, United States of America, and wholly owned and controlled by Sater. Defendant RRMI-DR LLC is an entity established in the State of New York, United States of America, and wholly owned and controlled by Ridloff. Defendant Ferrari Holdings LLC is an entity established in the State of New Jersey, United States of America. Defendant MeM Energy Partners LLC is an entity established in the State of Delaware, United States of America, and owned and controlled by Mendel Mochkin, an individual domiciled in the State of New York, United States of America.

Plaintiffs allege that Mukhtar Ablyazov, the former controlling shareholder and Chairman of BTA Bank, and Viktor Khrapunov stole billions of dollars in Kazakhstan by abuse of their offices; Ablyazov through embezzlement from BTA Bank, and Viktor Khrapunov, with the assistance of his wife, Leila Khrapunova, through corruption of his office as Mayor of Almaty. After Ablyazov fled to the United Kingdom, BTA brought a series of civil fraud actions against him, resulting in the issuance of a worldwide freezing order by the U.K. courts. Ablyazov repeatedly defied orders of the U.K. courts to disclose his assets, leading to his being sentenced to 22 months imprisonment for contempt. Ablyazov fled sentencing in the U.K. and went into hiding, and the U.K. courts awarded BTA billions of dollars in judgments against Ablyazov and his associates for their theft from BTA.[1] Ablyazov was subsequently discovered and arrested in France. He has since been released from French prison but remains in France. Viktor and Leila Khrapunov likewise fled Kazakhstan and currently reside in Switzerland. The Khrapunovs have been convicted and sentenced in Kazakhstan in abstentia on corruption charges. Plaintiffs allege

---

[1] *See JSC BTA Bank v. Ablyazov et al.*, 201 EWHC 510 (comm); *JSC BTA Bank v. Ablyazov*, 2013 EWHC 3691 (ch); *JSC BTA Bank v. Ablyazov* [2015] UKSC 64; *JSC BTA Bank v. Ablyazov and Khrapunov*, 2016 EWHC 289 (comm).

that the Khrapunovs worked with Sater and Ilyas Khrapunov to fund entities and investments relating to businesses and real estate in the United States.

Plaintiffs have alleged that the Defendants conspired with Ablyazov, Viktor Khrapunov, Leila Khrapunov, and Ilyas Khrapunov to evade the U.K. worldwide freezing orders and conceal stolen assets from investigators around the world, including the Public Prosecutor of Geneva. The Defendants are alleged to have helped launder proceeds of Ablyazov's and Viktor Khrapunov's embezzlement from BTA Bank and Almaty into the United States through numerous investment schemes. Plaintiffs allege that Defendants Sater and Ridloff spearheaded five of these schemes, only to later turn on Ablyazov and the Khrapunovs and pocket a portion of the stolen funds for themselves. The Defendant entities also are alleged to have received stolen funds.

Plaintiffs and Defendants in the present lawsuit currently are engaged in discovery concerning their claims and defenses – where Leila Khrapunova and Ilyas Khrapunov are third-party witnesses. The Court accordingly has not addressed the merits of Plaintiffs' allegations. In connection with a related lawsuit in which Ilyas Khrapunov was a defendant, this Court previously requested assistance from the Geneva Civil Court with obtaining discovery from Ilyas and Viktor Khrapunov. *See City of Almaty, et ano. v. Mukhtar Ablyazov, et al.*, Case No. 15 Civ. 5345 (S.D.N.Y.). Ilyas Khrapunov was deposed by the parties to that action in Switzerland over two days on February 1 and 2, 2018, pursuant to a commission issued by this Court and approved by the appropriate authorities in Switzerland. Under the Rules of Evidence in the United States federal court, that earlier testimony may not be admissible in the above-referenced action.

Plaintiffs contend that the information sought by this request is available to the Geneva Civil Court. This Court respectfully requests that the Geneva Civil Court act on this request expeditiously.

## F. Evidence to Be Obtained

Based on the foregoing, this Court respectfully requests that the Geneva Civil Court obtain the following testimony from Ilyas Khrapunov, a resident of Switzerland, and Leila Khrapunova, a resident of Switzerland, in response to this Letter of Request that may be lawfully obtained by the appropriate judicial authority in its discretion, including any questioning by representatives of the parties, as permitted, that relates to Plaintiffs' allegations against Defendants.

1. Sworn testimony by Ilyas Khrapunov, who resides or resided at chemin Calandrini 12, CH-1231 Conches, Geneva, Switzerland, on the following topics:

   a. Khrapunov's deposition testimony in the matter *City of Almaty, et ano. v. Mukhtar Ablyazov, et al.*, Case No. 15 Civ. 5345 (S.D.N.Y.), taken over two days on February 1 and 2, 2018;

   b. Khrapunov's communications and business dealings with Felix Sater;

   c. Khrapunov's communications and business dealings with Daniel Ridloff;

   d. Triadou SPV S.A., including its formation, operation, funding, subsidiaries, and its investments, including:

      1. The Flatotel condominium conversion in New York, NY;
      2. The Cabrini Medical Center conversion in New York, NY;
      3. The Syracuse Mixed Use Complex in Syracuse, NY;
      4. The Tri-County Mall in Cincinnati, OH;

   e. The operation of, investments in, and sources of funding for World Health Networks and related companies, including:

      1. Health Station Networks;
      2. Global Habitat Solutions;
      3. RPM USA;
      4. RPM Maro;
      5. Crownway Ltd;

