UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAHKSTAN
and BTA BANK JSC,

              Plaintiffs,

            v.

FELIX SATER, DANIEL RIDLOFF, BAYROCK
GROUP INC., GLOBAL HABITAT SOLUTIONS,
INC., RRMI-DR LLC, FERRARI HOLDINGS LLC,
and MEM ENERGY PARTNERS LLC,

              Defendants.

No. 19 Civ. 2645 (AJN) (KHP)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION IN RESPONSE TO PLAINTIFFS' THIRD SET OF DOCUMENT REQUESTS AGAINST THE SATER DEFENDANTS**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT BACKGROUND ................................................................................................... 2

ARGUMENT ................................................................................................................................ 5

    I.    FEDERAL RULE OF EVIDENCE 408 GOVERNS ADMISSIBILITY, NOT DISCOVERABILITY............................................................................................. 6

    II.    PLAINTIFFS ARE ENTITLED TO DISCOVERY OF SETTLEMENT MATERIALS........................................................................................................... 8

    III.    PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES IN BRINGING THIS MOTION..................................................................................................... 10

CONCLUSION........................................................................................................................... 11

**TABLE OF AUTHORITIES**

**Cases**

*ABF Capital Managment v. Askin Capital*,
    No. 95 CIV. 8905 (RWS), 2000 WL 191698 (S.D.N.Y. Feb. 10, 2000) ................................... 8

*Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*,
    No. 93 CIV. 5298 (LMM) (RLE), 1996 WL 71507 (S.D.N.Y. Feb. 20, 1996) ..................... 7, 8

*Conopco, Inc. v. Wein*,
    No. 05CIV9899(RCC)(THK), 2007 WL 1040676 (S.D.N.Y. Apr. 4, 2007) ............................ 9

*Ferguson v. Ruane Cunniff & Goldfarb Inc.*,
    No. 17 Civ. 6685 (ALC) (BCM), 2020 WL 4586800 (S.D.N.Y. Aug. 10, 2020) ..................... 8

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*,
    314 F.R.D. 85 (S.D.N.Y. 2016) ............................................................................................... 5

*Grand Cent. P'ship, Inc. v. Cuomo*,
    166 F.3d 473 (2d Cir. 1999) .................................................................................................... 5

*Laforest v. Honeywell Int'l Inc.*,
    No. 03-CV-6248T, 2004 WL 1498916 (W.D.N.Y. July 1, 2004) ............................................ 8

*Morgan Art Found. Ltd. v. McKenzie*,
    No. 18-CV-4438 (BCM), 2020 WL 3578251 (S.D.N.Y. July 1, 2020) ............................. 7, 10

*Republic of Turkey v. Christie's, Inc.*,
    326 F.R.D. 394 (S.D.N.Y. 2018) ........................................................................................... 11

*Rocky Aspen Mgmt.*
    *204 LLC v. Hanford Holdings LLC*, 394 F. Supp. 3d 461 (S.D.N.Y. 2019) ............................ 7

*S.E.C. v. Thrasher*,
    No. 92 Civ. 6987, 1996 WL 94533 (S.D.N.Y. Feb. 27, 1996) ................................................. 9

*Santrayll v.* Burrell,
    No. 91-CV-3166 (PKL), 1998 WL 24375 (S.D.N.Y. Jan. 22, 1998) ...................................... 10

*Tribune Co. v. Purcigliotti*,
    No. 93 Civ. 7222 (LAP) (THK), 1996 WL 337277 (S.D.N.Y. June 19, 1996) ............... 6, 9, 10

*Valiante v. VCA Animal Hosps., Inc.*,
    No. 3:09CV2115 WWE, 2011 WL 219672 (D. Conn. Jan. 20, 2011) ...................................... 8

**Rules**

Fed. R. Civ. P. 26 .................................................................................................................. 1, 5, 10

Fed. R. Civ. P. 37 ..................................................................................................................... 5, 10

Fed. R. of Evid. 408 ................................................................................................................ 1, 5, 8

Plaintiffs City of Almaty, Kazakhstan and BTA Bank JSC (the "Kazakh Entities" or "Plaintiffs") respectfully submit this memorandum of law in support of their motion to compel Defendants Felix Sater, Bayrock Group Inc., and Global Habitat Solutions, Inc. (collectively, the "Sater Defendants") to produce documents in response to Plaintiffs' Third Requests for Production.

## PRELIMINARY STATEMENT

In an attempt to dispose of this litigation, Felix Sater (according to his own counsel) approached, directly and through intermediaries, representatives of the Plaintiffs in this case as well as third parties. While it is unclear precisely who has been involved in Sater's efforts – on either side of his purported settlement negotiations – it is clear that Sater has relayed communications to individuals in Kazakhstan through his own intermediaries, including (again, according to his counsel) a former U.S. Defense Department official now working at Sater's direction. Sater may have also attempted to reach individuals in Kazakhstan directly.

Contrary to Sater's objections, there is no bar on the discovery of such communications. Case law in this Circuit is clear that Federal Rule of Evidence 408 is a rule about the admissibility of evidence, not its discoverability. In fact, settlement communications – if that is even what these are – may be admissible in many circumstances. The requested communications are otherwise plainly relevant and discoverable under Federal Rule of Civil Procedure 26. As courts routinely recognize, settlement communications may involve critical information and admissions, may identify other witnesses and new discoverable evidence, and may provide impeachment evidence. Where, as here, the communications involve the central player in the case, courts routinely permit discovery of settlement communications for potential impeachment purposes alone. The Sater Defendants, who bear the burden of resisting valid discovery requests, have pointed to no legitimate basis for protecting the requested communications.

## RELEVANT BACKGROUND

On September 15, 2020, the Sater Defendants asked Plaintiffs for a four-week extension to October 21, 2020, of the time to respond to Plaintiffs' second set of document requests, which Plaintiffs granted. *See* Declaration of Matthew Schwartz dated December 11, 2020 ¶ 2 ("Schwartz Decl."). Meanwhile, on September 30, 2020, Plaintiffs served the Sater Defendants with Plaintiffs' Third Request for Production of Documents from the Sater Defendants, requesting documents related to Sater's efforts to resolve the case, formally or informally. *See* Schwartz Decl. ¶ 3, Ex. 1.

On October 21, 2020 – when the Sater Defendants were due to respond to Plaintiffs' second set of document requests, and a week before Sater himself was set to be deposed as a Rule 30(b)(6) representative of Bayrock Group Inc., and Global Habitat Solutions, Inc. – Sater's counsel asked that all discovery be put on hold in the hope that a settlement might be forthcoming. *See* Schwartz Decl. ¶ 4. While expressing a willingness to be flexible about any specific deadlines that posed a difficulty, Plaintiffs declined to agree to a blanket stay of discovery. Plaintiffs also requested that any settlement communications be conducted through counsel. *Id.* ¶ 5. Although some discussions subsequently took place through counsel, Sater persisted in attempting to dispose of the case himself, with the assistance of intermediaries. For example, as Sater's counsel acknowledged to the Court, Sater retained a former U.S. government official – whom she identified as a Deputy Assistant Secretary of Defense under President Clinton and an Under Secretary of Defense under President Obama – to appeal to the Kazakh government (but not to BTA or Almaty). *See* Nov. 23, 2020 Hr'g Tr. at 12:11–15.

Perhaps because Sater's emissaries have not been talking to the Plaintiffs, there has been no settlement and discovery proceeds. But to date, the Sater Defendants have not produced any documents in response to Plaintiffs' second and third set of requests. While the Sater Defendants

2

have not responded or objected to the second set of requests at all – and any objection would therefore be untimely and thus waived – the Sater Defendants have represented that they are not limiting their search for responsive records nor are they intending to withhold any responsive records on the basis of any objection they may raise in the future. The production deadline for the second set of requests is December 22, 2020. [*See* ECF No. 242]. For that reason, any dispute concerning the second set of requests is not yet ripe, and the Kazakh Entities are hopeful that there will be no need to engage in motion practice about them.

With respect to Plaintiffs' third set of requests, the Sater Defendants have objected and intend to maintain those objections. Plaintiffs' third set of requests contained two requests for documents related to Sater's efforts to dispose of this case, differentiated by the participants to the communications. The first request seeks Sater's communications directed toward counterparties, and the second request seeks Sater's communications with the intermediaries or agents Sater used to convey communications indirectly to counterparties in Kazakhstan:

1. Written communications (*e.g.*, emails, text messages, transcribed voicemails, letters, handwritten notes, or notes concerning any telephone or in-person meeting) for the period from October 9, 2018 to present, whether direct or indirect (*i.e.*, through intermediaries) between, on one hand, Felix Sater or any agent, representative, or associate of Felix Sater or any entity controlled by him and, on the other hand, BTA, Almaty, or the Republic of Kazakhstan, or any of their agents, associates, or representatives, related to a potential settlement or other resolution, formal or informal, of any and all litigation or legal proceedings between them.

2. Written communications (*e.g.*, emails, text messages, transcribed voicemails, letters, handwritten notes, or notes concerning any telephone or in-person meeting) for the period from October 9, 2018 to present, between, on one hand, Felix Sater and, on the other hand, any of his agents, representatives, or associates or any entity controlled by him related to a potential settlement or other resolution, formal or informal, of any and all litigation or legal proceedings between Felix Sater, on one hand, and BTA, Almaty, or the Republic of Kazakhstan, on the other hand. This request includes any communications in which Felix Sater directs any of his agents, representatives, or associates to

> contact BTA, Almaty, or the Republic of Kazakhstan, or any of their agents, associates, or representatives, concerning any potential settlement or resolution, formal or informal, of any and all litigation or legal proceedings between them.

Schwartz Decl. Ex. 1. On October 31, 2020, the Sater Defendants served Plaintiffs with their Response to Plaintiffs' Third Request for Production of Documents. The Sater Defendants made the same objection to both requests:

> Pursuant to Rule 408 of the Federal Rules of Evidence and applicable law, Responding Defendants object to Request No 1 [and 2] which requires the production of confidential privileged settlement communications or documents related thereto. In addition, there is no likelihood that admissible evidence will be generated by the dissemination of the terms of such confidential settlement documents and documents related to settlement, all as required under Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs cannot meet their burden of showing that documentation related to settlement related materials are reasonably calculated to lead to the discovery of admissible evidence.

Schwartz Decl. Ex. 2.

The Sater Defendants' response also included a general objection to the requests "to the extent that they seek the production of documents having nothing whatsoever to do with the underlying claims and defenses in the Action and seek only to invade the protections and privileges attributable to settlement discussions." In response to the Sater Defendants' objection, counsel for Plaintiffs and the Sater Defendants met and conferred, during which the Sater Defendants refused to withdraw their objection. During that meet and confer process, Plaintiffs provided the Sater Defendants with a summary of the case law and argument below, including relevant citations. *See* Schwartz Decl. ¶ 7.

Following a status conference with the Court, on November 23, 2020, the Court directed Plaintiffs to file this motion. [ECF No. 239.]

4

## ARGUMENT

Federal Rule of Civil Procedure 26 states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(d)(1). "If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016). Federal Rule of Civil Procedure 37(a) thus gives parties the power to "move for an order compelling . . . production" when a "party fails to produce documents." Fed. R. Civ. P. 37(a)(2)(B). Federal district courts have broad discretion in deciding motions to compel. *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999).

Here, Plaintiffs have requested communications by Sater or his agents and intermediaries about this case. As courts have routinely recognized, such communications – though they may include offers of settlement – are relevant because they may be used as party admissions, statements against interest, or impeachment evidence. The Sater Defendants' objection – that the communications are confidential and inadmissible under Federal Rule of Evidence 408 – is wholly without merit. Not only is the bar to *admissibility* under Rule 408 narrow, but the law is clear that Rule 408 is not a bar whatsoever to *discovery*. Rule of Evidence 408(b) makes clear that settlement communications may be admissible in many circumstances, and in any event, Civil Rule 26 provides that "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(d)(1).

Because the Sater Defendants have failed to meet their burden to show why the discovery requested should be denied, the Court should order the Sater Defendants to produce documents in response to Plaintiffs' requests.

**I.      Federal Rule of Evidence 408 Governs Admissibility, not Discoverability.**

Federal Rule of Evidence 408 generally makes inadmissible evidence of "furnishing, promising or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim" and evidence of "conduct or a statement made during compromise negotiations about the claim" in certain circumstances. But Rule 408 only makes such evidence inadmissible to the extent it is used "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." The Rule expressly provides that "[t]he court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

The Sater Defendants' objections attempt to transform Rule 408 into a limitation on what may be discovered. It is not. As courts in this district have repeatedly and explicitly held, "Rule 408 neither governs nor precludes the discovery of settlement-related materials." *Tribune Co. v. Purcigliotti*, No. 93 Civ. 7222 (LAP) (THK), 1996 WL 337277, at *1 (S.D.N.Y. June 19, 1996); *Morgan Art Found. Ltd. v. McKenzie*, No. 18 Civ. 4438 (BCM), 2020 WL 3578251, at *5 (S.D.N.Y. July 1, 2020) (collecting cases). "While Rule 408 bars the admission of settlement documents for some purposes, Rule 26, by its very terms, is not limited to 'admissible evidence.' Moreover, even Rule 408 does not totally bar admission of such materials. Rather, admission of settlement matter is not allowed on the issues of liability and damages. Admission is specifically provided for other purposes, including the showing of bias or prejudice." *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, No. 93 CIV. 5298 (LMM) (RLE), 1996 WL 71507, at *2 (S.D.N.Y. Feb. 20, 1996).

In their Response to Plaintiffs' Third RFP, the Sater Defendants object that the requests "seek only to invade the protections and privileges attributable to settlement discussions."  But there is no such privilege.  As courts in this Circuit have repeatedly held, "[b]ecause settlement agreements are not privileged, no heightened showing of relevance need be made to justify their disclosure."  *Morgan Art*, 2020 WL 3578251, at *5; *accord Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 394 F. Supp. 3d 461, 464 (S.D.N.Y. 2019) (citing a "slew of cases" applying the ordinary discovery standards of Rule 26 to privately negotiated settlement agreements); *Bank Brussels Lambert*, 1996 WL 71507, at *3 (Rule 408 "does not require any special restriction on Rule 26 because the discovery rules do not affect admissibility"); *Ferguson v. Ruane Cunniff & Goldfarb Inc.*, No. 17 Civ. 6685 (ALC) (BCM), 2020 WL 4586800, at *4 (S.D.N.Y. Aug. 10, 2020) (same).

There is no basis in the law of this Circuit to assert a Rule 408 "privilege" to stop production of these settlement materials.  *See ABF Capital Managment v. Askin Capital*, No. 95 CIV. 8905 (RWS), 2000 WL 191698, at *1 (S.D.N.Y. Feb. 10, 2000) ("As this Court has previously had occasion to note, while Rule 408 of the Federal Rules of Evidence may limit the introduction at trial of evidence regarding settlement negotiations, it does not itself govern discovery."); *Laforest v. Honeywell Int'l Inc.*, No. 03-CV-6248T, 2004 WL 1498916, at *6 (W.D.N.Y. July 1, 2004) (holding "defendants' reliance upon Rule 408 is misplaced.  Rule 408 generally bars settlement documents from admission into evidence.  As stated above, however, discovery under Rule 26 is not limited only to admissible evidence, but also includes that which may reasonably lead to admissible evidence"); *Valiante v. VCA Animal Hosps., Inc.*, No. 3:09CV2115 WWE, 2011 WL 219672, at *2 (D. Conn. Jan. 20, 2011) ("While Rule 408 of the Federal Rules of Evidence limits the introduction at trial of evidence regarding settlement

7

negotiations, it only applies to the admissibility of evidence at trial, not to discovery.") (citing cases).

## II. Plaintiffs Are Entitled to Discovery of Settlement Materials.

Under Rule 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." "In the absence of any other considerations, documents related to the subject matter of the lawsuit fall within the scope of the rule." *Bank Brussels Lambert*, No. 93 CIV. 5298 (LMM) (RLE), 1996 WL 71507, at *2, 6 (holding that settlement "materials sought meet the relevance standard of Rule 26 and must be produced").

Again, "Rule 408 of the Federal Rules of Evidence permits the introduction at trial of settlement-related documents for the purpose of proving the bias or prejudice of a witness." *Tribune Co. v. Purcigliotti*, No. 93 Civ. 7222 (LAP) (THK), 1996 WL 337277, at *3 (S.D.N.Y. June 19, 1996). For that reason, courts routinely grant requests for information disclosed in settlement discussions where the moving party proposes to use that information to impeach credibility. *See, e.g.*, *S.E.C. v. Thrasher*, No. 92 Civ. 6987, 1996 WL 94533, at *3 (S.D.N.Y. Feb. 27, 1996) ("Defendant, however, proposes to use the data, if at all, to impeach the credibility of Sanker, a use that is not at all addressed by [Rule 408]."); *Conopco, Inc. v. Wein*, No. 05CIV9899 (RCC) (THK), 2007 WL 1040676, at *4 (S.D.N.Y. Apr. 4, 2007) ("Rule 408 does not prohibit the use of settlement agreements for other evidentiary purposes, such as impeachment.").[1] Plaintiffs' requests for information related to settlement discussions that either

---

[1] Rule 408 precludes the admission of settlement communications to "impeach by a prior inconsistent statement or a contradiction," but as the cases just cited demonstrate, does not otherwise bar – and affirmatively permits – the admission of such communications for other impeachment and bias purposes.

8

the Sater Defendants or representatives of the Sater Defendants had or attempted to have fall squarely within that rule.

Felix Sater and the entities he controls are central to this case and will be pivotal witnesses at trial.  Plaintiffs have a right to seek information that they may later use to impeach the Sater Defendants' credibility.  Communications that the Sater Defendants made in an attempt to dispose of this case – particularly because those communications were at least in some cases not even directed at Plaintiffs themselves[2] – thus meet the low bar of relevance for purposes of discoverability.  *Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (BCM), 2020 WL 3578251, at *5 (S.D.N.Y. July 1, 2020) (holding information from settlement discussions was "relevant to the potential bias or prejudice of Thomas, who will likely be a pivotal witness as to the key fact issues underlying [plaintiffs'] dispute with MAF.  Courts routinely permit discovery of settlement agreements for this purpose." (cleaned up)); *Santrayll v. Burrell*, No. 91 Civ. 3166 (PKL), 1998 WL 24375, at *2 (S.D.N.Y. Jan. 22, 1998) (compelling production of settlement agreement because it "may lead to the discovery of evidence that would establish [a witness's] bias, interest, or prejudice"); *Purcigliotti*, 1996 WL 337277, at *3 ("Even Rule 408 of the Federal Rules of Evidence permits the introduction at trial of settlement-related documents for the purpose of proving the bias or prejudice of a witness.  It follows that in the instant case, where there has been a plausible assertion of the need for information to prove bias, the more liberal standards governing production of discovery have been met."); *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (granting motion to compel deposition

---

[2] As Sater's counsel explained at the last hearing, his interlocutors in many cases approached people and entities other than the Plaintiffs in this case.  That fact raises a serious question as to whether many of the requested communications fall under Rule 408 in the first place.  The Court need not reach that issue, however, because it goes to the potential admissibility of the evidence.

9

testimony regarding settlement negotiations that was "relevant to the issues in this case" because "confidentiality concerns expressed by [the plaintiff] can be addressed by the [plaintiff] designating the relevant testimony . . . as confidential" under the terms of the protective order entered in the case).

Even if the Plaintiffs were to ultimately settle with the Sater Defendants, they will remain critical witnesses against the remaining defendants. *See, e.g.*, *Purcigliotti*, 1996 WL 337277, at *2 (compelling production of plaintiffs' settlement with one of many defendants, because the settling defendant "may be an important fact witness" given that he was "a direct participant in the events giving rise to plaintiffs' claims against all of the remaining defendants," and where the settlement agreement was "relevant to his motivation for testifying").

This evidence is also proportional. The burden on the Sater Defendants is very low, given the narrow time period and limited number of communications at issue, all of which were necessarily created during or shortly before this case was filed when the Sater Defendants knew they would be subject to discovery. Sater is also the only person who is aware of the full extent and nature of these communications – including the identities of the individuals involved – evidenced by his claim to have used intermediaries and back channels to reach out to representatives of third parties. Plaintiffs do not have access to the full set of Sater's or his agents' communications concerning a potential resolution of this case, let alone their communications amongst themselves.

### III. Plaintiffs are Entitled to Attorneys' Fees in Bringing This Motion.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides:

> If the motion [to compel discovery] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

10

The imposition of expenses is "mandatory unless one of the conditions for not making an award is found to exist, but these conditions are themselves broad enough that the court retains some discretion in the matter."  *Pegoraro v. Marrero*, No. 10 Civ. 00051 (AJN) (KNF), 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012).

As demonstrated above, decades of explicit and unambiguous precedent from this Circuit hold that there is no legal basis for the Sater Defendants to continue to object to production of settlement materials on the basis of Rule 408.  In an attempt to avoid motion practice, Plaintiffs met and conferred with the Sater Defendants, provided them the relevant citations, and raised this issue with the Court at the last conference, which expressed its view of the relevance of the requested communications.  The Sater Defendants nonetheless chose to persist in their legally baseless objections.  Accordingly, if the Court grants this motion, Plaintiffs are entitled to their attorneys' fees.

## CONCLUSION

The Court should enter an order compelling production by the Sater Defendants in response to Plaintiffs' Third Request for Production, and for attorney's fees associated with this motion.

Dated: New York, New York  
      December 11, 2020

Respectfully,

*/s/ Matthew L. Schwartz*  
Matthew L. Schwartz  
Craig Wenner  
Brianna S. Hills  
BOIES SCHILLER FLEXNER LLP  
55 Hudson Yards  
New York, New York 10001  
Telephone: (212) 446-2300  
Facsimile: (212) 446-2350

*Attorneys for Plaintiffs City of Almaty, Kazakhstan and BTA Bank*

11