# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>         Plaintiffs,<br><br>   -against-<br><br>FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,<br><br>         Defendants. | 19 Civ. 2645 (AJN) (KHP)<br><br>**RESPONSE TO PLANTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** |

S I R S:

  Defendants Felix Sater, Bayrock Group, Inc., and Global Habitat Solutions, Inc. (the "Responding Defendants"), hereby respond to Plaintiffs' Third Request For Production of Documents, dated September 30, 2020 (the "Demand").

## GENERAL OBJECTIONS AND COMMENTS
## APPLICABLE TO ALL REQUESTS

  A. The production by of any documents pursuant to the Demand shall not be deemed or constitute any waiver by Responding Defendants of any objection on any Responding Defendants' part as to the admissibility of any such documents or any of the information contained therein on any ground, for any purpose, including subsequent discovery in or at the trial of this action, or an acquiescence in any description or characterization by Responding Defendants with respect to any such document requested.

B.  The documents that will be furnished pursuant to the Demand have been obtained through inquiry made by counsel to the responsible persons of Responding Defendants. Therefore, it is believed that the documents available for production hereunder are all of the documents requested subject to the exceptions and objections noted in this Response. If any additional documents, the production of which have been requested, are later located or identified in subsequent discovery, then such documents will be produced in accordance with this Response.

C.  Responding Defendants object to the Definitions and Instructions set forth in the Demand to the extent that such definitions or instructions may call for the production of documents or information which are protected by the attorney-client or other applicable privileges, and are violative of the Federal Rules of Civil Procedure and the Rules of the United States District Court for Southern District of New York.

D.  Responding Defendants object to all of the requests to the extent that they seek the production of documents having nothing whatsoever to do with the underlying claims and defenses in the Action and seek only to invade the protections and privileges attributable to settlement discussions.

### RESPONSES TO THE DOCUMENT REQUESTS

**Request No. 1**.

Written communications (e.g., emails, text messages, transcribed voicemails, letters, handwritten notes, or notes concerning any telephone or in-person meeting) for the period from October 9, 2018 to present, whether direct or indirect (i.e., through intermediaries) between, on one hand, Felix Sater or any agent, representative, or associate of Felix Sater or any entity controlled by him and, on the other hand, BTA,

Almaty, or the Republic of Kazakhstan, or any of their agents, associates, or representatives, related to a potential settlement or other resolution, formal or informal, of any and all litigation or legal proceedings between them.

**Response to Request No. 1**

Pursuant to Rule 408 of the Federal Rules of Evidence and applicable law, Responding Defendants object to Request No 1 which requires the production of confidential privileged settlement communications or documents related thereto. In addition, there is no likelihood that admissible evidence will be generated by the dissemination of the terms of such confidential settlement documents and documents related to settlement, all as required under Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs cannot meet their burden of showing that documentation related to settlement related materials are reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 2**.

Written communications (e.g., emails, text messages, transcribed voicemails, letters, handwritten notes, or notes concerning any telephone or in-person meeting) for the period from October 9, 2018 to present, between, on one hand, Felix Sater and, on the other hand, any of his agents, representatives, or associates or any entity controlled by him related to a potential settlement or other resolution, formal or informal, of any and all litigation or legal proceedings between Felix Sater, on one hand, and BTA, Almaty, or the Republic of Kazakhstan, on the other hand. This request includes any communications in which Felix Sater directs any of his agents, representatives, or associates to contact BTA, Almaty, or the Republic of Kazakhstan, or any of their agents, associates, or representatives, concerning any potential settlement or resolution, formal or informal, of any and all litigation or legal proceedings between them.

**Response to Request No. 2**

    See response to Request No 1 above, which is incorporated by reference herein.

Dated: New York, New York
         October 31, 2020

                                            TODD & LEVI, LLP

                                            By:  _s/s/ Jill Levi_           x
                                                     Jill Levi
                                                     David Rosenberg
                                       Attorneys for Responding Defendants
                                       444 Madison Avenue, Suite 1202
                                       New York, New York 10022
                                       Tel: 212-308-7400

TO:    Matthew L. Schwartz, Esq.
          Craig Wenner, Esq.
          BOIES SCHILLER FLEXNER LLP
          55 Hudson Yards
          New York, New York 10001
          Tel: 212 446-2300

4