UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CITY OF ALMATY, KAZAKHSTAN and    :
BTA BANK, JSC,    :
    :  Case No. 19-civ-02645 (AJN) (KHP)
                 Plaintiffs,    :
    :
       -against-    :
    :
FELIX SATER, DANIEL RIDLOFF, BAYROCK  :
GROUP INC., GLOBAL HABITAT SOLUTIONS, :
INC., RRMI-DR LLC, FERRARI HOLDINGS    :
LLC, and MEM ENERGY PARTNERS LLC,    :
    :
              Defendants.    :
------------------------------------------------------------X


## MEMORANDUM OF LAW OF DEFENDANTS FELIX SATER, BAYROCK GROUP INC., AND GLOBAL HABITAT SOLUTIONS, INC. IN OPPOSITION TO MOTION TO COMPEL PRODUCTION IN RESPONSE TO PLAINTIFFS' <u>THIRD SET OF DOCUMENT REQUESTS</u>


TODD & LEVI, LLP

Jill Levi
David Rosenberg
444 Madison Avenue, Suite 1202
New York, New York 10022
Tel: (212) 308-7400

Attorneys for Defendants
Felix Sater, Bayrock Group, Inc.,  and
Global Habitat Solutions, Inc.

## **TABLE OF CONTENTS**

STATEMENT OF THE FACTS   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    THE MOTION SHOULD BE DENINED   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    The Standard For Disclosure of Settlement Communications . . . . . . . . . . 2

    B.    The Burden is on Plaintiffs to Show that
            Settlement Communications Are Relevant   . . . . . . . . . . . . . . . . . . . . . . . . 4

    C.    Plaintiffs Have Failed to Demonstrate
            The Relevance of the Settlement Communications . . . . . . . . . . . . . . . . . . 6

          1.  Plaintiff's First Request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          2.  Plaintiffs' Second Request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

    D.    The Cases Cited by Plaintiffs Do Not Support
            Disclosure of Settlement Communications in This Case   . . . . . . . . . . . . 11

    E.    Plaintiffs Are Not Entitled to Attorneys' Fees   . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**CASES**                                                                      **Page(s)**

Bank Brussels Lambert v. Chase Manhattan Bank, N.A.,
    No. 93 CIV. 5298 LMM RLE,
    1996 WL 71507 (S.D.N.Y. Feb. 20, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

Bottaro v. Hatton Associates,
    96 F.R.D. 158 (E.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Ferguson v. Ruane Cunniff & Goldfarb Inc.,
    No. 17 Civ. 6685 (ALC) (BCM), 2020 WL 4586800
    (S.D.N.Y. Aug 10, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fid. Fed. Sav. & Loan Ass'n v. Felicetti,
    148 F.R.D. 532, 534 (E.D. Pa. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ford v. Am. Signature, Inc.,
    No. 18CV1200V, 2020 WL 435356 (W.D.N.Y. Jan. 28, 2020) . . . . . . . . . . . . 15

Hobbs v. Police Officers of City of New York,
    10 CIV. 5717 SHS HBP, 2013 WL 2985899 (S.D.N.Y. June 17, 2013) . . . . . . . . 5

Morgan Art Found. Ltd. v. McKenzie,
    No. 18 Civ. 4438 (BCM), 2020 WL 3578251 (S.D.N.Y. July 1, 2020) . . . . . . . 11

Morse/Diesel, Inc. v. Trinity Industries, Inc.,
    142 F.R.D. 80 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Pierce v. Underwood
    487 U.S. 523 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Primetime 24 Joint Venture v. Echostar Communications Corp.,
    No. 98CIV.6738(RMB)(MHD),
    2000 WL 97680 (S.D.N.Y. Jan. 28, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Riddel Sports Inc v. Brooks,
    No. 92 CIV. 7851 (PKL), 1995 WL 20260 (S.D.N.Y. Jan. 19, 1995) . . . . . . . . . 4

S.E.C. v. Thrasher,
    No. 92 CIV. 6987, 1996 WL 94533 (S.D.N.Y. Feb. 27, 1996) . . . . . . . . . 3, 13, 14

Santrayll v. Burrell,
    No. 91 Civ. 3166 (PKL), 1998 WL 24375 (S.D.N.Y. Jan. 22, 1998) . . . . . . . . . 11

Tribune Co. v. Purcigliotti,
    No. 93 Civ. 7222 (LAP) (THK), 1996 WL 337277
    (S.D.N.Y. June 19, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

## **STATUTES**

FRCP 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11
FRCP 26(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7, 8
Fed.R.Evid. 408(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-16

This Memorandum of Law is respectfully submitted on behalf of Defendants Felix Sater ("Sater"), Bayrock Group Inc ("Bayrock") and Global Habitat Solutions, Inc. ("Global," together with Sater and Bayrock, the "Sater Defendants"); a) in opposition to Plaintiffs' Motion to Compel Production of Responses (the "Motion") to Plaintiffs' Third Request for Production of Documents (the "Third Request") and b) in response to Plaintiffs' Memorandum of Law dated December 11, 2020 (the "Moving Mem") and the Declaration of Matthew Schwartz dated December 11, 2020 (the "Schwartz Decl").

## STATEMENT OF FACTS

The Sater Defendants respectfully refer this Court to the Declaration of Jill Levi, sworn to December 16, 2020 ("Levi Decl"), submitted in opposition to the Motion, for a complete statement of all relevant facts.  In the interest of brevity, those facts will not be repeated here, but are incorporated by reference.

## PRELIMINARY STATEMENT

Plaintiffs complain that Mr. Sater has "attempt[ed] to dispose of this litigation," by having the audacity to participate in settlement discussions.  Plaintiffs' counsel then seeks to inject themselves into the process, to control same and thwart and chill the settlement dialogue, by seeking all documentation relating to such discussions.   The Court should not sanction this blatant attempt to hijack the settlement process and intrude upon the settlement bargaining table.

1

Simply stated, there is nothing wrong with Mr. Sater engaging in settlement discussions and in relying on the agreement of the parties participating therein not to use same for any purpose whatsoever in the litigation.

In all events, Plaintiffs' counsel should not be permitted to undermine settlement discussions and obtain the discovery they seek where they have, as discussed below, failed to demonstrate the relevance of such communications to any of the claims and defenses in *this* case.   As such, the Motion should be denied.

## ARGUMENT

## THE MOTION SHOULD BE DENIED

### A.      The Standard For Disclosure of Settlement Communications

Although Federal Rule of Evidence 408 ("FRE 408") does not bar discovery of information relating to settlement communications, it does strictly circumscribe the purposes for which such communications may be admissible.  FRE 408 provides as follows:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and

**(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

**(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

"[T]he policy underlying Rule 408 is that settlements are to be encouraged. The courts have generally sought to do so in the context of discovery by applying a modest presumption against disclosure of settlement negotiations in those circumstances in which disclosure seems likely to chill parties' willingness to make the sort of disclosures in settlement discussions that are necessary to achieve agreement." S.E.C. v. Thrasher, No. 92 CIV. 6987, 1996 WL 94533, at *2 (S.D.N.Y. Feb. 27, 1996). "The question . . . is whether an inquisitor should get discovery into the terms of the agreement itself based solely on the hope that it will somehow lead to admissible evidence . . . . Given the strong public policy of favoring settlements and the congressional intent to further that policy by insulating the bargaining table from unnecessary intrusions, we think the better rule is to require some particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement." Morse/Diesel, Inc. v. Trinity Indus., Inc., 142 F.R.D. 80, 84 (S.D.N.Y. 1992) citing Bottaro v. Hatton Assocs., 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (denying motion to compel disclosure of settlement terms where "the terms of settlement do not appear to be reasonably calculated

3

to lead to discovery of admissible evidence and the defendants have not made any

showing to the contrary.")

Based on this strong public policy of favoring settlement, Courts in New York

have recognized that "the fact and substance of settlement negotiations may be treated as

at least presumptively confidential, *particularly if the negotiations are ongoing or*

*unconsummated*."  Primetime 24 Joint Venture v. Echostar Commc'ns Corp., No.

98CIV.6738(RMB)(MHD), 2000 WL 97680, at *4 (S.D.N.Y. Jan. 28, 2000) (emphasis

supplied).  This is because "[t]he court recognizes that disclosure of offers in ongoing

settlement negotiations might have an adverse impact on the settlement process."  Bank

Brussels Lambert v. Chase Manhattan Bank, N.A., No. 93 CIV. 5298 LMM RLE, 1996

WL 71507, at *6 n.1 (S.D.N.Y. Feb. 20, 1996).  Therefore, "absent a 'particularized

showing' of their relation to admissible evidence, documents concerning settlement are

presumed irrelevant and need not be produced."  Riddell Sports, Inc. v. Brooks, No. 92

CIV. 7851 (PKL), 1995 WL 20260, at *1 (S.D.N.Y. Jan. 19, 1995).

**B.    The Burden is on Plaintiffs to Show that**
**       Settlement Communications Are Relevant**

The requirement of a 'particularized showing' for disclosure of settlement

communications is not inconsistent with the standards for obtaining discovery of relevant

information under FRCP 26(b)(1).   Rather, "the requirement of a 'particularized

showing' of a likelihood that admissible evidence will be generated by the dissemination

of the terms of a settlement agreement simply places the burden of establishing relevance

squarely on the party seeking production of the documents withheld.  Similarly, nothing

4

…. suggests that [the] requirement of a "particularized showing" should be construed in a manner inconsistent with the broad application of relevance applicable to discovery matters under Rule 26(b)(1)." <u>Morse/Diesel, Inc.</u>, 142 F.R.D. at 84.  "The effect of this 'particularized showing' requirement is to switch the burden of proof from the party in opposition to the discovery to the party seeking the information." <u>Fid. Fed. Sav. & Loan Ass'n v. Felicetti</u>, 148 F.R.D. 532, 534 (E.D. Pa. 1993).  This court should "follow along the lines of the New York district courts and place the onus on the plaintiffs to show that the documents relating to the settlement negotiations are relevant and likely to lead to the discovery of admissible evidence." <u>Id</u>.[1]

Accordingly, although there may not be a 'heightened standard' to obtain discovery of settlement communications which are protected under FRE 408, Plaintiffs have the burden of showing that such documents are relevant to a particular issue or claim in the pending action.  In order to compel the production of the sought after settlement communications, Plaintiffs must make a particular showing that the settlement communications they seek are relevant under FRCP 26(b)(1), meaning that they are relevant to Plaintiffs' claims *in this case*.  As demonstrated below, Plaintiffs have not, and cannot, make such a showing.

---

[1] After the 2015 amendments to the FRCP, FRCP 26(b)(1) now requires that discovery sought be "relevant to any party's claim or defense" which is narrower than the previous standard of seeking discovery being "reasonably calculated to lead to the discovery of admissible evidence."

C.     **Plaintiffs Have Failed to Demonstrate**
       <u>**The Relevance of the Settlement Communications**</u>

At bar, Plaintiffs seek the disclosure of settlement communications exchanged between and among Mr. Sater and his agents and Plaintiffs and their agents.  It is not disputed by Plaintiffs, nor can it be disputed, that the admissibility of these settlement communications is significantly limited by FRE 408. Fed. R. Evid. 408. Significantly, in determining whether Plaintiffs have made a particularized showing that the sought after settlement communications are "relevant" under F.R.C.P. 26(b)(1), Plaintiff cannot argue that the communications should be disclosed because they are relevant to proving or disproving the validity or amount of Plaintiffs' claims, nor can they argue that the communications are needed to impeach Mr. Sater by a prior inconsistent statement, because such uses are expressly prohibited under FRE 408. <u>Id.</u>; Fed. R. Civ. P. 26.

"Federal Rule of Evidence 408 provides that evidence of compromise offers and negotiations are not admissible to show 'the validity or amount of a disputed claim.' Fed.R.Evid. 408(a). While it is true that Rule 408 applies to admissibility not discoverability of settlement agreements (citations omitted), plaintiff seeks such settlement agreements for no other purpose than that which Rule 408 expressly prohibits, i.e., to establish the value of his claim. Thus, his request neither seeks admissible evidence nor is it reasonably calculated to lead to the discovery of admissible evidence."  <u>Hobbs v. Police Officers of City of New York</u>, No. 10 CIV. 5717 SHS HBP, 2013 WL 2985899, at *2 (S.D.N.Y. June 17, 2013) (denying motion to compel settlement

documents where the only alleged relevance of the documents was to prove or disprove the validity of the moving party's claims, which is prohibited by FRE 408).

Accordingly, in order for Plaintiffs to compel the production of these settlement communications, they must show that the communications are relevant to an actual issue in this case other than to admit such documents for purposes expressly prohibited under FRE 408. At bar, Plaintiffs have not made *any* showing, let alone a particularized showing, that the settlement communications are relevant and should be produced pursuant to FRCP 26(b)(1).

### 1.  Plaintiff's First Request

Plaintiffs' first request, seeks, in general, settlement communications between Mr. Sater and his agents, on the one hand, and Plaintiffs and their agents, on the other hand. After setting forth general reasons as to when settlement communications might be discoverable (see generally the Moving Mem at pp. 5-8), none of which are applicable here,  Plaintiffs then make only a threadbare argument to support their claim that the subject settlement communications are relevant under FRCP 26.  Plaintiffs claim that they "have a right to seek information that they may later use to impeach the Sater Defendants' credibility." (Moving Mem, p. 9).  This *one* sentence constitutes the entirety of Plaintiffs' attempt to demonstrate the relevance of the settlement communications to any claims or defenses *in this case*.  Upon closer examination, Plaintiffs' showing is entirely insufficient to satisfy their burden of demonstrating the relevance of the settlement communications they seek in their Third Request.

Other than using the settlement communications *between the parties* in this case[2] to impeach Mr. Sater through a prior inconsistent statement (which is prohibited under FRE 408), how exactly can offers of settlement or compromise be used to impeach Mr. Sater's credibility in this case?  What will the settlement communications contain that are relevant to Mr. Sater's credibility?  How are settlement communications in 2020 relevant to transactions that occurred more than seven years ago or to Mr. Sater's credibility with respect to such transactions?

 Plaintiffs' one sentence explanation of the purported relevance of the documents utterly fails to show how offers or discussions of compromise can be used to impeach Mr. Sater's credibility within the confines of the permissible uses of such discovery under FRE 408.  To the contrary, it appears that Plaintiffs' intent is to use the settlement communications precisely for the prohibited purpose of impeaching him through a prior inconsistent statement or to establish the validity or value of their alleged claims.

Plaintiffs have failed to satisfy their burden of demonstrating a basis for this Court to compel production under FRCP 26(b) and FRE 408 of ongoing and current settlement

---

[2] Plaintiffs also disingenuously argue that because some of the settlement communications are between Sater (and his agents), on the one hand, and "the Kazakh Government" on the other hand, Sater "has not been talking to the Plaintiffs" about settlement (Moving Mem, p.2). However, Plaintiffs' counsel admitted during the last status conference that the people and/or agencies with whom Sater was attempting to negotiate, exercise some degree of control over this litigation, as such persons and/or entities approve payment of Plaintiffs' legal expenses and the continued prosecution of this case.  In truth, Plaintiffs can obtain the disclosure of any settlement communications directly from the individuals on its side of the negotiating table.  This only leads further credence to Sater's argument that the real motive behind the Motion is to potentially use such evidence against him in violation of FRE 408.  Alternatively, it appears that the Motion is designed to chill any future settlement that is negotiated directly between the parties without counsel.

communications between the parties or their agents.  Any disclosure of such communications is unwarranted and will only have a chilling effect on the potential settlement of this action.

### 2. <u>Plaintiffs' Second Request</u>

Plaintiffs' second request seeks, in general, settlement communications between Mr. Sater, on the one hand, and his "agents, representatives and associates or any entity controlled by him", on the other hand, "including communications in which Felix Sater directs any of his agents, representatives or associates to contact" Plaintiffs and their agents "concerning any potential settlement or resolution."  (Schwartz Decl, Ex. 1, p. 6). As with Plaintiffs' first request, Plaintiffs also fail to demonstrate how the documents sought in Plaintiffs' second request are relevant and should be produced.

As explained above, Plaintiffs have failed to make any showing how current, ongoing settlement communications in 2020 could be relevant to Mr. Sater's credibility, other than to impeach with an inconsistent statement, which is prohibited under FRE 408. The only other argument made by Plaintiffs is that such communications may be relevant to show the potential bias or prejudice of Sater as a witness in this case.  (Moving Mem at pp. 9-10). This argument also fails, for several reasons.

First, Sater is a party to this case, not a "witness," and is the controlling member or principal of all of the other defendants who are not in default, other than Defendants RRMI-DR LLC ("RRMI") and Daniel Ridloff (which Defendants are represented by the same counsel as the Sater Defendants).  Accordingly, any argument that Plaintiffs need

the settlement communications to show prejudice or bias is silly.   Mr. Sater and his codefendants who are not in default are parties, not 'neutral' 'unbiased' witnesses. Moreover, contrary to Plaintiffs' claim otherwise (Moving Mem at p. 10), if the case settles as to the Sater Defendants, that settlement would include Mr. Ridloff and RRMI. Mr. Sater will therefore not be a critical witness against the remaining defendants, as the remaining defendants are all defaulting defendants.

Second, Plaintiffs have not even attempted to make any showing how the settlement communications could possibly be relevant to any alleged bias or prejudice. As explained below, the cases relied upon by Plaintiffs, in which settlement communications are relevant to an alleged bias or prejudice, usually involve the bias or prejudice of a witness who has received some sort of compensation pursuant to a settlement agreement with a third party, and is therefore biased in his testimony.  Here, there is no settlement agreement, Sater has not received any compensation in connection therewith, and the settlement communications have been exchanged between the parties or their respective agents.  Simply put, how can an offer of compromise made by a party to an adverse party in this action be relevant to a claim of bias against the same adverse party?  Plaintiffs' argument regarding the relevance to show "bias" or "prejudice" is not only unfounded, it simply makes no sense.[3]

---

[3] Similarly, to the extent that Plaintiffs seek settlement communications with "the former U.S. Defense official now working at Sater's direction" (Moving Mem at p.1) to show the "bias" or "prejudice," such person is not a witness in this case, has no personal knowledge of any of the events which constitute the claims or defenses of this action, and in general, has no role in this litigation other than as an agent of Sater in connection with settlement negotiations.  Any argument that communications with this individual in 2020 are relevant to claims based on

Accordingly, Plaintiffs have failed to make any showing, let alone a "particularized showing," of how the settlement communications sought between the parties or between their agents are relevant under FRCP 26.  Discovery should be tailored to the subject claims and defenses, not be a fishing expedition designed to have Plaintiffs' counsel retain control over and disrupt the settlement narrative.

Accordingly, since Plaintiffs have failed to demonstrate relevance under FRCP 26 or any purpose for the discovery which is not prohibited under FRE 408, the Motion should be denied in its entirety.

### D.     The Cases Cited by Plaintiffs Do Not Support Disclosure of Settlement Communications in This Case

Plaintiffs heavily rely on cases that share one common distinguishing fact—they involve the discovery of finalized settlement *agreements*, not ongoing settlement *discussions*. This is an important distinction.  Plaintiffs' cite an abundance of cases which permit the discovery of prior, finalized, settlement agreements. *See* Morgan Art Found. Ltd. v. McKenzie, No. 18 Civ. 4438 (BCM), 2020 WL 3578251 (S.D.N.Y. July 1, 2020); Tribune Co. v. Purcigliotti, No. 93 Civ. 7222 (LAP) (THK), 1996 WL 337277 (S.D.N.Y. June 19, 1996); Santrayll v. Burrell, No. 91 Civ. 3166 (PKL), 1998 WL 24375 (S.D.N.Y. Jan. 22, 1998).  All of these cases (unlike at bar) share a similar set of facts: 1) a key fact witness, 2) who has entered into a prior settlement agreement, and 3) who the Court has

---

events occurring more than seven years before this individual became involved in such settlement negotiations, is plainly ridiculous and unfounded.

determined presents a risk of providing biased or prejudiced testimony under the terms of their respective prior settlement agreements. *See* <u>Id</u>.

For example, in <u>Tribune v. Purcigliotti</u>, <u>supra</u>, the Court granted a motion seeking the discovery of the terms of a finalized settlement agreement between the plaintiffs and a *former* defendant who was almost certain to provide pivotal testimony at trial. <u>Id</u>. at *2. The Court based its decision, in part, on account of the potential bias of having a former defendant testify favorably for the plaintiffs (and thus unfavorably for defendants) in exchange for a promise to be released from liability. In that case, the settlement agreement was directly relevant to the witness's motivation for testifying, and thus could be relevant to the witness's bias or prejudice.

Plaintiffs' also cite <u>Ferguson v. Ruane Cunniff & Goldfarb Inc.</u>, No. 17 Civ. 6685 (ALC) (BCM), 2020 WL 4586800 (S.D.N.Y. Aug 10, 2020), to argue that "Rule 408 'does not require any special restriction on Rule 26 because the discovery rules do not affect admissibility.'" (Moving Mem, p.7). <u>Ferguson</u>, 2020 WL 4586800 at *3-4, <u>citing</u> <u>Bank Brussels Lambert v. Chase Manhattan Bank, N.A.</u>, 1996 WL 71507 (S.D.N.Y. Feb. 20, 1996). While Rule 408 may not require any "special restriction" on Rule 26, Plaintiffs' threshold burden of relevancy under Rule 26 must be met in light of the policies underlying Rule 408. <u>Id</u>.  In fact, in <u>Ferguson,</u> the court ordered disclosure of a completed settlement agreement between a class of certain defendants based, in part, upon its finding that "in the event that any of the parties to the [Settlement Agreement] were to testify in this action, the existence and terms of the [Settlement Agreement] could bear on the credibility of their testimony."  <u>Ferguson</u>, 2020 WL 4586800 at *4.

At bar, there is no settlement agreement of any kind between Sater and Plaintiffs, and certainly no settlement agreement which is in any way relevant to Sater's motivation to provide biased or prejudiced testimony.  Accordingly, the cases cited by Plaintiffs which involve the discovery of finalized settlement agreements are inapposite.

In fact, Plaintiffs fail to cite a single case involving the discovery of information related to ongoing settlement discussions between the parties in an action. The only case cited by Plaintiffs involving the discovery of settlement communication is S.E.C. v. Thrasher, No. 92 CIV. 6987, 1996 WL 94533 (S.D.N.Y. Feb. 27, 1996). Plaintiffs argue that, under Thrasher, "courts routinely grant requests for information disclosed in settlement discussions . . . to impeach credibility." (Moving Mem, p. 8).  However, Plaintiffs mischaracterize the Thrasher precedent, and fail to state the correct standard plainly articulated by the Court therein.

Thrasher involved the discovery of particularized facts from past—stale—settlement negotiations between a key witness (who was not a named party in the action) and the U.S. Securities and Exchange Commission. Id. at 1. The Thrasher Court recited the correct standard, that "a modest presumption against disclosure of settlement negotiations" is proper when "disclosure seems likely to chill parties' willingness to make the sort of disclosures in settlement discussions that are necessary to achieve agreement." Thrasher, at *2.  The Court explained that "a party may rebut" the presumption against disclosure of settlement discussions by "demonstrating a need for such discovery." Id.

In <u>Thrasher</u>, the moving party requested a "narrowly defined category of information" and identified a "specific and permissible" use of such information under the Federal Rules of Evidence. <u>Id</u>. at *3. The Court reasoned that disclosure of the requested information was not likely to "chill parties' willingness to make the sort of disclosures in settlement discussions that are necessary to achieve agreement," because the request "does not ask for any material reflecting the parties' respective positions in settlement negotiations or indeed any representations of [a named party in the litigation]." <u>Id</u>. at *2. The requested information was limited to "segments of the documents, if any, that contain representations sought by defendant." <u>Id</u>. at *3. Therefore, Plaintiff's reliance on <u>Thrasher</u> to argue that Courts should liberally grant discovery requests for information related to ongoing settlement discussions is entirely misplaced.

The present facts are unlike <u>Thrasher</u>. Plaintiffs are not requesting limited information tied to a specific and permissible use. Conversely, Plaintiffs are requesting broad disclosures of all written communications between Mr. Sater and his agents over the past twenty-six months (Moving Mem, p. 3), including "material reflecting the parties' respective positions," <u>Thrasher</u> at *2, which the <u>Thrasher</u> court concluded was not proper.

Moreover, even if Plaintiffs' requests were specific and limited in scope, they would still fail to meet their burden of providing a permissible use of such information under FRE 408. The information requested is of the exact type and nature sought to be protected by the heightened standard as recited in <u>Thrasher</u>. If Mr. Sater is compelled to produce settlement communications with his agents, i.e. his entire settlement strategy,

14

there is no doubt that it will result in the chilling effect of halting all settlement discussions.

Accordingly, the cases cited by Plaintiffs do not support the relief requested in the Motion.  Plaintiffs' cannot meet their burden of showing a "specific and permissible" use of the information requested because there is none. And, Plaintiffs have failed to demonstrate relevance to the claims and defenses in this action. Accordingly, the Motion should be denied in its entirety.

E.     **Plaintiffs Are Not Entitled to Attorneys' Fees**

Pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, which governs payment of expenses on a motion to compel, "the court must not order this payment if…. (ii) the opposing party's nondisclosure, response or objection was substantially justified." Fed. R. Civ. P. 37 (a)(5). "Substantially justified means that there was a genuine dispute over a legal issue regarding production."  Ford v. Am. Signature, Inc., No. 18CV1200V, 2020 WL 435356, at *4 (W.D.N.Y. Jan. 28, 2020), citing Pierce v. Underwood, 487 U.S. 552 (1988).   As demonstrated above, Plaintiff's demand for disclosure of settlement communications is not supported by either the relevant case law or the facts of this case.

Indeed, to this day, Plaintiffs have still failed to demonstrate how the settlement communications sought in their Third Request are relevant to any issue in this action. Moreover, after reading the Motion, and considering the continued obstructionist conduct of Plaintiffs' counsel regarding settlement, it is clear that the only purported purpose for disclosure of the settlement communications exchanged between Mr. Sater and agents of

15

Plaintiffs (who appear to control the payment of Plaintiffs' legal expenses), is to either use such communications against Mr. Sater in contravention of FRE 408 or to quell entirely all further settlement dialogue between the parties.

In sum, as set forth above, Plaintiffs are not entitled to recover their attorneys' fees for making the Motion, which Motion should be denied in its entirety. [4]

## CONCLUSION

For all of the foregoing reasons and those set forth in the Levi Decl, the Sater Defendants respectfully request that the Motion be denied in its entirety, together with such other and further relief as the Court deems proper.

Dated: New York, New York
December 16, 2020

TODD & LEVI, LLP

By:   /s/ Jill Levi
Jill Levi
444 Madison Avenue, Suite 1202
New York, New York 10022
Tel: (212) 308-7400

---

[4] Plaintiffs half-heartedly requested fees in the Moving Mem only and significantly failed to include such request in their Notice of Motion.

16