

CRAIG WENNER
Tel.: (212) 909-7625
E-mail: cwenner@bsfllp.com

January 5, 2021

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

**Re:** ***City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*, Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (AJN) (KHP)**

Dear Judge Parker:

We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities") and write regarding the failure of Moses & Singer LLP to complete its production of documents in response to a third-party subpoena. After ten months of meeting and conferring and several admittedly incomplete productions, Moses & Singer committed to completing its production by December 4, 2020. [*See* ECF No. 237.] On that date, Moses & Singer made its third partial production. But again, Moses & Singer admits that its review of potentially responsive records continues and that its subpoena response is not yet complete.

Under the current court-ordered schedule, any motion to compel or quash the Moses & Singer subpoena is due today. *Id.* But Moses & Singer represented earlier today that it intends to make a final production by the end of this week. That being so, and notwithstanding Moses & Singer's failure to complete its production, the Kazakh Entities believe it would be inappropriate to burden the Court with a motion to compel before reviewing this final production. Accordingly, and akin to what the Court recently did with respect to a similar issue with defendant Felix Sater's production [ECF No. 259], the Kazakh Entities respectfully request that the Court so-order a January 8, 2021 deadline for Moses & Singer's production, on pain of sanctions. The Kazakh Entities will be prepared to report on the status of Moses & Singer's response and any remaining deficiencies at the presently-scheduled January 11 case management conference.

## Background

On March 10, 2020, the Kazakh Entities served a subpoena on Moses & Singer calling for documents concerning the transfer of funds between Moses & Singer and Felix Sater, Daniel Ridloff, and associated entities. *See* Exhibit A (subpoena dated March 10, 2020). Moses & Singer is one of Sater's longtime law firms, and he often used Moses & Singer's attorney escrow account to move funds traceable to the money stolen from the Kazakh Entities. The Kazakh Entities' document requests were narrowly tailored based on previously-obtained bank records, which demonstrate that the entities listed in the subpoena were involved in the money laundering schemes alleged in the Complaint. For example, the Syracuse Center purchase was funded by $1,900,000 stolen from the Kazakh Entities and transferred from the account of Ilyas Khrapunov's entity Adlux to Moses & Singer's escrow account on or about July 10, 2013. [*See* ECF No. 120 ¶ 188.]



In another example, Sater used several of his shell companies to wire Moses & Singer proceeds from the Tri-County Mall sale, an investment again funded with the Kazakh Entities' stolen funds, as described in the Complaint. [*Id.* ¶¶ 191–261.] In early October 2013, Sater transferred $36 million of the Tri-County proceeds to the account of his company Sands Point Partners Fund L.P. Sater withdrew $2 million in cash, transferred $950,000 directly to Moses & Singer, and then transferred $32 million to the account of Sands Point Partners Group GP. After settling a dispute with Ilyas Khrapunov and Triadou, Sater transferred $20 million of the Tri-County proceeds to the account of a company owned by his wife, Viktoria's Gourmet Foods, LLC, which then transferred that $20 million to Moses & Singer. Moses & Singer transferred the $20 million to Argon Holding Corp., which is another entity controlled by Khrapunov. These are just two of many examples where Moses & Singer transferred money to and from accounts associated with the defendants in this case, including MeM Energy Partners LLC and Bayrock Group Inc.

After conferring with Robert Wolf of Moses & Singer, the Kazakh Entities agreed to give the firm until May 8, 2020, to respond to the subpoena – more than 30 extra days. Moses & Singer served objections to the subpoena on May 11, 2020. Moses & Singer did not object to producing responsive records, but stated that its resources for responding were limited due to the pandemic. *See* Exhibit B. In light of the difficulties Moses & Singer stated it was facing, and at its request, we provided a list of relevant transactions for which Moses & Singer should have responsive records in order to assist the firm in locating documents. We also agreed to limit the time period for the subpoena to January 1, 2012, to December 31, 2014. We then provided the Court with a status update regarding the subpoena on June 15, 2020, and noted that we had agreed to provide Moses & Singer another additional 30 days to respond to the subpoena until July 15, 2020. [ECF No. 196.] The Kazakh Entities later agreed to a third 30-day extension in light of complications raised by the pandemic, making Moses & Singer's deadline to respond to the subpoena August 15, 2020. [ECF No. 209.]

On August 15, 2020, the agreed-upon deadline to respond, Moses & Singer produced a one-page, redacted spreadsheet of escrow account activity, but no backup documents relating to the five transactions listed on the document. We followed up, identifying the obvious deficiencies in the production and identifying additional examples of transactions involving Moses & Singer of which we were aware. Moses & Singer then agreed to complete its production by October 5, 2020. [ECF No. 214.] On October 6, 2020, it produced just seven additional pages of documents, including the unredacted version of the escrow account spreadsheet and two entries from bank account statements. We again identified deficiencies in the production—for example, Moses & Singer had yet to produce any records concerning its receipt of $950,000 from Sands Point Partners—and requested a supplemental production. Moses & Singer promised to follow up by October 26. [ECF No. 226, 228.] Eventually, another attorney at Moses & Singer took over the subpoena response, and the firm agreed to complete its production by December 4, 2020. We updated the Court with that proposed deadline and a proposed deadline of January 5, 2021, for a motion to compel, which the Court so-ordered. [ECF No. 237.]

Moses & Singer made a production of 33 documents on December 4, including a handful of communications about relevant transfers and requests to wire money. These documents are responsive to the subpoena, again confirming that Moses & Singer is not objecting to producing responsive documents. But the production is still incomplete, as Moses & Singer also "reserve[d] its right to supplement and amend its responses to the Subpoena where necessary or appropriate



upon further investigation" and served a second set of untimely objections to the subpoena. *See* Exhibit C. After we again listed the deficiencies in the production, Moses & Singer confirmed that the firm's review of potentially responsive documents was not complete and was not intended to be Moses & Singer's final production, notwithstanding its prior commitment and the court-ordered schedule. Reportedly, the firm's accounting team recently identified additional hard files that may be responsive to the subpoena, but which have not yet been reviewed. Today, Moses & Singer stated the firm would make a final production by the end of this week, *i.e.*, by Friday, January 8.

**Discussion**

Federal Rule of Civil Procedure 45 permits parties to obtain discovery from non-parties to the same extent as Rule 26, meaning that the information must be relevant to the claims and defenses and proportional to the needs of the case. The serving party may move the court at any time for an order compelling production or inspection. Fed. R. Civ. P. 45(d)(2)(B)(i). Further, the Court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g).

The defendants in this case moved stolen funds through a complex network of shell entities and accounts managed by their agents, including Moses & Singer. The paper record evidencing these transfers and the purported reasons for them is probative of the Kazakh Entities' claims that the defendants transferred, received, and hid their transfer and receipt of, stolen money.

After ten months, Moses & Singer had produced less than 40 documents in total. After each of its three productions, we identified deficiencies, including documents evidencing what Moses & Singer did with the Kazakh Entities' money that the defendants in this case moved through Moses & Singer accounts and why. Each time we identified deficiencies, Moses & Singer eventually made a subsequent production that partially addressed the problems, but that remained admittedly incomplete. The Court has seen this pattern before. [*See* ECF No. 259 (Order extending Sater's production deadline to January 5 and permitting the Kazakh Entities to reopen Sater's deposition to appear for a second deposition based on later-produced documents).]

Like its client Sater, Moses & Singer has repeatedly failed to complete its production by dates the firm itself agreed to and relied on by the Kazakh Entities and the Court. Rather than file a motion to compel—given the firm's commitment to make a final production by the end of this week, and its lack of meaningful or timely objection to the substance of the subpoena—the Kazakh Entities respectfully request that the Court so-order the January 8, 2021 deadline on pain of contempt.[1] As with Sater, if Moses & Singer's production remains incomplete at that time, it should be subject to sanctions including but not limited to the deposition of a corporate representative at Moses & Singer's expense (including fees). The Kazakh Entities will be prepared to update the Court on the status of Moses & Singer's production at the January 11 status conference, which can be treated as a pre-motion conference for sanctions to the extent the firm's production remains incomplete.

[1] Alternatively, the Kazakh Entities respectfully request that this letter be treated as a motion to compel, as it sets out the clear relevance and need for the subpoenaed documents (which is, in any event, not really questioned).



Thank you for your consideration.

Respectfully,

*/s/ Craig Wenner*
Craig Wenner

cc: John Baranello, Moses & Singer LLP (by email)