# Exhibit A

Case 1:19-cv-02645-AJN-KHP   Document 260-1   Filed 01/05/21   Page 2 of 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

City of Almaty, Kazakhstan, et ano. )
*Plaintiff* )
v. ) Civil Action No. 19 Civ. 2645 (AJN) (KHP)
Felix Sater, et al. )
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Moses & Singer LLP
405 Lexington Ave., New York, NY 10174

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Boies Schiller Flexner LLP<br>55 Hudson Yards, 20th Floor<br>New York, NY 10001 | Date and Time:<br>04/03/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/10/2020

*CLERK OF COURT*

OR

_____     /s/ Craig Wenner
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* City of Almaty Kazakhstan and BTA Bank JSC , who issues or requests this subpoena, are:

Craig Wenner, Boies Schiller Flexner LLP, 55 Hudson Yards, New York NY 10001, cwenner@bsfllp.com, 212-909-7625

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:19-cv-02645-AJN-KHP   Document 260-1   Filed 01/05/21   Page 3 of 6

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19 Civ. 2645 (AJN) (KHP)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                                       _____
                                                         *Server's signature*

                                                         _____
                                                         *Printed name and title*

                                                         _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

RE: CITY OF ALMATY
SUBPOENA FOR PRODUCTION OF DOCUMENTS

## ATTACHMENT A TO RULE 45 SUBPOENA TO MOSES & SINGER LLP

### Definitions and Instructions

As used in these requests, the following items shall have the meanings set forth below, unless otherwise indicated:

1. "CONCERNING" includes referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, referencing, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, and pertaining to.
2. "DOCUMENT(S)" shall have the broadest possible meaning ascribed to it under federal law, including but not limited to all written, typed, recorded, or graphic matter, however produced or reproduced, of any kind or description, including originals, non-identical copies and drafts, and all other materials discoverable under federal law. It includes all letters, agreements, emails, diaries, records, reports, memoranda, notes, notebooks, drafts, work sheets, graphs, films, photographs, video and audio tapes, recordings, transcripts, papers, files, ledgers, books of account, vouchers, bank checks, wire transfer, bank statements, verifications of deposits, deposit information, withdrawal information, debits, money orders, signature cards, invoices, charge slips, and other writings. It also includes electronically stored information in any form, such as phone records, email, text, SMS, or any form of instant messaging available on any electronic device including through WhatsApp or any other messaging software or application, both as to log or metadata and the content of communications.
3. "PERSON(S)" shall mean and refer to any natural person or firm, association, organization, partnership, business, trust, corporation, public agency, and/or any other form of entity.
4. "YOU" and "YOUR" shall mean and refer to Moses & Singer LLP and any person or entity, past or present, acting on his behalf, including but not limited to any present and former employees, attorneys, agents, and/or representatives.
5. "INDIVIDUALS" shall mean and refer to any of the following individuals:
    a. Felix Sater
    b. Daniel Ridloff
6. "ENTITIES" shall mean and refer to any of the following entities:
    a. Vilder Company
    b. RPM USA
    c. ADLUX
    d. Argon Holding Corp.
    e. Agron OPCO Inc.
    f. Syracuse Center LLC
    g. Tri-County Mall Investors LLC
    h. Swansea Mall Investors, LLC
    i. Payment Card Systems
    j. World Health Networks, Inc.
    k. Bespoke Services Corporation
    l. Bespoke Services Group
    m. Litco LLC

RE: CITY OF ALMATY
SUBPOENA FOR PRODUCTION OF DOCUMENTS

| | |
|---|---|
| n. | Bayrock Group Inc. |
| o. | Global Habitat Solutions, Inc. |
| p. | RRMI-DR LLC |
| q. | Chabrier Avocats |
| r. | Triadou SPG S.A. |
| s. | SDG Capital |
| t. | Swiss Development Group |
| u. | Swiss Promotion Group |
| v. | Crownway Ltd. |
| w. | Niel Telecom S.A. |
| x. | Telford International Ltd. |
| y. | Bayrock Group LLC |
| z. | Creacard SA |
| aa. | Crownway Limited |
| bb. | Health Station Networks Inc. |
| cc. | Ignoramus Limited |
| dd. | Law Offices of Arnold D. Herz |
| ee. | Maro Enterprises LLC |
| ff. | MeM Energy Partners LLC |
| gg. | Payment Card Systems |
| hh. | RPM-MARO LLC |
| ii. | RRMI-DR LLC |
| jj. | SoHo 3202 LLC |
| kk. | SoHo 3310 LLC |
| ll. | SoHo 3311 LLC |
| mm. | Swiss RPM SA |
| nn. | Techvest SA |
| oo. | Titan Atlas Manufacturing |
| pp. | Triadou SPV SA |

## Requests for Production

YOU are required to produce all non-privileged DOCUMENTS described below that are in YOUR possession, custody, or control, including those DOCUMENTS that are in the possession, custody, or control of YOUR employees, partners, consultants, attorneys, accounts, tax preparers, representatives, agents, or any other person acting or purporting to act as YOU. Unless otherwise specified, each of the below requests refers to the time period from January 1, 2012, to the present.

1. All documents concerning any transfer of funds into, out of, or between accounts associated with the entities, including with attorney escrow accounts.

2. All documents concerning any transfer of funds into, out of, or between accounts associated with the Individuals, or any entities owned or controlled by the Individuals.