

CRAIG WENNER
Tel.: (212) 909-7625
E-mail: cwenner@bsfllp.com

January 5, 2021

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2021
```

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

Re:   *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (AJN) (KHP)

Dear Judge Parker:

We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities") and write regarding the failure of Moses & Singer LLP to complete its production of documents in response to a third-party subpoena. After ten months of meeting and conferring and several admittedly incomplete productions, Moses & Singer committed to completing its production by December 4, 2020. [*See* ECF No. 237.] On that date, Moses & Singer made its third partial production. But again, Moses & Singer admits that its review of potentially responsive records continues and that its subpoena response is not yet complete.

Under the current court-ordered schedule, any motion to compel or quash the Moses & Singer subpoena is due today. *Id.* But Moses & Singer represented earlier today that it intends to make a final production by the end of this week. That being so, and notwithstanding Moses & Singer's failure to complete its production, the Kazakh Entities believe it would be inappropriate to burden the Court with a motion to compel before reviewing this final production. <u>Accordingly, and akin to what the Court recently did with respect to a similar issue with defendant Felix Sater's production [ECF No. 259], the Kazakh Entities respectfully request that the Court so-order a January 8, 2021 deadline for Moses & Singer's production, on pain of sanctions. The Kazakh Entities will be prepared to report on the status of Moses & Singer's response and any remaining deficiencies at the presently-scheduled January 11 case management conference.</u>

## Background

On March 10, 2020, the Kazakh Entities served a subpoena on Moses & Singer calling for documents concerning the transfer of funds between Moses & Singer and Felix Sater, Daniel Ridloff, and associated entities. *See* Exhibit A (subpoena dated March 10, 2020). Moses & Singer is one of Sater's longtime law firms, and he often used Moses & Singer's attorney escrow account to move funds traceable to the money stolen from the Kazakh Entities. The Kazakh Entities' document requests were narrowly tailored based on previously-obtained bank records, which demonstrate that the entities listed in the subpoena were involved in the money laundering schemes alleged in the Complaint. For example, the Syracuse Center purchase was funded by $1,900,000 stolen from the Kazakh Entities and transferred from the account of Ilyas Khrapunov's entity Adlux to Moses & Singer's escrow account on or about July 10, 2013. [*See* ECF No. 120 ¶ 188.]



In another example, Sater used several of his shell companies to wire Moses & Singer proceeds from the Tri-County Mall sale, an investment again funded with the Kazakh Entities' stolen funds, as described in the Complaint. [*Id.* ¶¶ 191–261.] In early October 2013, Sater transferred $36 million of the Tri-County proceeds to the account of his company Sands Point Partners Fund L.P. Sater withdrew $2 million in cash, transferred $950,000 directly to Moses & Singer, and then transferred $32 million to the account of Sands Point Partners Group GP. After settling a dispute with Ilyas Khrapunov and Triadou, Sater transferred $20 million of the Tri-County proceeds to the account of a company owned by his wife, Viktoria's Gourmet Foods, LLC, which then transferred that $20 million to Moses & Singer. Moses & Singer transferred the $20 million to Argon Holding Corp., which is another entity controlled by Khrapunov. These are just two of many examples where Moses & Singer transferred money to and from accounts associated with the defendants in this case, including MeM Energy Partners LLC and Bayrock Group Inc.

After conferring with Robert Wolf of Moses & Singer, the Kazakh Entities agreed to give the firm until May 8, 2020, to respond to the subpoena – more than 30 extra days. Moses & Singer served objections to the subpoena on May 11, 2020. Moses & Singer did not object to producing responsive records, but stated that its resources for responding were limited due to the pandemic. *See* Exhibit B. In light of the difficulties Moses & Singer stated it was facing, and at its request, we provided a list of relevant transactions for which Moses & Singer should have responsive records in order to assist the firm in locating documents. We also agreed to limit the time period for the subpoena to January 1, 2012, to December 31, 2014. We then provided the Court with a status update regarding the subpoena on June 15, 2020, and noted that we had agreed to provide Moses & Singer another additional 30 days to respond to the subpoena until July 15, 2020. [ECF No. 196.] The Kazakh Entities later agreed to a third 30-day extension in light of complications raised by the pandemic, making Moses & Singer's deadline to respond to the subpoena August 15, 2020. [ECF No. 209.]

On August 15, 2020, the agreed-upon deadline to respond, Moses & Singer produced a one-page, redacted spreadsheet of escrow account activity, but no backup documents relating to the five transactions listed on the document. We followed up, identifying the obvious deficiencies in the production and identifying additional examples of transactions involving Moses & Singer of which we were aware. Moses & Singer then agreed to complete its production by October 5, 2020. [ECF No. 214.] On October 6, 2020, it produced just seven additional pages of documents, including the unredacted version of the escrow account spreadsheet and two entries from bank account statements. We again identified deficiencies in the production—for example, Moses & Singer had yet to produce any records concerning its receipt of $950,000 from Sands Point Partners—and requested a supplemental production. Moses & Singer promised to follow up by October 26. [ECF No. 226, 228.] Eventually, another attorney at Moses & Singer took over the subpoena response, and the firm agreed to complete its production by December 4, 2020. We updated the Court with that proposed deadline and a proposed deadline of January 5, 2021, for a motion to compel, which the Court so-ordered. [ECF No. 237.]

Moses & Singer made a production of 33 documents on December 4, including a handful of communications about relevant transfers and requests to wire money. These documents are responsive to the subpoena, again confirming that Moses & Singer is not objecting to producing responsive documents. But the production is still incomplete, as Moses & Singer also "reserve[d] its right to supplement and amend its responses to the Subpoena where necessary or appropriate



upon further investigation" and served a second set of untimely objections to the subpoena. *See* Exhibit C. After we again listed the deficiencies in the production, Moses & Singer confirmed that the firm's review of potentially responsive documents was not complete and was not intended to be Moses & Singer's final production, notwithstanding its prior commitment and the court-ordered schedule. Reportedly, the firm's accounting team recently identified additional hard files that may be responsive to the subpoena, but which have not yet been reviewed. Today, Moses & Singer stated the firm would make a final production by the end of this week, *i.e.*, by Friday, January 8.

## Discussion

Federal Rule of Civil Procedure 45 permits parties to obtain discovery from non-parties to the same extent as Rule 26, meaning that the information must be relevant to the claims and defenses and proportional to the needs of the case. The serving party may move the court at any time for an order compelling production or inspection. Fed. R. Civ. P. 45(d)(2)(B)(i). Further, the Court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g).

The defendants in this case moved stolen funds through a complex network of shell entities and accounts managed by their agents, including Moses & Singer. The paper record evidencing these transfers and the purported reasons for them is probative of the Kazakh Entities' claims that the defendants transferred, received, and hid their transfer and receipt of, stolen money.

After ten months, Moses & Singer had produced less than 40 documents in total. After each of its three productions, we identified deficiencies, including documents evidencing what Moses & Singer did with the Kazakh Entities' money that the defendants in this case moved through Moses & Singer accounts and why. Each time we identified deficiencies, Moses & Singer eventually made a subsequent production that partially addressed the problems, but that remained admittedly incomplete. The Court has seen this pattern before. [*See* ECF No. 259 (Order extending Sater's production deadline to January 5 and permitting the Kazakh Entities to reopen Sater's deposition to appear for a second deposition based on later-produced documents).]

Like its client Sater, Moses & Singer has repeatedly failed to complete its production by dates the firm itself agreed to and relied on by the Kazakh Entities and the Court. Rather than file a motion to compel—given the firm's commitment to make a final production by the end of this week, and its lack of meaningful or timely objection to the substance of the subpoena—the Kazakh Entities respectfully request that the Court so-order the January 8, 2021 deadline on pain of contempt.[1] As with Sater, if Moses & Singer's production remains incomplete at that time, it should be subject to sanctions including but not limited to the deposition of a corporate representative at Moses & Singer's expense (including fees). The Kazakh Entities will be prepared to update the Court on the status of Moses & Singer's production at the January 11 status conference, which can be treated as a pre-motion conference for sanctions to the extent the firm's production remains incomplete.

---

[1] Alternatively, the Kazakh Entities respectfully request that this letter be treated as a motion to compel, as it sets out the clear relevance and need for the subpoenaed documents (which is, in any event, not really questioned).



Thank you for your consideration.

                          Respectfully,

                          */s/ Craig Wenner*
                          Craig Wenner

cc:    John Baranello, Moses & Singer LLP (by email)

---

Pursuant to Plaintiffs' above request, Moses & Singer's shall file its response to this letter by no later than January 8, 2021.  Counsel for the Kazakh Entities shall serve a copy of this endorsement on Moses & Singer as soon as is practicable.

**SO ORDERED:**

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Date: January 6, 2021

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| City of Almaty, Kazakhstan, et ano. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19 Civ. 2645 (AJN) (KHP) |
| Felix Sater, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Moses & Singer LLP
405 Lexington Ave., New York, NY 10174

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Boies Schiller Flexner LLP<br>55 Hudson Yards, 20th Floor<br>New York, NY 10001 | Date and Time:<br>04/03/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/10/2020

*CLERK OF COURT*

OR

_____          /s/ Craig Wenner
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* City of Almaty Kazakhstan and BTA Bank JSC , who issues or requests this subpoena, are:

Craig Wenner, Boies Schiller Flexner LLP, 55 Hudson Yards, New York NY 10001, cwenner@bsfllp.com, 212-909-7625

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:19-cv-02645-AJN-KHP   Document 261-1   Filed 10/05/21   Page 7 of 17

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19 Civ. 2645 (AJN) (KHP)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:19-cv-02645-AJN-KHP Document 261-1 Filed 11/05/21 Page 4 of 7
Case 1:19-cv-02645-AJN-KHP Document 260-1 Filed 11/05/21 Page 8 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 1:19-cv-02645-AJN-KHP Document 261-1 Filed 11/05/21 Page 9 of 17

*RE: CITY OF ALMATY*
*SUBPOENA FOR PRODUCTION OF DOCUMENTS*

## ATTACHMENT A TO RULE 45 SUBPOENA TO MOSES & SINGER LLP

### Definitions and Instructions

As used in these requests, the following items shall have the meanings set forth below, unless otherwise indicated:

1. "CONCERNING" includes referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, referencing, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, and pertaining to.
2. "DOCUMENT(S)" shall have the broadest possible meaning ascribed to it under federal law, including but not limited to all written, typed, recorded, or graphic matter, however produced or reproduced, of any kind or description, including originals, non-identical copies and drafts, and all other materials discoverable under federal law. It includes all letters, agreements, emails, diaries, records, reports, memoranda, notes, notebooks, drafts, work sheets, graphs, films, photographs, video and audio tapes, recordings, transcripts, papers, files, ledgers, books of account, vouchers, bank checks, wire transfer, bank statements, verifications of deposits, deposit information, withdrawal information, debits, money orders, signature cards, invoices, charge slips, and other writings. It also includes electronically stored information in any form, such as phone records, email, text, SMS, or any form of instant messaging available on any electronic device including through WhatsApp or any other messaging software or application, both as to log or metadata and the content of communications.
3. "PERSON(S)" shall mean and refer to any natural person or firm, association, organization, partnership, business, trust, corporation, public agency, and/or any other form of entity.
4. "YOU" and "YOUR" shall mean and refer to Moses & Singer LLP and any person or entity, past or present, acting on his behalf, including but not limited to any present and former employees, attorneys, agents, and/or representatives.
5. "INDIVIDUALS" shall mean and refer to any of the following individuals:
    a. Felix Sater
    b. Daniel Ridloff
6. "ENTITIES" shall mean and refer to any of the following entities:
    a. Vilder Company
    b. RPM USA
    c. ADLUX
    d. Argon Holding Corp.
    e. Agron OPCO Inc.
    f. Syracuse Center LLC
    g. Tri-County Mall Investors LLC
    h. Swansea Mall Investors, LLC
    i. Payment Card Systems
    j. World Health Networks, Inc.
    k. Bespoke Services Corporation
    l. Bespoke Services Group
    m. Litco LLC

RE: CITY OF ALMATY
SUBPOENA FOR PRODUCTION OF DOCUMENTS

    n.       Bayrock Group Inc.
    o.       Global Habitat Solutions, Inc.
    p.       RRMI-DR LLC
    q.       Chabrier Avocats
    r.       Triadou SPG S.A.
    s.       SDG Capital
    t.       Swiss Development Group
    u.       Swiss Promotion Group
    v.       Crownway Ltd.
    w.      Niel Telecom S.A.
    x.       Telford International Ltd.
    y.       Bayrock Group LLC
    z.       Creacard SA
    aa.     Crownway Limited
    bb.     Health Station Networks Inc.
    cc.     Ignoramus Limited
    dd.     Law Offices of Arnold D. Herz
    ee.     Maro Enterprises LLC
    ff.      MeM Energy Partners LLC
    gg.     Payment Card Systems
    hh.     RPM-MARO LLC
    ii.      RRMI-DR LLC
    jj.      SoHo 3202 LLC
    kk.     SoHo 3310 LLC
    ll.      SoHo 3311 LLC
    mm.   Swiss RPM SA
    nn.     Techvest SA
    oo.     Titan Atlas Manufacturing
    pp.     Triadou SPV SA

## Requests for Production

YOU are required to produce all non-privileged DOCUMENTS described below that are in YOUR possession, custody, or control, including those DOCUMENTS that are in the possession, custody, or control of YOUR employees, partners, consultants, attorneys, accounts, tax preparers, representatives, agents, or any other person acting or purporting to act as YOU. Unless otherwise specified, each of the below requests refers to the time period from January 1, 2012, to the present.

1. All documents concerning any transfer of funds into, out of, or between accounts associated with the entities, including with attorney escrow accounts.

2. All documents concerning any transfer of funds into, out of, or between accounts associated with the Individuals, or any entities owned or controlled by the Individuals.

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>                                    Plaintiffs,<br><br>            -against-<br><br>FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,<br><br>                                    Defendants. | 19 Civ. 2645 (AJN) (KHP)<br><br>**OBJECTIONS TO SUBPOENA TO** |

MOSES & SINGER LLP (MOSES & SINGER) hereby objects to that certain Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, dated March 10, 2020 (the "Subpoena").

### GENERAL OBJECTIONS AND COMMENTS
### APPLICABLE TO ALL REQUESTS FOR PRODUCTION IN THE SUBPOENA

A.      MOSES & SINGER objects to the Definitions and Instructions set forth in the Subpoena to the extent that such definitions or instructions may call for the production of documents or information which are protected by the attorney-client or other applicable privileges, and are violative of the Federal Rules of Civil Procedure and the Rules of the United States District Court for Southern District of New York.

B.      If any documents are produced, they will be produced in response to the Subpoena as they are kept in the usual course of MOSES & SINGER's business or as responsive to particular requests.

C.      MOSES & SINGER objects to all of the requests in the Subpoena to the extent that they are overbroad, unduly burdensome, vague, vexatious and harassing.

2

D.      MOSES & SINGER objects to the time period to which the requests relate, namely 2012 to the present, as being overbroad, burdensome and calling for information neither relevant nor material to the issues in this action and otherwise calling for privilege information.

E.      MOSES & SINGER objects to the Subpoena as unduly burdensome and harassing in light of the current pandemic and the fact that resources are extremely limited during the current pandemic, including the complete lack of access to MOSES & SINGER'S offices.

Dated: New York, New York
       May 11, 2020

                                                         MOSES & SINGER, LLP

                                                              S/
                                                         _____
                                                         By:  Robert Wolf

# Exhibit C

Case 1:19-cv-02645-AJN-KHP Document 261-3 Filed 01/06/21 Page 1 of 17



The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

John Baranello
Direct Dial: 212.554.7863
Fax: 212.554.7700
E-Mail: jbaranello@mosessinger.com

December 4, 2020

**PERSONAL AND CONFIDENTIAL**

**VIA E-MAIL (CWENNER@BSFLLP.COM)**

Craig Wenner
Boies Schiller Flexner LLP
55 Hudson Yards
20th Floor
New York, NY 10001

      Re:    **City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.,
19 Civ. 2645 (AJN) (KHP)**

Dear Mr. Wenner:

      Reference is made to the March 10, 2020 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") served on Moses & Signer LLP (the "Firm" or "M&S").  In accordance with your November 13, 2020 endorsed letter to Magistrate Judge Parker [ECF Nos. 236 and 237], enclosed herein please find documents Bates stamped [FS008-FS158] responsive to the Subpoena.  In addition to the Firm's prior objections to the Subpoena, all of which are incorporated herein, the Firm additionally makes and incorporates into its responses the following objections to the Subpoena:

      1.      M&S objects to the Subpoena because the Subpoena requests impose obligations on M&S beyond that provided for by the applicable rules.

      2.      M&S objects to the Subpoena as its time frame (from January 1, 2013 to the present) is overbroad and has subsequently been narrowed, by agreement, to the end of 2014.

      3.      M&S objects to the Subpoena requests to the extent that each seeks documents and other materials which would be inadmissible as evidence in any trial of this matter and/or is



Craig Wenner
December 4, 2020
Page 2

not reasonably calculated to lead to the discovery of admissible evidence.  By propounding these responses and producing documents in accordance with its obligations under the applicable rules, M&S does not concede that any document it will (or may hereafter) produce in response to any particular request is material, probative, relevant, or otherwise admissible proof concerning any factual allegation in this case.  M&S expressly preserves all appropriate objections to the materiality, probative value, relevancy, and/or admissibility of every document produced, notwithstanding the purpose(s) for which its disclosure is sought.

4. M&S objects to each Subpoena request to the extent that each seeks the production of documents which are already known to counsel, have been previously provided, or have been previously produced.

5. M&S objects to each of the definitions to the extent that it seeks to impose any obligation on M&S to produce any documents or information in the possession of entities and people other than M&S, and to the extent that it seeks to compel M&S to produce documents not in M&S's custody or control but rather in that of any present or past agents, employees, affiliates, related companies, subsidiaries, representatives, etc.

6. M&S reserves its right to modify, amend, and/or supplement its responses and objections at any time before trial.

7. M&S objects to the Subpoena requests to the extent they call for information and materials protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity.  Information or documents produced, as to which a privilege could be asserted, shall not constitute a waiver, and M&S reserves the right to recall any such documents as inadvertently produced.

# MOSES & SINGER LLP

Craig Wenner
December 4, 2020
Page 3

  8. Any disclosure by M&S in response to an otherwise objectionable Subpoena request shall neither be deemed nor constitute a waiver of its general objections.

  9. M&S's response to the Subpoena reflects the facts and circumstances as of the date such responses were provided, after a duly diligent investigation.  M&S reserves its right to supplement and amend its responses to the Subpoena where necessary or appropriate upon further investigation.

  10. Subject to, and explicitly incorporating, each of the foregoing objections to the Subpoena, enclosed herewith please find documents responsive to each of the Subpoena requests.

  We remain available to address any other issue you may have to avoid a request for judicial intervention in respect to discovery issues.

           Very truly yours,

           MOSES & SINGER LLP

           /s John Baranello

           John Baranello

Enclosures
Cc: Robert Wolf, Esq.