

MATTHEW L. SCHWARTZ<br>
Tel.: (212) 303-3646<br>
E-mail: mschwartz@bsfllp.com<br><br>
March 18, 2021

**BY ECF**

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
              **Case No. 19 Civ. 2645 (rel. 15 Civ. 5345) (AJN) (KHP)**

Dear Judge Nathan:

      We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities"). We write to update the Court about a recent decision in the arbitration styled *Litco, LLC v. Arcanum (Asia) Ltd. et al.*, which is relevant to the pending objection by defendant Felix Sater [ECF No. 146] to Magistrate Judge Parker's December 20, 2019 Opinion & Order denying Sater's motion to stay discovery pending the outcome of that arbitration [ECF No. 144 ("Stay Opinion" or "Stay Op.")]. A copy of the decision is attached, is and referred to in this letter as the "Litco Award."

      In the Stay Opinion, Judge Parker held that the Kazakh Entities "cannot be compelled to arbitrate Sater's affirmative defense of waiver and release" and that any arbitral award concerning the contract with Litco (the "CAA") "is binding only on the Parties to the CAA." [Stay Op. 23–24, 34.] "Rather, the validity of Sater's affirmative defense will be determined by this Court and/or a jury." [*Id.* 34.] As explained further below, the arbitration tribunal (the "Tribunal") held that it "agrees with the District Court that Sater, as a nonparty to the CAA, is not a party to this Arbitration and the Tribunal does not claim to subject him to its jurisdiction as a party." Litco Award ¶ 27. While the Tribunal held that it can decide *Litco's* claims concerning the release of Sater—a holding the Kazakh Entities believe is legally incorrect—the Tribunal's agreement with Judge Parker concerning *Sater's* rights nullifies Sater's principal argument for a stay, which was "that a favorable arbitral ruling for Litco will be binding on this Court and dispositive on the issue of [Sater's] affirmative defense of waiver and release." [Stay Op. 13.] The harmony between Judge Parker's and the Tribunal's decisions demonstrates why the Stay Opinion was not clearly erroneous. Indeed, the Tribunal's holding that it will not adjudicate Sater's rights under the CAA means that this Court is the only forum where Sater's affirmative defenses can be decided.

      **A.**    **Background Concerning Sater's Motion to Stay Pending Arbitration**

      On August 19, 2019, Sater filed a motion to stay this Action pending an arbitration initiated by Litco, LLC, an entity he controls. [ECF No. 80.] In its statement of claim in the arbitration, Litco presented two claims that, if allowed, would purportedly permit Litco to arbitrate Sater's defense that he was released from liability for the claims in this action. Litco's Third Claim sought declaratory relief finding that BTA Bank and Almaty's claims against Sater in this lawsuit have been released under the CAA. Litco's Fourth Claim sought to recover damages in the amount of legal fees that Sater incurs in defending this action, on the theory that Litco, Sater's company, agreed to indemnify him.



The Kazakh Entities opposed Sater's motion [ECF No. 90], arguing that "[t]his Court should resolve the issues relating to Sater's rights, and the arbitrators should resolve the issues relating to Litco's claim for fees and other compensation." [*Id.* at 2.] Judge Parker heard extensive oral argument on the motion and then permitted Sater to file a further supplemental brief, which he did on November 25, 2019. [ECF No. 131.]

On December 6, 2019, Judge Parker issued a comprehensive order denying Sater's motion in its entirety. The Court ruled that BTA Bank and Almaty "cannot be compelled to arbitrate Sater's affirmative defense of waiver and release" under any of the theories that Sater presented. [Stay Op. 33–34.] The Court stressed that the CAA's arbitration provision on its face "pertains only to arbitration between the 'Parties,' and the 'Parties' are defined as the signatories to the CAA" – thereby excluding Sater, who is not a signatory. [*Id.* at 23.] Further, the Court noted that the arbitration provision "states that any arbitration award is binding only on the Parties to the CAA," leading to the conclusion that "[n]othing in the arbitration provision indicates that" Sater, as "a non-signatory officer of Litco," may arbitrate claims or defenses "unrelated to [his] work for Litco under the CAA." [*Id.* at 23–24.] Accordingly, the Court held that Sater failed to establish that he is a third-party beneficiary of the arbitration provision, as required to compel arbitration and obtain a stay pending arbitration. [*Id.* at 26–27.] The Court also held that, because Sater admitted to hiding his ownership of Litco, his relationship with the Kazakh Entities was not sufficiently close, and the claims in the lawsuit were not sufficiently intertwined with the CAA, to permit Sater to compel arbitration under an equitable estoppel theory. [*Id.* at 29–33.] Consequently, the Court ruled that the Kazakh Entities "did not consent to arbitrate with Sater and cannot be compelled to arbitrate Sater's affirmative defense of waiver and release. Thus, the arbitration will not resolve Sater's affirmative defense of waiver and release. Rather, the validity of Sater's affirmative defense will be determined by this Court and/or a jury." [*Id.* at 34.]

Sater objected to Judge Parker's decision, and the Kazakh Entities opposed, arguing that Sater's objections fell far short of the standard for overturning a magistrate judge's decision on a non-dispositive motion, which should not be disturbed unless it is "clearly erroneous or contrary to law." *See, e.g.*, *Marquez v. Hoffman*, 18-CV-7315 (ALC), 2019 WL 5940151, at *2 (S.D.N.Y. Oct. 25, 2019) (quoting Fed. R. Civ. P. 72(a)). The objections remain pending.

      B.      **The Kazakh Entities' Opposition to Jurisdiction before the Tribunal**

Before the Tribunal, the Kazakh Entities argued that the Tribunal lacked jurisdiction to arbitrate Litco's Third and Fourth Claims because the Court had already held that Sater's release defense was not arbitrable. A contrary rule would allow an arbitral panel to effectively nullify an earlier decision by a federal court. The Kazakh Entities further argued that because Sater is party to neither the Litco Arbitration nor the CAA, the Tribunal lacked authority to adjudicate his rights. Sater initially tried to voluntarily appear in the arbitration to assert his rights but, as noted by the Tribunal, *see* Litco Award ¶ 27, Sater and Litco walked back this assertion and proceeded under the assumption that the Third and Fourth Claims pertained solely to Litco's rights.

      C.      **The Tribunal's Award**

In its partial award issued earlier today, the Tribunal held that it has jurisdiction over Litco's Third and Fourth Claims, but limited its jurisdiction to claims by Litco and expressly



agreed with Judge Parker's holding in the Stay Opinion:

> The Tribunal has concluded that, fairly read, the Third and Fourth Claims for Relief are distinct claims asserted by Litco, on its own behalf and in its own interest, even if the injury allegedly giving rise to Litco's harm may be caused by claims being asserted against Sater in the District Court.  It may indeed be the case that some of the language used by Claimant in its submissions contributed to confusion about whether the Third and Fourth Claims for Relief were being advanced on behalf of Mr. Sater.  *See, e.g.*, Claimant's Mem. at 26 ("At bar, Litco and Sater are voluntarily appearing before the Panel to determine the enforceability of a release.").  Therefore, and for the avoidance of any doubt, ***the Tribunal wishes to state that it agrees with the District Court that Sater, as a nonparty to the CAA, is not a party to this Arbitration and the Tribunal does not claim to subject him to its jurisdiction as a party***.  To the extent inconsistent statements on this issue may exist in the Parties' submissions, the Tribunal wishes to make it clear that Sater's claims and defenses are not before the Tribunal.  *See* Paragraph 18, supra (Claimant's counsel confirms during January 15, 2021 oral hearing that "Mr. Sater is not before this Panel.").

Litco Award at ¶ 27 (emphasis added).  The Tribunal was clear that the issue before it with respect to Litco's Third and Fourth Claims will be Litco's obligation to indemnify Sater, which is not before this Court.  The Tribunal recognized that its holding "is consistent with the District Court's finding" that "[b]ecause the arbitration provision does not explicitly provide for arbitration with non-parties to the CAA, *Sater* cannot enforce the arbitration provision."  Litco Award ¶ 24 (quoting Stay Op. 27 (emphasis in original)); *see also* Litco Award ¶ 22 ("[T]he Tribunal does not rest its finding of jurisdiction on an acceptance of any of the Sater-related Arguments which have been rejected by the District Court.  Rather, the Tribunal's decision rests on the conclusion that Litco (and not Sater, the party whose rights were considered by the District Court), as a Party to the CAA, has the right to arbitrate its release-based claims under the CAA's arbitration clause.").

      The Tribunal's repeated endorsement of Judge Parker's decision underscores that Judge Parker was correct in denying Sater's motion to stay this Action pending an arbitration to which he is not a party and for which the Tribunal has expressly disclaimed jurisdiction over him.  Moreover, the Tribunal's decision means, as a practical matter, that it will not be adjudicating Sater's rights under the CAA, which is an issue reserved for this Court.  There would therefore be no practical purpose in staying this case pending arbitration, because any decision from the Tribunal will not determine the validity of Sater's personal defenses and will not be, contrary to Sater's argument before Judge Parker, binding on this Court.

                                      Respectfully,

                                        /s/ Matthew L. Schwartz
                                        Matthew L. Schwartz