

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mschwartz@bsfllp.com

April 8, 2021

**BY ECF**

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.,*
          **Case No. 19 Civ. 2645 (rel. 15 Civ. 5345) (AJN) (KHP)**

Dear Judge Nathan:

We represent Plaintiffs. We write in response to Defendant Felix Sater's April 2, 2021 letter [ECF No. 290], responding to the Court's order to show cause why his objections to Judge Parker's December 20, 2019 Opinion & Order denying his motion to stay pending the outcome of the Litco arbitration [ECF No. 144 ("Stay Op.")] should not be overruled. [ECF No. 288.]

As Plaintiffs set out in their March 18, 2021 letter [ECF No. 270], the panel held that it "agrees with the District Court that Sater, as a nonparty to the CAA, is not a party to this Arbitration and the Tribunal does not claim to subject him to its jurisdiction as a party." Litco Award ¶ 27. Therefore, while the Tribunal held that it can decide *Litco's* claims, its agreement with Judge Parker concerning *Sater's* rights nullifies Sater's principal argument for a stay, which was "that a favorable arbitral ruling for Litco will be binding on this Court and dispositive on the issue of [Sater's] affirmative defense of waiver and release." [Stay Op. 13.] As the panel stated in no uncertain terms, "Sater's claims and defenses are not before the Tribunal." Litco Award ¶ 27.

Sater's response to the Court's order to show cause argues that the Tribunal nonetheless "sustained the right of Claimant Litco to arbitrate all of its claims in the Litco Arbitration, including two claims related to the release of Mr. Sater," and that "the Release is a common thread between" Sater's affirmative defense in this case and Litco's Third and Fourth Claims for Relief in the arbitration. [ECF No. 290 at 1–2.] According to Sater, "even though Mr. Sater is not a party to the Litco Arbitration," a ruling in favor of Litco in the arbitration "would benefit Sater" because it "should collaterally estop the Plaintiffs in this Action from relitigating such issues." [*Id.* at 3.] Without explanation or citation to any authority, Sater argues that the justification for a stay is "to avoid the possibility of having two forums issue conflicting decisions" because issue preclusion "should" apply. [*Id.*]

The Court should not entertain Sater's new argument based on non-mutual issue preclusion, which is legally wrong and reflects a pivot away from Sater's arguments before Judge Parker and in his objections. Furthermore, the hypothetical risk of a potentially inconsistent decision from the arbitration panel concerning Litco's rights relating to the release provision does not justify a stay of a federal action that involves different defendants and concerns a totally different set of facts concerning the defendants' money laundering activities at a time before the Litco agreement existed.



*First*, regarding issue preclusion, Sater based his motion for a stay before Judge Parker on his purported (but mistaken) right to arbitration. [*See, e.g.*, ECF No. 94 at 1 (reply brief arguing that "Sater is entitled to a stay under the FAA").] Sater has never raised – either in this Court or in the arbitration – that issue preclusion will apply to the panel's decision or that it justifies a stay pending the outcome of the arbitration. Although Sater has argued that the potential for conflicting judgments justifies a stay of this Action, in Sater's objections to Judge Parker's decision, he did not mention, let alone argue with any citation to authority, that the arbitration may have preclusive effect as a reason to institute a stay. [ECF No. 147.] Nor did Sater raise that argument in his original brief on his motion to stay, [ECF No. 80], or in his supplemental brief on that motion [ECF No. 131]. Rather, Sater is now taking positions that are directly contrary to the ones he took before Judge Parker. [*Cf.* ECF No. 290 at 3 n.1 ("However, any decision in the Litco Arbitration should not be binding on Mr. Sater . . . ."), *with* ECF No. 94 at 9–10 ("Sater concedes that he is bound by a determination of the arbitrators as to the enforceability of the release.").]

Sater's single-sentence argument in his letter nearly 16 months after Judge Parker's decision that a determination by the panel "should collaterally estop the Plaintiffs" is not properly before this Court and should be rejected. *See, e.g.*, *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) ("[C]ourts in this circuit generally do not entertain new legal arguments not presented to the magistrate judge." (cleaned up) (collecting cases)); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 404 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to a magistrate's discovery order, and indeed may not be deemed objections at all." (cleaned up)).[1]

*Second*, even if Sater had properly raised his argument that a decision by the panel "should collaterally estop the Plaintffs," [ECF No. 290], Sater is incorrect that this justifies a stay. The Supreme Court has counseled against staying proceedings based on speculative outcomes in arbitrations. "[I]t is far from certain that arbitration proceedings will have any preclusive effect on the litigation of nonarbitrable federal claims. . . . [N]either the full-faith-and-credit provision of 28 U.S.C. § 1738, nor a judicially fashioned rule of preclusion, permits a federal court to accord res judicata or collateral-estoppel effect to an unappealed arbitration award. . . . The collateral-estoppel effect of an arbitration proceeding is at issue only after arbitration is completed, of course." *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 222–23 (1985). "Courts in this District have followed this advice when considering whether to stay consideration of nonarbitrable federal claims." *Murray v. UBS Sec., LLC*, No. 14 CIV. 927 KPF, 2015 WL 769586, at *7 (S.D.N.Y. Feb. 24, 2015) (collecting cases). It is thus "never possible to

---

[1]     Judge Parker referred to issue preclusion in a footnote, discussing a case that the Kazakh Entities originally raised concerning a court's inherent power to stay proceedings. [Stay Op. 36 n.8.] Judge Parker explained that in *American Shipping Line, Inc. v. Massan Shipping Ind., Inc.*, 885 F. Supp. 499 (S.D.N.Y. 1995), "the court declined to grant a stay pending arbitration, noting it was far from certain that the pending arbitration proceeding would have any preclusive effect on the litigation of nonarbitrable claims and that any outcome of the arbitration might need to be relitigated in court." [Stay Op. 36 n.8.] Judge Parker noted that "Sater's purported agreement to be bound by the arbitrator's ruling" – an agreement he is now attempting to walk back – "does not alleviate the fundamental conflict between the parties about the potential preclusive effect on this action of a ruling by the arbitration panel on the release issue (if the arbitration panel even reaches that issue)." [*Id.*] Sater did not mention this comment in his objections to the order.



determine the preclusive effects of a given arbitration on a proceeding until after the arbitration has ended" and, therefore, "[i]t makes no sense to stay proceedings pending the end of the arbitration when any outcomes of the arbitration with which the moving defendants disagree will have to be relitigated in the federal courts anyway." *Am. Shipping Line*, 885 F. Supp. at 502 (citing *Dean Witter*, 470 U.S. at 223).[2]

*Third*, Sater does not explain how or why the panel's decision "should collaterally estop the Plaintiffs," [ECF No. 290]. Sater has not established that that the issue of whether *Sater* can invoke the Release as a defense to the claims against him in this Action is an issue that will be raised, litigated, and decided in a prior proceeding, will be necessary to the outcome of the arbitration, and that the Kazakh Entities had a full and fair opportunity to litigate the issue in the arbitration. As noted above, the Panel held exactly to the contrary. After noting that "some of the language used by Claimant in its submissions contributed to confusion about whether the Third and Fourth Claims for Relief were being advanced on behalf of Mr. Sater," the Panel continued that it "wishes to make it clear that Sater's claims and defenses are not before the Tribunal." Litco Award at ¶ 27. Because Sater's release-based defense is "not before the Tribunal," the arbitration could not possibly result in a ruling that would estop Plaintiffs from litigating that defense. As the Tribunal agreed, only this Court can determine *Sater*'s defenses.

*Finally*, the hypothetical risk of potentially inconsistent decisions does not justify a stay, much less demonstrate that Judge Parker's decision was clearly erroneous. While the arbitration panel acknowledged that "the District Court and Tribunal could end up issuing decisions that *appear* to be inconsistent," Litco Award ¶ 29 (emphasis added), the panel was clear that its jurisdiction extended solely to Litco's rights, not Sater's. And as Judge Parker unequivocally held, "the validity of Sater's affirmative defense will be determined by this Court and/or a jury," not the arbitral panel. [Stay Op. 34.] Any decision from the panel will not determine the validity of Sater's personal defenses here and will not be, contrary to Sater's original argument before Judge Parker, binding on this Court.

At base, the two matters are about entirely different claims based on different conduct. This Action concerns whether Plaintiffs are entitled to stolen money laundered by Sater and his co-conspirators. The arbitral panel will determine whether Litco (and only Litco) has a right to payments under the CAA, a contract entered into years after the conduct at issue in this Action. Sater has asserted that the CAA gives him a defense to this Action. That this Court and the arbitral panel will each consider some topic related to the CAA does not justify staying this Action, which involves parties and claims not involved whatsoever in the arbitration. [*See* Stay Op. 24 n.7 ("Given that the claims in this litigation do not concern work Sater performed under the CAA, the indemnification argument is dubious. But, the Court does not need to need to resolve Litco's indemnification obligation, as this is not an issue before this Court.").]

The Court should deny and overrule Sater's objection to Judge Parker's decision.

Respectfully,

*/s/ Matthew L. Schwartz*

---

[2]     If the Court wishes to consider future issue preclusion, full briefing would be appropriate.