# TODD & LEVI, LLP

444 MADISON AVENUE
SUITE 1202
NEW YORK, NEW YORK 10022
www.toddlevi.com

JOHN F. TODD
JILL LEVI
DAVID B. ROSENBERG

TELEPHONE (212) 308-7400

FACSIMILE (212) 308-8450
E MAIL: toddandlevi@toddlevi.com
NOT FOR SERVICE OF LITIGATION PAPERS

April 12, 2021

**BY ECF**

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.,
      **USDC, SDNY Case No. 19 Civ. 2645 (AJN) (KHP) (the "Action")**

Dear Judge Nathan:

We represent Defendants Felix Sater ("Sater"), Bayrock Group, Inc., Global Habitat Solutions, Inc. Daniel Ridloff and RRMI-DR LLC. We are in receipt of a letter from Plaintiffs' counsel, Matthew Schwartz, dated April 8, 2021 [ECF NO. 291] (the "Schwartz Letter"), which was written in response to our letter of April 2, 2021 [ECF 290]. Unless otherwise defined herein, all defined terms used herein are used as defined in the April 2 Letter. We write in response to the Schwartz Letter.

*First*, Your Honor's order of March 19, 2021 (the "Show Cause Order"), which directed Mr. Sater to show cause why his objections [ECF 146] to the Opinion and Order of Magistrate Parker [ECF 144], should not be overruled for the reasons set forth in Plaintiff's letter application of March 18, 2021 [ECF 270], did not permit Plaintiffs to submit an additional letter. Without seeking the Court's permission, the Schwartz Letter wrongfully seeks yet another bite at the apple. For this reason alone, we respectfully submit that the Schwartz Letter should not be considered by the Court.

*Second*, the Schwartz Letter disingenuously claims that Sater does not explain how the Panel's decision should collaterally estop Plaintiffs, because Sater has allegedly not shown how the issue of the release contained in the CAA will be decided in the arbitration and will be necessary to the outcome in such case. The Partial Award clearly permits and requires the adjudication of all of Litco's claims, including the Third Claim for a declaratory judgment finding that the claims alleged "against Sater in the [Action] are barred by the Release and that the CAA, including the Release, is fully enforceable by its terms." (Partial Award, ¶2). To suggest that a finding in favor of Litco on the enforceability of the CAA would have no preclusive effect in this proceeding is nothing more than Plaintiffs' wishful thinking. It is

**TODD & LEVI, LLP**

April 12, 2021
Page-2-

undisputed that Sater is a member of Litco and if the CAA is enforceable, as the Panel will find, Sater is released and the claims against him in the Action fail.

*Third,* the Schwartz Letter continues to mislead rather than clarify. For example, to the extent that Plaintiffs argue that Sater is making arguments which were not made in connection with his original Objections to the Stay Opinion, which were filed over a year ago, such argument is disingenuous, at best. Plaintiffs' application to the Court on March 18, 2021 [ECF 270], and the issuance of the Show Cause Order, arose because of the Panel's issuance of the Litco Award on March 18, 2021. The arguments advanced by Sater in the April 2, 2021 letter all arise directly from the Panel's decision in the Litco Award (and therefore, such arguments could not have been made over a year ago). Furthermore, the Show Cause Order directed Sater to respond to Plaintiff's letter application, which necessitated an explanation as to the significance of the Litco Award and its impact on the Stay Opinion and the Objections. Indeed, Plaintiffs themselves advanced new arguments based upon the issuance of the Litco Award. Accordingly, Plaintiffs' argument that this Court should not consider the April 2 Letter because it raises "new" arguments is completely unfounded and off base. Just like Plaintiffs, Sater was entitled to explain the significance of the Litco Award, including but not limited to that portion of the Panel's ruling and acknowledgment that all of Litco's claims, including the release based claims would be heard "even if the successful pursuit of those claims would benefit Sater," and that "the CAA's release may indirectly flow to Sater, as member and/or officer of Litco. Partial Award ¶28. Of course, the benefit that might flow to Sater (which the Schwartz Letter conveniently fails to discuss), is a favorable finding on Litco's claim for a declaratory judgment that the CAA and all of its terms and conditions, including the release, are fully enforceable according to their terms.

*Fourth,* Plaintiffs' citation to Dean Witter v. Byrd, 470 U.S. 213 (1985) and Murray v. UBS Sec. LLC, 2015 WL 769586 (SDNY 2015) for the proposition that a Federal Court cannot issue a stay based upon a possible issue preclusion or collateral estoppel, is also misleading. Plaintiffs' citation to these decisions intentionally omits crucial language, which makes it clear that the holdings of those cases apply **only** to discourage stay of federal *statutory* claims based on concurrent pending arbitrations, because the courts favor judicial adjudication of these types of claims which implicate an important public policy. For example, in citing to Dean Witter, Plaintiffs intentionally omit the words "in a case brought under 42 U.S.C. §1983," which entirely changes the meaning of the language cited by Plaintiffs.[1] As explained by the Supreme Court in Dean Witter, its decision rested on its finding that "arbitration cannot provide an adequate substitute for a judicial proceeding in protecting the federal statutory and constitutional rights that §1983 is designed to safeguard." Id., at 223. Similarly, in considering the effect of Dean Witter, the District Court in Murray v. UBS stated that "an arbitration award need not be given

---

[1] The full citation should read as follows: "[N]either the full-faith-and-credit provision of 28 U.S.C. § 1738, nor a judicially fashioned rule of preclusion, permits a federal court to accord res judicata or collateral-estoppel effect to an unappealed arbitration award *in a case brought under 42 U.S.C. § 1983.*" (emphasis supplied). Omitting the words "in a case brought under 42 USC 1983' changes the entire meaning of the Court's holding.

preclusive effect over a statutory scheme where the federal interests are deemed too significant to force parties to submit them to arbitration. To be clear, *the Supreme Court has not extended that reasoning beyond §1983 claims…*" Id., at *8 (emphasis supplied). At bar, there are no federal statutory or constitutional claims which require "safeguarding" for important public policy reasons, and this case was certainly not brought under 42 USC §1983. Accordingly, both Dean Witter and Murray are inapposite. Once again, the Schwartz Letter is misleading and inaccurate.

In sum, while the claims of Litco and Plaintiffs may be different, the release is squarely before both the Panel and this Court and it is up to the Panel to decide whether the CAA is enforceable against the Plaintiffs. Indeed, that is what Plaintiffs consented to when they agreed to arbitrate all claims arising out of or relating to the CAA they entered into with Litco.

For the foregoing reasons and those stated in the April 2 Letter and in the Objections, the Objections as supplemented by Sater's letters should be sustained.

We thank the Court for its time and attention to this matter.

Respectfully submitted,
*s/s/ Jill Levi*
Jill Levi