```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/23/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

City of Almaty, Kazakhstan, et al.,

               Plaintiffs,

    –v–

Felix Sater, et al.,

               Defendants.

19-cv-2645 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiffs moved the Court for default judgment as to Defendant Ferrari Holdings LLC. For the following reasons, Plaintiff's motion is DENIED without prejudice.

## I.    Background

    Plaintiffs City of Almaty, Kazakhstan, and BTA Bank JSC filed this action on March 25, 2019, against Defendants Felix Sater; Daniel Ridloff; Bayrock Group, Inc.; Global Habitat Solutions, Inc.; RRMI-DR LLC; Ferrari Holdings LLC; and MeM Energy Partners LLC. Dkt. No. 1. Ferrari filed a motion to dismiss the complaint on July 30, 2019. Dkt. No. 61. Plaintiffs filed an amended complaint on August 30, 2019, which contained substantially similar allegations as to Ferrari. Am. Compl., Dkt. No. 83. On March 11, 2020, Ferrari's counsel filed notice of an intent to withdraw, citing "a breakdown in communication between" counsel and client. Dkt. No. 162 at 1. The Honorable Katherine H. Parker, U.S. Magistrate Judge, to whom the Court referred the case for general pretrial management, granted counsel's application to withdraw on April 9, 2020. Dkt. No. 181. Ferrari failed to acquire new counsel within the 60 days provided by Judge Parker and Ferrari has not since appeared in the case. On July 16, 2020, the Clerk of Court issued a certificate of default as to Ferrari. Dkt. No. 207.

On November 30, 2020, the Court administratively denied without prejudice Ferrari's motion to dismiss, observing that Ferrari "has not participated in this action since its counsel withdrew and has not filed a reply brief in support of its motion to dismiss." Dkt. No. 245 at 1. The Court also ordered Plaintiffs to notify the Court whether they would move for default judgment against any defendants. *Id.*

Plaintiffs filed the present motion for default judgment as to Ferrari on January 15, 2021. Motion, Dkt. No. 269; Pls. Br., Dkt. No. 270; Schwartz Decl., Dkt. No. 272. Ferrari has not opposed the motion or otherwise made an appearance.[1] On September 13, 2021, the Court ordered Plaintiffs to file supplemental briefing on the proper standard for granting a default judgment, Dkt. No. 310, which Plaintiffs filed on September 20, 2021, Pls. Suppl. Br., Dkt. No. 314.

Since Plaintiffs filed their motion for default judgment, the other Defendants have continued to litigate the case, contesting Plaintiffs' allegations and engaging in extensive discovery, which is scheduled to be completed by January 31, 2022. Dkt. No. 309; *see also, e.g.*, Dkt. Nos. 301, 304 (discovery status updates); Dkt. No. 313 (confirming that other Defendants are counseled).

**II.     Discussion**

The Court concludes that the other Defendants' continued participation in this litigation precludes Plaintiffs' request for default judgment as to Ferrari. "[D]efault judgment cannot be issued where the relief requested would prejudice actively litigating defendants." *Knowles-Carter v. Feyonce, Inc.*, No. 16-CV-2532 (AJN), 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23,

---

[1] The Court on January 28, 2021, received a voicemail message from Frank Ferrari, a principal of Ferrari, stating that he had not received notice of filings in the case since Ferrari's counsel withdrew. Dkt. No. 280. As the Court then explained, Frank Ferrari is not a party in the case and Ferrari, as a corporate entity, must be represented by counsel, which it has failed to obtain. *Id.*

2017) (collecting cases). "The key inquiry is whether the default judgment could result in inconsistent outcomes for similarly situated defendants." *El Omari v. Buchanan*, No. 20-CV-2601 (VM), 2021 WL 465431, at *3 (S.D.N.Y. Feb. 9, 2021); *Aspen Ins. UK Ltd. v. A & R Able Corp.*, No. 12-CV-00261 (AJN), 2013 WL 10897793, at *1 (S.D.N.Y. Jan. 2, 2013).

According to Plaintiffs' amended complaint, Defendants, including Ridloff and Sater, "transferred $1,080,000 in Stolen Funds" to an account in Ferrari's name, which Ferrari then transferred to another active Defendant, RRMI-DR LLC. Am. Compl. ¶¶ 229–33. Plaintiffs allege that Ferrari "was aware of its essential role in the conspiracy to launder the Stolen Funds, which Ferrari knew were the rightful property of BTA and Almaty." *Id.* ¶ 242. The complaint "makes no attempt to delineate the culpability of any of the specific Defendants from that of the others," *Knowles-Carter*, 2017 WL 11567528, at *6, and, indeed, alleges that Ferrari's actions cannot easily be separated from the actions of the other Defendants that continue to litigate, *see, e.g.*, Am. Compl. ¶ 236 (alleging that Sater and Ridloff "us[ed] Ferrari as a straw man" between themselves and their "shell company"); *id.* ¶ 242 ("Ferrari worked closely with [Defendants] to hide the true nature of the transactions . . . ."); *id.* ¶ 279 ("Ferrari played a key role in hiding the knowing receipt of Stolen Funds by Sater and Ridloff, in return for which it received over half a million dollars in Stolen Funds as a kickback.").

Plaintiffs now seek a default judgment on their money-had-and-received claim as to Ferrari, limiting their request to a "partial damages award" of the $540,000 allegedly stolen funds that Ferrari retained. Pl. Suppl. Br. at 5; Pl. Br. at 2. They have sufficiently pleaded this claim, they say, because Sater and Ridloff carried out a fraudulent deal and transferred part of the deal proceeds to Ferrari, a transfer that Ferrari knew to be a "sham transaction" intended only "to obscure the source of stolen funds." Pl. Suppl. Br. at 6–7.

The Court finds a significant risk of inconsistent results and prejudice that would result to the other, non-defaulting Defendants, making a default judgment against Ferrari inappropriate

Plaintiffs disclaim any risk of inconsistent judgments "because a damage award against Ferrari for any amount greater than $540,000 or for damages for the separate claim for unjust enrichment can be deferred under Rule 54(b) until the claims against all Defendants are resolved." Pl. Br. at 2. But even if the funds in question are sufficiently segregated so as to avoid any inconsistency in a damages award, Plaintiffs' arguments do not address the risk of inconsistent judgments as to similarly situated Defendants' liability. Here, Ferrari's liability necessarily depends on the liability of other Defendants. Granting Plaintiffs' motion for default judgment therefore "might result in inconsistent judicial decrees, where a judgment is entered against the defaulting defendant while the non-defaulting defendants are relieved from liability after trial." *Bleecker v. Zetian Sys., Inc.*, No. 12-CV-2151 (DLC), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013); *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[T]here might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded . . . . Such a state of things is unseemly and absurd, as well as unauthorized by law.").[2]

Yet Plaintiffs will not suffer significant prejudice from this denial. Even if the Court could determine the Ferrari's liability now, it is well-established that "a court should not enter final judgment as to damages until after [the] conclusion of the merits-phase of the proceedings

---

[2] Plaintiffs cite in support *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 283 (E.D.N.Y. 2013), in which a Magistrate Judge recommended partial default judgments similar to what Plaintiffs now request. Yet this non-binding authority does not persuade the Court, as the district court in that case found default judgment inappropriate for other reasons and did not consider the risk of creating inconsistent judgments. *Id.* at 288.

against the actively litigating defendants." *Knowles-Carter*, 2017 WL 11567528, at *5; *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 161 (N.D.N.Y. 2020). "Without a damages calculation to accompany the liability determination, no final judgment could be entered in Plaintiffs' favor, and there could be no enforceable judgment that they could attempt to collect." *Hunter*, 505 F. Supp. 3d at 163 (cleaned up).

### III.   Conclusion

For the reasons above, the Court therefore DENIES without prejudice Plaintiffs' motion for default judgment as to Ferrari. This resolves docket number 269.

SO ORDERED.

Dated: September 23, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge