

John V. Baranello
Tel.: (212) 554-7863
E-mail: jbaranello@mosessinger.com

January 8, 2021

**BY FACSIMILE AND E-MAIL**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

    **Re:** *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.,*
       **Case No. 19 Civ. 2645 (AJN) (KHP)**

Dear Judge Parker:

  As directed by the Court, we submit this letter in connection with the non-party subpoena served upon Moses & Singer LLP ("M&S") by Plaintiffs seeking production of documents going back at least six to seven years ago, and in response to Plaintiffs' January 6, 2020 correspondence to the Court [ECF 260]. The record unequivocally demonstrates that notwithstanding the unprecedented COVID-19 crisis, and its unanticipated disruptive impact on our firm, M&S provided full cooperation throughout this process searching for the existence of records going back to that six to seven year time period with our physical offices essentially closed but for a very brief two-week period. M&S has been diligent under these unprecedented circumstances, in compiling and now completing its production.

  In his letter, Plaintiffs' counsel, Mr. Craig Wenner, should have appropriately recognized M&S's ability to overcome this adversity to effectuate complete production. Instead, Mr. Wenner presented a distorted narrative of the relevant facts coupled with gratuitous innuendos. While much more can be said as to the impropriety of Plaintiffs' offensive correspondence (and may be said in opposition to a motion to compel or in support of a cross motion for sanctions), for this submission, the following makes clear there is no legitimate basis for the requisite FRCP Rule 45 briefing schedule to proceed for a motion to compel as M&S has completed its production as represented to Plaintiffs.

  This past Wednesday, January 6th I personally initiated a good faith telephone call to advise Mr. Wenner, that during the course of our continuing hard file document search, hampered throughout by severe office access restrictions, a paper file had just been located, and that in addition to our prior December 4 production, (then considered complete), we would be supplementing that production today, which we have done.

  I was fully expecting that Mr. Wenner would simply inform the Court of the foregoing. Instead, we were ambushed by Mr. Wenner's January 6 correspondence. The



January 8, 2021
Page 2

length and content of that letter demonstrated it had already been drafted and its submission without notice or our prior review (as had been routinely done with all prior correspondence) was deliberate. The letter requests a pre-motion conference despite, at the time of filing, there was no dispute, and outrageously asks this Court to convert the letter to a motion to compel, leapfrog over the briefing schedule [see ECF No. 237], and award sanctions, all clearly in violation of the governing Federal Rules of Civil Procedure.[1]

Pursuant to the Court's prior endorsement, M&S was required to complete production "absent unanticipated COVID disruptions" on or before December 4, 2020 [ECF No. 237]. Indeed that quote was copied from prior correspondence with Plaintiffs' counsel. After M&S's December 4, 2020 production, we heard nothing from Mr. Wenner for 3 ½ weeks. However, a hard file was subsequently located in a secure and restricted part of our office not accessible at a prior time. While reviewing, and over 3 ½ weeks after our production, on December 28, 2020, we received an e-mail from Mr. Wenner that he believed the production was incomplete. This is a distortion of M&S's production record.

We responded that our accounting team recently identified additional hard paper files, that we would be producing them shortly, and that a motion to compel was unnecessary. We then initiated the January 6 call to advise Mr. Wenner that the identified supplemental production was forthcoming and would be produced today, as it has been.

To provide this Court with an accurate record, throughout this pandemic M&S regularly informed Plaintiffs' counsel of the progress and challenges faced to search for records which, if they existed, were six to seven years old. M&S continuously requested plaintiffs' counsel to provide information, and kept Plaintiffs informed of the COVID-19 related challenges. That effort began and continued throughout this process. For instance:

**"You asked for some additional information concerning transactions involving Moses & Singer." (6/4, Plaintiffs to M&S)**

**"The firm is still operating remotely…it does not appear that responsive documents will be located indicating information that you have not already been provided based upon your own records or discovery in the case." (8/13, M&S to Plaintiffs)**

---

[1] Nor does the pre-motion letter comply with Your Honor's Individual Rule II.b. Rule II.b requires a meet and confer and, if "this meet-and-confer process does not resolve the dispute," only then may a party file a letter. As described, there is no dispute or need for the letter.



January 8, 2021
Page 3


 "Our office is still closed and I had to have this organized remotely. We quarantined the whole office for another COVID cleaning and prep…"  (10/5, M&S to Plaintiffs)

 "Have requested accounting to see if they can get underlying bank statements from the bank.  We don't have them in our possession.  As to further searching of files, our phased opening has staff rotating in and out and very skeletal so far.  So far, no responsive communications have been located."  (10/27, M&S to Plaintiffs)

"[T]wo people in our firm tested positive for Covid last week and the offices are closed again and completely quarantined for the next 2 weeks…Many members of the staff were exposed, myself included. Following up on whether any statements were obtained from the bank, however, the Covid situation has affected staff availability on that as well…will keep you posted on any progress." (11/4, M&S to Plaintiffs)

"As requested earlier, please forward all information you have on all responsive transfers to facilitate the search for responsive documents." (11/5, M&S to Plaintiffs)

"The firm is not scheduled to reopen the office until at least November 16th…In the meanwhile, I have forwarded the information you provided on the 10/18/13 wire of $950K to accounting to look for all records…As requested earlier, please forward all information you have on all responsive transfers."   (11/5, M&S to Plaintiffs)

 "[T]here is one other ledger record of financial transfers in the relevant time period…It has been repeatedly emphasized that no responsive financial records or documentation located to date has been withheld."  (11/6, M&S to Plaintiffs)

"[F]ull and forthcoming cooperation [has] been provided to date searching for records going back 6-7 years in the middle of a pandemic with the offices closed but for a very brief 2 week period."  (11/13, M&S to Plaintiffs)

	The foregoing undisputedly accurate record demonstrates that M&S was fully cooperative, responsive and thorough with our production obligations that have now been completed. Accordingly, the request for a pre-motion conference should be denied as moot. In the alternative, if the Court chooses to consider the letter as a motion to compel, then we are prepared to more fully respond with substantive legal opposition and the aforementioned cross-motion pursuant to FRCP Rule 45 in accordance with the briefing schedule previously ordered by the Court.



January 8, 2021
Page 4

                                            Respectfully submitted,

                                            /s John V. Baranello

                                            MOSES & SINGER LLP

                                            By: John Baranello
                                            Counsel and Managing Attorney

Cc:  Craig Wenner, Esq. (by e-mail)