UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC; | 1:19-cv-02645 (AJN)(KHP) |
| Plaintiffs, | |
| -against- | |
| FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC; | |
| Defendants. | |

**REPLY MEMORANDUM OF
DEFENDANT MEM ENERGY PARTNERS LLC
IN FURTHER SUPPORT OF MOTION TO DISMISS**

CYRULNIK FATTARUSO LLP
55 Broadway, Third Floor
New York, NY 10006
646.844.2466

*Counsel for Defendant MeM Energy Partners LLC*

**TABLE OF CONTENTS**

1. **Plaintiffs' Unjust Enrichment Claim Is Time-Barred and MeM Cannot Be Equitably Estopped by Acts of Concealment MeM Is Not Alleged to Have Committed.** ...................................................................................1

2. **Plaintiffs' Money Had and Received Claim Is Subject to a Three-Year Limitations Period and Is Time-Barred** ........................................................................3

3. **Even if Plaintiffs' Claims Were Timely, They Fail.** .......................................................5

**CONCLUSION** ............................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Amable v. New Sch.*,
  No. 20-CV-3811 (KMK), 2021 WL 3173739 (S.D.N.Y. July 27, 2021) ................................. 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, S. Ct. 1955 (2007) ............................................................................................ 6

*City of Almaty v. Sater*,
  503 F. Supp. 3d 51 (S.D.N.Y. 2020) ................................................................................passim

*Goel v. Ramachandran*,
  111 A.D.3d 783, N.Y.S.2d 428 (2013) .................................................................................... 6

*Greenfield v. Kanwit,*
  87 F.R.D. 129 (S.D.N.Y. 1980) ............................................................................................... 2

*In re Bushnell*,
  271 B.R. 54 (Bankr. D. Vt. 2001) ............................................................................................ 3

*In re The Mediators, Inc.*,
  105 F.3d 822 (2d Cir. 1997) ..................................................................................................... 2

*In re The Mediators, Inc.*,
  190 B.R. 515 (S.D.N.Y. 1995) ................................................................................................. 2

*J.C. Penney Corp. v. Carousel Ctr. Co., L.P.*,
  635 F. Supp. 2d 126 (N.D.N.Y. 2008) ..................................................................................... 5

*Johnson v. JPMorgan Chase Bank, N.A.*,
  488 F. Supp. 3d 144 (S.D.N.Y. 2020) ...................................................................................... 5

*Maxus Leasing Grp., Inc. v. Kobelco Am., Inc.*,
  04–CV–518, 2007 WL 655779 (N.D.N.Y. Feb. 26, 2007) ...................................................... 4

*McKeefry v. Town of Bedford*,
  2019 WL 6498312 (S.D.N.Y. Dec. 2, 2019) ........................................................................... 3

*O'Brien v. Nat'l Property Analysts Partners*,
  719 F. Supp. 222 (S.D.N.Y. 1989) ........................................................................................... 2

*Paramount Film Distrib. Corp. v. State of New York*,
  30 N.Y.2d 415, N.Y.S.2d 388, N.E.2d 695 (1972) .................................................................. 6

*Quinn v. JPMorgan Chase Bank, N.A.*,
  No. 20-3588, 2021 WL 161730 (2d Cir. Jan. 14, 2021) .......................................................... 5

*Touro College v. Fondazione Touro Univ. Rome Onlus*,
   738 F. App'x 25 (2d Cir. 2018) ...................................................................................................1

*Touro College v. Fondazione Touro Univ. Rome Onlus*,
   No. 16 CIV. 3136 (DAB), 2017 WL 4082481 (S.D.N.Y. Aug. 31, 2017) ...................................1

**Rules**

C.P.L.R. § 214 ...............................................................................................................................4

Rule 12(b)(6) .................................................................................................................................7

Rule 6(b) ........................................................................................................................................1

Rule 81(c)(2)(C) ............................................................................................................................1

Unable to grapple with the merits of MeM's motion to dismiss, Plaintiffs' primary argument in opposition to this motion is to urge the Court not to consider it. Plaintiffs cite no authority, and Defendants are aware of none, supporting Plaintiffs' wishful position. Having failed to move for a default judgment against MeM on the First Amended Complaint, Plaintiffs argue that the Court should somehow preclude MeM from moving to dismiss these baseless claims because of delay that resulted from MeM's engagement in extensive voluntary efforts to assist Plaintiffs in understanding the facts of this case and seeking to avoid having to burden the Court with motion practice regarding claims that never should have been filed in the first place. Plaintiffs' desperate effort to use MeM's cooperation against it should be rejected, not only because it is devoid of support in the caselaw,[1] but also because such a rule would discourage voluntary efforts by parties to resolve meritless claims before they need to be litigated.

1. **Plaintiffs' Unjust Enrichment Claim Is Time-Barred and MeM Cannot Be Equitably Estopped by Acts of Concealment MeM Is Not Alleged to Have Committed.**

Plaintiffs do not (because they cannot) dispute that this Court had already held that the statute of limitations applicable to their unjust enrichment claim is just three years. Opp. at 15 (citing *City of Almaty v. Sater*, 503 F. Supp. 3d at 66). Nor do Plaintiffs dispute that they seek to pursue the unjust enrichment claim against MeM for events occurring back in 2013, nearly *six years* before the filing of Plaintiffs' original complaint against MeM on March 25, 2019. Plaintiffs maintain that they should be permitted to pursue their unjust enrichment claim against

---

[1] Plaintiffs cite only two authorities on this point. The first, Federal Rule of Civil Procedure 6(b) provides the timeline after which a motion for a default judgment may be filed, not a bright line beyond which meritorious arguments for dismissal are waived. The second, *Touro College v. Fondazione Touro Univ. Rome Onlus*, No. 16 CIV. 3136 (DAB), 2017 WL 4082481, at *6 (S.D.N.Y. Aug. 31, 2017), aff'd, 738 F. App'x 25 (2d Cir. 2018) involves the interpretation of Federal Rule 81(c)(2)(C), which is not at issue here and applies only to removed cases. In any event, the court in Touro College *granted* defendants' motion to dismiss.

1

MeM on the ground that MeM is "estopped from pleading a statute of limitations defense with respect to unjust enrichment" because "fraud, misrepresentations or deception" induced the Kazakh Entities to "refrain from filing a timely action." (Opp. at 15.)

While the Court held that the *Sater Defendants* were equitably estopped from arguing a statute of limitations defense, none of those allegations of concealment (which the Court characterized as "thin") had *anything* to do with MeM. (MTD Br. at 7-9). In opposition, Plaintiffs apparently concede that the allegations of concealment brought against the Sater Defendants have nothing to do with MeM. They nevertheless ask the Court to "impute" their allegations of concealment on the part of the Sater Defendants "to MeM." (Opp. at 16.) Courts in this circuit and across jurisdictions have consistently rejected such arguments and made clear that that is not the law:

> A plaintiff cannot point to the deceptive practices of one defendant, and demand equitable tolling as to all. . . . The doctrine of fraudulent concealment is derived from a fundamental tenet of equity jurisprudence: one must not profit from his own wrong. *See Greenfield*, 87 F.R.D. at 129. Thus, "one who conceals facts to prevent the timely commencement of a lawsuit is estopped from pleading that defense." *Id.* However, to apply this doctrine to any and all defendants who played no part in the concealment is to invoke equity against innocent parties, and expand a limited exception to federal statutes of limitations beyond its intended scope.

*In re The Mediators, Inc.*, 190 B.R. 515, 525 (S.D.N.Y. 1995), *aff'd* 105 F.3d 822 (2d Cir. 1997). Equitable estoppel or equitable tolling (New York courts use the terms interchangeably, *see City of Almaty v. Sater*, 503 F. Supp. 3d 51, 66 (S.D.N.Y. 2020)), can be asserted only against a party that participated in the concealment of the alleged misconduct. *See O'Brien v. Nat'l Property Analysts Partners*, 719 F. Supp. 222, 232 (S.D.N.Y. 1989) ("Allegations that *other* defendants acted to deceive plaintiffs from filing suit do not plead fraudulent concealment against *all*

defendants. 'The doctrine of fraudulent concealment tolls the statute of limitations *only* as to those defendants who committed the concealment.' Thus, a plaintiff may not use fraudulent concealment by one defendant as a basis for tolling the statute of limitations against another defendant who did not engage in affirmative fraudulent acts to conceal." (citation omitted and emphasis in original)); *McKeefry v. Town of Bedford*, 2019 WL 6498312, at *6 (S.D.N.Y. Dec. 2, 2019) (declining to toll statute of limitations where allegations of concealment were generalized to multiple defendants rather than specific to the particular defendant); *see also In re Bushnell*, 271 B.R. 54, 59 (Bankr. D. Vt. 2001) ("[I]t is well settled in this circuit that vicarious liability principles do not apply to claims of fraudulent concealment. . . . Indeed, this Court agrees that equitable principles should not be utilized to revive an otherwise expired time limitation against a defending party who played no role in the alleged concealment of the fraud.").

      Here, the complaint does not allege that MeM engaged in "fraud, misrepresentations or deception" that would estop it from defending itself on grounds of the statute of limitations. Plaintiffs' unjust enrichment claim against MeM is thus indisputably untimely.

2. **Plaintiffs' Money Had and Received Claim Is Subject to a Three-Year Limitations Period and Is Time-Barred**

      Plaintiffs wrongly contend that the statute of limitations applicable to their money had and receive claim is different from the three-year unjust enrichment limitations period based on the Court's "previous ruling" in this case resolving the statute of limitations applicable to Plaintiffs' claim of money had and received. There was no such ruling. A dispute regarding that issue was never presented to the Court for resolution, since "the parties [to that claim] agree[d] that a claim for money had and received under New York law must be brought within six years." *City of Almaty v. Sater*, 503 F. Supp. 3d 51, 64 (S.D.N.Y. 2020).

3

Some cases apply a six-year statute of limitations for a claim for money had and received (Opp. at 14), but those decisions do not settle the issue any more than did the authorities that Plaintiffs cited in support of their contention that a six-year limitations period should apply for unjust enrichment. (ECF 116 at 28.)

The Court's analysis of the statute of limitations for unjust enrichment is precisely on point. In deciding that the unjust enrichment claims here were subject to a three-year limitations period, the Court focused on the substance of Plaintiffs' claims and, after an extensive, closely reasoned analysis, found that Plaintiffs' unjust enrichment claim here is governed by a three-year statute of limitations because

> [t]he Kazakh Entities do not allege elements of a contract claim. The gravamen of their claims is not that of an implied-in-law contract but of a restitutionary obligation arising from an alleged conversion of their property. Because their claim for unjust enrichment rests on "the taking or detaining" of their property, it most closely resembles the types of actions defined in C.P.L.R. § 214.

*City of Almaty v. Sater*, 503 F. Supp. 3d at 66. C.P.L.R. § 214 identifies "actions to be commenced within three years." Since the substance of Plaintiffs' claim for money had and received is indistinguishable (and is certainly not different in any relevant way) from the substance of Plaintiffs' claim for unjust enrichment, precisely the same analysis establishes a three-year limitations period for money had and received.

Plaintiffs attempt to argue that its claim for money had and received is merely "similar to" rather than "identical with" its claim for unjust enrichment. That is unavailing. First, Plaintiffs simply ignore the substantial authority that such claims are, in fact, identical.[2] *See, e.g., Amable v. New Sch.*, No. 20-CV-3811 (KMK), 2021 WL 3173739, at *13 (S.D.N.Y. July 27,

---

[2] Plaintiffs discuss *Maxus Leasing Grp., Inc. v. Kobelco Am., Inc.*, 04–CV–518, 2007 WL 655779 (N.D.N.Y. Feb. 26, 2007), (Opp. at 13-15) but do not deny that *Maxus* found that the two causes of action are identical.

4

2021) ("Courts have characterized this cause of action [for money had and received] as 'essentially identical to a claim of unjust enrichment'") (quoting *Johnson v. JPMorgan Chase Bank, N.A.*, 488 F. Supp. 3d 144, 160 (S.D.N.Y. 2020), *appeal withdrawn sub nom. Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-3588, 2021 WL 161730 (2d Cir. Jan. 14, 2021)); *J.C. Penney Corp. v. Carousel Ctr. Co., L.P.*, 635 F. Supp. 2d 126, 129 n.1 (N.D.N.Y. 2008) ("claims for unjust enrichment and money had and received are identical"). It is notable that, despite denying that the two claims are identical, Plaintiffs decline to identify with any specificity the ways in which they supposedly differ (other than making the circular point that the statute of limitations purportedly differs).

Second, and critically, Plaintiffs simply ignore the fact that regardless of whether claims for unjust enrichment and for money had and received are identical *in general*, the *specific* claims brought by Plaintiffs under both these headings here are identical and supported by identical factual allegations. Thus, since Plaintiffs' claim for money had and received, just as much as does their claim for unjust enrichment, "rests on 'the taking or detaining' of their property," *City of Almaty v. Sater*, 503 F. Supp. 3d 51, 66 (S.D.N.Y. 2020), the Court's analysis in its prior decision addressing the substantive of the unjust enrichment claims here applies precisely and with equal force to Plaintiffs' claim for money had and received. Accordingly, both claims are governed by a three-year limitations period and are time barred.

3. **Even if Plaintiffs' Claims Were Timely, They Fail.**

Plaintiffs do not dispute that unjust enrichment and money had and received causes of action both require a plaintiff to show that the alleged enrichment of the defendants was "at the expense" of the Plaintiff and that, as a result, it is "against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Goel v. Ramachandran*, 111 A.D.3d

5

783, 791, 975 N.Y.S.2d 428, 437 (2013). There is no dispute that "[t]he essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Goel*, 111 A.D.3d at 791 (quoting *Paramount Film Distrib. Corp. v. State of New York,* 30 N.Y.2d 415, 421, 334 N.Y.S.2d 388, 285 N.E.2d 695 (1972)). Plaintiffs fail sufficiently to allege these elements. While this Court held that Plaintiffs stated a claim for unjust enrichment *against the Sater Defendants* because the complaint alleged the "knowing receipt of stolen funds in furtherance of a money-laundering scheme" as to those defendants, the same is not true as to MeM. *City of Almaty*, 503 F. Supp. 3d at 60-61. The complaint fails to allege that MeM ever knew that any funds it received for its brokerage services were stolen or were in furtherance of any money-laundering scheme.

First, Plaintiffs fail to allege that MeM received any funds *at Plaintiffs' expense*. Indeed, MeM's services as a broker *benefited* Plaintiffs by increasing the amount of money recoverable from the Sater Defendants. Moreover, Plaintiffs nowhere allege that MeM's brokerage services were in furtherance of a money-laundering scheme.

Second, Plaintiffs' response that MeM had no role in the Tri-County Mall transaction (Opp. at 12) but instead received payment in "compensation for Mochkin's help in furthering Mukhtar Ablyazov's public relations campaign," (*id.*) does not change the analysis. The only factual allegation in support of Plaintiffs' position is Mochkin's once offering to connect Sater to a journalist. (FAC Paragraph 257.) Plaintiffs' sole factual allegation is plainly insufficient to support a plausible inference that MeM participated in a money-laundering scheme. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) (surviving a Rule

6

12(b)(6) motion, a pleading must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.").

Third, regardless of the specific professional services MeM provided, Plaintiffs fail to allege that MeM knowingly received stolen funds in furtherance of a money-laundering scheme. Even if (contrary to fact) MeM had believed that the Sater Defendants possessed some funds that belonged to the Plaintiffs, MeM had no reason to believe – and the First Amended Complaint does not allege – that the funds paid to MeM were themselves tainted in any way. Plaintiffs do not allege that Sater had no legitimate funds. Plaintiffs do not allege that MeM believed that Sater had no legitimate funds. Plaintiffs do not even allege that MeM knew that the funds paid to it came from Sater's allegedly stolen funds rather than from Sater's legitimate funds or from the legitimate funds provided by some third party (for example, the purchaser of the Tri-County Mall Note).

For these reasons, even if they were not time-barred, Plaintiffs claims cannot survive MeM's motion to dismiss.

## CONCLUSION

For these reasons, Defendant MeM respectfully requests that the Court grant its Motion to Dismiss.

Dated:   December 28, 2021            /s/ *Jason Cyrulnik*
        New York, NY                     Jason Cyrulnik, Esq.
                                          CYRULNIK FATTARUSO LLP
                                          55 Broadway, Third Floor
                                          New York, NY 10006
                                          Tel: 646.844.2466

                                          jcyrulnik@cf-llp.com

                                          *Attorney for Defendant*
                                          *MeM Energy Partners LLC*

7