

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mschwartz@bsfllp.com

February 4, 2022

**BY ECF**

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
              **Case No. 19 Civ. 2645 (rel. 15 Civ. 5345) (AJN) (KHP)**

Dear Judge Nathan:

      We represent the City of Almaty, Kazakhstan and BTA Bank. Yesterday, defendant Felix Sater filed a motion for "leave to amend" [ECF No. 356], which attached a proposed amended answer that includes new third-party claims against Almaty and BTA Bank as well as two non-parties. The papers filed in support of the motion cite no law and provide no purported justification for filing the proposed pleading, including ignoring entirely the standards for joinder of non-parties. If the Court prefers, we will file an opposition to Sater's motion in the ordinary course. However, doing so will require Plaintiffs to brief both procedural issues as to the propriety of amendment and joinder, as well as substantive issues such as the futility of the proposed claims. Given that Sater's motion is facially defective (including failing to comply with the Local Rules), we respectfully submit that it would instead be appropriate to strike the pleading without prejudice to any renewed motion that Sater might make that would at least address the relevant standards. *See* Fed. R. Civ. P. 14(a)(4); 12(f); *see also* Advisory Committee Notes, Fed. R. Civ. P. 14 ("the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim.").

      **1.**    **The Motion Is Not Supported By a Memorandum of Law, in Form or Substance.**

      Local Rule 7.1(a)(2) requires that, except for letter motions or where otherwise permitted by the Court, "all motions shall include . . . [a] memorandum of law setting forth the cases and other authorities relied upon in support of the motion."

      Sater's motion consists only of a notice of motion, a four-page declaration from his lawyer, and the proposed pleading.[1] The declaration does not set forth any "cases and other authorities," and does not attempt to identify or meet the standard that the Court should employ in evaluating the motion. Instead, the declaration is largely devoted to a self-serving recitation of failed settlement talks between the parties. For this reason alone, the Court may strike the motion.

---

[1] Plaintiffs e-mailed Sater's counsel immediately upon receiving the motion to confirm that they did not intend to submit a memorandum of law. We have not yet received a response. The Notice of Motion, however, does not mention any memorandum of law.



### 2.     The Motion Fails to Address the Joinder of New Parties

Local Rule 7.1(a) also requires that every motion be accompanied by a notice of motion that identifies "the applicable rules or statutes pursuant to which the motion is brought." Sater's notice of motion identifies only Rule 15(a)(2), which permits amendment of pleadings with leave of the Court. But the proposed pleading is more than an amendment of Sater's previously-filed answer. It is a brand new lawsuit purporting to raise claims that have nothing to do with the subject matter of this dispute against both the existing Plaintiffs and two new non-parties (one of which is a sovereign entity). In order to permit such a pleading to be filed, Sater would at the very least need to seek to join the new parties under Rules 13 and 20 (governing permissive joinder of defendants to a counterclaim) or Rule 14 (governing third-party practice). Sater's motion fails to discuss joinder entirely, and thus cannot possibly support the relief he seeks.

The confusion in the motion runs even deeper. Sater characterizes the new parties as "Third Party Defendants." Rule 14 concerns third-party practice and provides that a "defending party [here, Sater] may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it," *i.e.*, against the defending party. Fed. R. Civ. P. 14(a)(1). Sater's proposed pleading does not – because it could not – contend that any of the proposed "third party defendants" are liable to Sater for Sater's conduct in helping Ilyas Khrapunov and Mukhtar Ablyazov launder millions of dollars in the United States.

Regardless, Sater's motion does not explain why he should be permitted to file a third-party complaint more than 14 days after serving his original answer. *See* Fed. R. Civ. P. 14(a)(1). Sater filed his answer more than a year ago, on January 15, 2021, [ECF No. 266.]

### 3.     The Motion Is Untimely Under This Court's Orders and Fails to Explain Why Sater Meets the Requirements of Rules 15 and 16.

Relatedly, Sater's motion fails to explain why amendment could possibly be timely given that the time to amend or to join additional parties has long since passed. Sater cites Rule 15(a)(2), which provides that leave to amend a complaint shall be "freely" given when "justice so requires." The motion does not address that standard at all, let alone explain why it applies.

Nor does the motion explain how Sater satisfies the heightened "good cause" requirement under Rule 16 to modify the earlier scheduling orders in this case, or alternatively why he believes that standard does not apply notwithstanding those clear orders. Under the Court's original scheduling order from June 6, 2019, the "parties may amend the pleadings or join additional parties until July 17, 2019." [ECF No. 41 at 1.] Later, based on a stipulated schedule, the Court re-set Sater's deadline to answer the First Amended Complaint to January 15, 2021. [ECF No. 254.] On that day, Sater filed his Answer. [ECF No. 266.]

Because a scheduling order was entered that "restricted a party's ability to file an amended complaint, Rule 15's liberal standard must be balanced against the more stringent standard of Rule 16, under which such an order 'may be modified only for good cause.'" *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 16(b)(4) and citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). To

Case 1:19-cv-02645-AJN-KHP   Document 357   Filed 02/04/22   Page 3 of 3



show good cause, a movant must demonstrate that he has been "diligent," "meaning that, despite [his] having exercised diligence, the applicable deadline could not have been reasonably met." *Id.* (quotation marks omitted) (citing *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 266–67 (2d Cir. 2009)). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Id.* (quotation marks omitted).

Again, nowhere in Sater's motion papers does he explain why he was diligent in bringing his claim. To the contrary, he admits that he became aware of his new "claims" no later than January 21, 2021 [ECF No. 356-1, at ¶ 4] – that is, within a week of when he filed his original answer. He then waited more than a year to file his motion, with no explanation as to why.

4. **The Motion Fails to Address the Reasons Why the Court Should Not Exercise Its Discretion to Deny Leave to Amend.**

Lastly, Sater's motion papers do not explain why the Court should not deny the motion in light of other considerations. A "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007). Each and every one of those reasons applies. Sater's proposed pleading is futile because it is legally and factually frivolous – as was explained, in part, in a lengthy letter to counsel beforehand.[2] It is also filed in bad faith, near the end of fact discovery in a long-running case that is about topics having nothing to do with the claimed subject matter of Sater's new pleading, much to the prejudice of the Plaintiffs.

\*   \*   \*

Our purpose in raising these issues is not to litigate them now, but rather to point out that Sater – who bears the burden of meeting all relevant legal standards in seeking to file his new pleading – has made no attempt to even address them. Plaintiffs therefore respectfully submit that rather than require them to conduct full briefing on these issues (and allowing Sater to make any substantive arguments for the first time on reply), the Court should strike the motion for failing to conform to the Local Rules and to address the relevant legal standards.

Thank you for your consideration of this request.

Respectfully,

/s/ *Matthew L. Schwartz*
Matthew L. Schwartz

---

[2] A copy of that letter is attached as Exhibit A, and illustrates some of the reasons why Sater's proposed pleading is legally and factually meritless and brought for an improper purpose. Portions of Sater's testimony quoted in the letter, which were marked confidential, have been redacted. We thought that, even so, the gist of the letter was clear and that it was not necessary to clutter the docket with sealing motions. If it would be helpful for the Court to see the unredacted version, we are of course happy to provide it.

3