

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mschwartz@bsfllp.com

February 16, 2022

**BY ECF**

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
             **Case No. 19 Civ. 2645 (rel. 15 Civ. 5345) (AJN) (KHP)**

Dear Judge Nathan:

      I represent plaintiffs the City of Almaty, Kazakhstan and BTA Bank, and I write in brief reply in further support of plaintiffs' motion to strike defendant Felix Sater's Motion for Leave to Amend. [ECF No. 357].

      Sater does not attempt to justify his procedurally improper motion for leave to amend or otherwise to oppose any of the arguments made in Plaintiffs' letter motion. Instead, he unilaterally informs the Court – without seeking leave to do so – that he will file "amended/supplemental papers" in support of his Motion for Leave to Amend. [ECF No. 359].

      The Court should therefore grant Plaintiffs' motion to strike. Plaintiffs' letter motion identified numerous grounds on which Sater's motion for leave to amend should be struck, including that it (1) failed to comply with the Local Rules; (2) failed to seek joinder of the new parties his proposed "amended answer" seeks to bring into the case or otherwise explain why joinder is proper where his brand new claims have nothing to do with the subject matter of this case; (3) failed to explain why the motion was timely in light of this Court's prior orders or even to cite the appropriate rules; and (4) failed to explain why the "amended complaint" was not futile or should not otherwise be rejected in the Court's discretion. [ECF No. 357]. Sater's failure to respond to any of these arguments admitted them, and waived any opposition. *See Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16-CV-7014 (VSB), 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) ("Numerous courts have held that a [party's] failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument."). Further, Sater's assertion that he will file "amended/supplemental papers" is improper. His response did not seek the Court's permission for any such amendment, and he cites no rule or other authority that would allow him to effectively submit a brand new motion without withdrawing the old one.

      Plaintiffs therefore respectfully submit that the proper course of action is for this Court to grant the motion to strike without prejudice, allowing Sater to re-file a new motion whenever (if ever) he is ready to do so. The distinction between these approaches – requiring Sater to file a new procedurally proper motion on the one hand, or permitting him to amend and/or supplement his existing motion on the other – is not academic. Among other things, the Court's assessment of the timeliness of his (already untimely) motion and the underlying claims may turn on when he properly sought leave to file those claims. If Sater is given the benefit of the date of his prior submission, but allowed to supplement it with new and different arguments (or, worse, to change



the underlying proposed pleading itself), Plaintiffs will be severely prejudiced.  Alternatively, if the Court does not strike Sater's motion for leave to amend, it should bar him from amending or supplementing that motion, and Plaintiffs can instead brief the motion as-filed.

      Thank you for your consideration.

                                            Respectfully,

                                            /s/ Matthew L. Schwartz
                                            Matthew L. Schwartz