UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CITY OF ALMATY, KAZAKHSTAN and

BTA BANK JSC,

                                Plaintiffs,

              -against-

FELIX SATER, et al.,

                                Defendants.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2022

19-CV-2645 (AJN) (KHP)

**OPINION & ORDER ON MOTION TO QUASH**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiffs City of Almaty, Kazakhstan ("Almaty") and BTA Bank, JSC ("BTA") served a deposition subpoena on Moses & Singer LLP ("M&S"), which M&S now seeks to quash. (ECF No. 316.) For the reasons set forth below, the motion is DENIED.

## BACKGROUND

Plaintiffs brought this action against Felix Sater, two companies he owns, Bayrock Group Inc. ("Bayrock Inc.") and Global Habitat Solutions, Inc. ("Global Habitat"), Daniel Ridloff, a former business associate of Sater's, RRMI-DR LLC, a company owned by Ridloff, Ferrari Holdings LLC, and MEM Energy Partners LLC ("MEM Energy"). Plaintiffs allege that Sater and Ridloff assisted Mukhtar Ablyazov, former chair of BTA Bank, JSC ("BTA"), and Viktor Khrapunov, former mayor of the City of Almaty, Kazakhstan, to launder money that Ablyazov and Khrapunov stole from Plaintiffs. They allege that the stolen funds were laundered through shell entities into various investments and that Sater and Ridloff, through the defendant entities they control, knowingly accepted and still possess millions of dollars of the stolen funds. Plaintiffs bring claims for unjust enrichment and money had and received against all

1

defendants. They also assert claims for fraud, conversion, conspiracy under English law, and punitive damages against Sater and Ridloff individually.

The allegations in this action are intertwined with those in another action pending in this Court, captioned *City of Almaty, Kazahkstan, et al. v. Mukhtar Ablyazov, et al.*, 15-cv-5345 (AJN)(KHP) (the "Ablyazov Action"). The Court assumes familiarity with the facts of these actions and does not repeat them here.[1]

M&S represented Sater in various corporate matters and transactions at issue in this case. For example, M&S represented Sater in a corporate transaction involving the Tri-County Mall, which Plaintiffs contend was acquired with stolen funds. Following the sale, a dispute arose between Sater and Ilyas Khrapunov as to amounts due to Sater for his role in the transaction. Ultimately, Sater received $20 million in settlement of this dispute, which Plaintiffs contend is directly traceable to funds stolen by Ablyazov. M&S was involved in receiving and distributing funds through its escrow accounts in connection with the transaction and settlement. M&S also represented Sater in connection with other corporate ventures relevant to this matter and can provide information about money transferred through its escrow accounts used in those ventures – money Plaintiffs say includes stolen funds. M&S admittedly received and held (at least for some period of time) recordings of communications between Sater and Ilyas Khrapunov that have not been produced by Sater. Plaintiffs attempted to obtain the recordings from M&S and from a company retained to enhance the audibility of the

---

[1] For additional background on this action see ECF No. 144. For additional background on the Ablyazov Action, see *City of Almaty, Kazahkstan v. Ablyazov*, 15-cv-5345, 2019 WL 4747654 (S.D.N.Y. Sept. 30, 2019); 2019 WL 4126445 (S.D.N.Y. Aug. 30, 2019); 2019 WL 1430155 (S.D.N.Y. Mar. 29, 2019); 2018 WL 3579100 (S.D.N.Y. July 25, 2018); 2018 WL 1583293 (S.D.N.Y. Mar. 27, 2018); 278 F. Supp. 3d 776 (S.D.N.Y. 2017); 226 F. Supp. 3d 272 (S.D.N.Y. 2016); 2016 WL 5945912 (S.D.N.Y. June 24, 2016).

recordings, but neither entity still has possession of the tapes.  Additionally, M&S negotiated an agreement relevant to Sater's defense of waiver and release in this action.

M&S produced documents responsive to two document subpoenas, including information about money transferred through its accounts for Sater's various business dealings.  It contends that its production of documents is sufficient and that it should not be required to also provide deposition testimony, which it characterizes as burdensome and harassing and designed to invade attorney-client privilege.

**LEGAL STANDARD**

Rule 45 permits a party to command a non-party to produce documents and provide deposition testimony.  Fed. R. Civ. P. 45(a).  The issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  The party served with the subpoena may object to the subpoena but must do so before the earlier of the time specified for compliance or 14 days after the subpoena is served.  Fed. R. Civ. P. 45(d)(2)(B).  The court "*must* quash or modify a subpoena that . . . fails to allow a reasonable time to comply . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . or subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3) (emphasis added).  "Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court.'"  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)); *Citizens Union of City of New York v. Attorney General of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017).

**DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) permits discovery regarding any nonprivileged matter relevant to any party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The same scope of discovery applies when seeking discovery from a non-party. *First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2d Cir. 1998); *see also Crosby v. City of New York*, 269 F.R.D. 267, 282 & n.82 (S.D.N.Y. 2010) (collecting cases).

M&S unquestionably possesses information relevant to the claims in this matter. Plaintiffs have indicated they wish to question M&S regarding the flow of money from and to Sater through M&S accounts as reflected on documents produced by M&S. This information is plainly relevant and not burdensome; nor is factual information about the flow of money privileged. Plaintiffs also seek to question M&S about negotiations of the release agreement on which Sater's defense is based—negotiations in which Sater did not participate and cannot provide testimony. The individual who negotiated on behalf of the counterparty to the agreement is deceased. Thus, M&S has the most direct information about the negotiations. Other information about which Plaintiffs seek to depose M&S is similarly relevant. Plaintiffs do not seek privileged information—rather, they seek factual information.

While it is true that the subpoena identifies a lengthy list of topics for deposition, all are based on the transactions at issue in this case. Thus, the subpoena is not overbroad, as it is focused on facts relevant to the case. However, the Court also recognizes that some of the information sought can be provided by the parties to this litigation or easily gleaned from the extensive documents already produced by M&S. In light of this, and insofar as M&S is a non-party, the Court will limit the total deposition hours to seven to cover the topics. If two

witnesses are required, Plaintiffs must split the seven hours between the two witnesses. This limitation is warranted to focus Plaintiffs on questions for which testimony is truly needed and minimize the burden on M&S.

M&S's argument that there is presumption against deposing counsel is unpersuasive. The cases on which M&S rely primarily concern depositions of opposing counsel in the same litigation and are not relevant here given that M&S is not opposing counsel in this litigation. Rather, M&S is a fact witness. Thus, any presumption against deposing opposing counsel is inapplicable here. *Aco Fabrica de Calcado S.A. v. Tic-Tac-Toes Mfg. Corp.*, 2008 WL 11355382, at *1 (N.D.N.Y. Apr. 22, 2008).

Similarly, M&S's concerns about invasion of attorney-client privilege are overblown. Plaintiffs are not seeking privileged communications—they are seeking fact information. Nevertheless, to the extent any questions do seek to invade attorney-client privilege, M&S can object and decline to answer on that basis. To the extent there are any objections and refusals to answer that Plaintiffs contend are improper, the question and answer shall be marked for a ruling after the completion of the deposition. The parties shall complete the seven hours of deposition and after the deposition is completed, Plaintiff may bring any issues to the Court's attention. Plaintiffs are warned to carefully construct their questions to focus on non-privileged factual information relevant to the claims and defenses. M&S is warned to exercise its objections carefully and consistent with applicable law governing privilege, as it will be required to appear again to respond to any questions it improperly refuses to answer.

## CONCLUSION

For the reasons set forth above, M&S's motion (ECF No. 316) to quash is DENIED. The deposition shall be conducted by no later than March 31, 2022. The parties shall provide a status report on the conduct of the deposition by April 15, 2022.

Dated:     February 24, 2022
           New York, New York

*Katharine H. Parker*
_____
Katharine H. Parker
United States Magistrate Judge