

CRAIG WENNER
Tel: (212) 909-7625
Email: cwenner@bsfllp.com

March 22, 2022

<u>BY ECF</u>

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

  **Re:**  *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.,*
     **Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (AJN) (KHP)**

Dear Judge Parker:

  We represent the City of Almaty, Kazakhstan and BTA Bank (together, the "Kazakh Entities") and write in advance of Thursday's status conference to apprise the Court of the status of fact discovery in this case.

  While the Kazakh Entities have diligently pursued discovery from parties and third parties alike, there are a handful of remaining disputes and/or outstanding matters about which the Court should be aware. The meet and confer process on the issues described below is ongoing, but because of the impending fact discovery deadline, we wanted to raise these issues with the Court, including to seek guidance as to whether the Court would prefer that we move to compel or seek other relief now (though the conferral process is continuing) so as not to forfeit the right to obtain necessary evidence, or whether we should wait until any dispute is ripe, though it may occur after the discovery deadline. The timing of any motion practice may also be informed by the Court's resolution of Felix Sater's request to extend discovery.

### Kalsom Kam Left the Country While Subject to Outstanding Subpoenas

  As the Court will recall, the Kazakh Entities served document and depositions subpoenas on Felix Sater's long-time assistant, Kalsom Kam. Kam has neither produced documents nor sat for a deposition, and has reportedly "permanently" left the country. Kam's evidence is central to, among other things, Sater's release-based defense relating to Litco LLC, of which Kam was a purported agent and director. Kam was also the signatory on behalf of Litco on the so-called Confidential Assistance Agreement, upon which Sater's defense is based.

  On November 8, 2021, the Court granted the Kazakh Entities' motion for alternative service, finding that the Kazakh Entities' multiple attempts to serve Kam through phone, email, mail, text message, and service on Kam's employer, Sater, were sufficient. [ECF No. 344.] The Kazakh Entities then repeated their efforts at contacting Kam through multiple channels to notify him of his deposition date. Kam never responded. The Kazakh Entities are aware from Sater's counsel that Kam was deposed in Sater's New York state court matrimonial proceeding in December or January (*i.e.*, after he was served in this case), but Sater's counsel informed us on January 28, 2022, that Kam "moved back permanently to his native Malaysia." Notwithstanding that Kam was properly subject to the Court's jurisdiction and obligated to produce documents



and appear for a deposition—which Sater knew while he was clearly still in contact with Kam—Kam left the jurisdiction of the Court.

Approximately a week after being informed about Kam's move, on February 9, the Kazakh Entities served document requests on Sater concerning his communications with Kam and calling for prior sworn statements by Kam, such as his prior deposition transcripts. The Kazakh Entities only just received responses and objections from Sater's counsel on Friday, March 18—but no documents. Those responses and objections are discussed further below.

**<u>Sater's Prior Deficient Document and Deposition Disclosures</u>**

On January 26, 2022, the Kazakh Entities wrote a letter to Sater's counsel detailing numerous deficiencies in Sater's disclosures that were left unresolved after Sater obtained new counsel. A copy of the Kazakh Entities' January 26 letter is attached as Exhibit A. Among the issues raised in that letter are Sater's failure to adequately search records that he left behind when he relocated to Guyana during the pandemic and his failure to supplement deposition responses that he admitted were incomplete and represented on the record would be supplemented.

The failure to supplement his disclosures is both improper and prejudicial to the Kazakh Entities. For example, Sater has yet to produce key audio recordings of conversations between him and Ilyas Khrapunov that Sater admitted he created to protect himself against Khrapunov during their dispute over the split of profits from various real estate deals through which they were laundering the Kazakh Entities' stolen money. The Kazakh Entities have attempted to obtain these from Sater, from his counsel at Moses & Singer, and from the third-party vendor who enhanced and edited the tapes. After meeting with Sater's counsel again on March 15, 2022, we understand that Sater intends to respond in writing to our January 26 letter, but he has not done so as of yet.

**<u>Sater's Recent Improper Responses and Objections to Disclosure Requests</u>**

On March 18, Sater served late, unverified, and incomplete responses and objections to various discovery requests, and failed to produce any responsive documents or commit to a date on which he would produce them.

To begin, Sater's responses to Plaintiffs' February 9, 2022 Fourth Requests for Production, which are attached as Exhibit B, were untimely, constituting a waiver of any objections. Sater's response were due by March 11, but his objections were not served until March 18. That defect aside, at least two (out of five) of Sater's responses are problematic.

First, after Kam failed to comply with his subpoenas, the Kazakh Entities requested copies of Kam's prior sworn statements, including deposition transcripts. [Exhibit B, Request 2.] Sater identified one transcript from Sater's divorce proceeding, where Sater's ex-wife is taking discovery into Sater's assets. Sater suggests in his objection that he should be allowed to redact information in the transcript, but says that he has yet to receive the transcript, and so this issue will likely be the subject of a future meet and confer—though presumably the protective order in this case provides any needed protection over sensitive information.



Second, Sater objected to requests for recent communications with his ex-wife, Viktoria Sater, concerning her responses to the Kazakh Entities' third-party document and deposition subpoenas. [Exhibit B, Request 3.] By way of background, discovery of Ms. Sater and her business's financial transactions is relevant because Sater laundered the Kazakh Entities' stolen funds though Ms. Sater's business. The only objection that Sater raised to this request was on the grounds of spousal privilege. But at the time of these communications, which were from August 1, 2021, to the present, Felix and Viktoria Sater were not spouses, having been long-since divorced and adversaries in the divorce proceeding. *In re Witness Before Grand Jury*, 791 F.2d 234, 237 (2d Cir. 1986) (holding that "the [spousal communications] privilege can be successfully asserted *only when* there exists a marriage valid at the time the communications is made" (emphasis added)).

Sater's responses and objections to Plaintiffs' January 26, 2022 Second Interrogatories, which are attached as exhibit C, are also deficient.[1] To start, the responses are unverified, rendering them non-compliant and late. *See* Fed. R. Civ. P. 33(b)(5). Further, Sater failed to respond "fully" as required under Rule 33(b)(3). The interrogatories, as is common at the end of discovery, request that Sater "identify all evidence produced in this action" that Sater contends supports various assertions made by Sater. In response, Sater failed to identify any particular evidence exchanged during discovery, and asserts that he will supplement his prior productions with just one week remaining in discovery. Sater does not explain why he did not previously produce that evidence, which in all cases would have been responsive to the Kazakh Entities' prior discovery requests.

### MeM Energy's Disclosure Responses

MeM Energy's counsel appeared in this action on August 2, 2021. [ECF No. 303.] On August 10, 2021, the Kazakh Entities served their first requests for production and first interrogatories on MeM Energy. MeM Energy failed to timely respond, and we raised the issue with the Court at a status conference. The Court denied MeM Energy's request to stay discovery in light of its pending motion to dismiss and ordered MeM Energy "answer the document requests and interrogatories." Oct. 14, 2021 Hr'g Tr. at 13:5–11.

After repeated requests by the Kazakh Entities, MeM Energy finally provided responses and objections on November 3, 2021. MeM Energy objected to the disclosure demands, though agreed to produce a narrow subset of the requested information. The parties then met and conferred on November 23, 2021, right before the Thanksgiving holiday. Based on the meet and confer, on January 10, 2022, the Kazakh Entities provided MeM Energy narrowed interrogatory requests and a list of proposed search terms to run on MeM Energy's electronic records. Having received no response, the Kazakh Entities followed up again on January 25, and the parties met and conferred telephonically on February 2. Based on that meet and confer, the Kazakh Entities understood that MeM Energy would run the search terms and report back with the volume of hits and any issues with respect to reviewing the documents for responsive records. Again having

---

[1]     The responses were originally due February 25, but prior to the deadline, Sater's counsel requested until March 15 to respond. Plaintiffs consented to the extension, but then on the March 15 meet and confer, Sater's counsel requested an additional three days to March 18 to respond.



heard nothing, the Kazakh Entities followed up again on February 28, asking for documents or at least a report on the search terms.

The most recent communication from MeM Energy's counsel was on Monday, March 21, 2022, in which MeM Energy's counsel reported that they had "some technology challenges with the Google hits and hope to be back in touch in the next few days regarding hit reports/estimation for production." With the oral argument on MeM Energy's motion to dismiss approaching, MeM Energy has effectively achieved its requested stay of discovery through delay. The Kazakh Entities anticipate asking the Court to order MeM Energy to begin producing responsive records by a date certain, and for leave to depose MeM Energy after the current April 1 close of discovery so that the Kazakh Entities have the benefit of MeM Energy's production prior to the deposition. MeM Energy has not served any disclosure requests, noticed any depositions, or served any subpoenas.

### Privilege Assertions Over Attorney Arnie Herz Communications

The Court is already familiar with the Kazakh Entities' attempts to obtain documents from attorney Arnie Herz pursuant to a third-party subpoena. As part of that effort, the Kazakh Entities received a metadata chart of documents withheld on the basis of privilege asserted by one or more of Felix Sater, Ilyas Khrapunov (and apparently any entity conceivably related to him), and Triadou SPV S.A. and its affiliates (such as Swiss Development Group). The chart contained over 2,600 entries of documents and emails being withheld on the basis of attorney client privilege.

After reviewing the discovery produced in this action, the Kazakh Entities went back to the interested parties who had asserted privilege to challenge the privilege calls. The parties' meet and confer continued, including most recently a telephonic conference on March 2, 2022. Coming out of that meet and confer, on March 11, 2022, the Kazakh Entities provided the interested parties a revised list of specific documents on the privilege log for which the Kazakh Entities are challenging the privilege assertions or simply require more information to determine the basis for privilege. The Kazakh Entities requested a response prior to the March 24 conference with the Court, but have so far not received one.

### Foreign Depositions

Judge Nathan has issued Hague Requests for foreign discovery to France (for Mukhtar Ablyazov) and Switzerland (for Ilyas and Leila Khrapunov), which remain outstanding.

With respect to France, Ablyazov was ordered to attend a deposition on June 15 and 16, 2021, but failed to appear. The Kazakh Entities are pursuing further relief from the French courts.

In Switzerland, the parties are waiting on the Geneva court to schedule examinations under oath of Ilyas and Leila Khrapunov. Pursuant to the Hague request and a request by the Swiss court, the Kazakh Entities submitted proposed questions in writing in advance of the depositions. The Kazakh Entities' local Swiss counsel have contacted the tribunal for an update on the anticipated timing of the deposition.



**Third Party Depositions**

      Aside from Kalsom Kam, the Kazakh Entities have two other outstanding third-party deposition subpoenas to Moses & Singer LLP and to Viktoria Sater.

      As the Court is aware, by Order dated February 24, 2022, the Court denied Moses & Singer's motion to quash, requiring it to appear for a deposition by no later than March 31. [ECF No. 363.] The Court then granted Moses & Singer's extension request on consent, and the parties have scheduled the deposition to occur on April 13, 2022.

      Additionally, the Kazakh Entities subpoenaed Viktoria Sater to appear on March 1, 2022, a date that she proposed, and which the Kazakh Entities confirmed with her and opposing counsel multiple times. The night before the scheduled deposition, however, counsel for defendant Felix Sater advised that he had been retained by Ms. Sater for the deposition the following day. Sater's counsel further reported that Ms. Sater was too sick to appear. Given the extremely late notice, the Kazakh Entities informed Felix Sater's counsel that the deposition would proceed as scheduled. The Kazakh Entities made a record of non-appearance on March 1 and have been pressing Sater's counsel for a new date for the continued deposition. At the March 15 meet and confer, Sater's counsel indicated they would try to obtain more information on a new date by Friday, March 18, but no such date has been forthcoming.

**The Kazakh Entities' Requests for Admission**

      On March 3, 2022, the Kazakh Entities served requests for admission on the defendants, which are designed in large part to streamline trial and obviate the need for testimony from witnesses on uncontested matters. The responses are currently due April 4, 2022.

*     *     *

      We thank the Court for its attention to these matters, and the parties are of course available to answer any questions that the Court may have at the conference.

                          Respectfully,

                          */s/ Craig Wenner*
                          Craig Wenner