# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>　　　　Plaintiffs,<br><br>　　　　- against -<br><br>FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,<br><br>　　　　Defendants. | 19 Civ. 2645 (AJN) (KHP)<br><br>**RESPONSES AND OBJECTIONS TO FOURTH REQUEST FOR PRODUCTION** |

Defendant Felix Sater, for his Responses and Objections to the Plaintiffs' Fourth Requests for Production dated February 9, 2022, states as follows:

**Responses and Objections**

**Request No. 1**

Written communications (e.g., emails, text messages, transcribed voicemails, letters, handwritten notes, or notes concerning any telephone or in-person meeting) for the period from August 1, 2021 to present, whether direct or indirect (i.e., through intermediaries) between, on one hand, Felix Sater or any agent, representative, or associate of Felix Sater or any entity controlled by him and, on the other hand, Kalsom Kam, or any of his agents, associates, or representatives, concerning the Kam Subpoenas or information responsive to those subpoenas. This request includes any communications concerning responses to the Kam Subpoenas, the collection, preservation, or destruction of responsive evidence, and the subsequent Motion to Approve Alternative Service of Subpoenas upon Kalsom Kam filed in this Action at Docket No. 336, with supporting materials at Docket Nos. 337-40 on October 28, 2021.

**Objections and Responses**

One responsive email exists and will be produced.

**Request No. 2**

Copies of any sworn statements – such as affidavits, declarations, or deposition testimony – by Kalsom Kam for the period October 1, 2013, to the present prepared in connection with any

1

litigation or proceedings in which You are involved, including but not limited to the following cases:

    a.    The People of the State of New York ex rel. Qui Tam "The Bayrock Qui Tam Litigation Partnership" v. Bayrock Group LLC, 101478/2015 (N.Y. Sup.)

    b.    Felix Sater v. Jody Kriss, 159597/2016 (N.Y. Sup.)

    c.    The People of the State of New York ex rel. Qui Tam "The Bayrock Qui Tam Litigation Partnership" v. Bayrock Group LLC, 2018-3507 (App. Div. 1st Dep't)

    d.    Viktoria Sater v. Felix Sater, 350011/219 (N.Y. Sup.)

    e.    Tri-County Mall Investors, LLC v. Felix Sater, 654361/2013 (N.Y. Sup.)

    f.    Felix Sater v. Jody Kriss, 654533/2016 (N.Y. Sup.)

    g.    Kriss et al v. Bayrock Group LLC et al, 10-cv-03959 (S.D.N.Y.)

    h.    Stolper et al v. Felix Sater and Kalsom Kam, 19-cv-01241 (E.D.N.Y.)

**Objections and Responses**

Sater objects to this request as overbroad.

Sater is aware that Kalsom Kam gave a deposition in *Viktoria Sater v. Felix Sater* about 2 or 3 months ago. Sater does not have a copy of the transcript. Sater's counsel has asked the opposing counsel in Sater's divorce case for a copy of the transcript and is awaiting reply.

Our objection as to overbreadth is based upon the likelihood that the transcript contains irrelevant information as well as private / sensitive information that should be redacted or otherwise protected.

Apart from the Kam deposition in Sater's divorce case, Sater is not aware of any other responsive documents.

**Request No. 3**

Written communications (e.g., emails, text messages, transcribed voicemails, letters, handwritten notes, or notes concerning any telephone or in-person meeting) for the period from August 1, 2021, to present, whether direct or indirect (i.e., through intermediaries) between, on one hand, Felix Sater or any agent, representative, or associate of Felix Sater or any entity controlled by him and, on the other hand, Viktoria Sater, or any of her agents, associates, or representatives, concerning the Viktoria Sater Subpoenas or information responsive to those subpoenas. This

request includes any communications concerning responses to the Viktoria Sater Subpoenas, and the collection, preservation, or destruction of responsive evidence.

**Objections and Responses**

Felix Sater objects to Request No. 3 as calling for communications that are protected by spousal privilege.

In New York, the martial communications privilege is codified at CPLR §4502(b), which states: "A husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage." The privilege "protects private and confidential communications between spouses from disclosure. It provides that '[c]ommunications between the spouses, privately made, are generally assumed to have been intended to be confidential, and hence they are privileged … .'" *In re Reserve Fund Sec. & Derivative Litig.*, 275 F.R.D. 154, 157 (S.D.N.Y. 2011) (internal citations omitted). The privilege applies regardless of the content of the message. See, e.g., *Medcalf v. Walsh*, 938 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013).

Pursuant to Local Rule 26.1, additional detail regarding these communications is as follows:

| Type of Document | iPhone text messages |
|---|---|
| Date of Document(s) | Text message exchanges dated from 2/16/2022 to 2/23/2022 |
| General Subject Matter | Viktoria's scheduled deposition, her recovery from cancer surgery, her doctor appointments, and her potential engagement of counsel in connection with the deposition subpoena. |
| Author / Recipient | Messages back and forth between Felix Sater and Viktoria Sater |
| Other Recipients | None |

**Request No. 4**

Written communications (e.g., emails, text messages, transcribed voicemails, letters, and handwritten notes) for the period October 1, 2018, to the present between, Felix Sater or any agent of Felix Sater, on one hand, and, Ilyas Khrapunov or any company controlled by Ilyas Khrapunov, on the other hand.

**Objections and Responses**

Felix Sater has had no communications with Ilyas Khrapunov since October 1, 2018. Accordingly, no responsive documents exist.

**Request No. 5**

Documents supporting the allegation that "Sater has extensive documentary evidence, including audio recordings, proving that Sater provided detailed information and a number of key witnesses previously unknown to the Kazakhs and their agents Arcanum and Boies Schiller." ECF No. 356-2, at 36.

**Objections and Responses**

Felix Sater will produce responsive documents to the extent not already produced.

\*   \*   \*

Sater reserves the right to amend and supplement these responses.

Dated:   New York, New York
         March 18, 2022

JOHN H. SNYDER PLLC

_____
John H. Snyder
157 East 81st Street, Suite 3A
New York, NY 10028
john@jhs.nyc
(917) 292-3081

*Counsel for Defendant Felix Sater*

4