8

      6. Adlux Sarl or Adlux Group;

f. Khrapunov's communications with Elvira Kudryashova, Sater, and Ridloff concerning United States visa applications;

g. Telford International Limited ("Telford"), including

      1. Funding provided by Telford for Triadou's investments;

      2. The sources of funds Triadou received from Telford;

      3. Due diligence done on Telford and its beneficial owners;

      4. Funding provided by Telford for any investment by SDG or Ilyas Khrapunov, including the purchase of any securities;

h. The purchase, sale, and sources of funding for investments in condominium units within the Trump SoHo development project;

i. The purchase, sale, and sources of funding for an investment in a payment card processing business named Creacard S.A., including:

      1. RPM USA;

      2. Vilder Company;

      3. Lloyd LaMarca;

j. The formation of a real estate investment fund incorporated in Luxembourg including Triadou's assets and investments;

k. The structure and operations of SDG Capital SA ("SDG"), including any current or former subsidiaries or affiliates, and the sources of SDG's funding;

l. The purported sale of SDG to Philippe Glatz in 2013, including:

      1. Ilyas Khrapunov's relationship and communications with Philippe Glatz;

      2. The source(s) of funds used to acquire SDG; and

      3. Ilyas Khrapunov's employment or services to SDG before and after the purported sale;

m. The payment by companies controlled by Frank Monstrey to the company Northern Seas Waterage in connection with an investment in an oil and gas company called Zhaikmunai, including:

       1. The source of funding for the investment in Zhaikmunai, including Mukhtar Ablyazov and/or Gennady Petelin;

       2. Negotiations and communications with Ablyazov, Petelin, and Monstrey;

       3. Purported documentation of the transaction resulting in the payment to Northern Seas Waterage;

  n. FBME Bank ("FBME"), regarding

       1. Any accounts held at FBME by Ilyas Khrapunov or entities he or his family members (including in-laws) own or control;

       2. The receipt of funds to the account of Northern Seas Waterage at FBME;

       3. Any transfers of funds from accounts at FBME for the benefit of Felix Sater, Daniel Ridloff, Elvira Kudryashova, RPM USA, RPM Maro, Vilder, Adlux, Crownway, Triadou, or SDG;

       4. Any communications between officers or employees of FBME and Ilyas Khrapunov or his agents;

  o. Ablyazov's assets, both in his name and held by associates for his benefit;

  p. The allegations in the Amended Complaint;

  q. Ilyas Khrapunov's communications with the following individuals concerning any of the topics listed above:

       1. Mukhtar Ablyazov;

       2. Eesh Aggarwal;

       3. Viktor Khrapunov;

       4. Leila Khrapunova;

       5. Gennady Petelin;

       6. Nicolas Bourg;

       7. Arnie Herz;

       8. Petr Krasnov.

  2. Sworn testimony by Leila Khrapunova, who resides or resided at 28b Chemin du Petit-Saconnex, 1209 Geneva, Switzerland, or chemin der Ruth 49, CH-1223 Cologny, Geneva,

Switzerland, on the following topics:

    a. Communications and business dealings with Felix Sater, including

        1. Bayrock LLC:

        2. KazBay B.V.;

        3. Helvetic Capital S.A.

        4. Resource-extraction ventures and investments in Kazakhstan

    b. Communications and business dealings with Daniel Ridloff;

    c. Viktor Khrapunov's actions as Mayor of the City of Almaty, Kazakhstan, including the transfer of real property previously owned or controlled by the City of Almaty to Khrapunova or entities owned or controlled by her;

    d. The formation, funding, and investments of SDG Capital SA, including any current or former subsidiaries or affiliates;

    e. The formation, operation, funding, and investments of Triadou SPV S.A., including an investment concerning the Tri-County Mall in Cincinnati, Ohio;

    f. The sources of funding provided to Ilyas Khrapunov, Elvira Kudryashova, and Felix Sater for use in investments in the United States, including:

        1. World Health Networks;

        2. Trump SoHo condominium units;

        3. RPM Maro;

        4. RPM USA;

    g. The allegations in the Amended Complaint;

    h. Khrapunova's communications with the following individuals concerning any of the topics listed above:

        1. .Mukhtar Ablyazov;

        2. Ilyas Khrapunov.

## II. OTHER REQUIREMENTS

### A. Hearing Date

The testimony from the witnesses should be obtained by April 2, 2021, or as soon as practicably possible thereafter, in person or by remote videoconference as appropriate.

**B.    Hearing Format**

The testimony should be obtained in a format that would be admissible in the above captioned proceedings and should include:

(1) sworn testimony under the laws of the United States;

(2) questioning conducted by Plaintiffs' and Defendants' attorneys in accordance with the United States Federal Rules of Civil Procedure and Federal Rules of Evidence;

(3) verbatim transcription and video recording of the testimony; and

(4) questioning conducted in English with French (and Russian, as needed) real time translation.

**C.    Fees and Costs**

Plaintiffs are responsible for reasonable copy costs and charges associated with the processing and handling of this request by the Geneva Civil Court. The fees and costs associated with the transcription and interpretation needs will be paid for by the parties.

**D.    Reciprocity**

This Court expresses its sincere willingness to provide similar assistance to the courts of the Swiss Confederation, if future circumstances so require.

### III. CONCLUSION

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Letter of Request seeking the testimony described herein from the Geneva Civil Court. This Court extends to all judicial and other authorities of the Swiss Confederation the assurances of its highest consideration.

Date: Nov. 12, 2020

The Honorable ~~Alison J. Nathan~~ J. Paul Oetken  
Part I  
United States District Court for the  
Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007

SEAL OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK