# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, <br><br> Plaintiffs, <br><br> - against - <br><br> FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC, <br><br> Defendants. | 19 Civ. 2645 (AJN) (KHP) <br><br> **RESPONSES AND OBJECTIONS TO SECOND INTERROGATORIES** |

Defendant Felix Sater (*Sater*), for his Responses and Objections to the Plaintiffs' Second Interrogatories dated January 26, 2022, states as follows:

**Interrogatory No. 3**

Identify all evidence produced in this Action that You contend supports the assertion that the Plaintiffs knew about your involvement with and ownership of Litco. See F. Sater Dep. Tr., at 11:21–12:08 (rough).

**Response**

Sater objects to Interrogatory No. 3 as vague and overly broad. Sater further states that additional discovery is needed to fully address this issue. Sater asserts that Plaintiffs knew of his relationship and ownership of Litco based upon numerous facts and circumstances. Such evidence includes:

- Audio recordings of discussions with Arcanum
- Travel documents and reservations in Sater's name
- Reimbursement of Robert Wolf's legal bills
- Numerous meetings in London involving the General Prosecutor's office
- Personal communications between Sater and Arcanum including Christmas cards

Sater is preparing a supplemental document production and will amend this response with specific document citations.

1

**Interrogatory No. 4**

Identify all evidence produced in this Action that You contend supports the assertion that "one or more of the Plaintiffs were complicit in their own wrongdoing and they were an active participant in one or more alleged wrong." See ECF No. 266 at 329 (Sater Defendants' Answer); see also F. Sater Dep. Tr., at 25:8–18 (rough).

**Response**

Sater objects to Interrogatory No. 4 on the grounds that it is vague and overbroad. Sater further objects on the grounds that additional discovery is needed to fully respond. Subject to these objections, Sater alleges that BTA Bank and Almaty were complicit in wrongdoing based on:

- The FBI 302 and documents related to it that are being requested in discovery.

- Misconduct by Kenes Rakishev, Chairman of BTA Bank, including:

    - Close association with Kadyrov
    - Bribes paid to the families of U.S. politicians
    - Close associate of Karim Massimov, who was charged with treason in Kazakhstan

- OCCRA reports detailing corruption among the inner circle of former President Nazarbayev.

- Karim Massimov, who was supervising the Ablyazov recovery effort and, upon information and belief, who caused this legal action to be initiated, has been arrested and charged with treason.

Sater is preparing a supplemental document production and will amend this response with specific document citations.

**Interrogatory No. 5**

Identify all evidence produced in this Action that You contend supports the assertion that the Plaintiffs participated in "[c]orruption, conspiracy, payoffs, using all of the situation as a political tool." See F. Sater Dep. Tr., at 25:13–23 (rough).

**Response**

Sater objects to Interrogatory No. 5 on the grounds that it is vague and overbroad. Sater further objects on the grounds that additional discovery is needed to fully respond. Subject to these objections, Sater alleges that BTA Bank and Almaty were complicit in corruption, conspiracy, and payoffs based on:

- The FBI 302 and documents related to it that are being requested in discovery.

2

- Misconduct by Kenes Rakishev, Chairman of BTA Bank, including:

    - Close association with Kadyrov
    - Bribes paid to the families of U.S. politicians
    - Close associate of Karim Massimov, who was charged with treason in Kazakhstan

- OCCRA reports detailing corruption among the inner circle of former President Nazarbayev.

- Karim Massimov, who was supervising the Ablyazov recovery effort and, upon information and belief, who caused this legal action to be initiated, has been arrested and charged with treason.

- Reports regarding corruption among the inner circle of former President Nazarbayev such as:

    - https://www.ganintegrity.com/portal/country-profiles/kazakhstan/

    - https://www.washingtonpost.com/politics/2022/01/20/kazakhstans-protesters-werent-happy-about-government-corruption-will-anything-change/

    - https://www.cnbc.com/2018/01/16/kazakhstan-is-a-kleptocracy-ruled-by-an-autocrat-its-also-an-increasingly-important-strategic-ally.html

       https://www.worlddata.info/asia/kazakhstan/corruption.php
    -
       https://thediplomat.com/tag/kazakhstan-corruption/

    - https://www.oecd.org/corruption-integrity/Explore/Countries/kazakhstan.html

       https://tradingeconomics.com/kazakhstan/corruption-index

    - https://astanatimes.com/2021/01/kazakhstan-ranks-94-in-2020-corruption-perceptions-index-jumps-up-19-positions/

    - https://www.state.gov/reports/2020-country-reports-on-human-rights-practices/kazakhstan/

- The individuals in Kazakhstan who caused this action to be filed are either under investigation for corruption by the new regime in Kazakhstan or, in the case of Massimov, arrested and charged with treason.

Sater is preparing a supplemental document production and will amend this response with specific document citations.

3

**Interrogatory No. 6**

Identify all evidence produced in this Action that You contend supports the assertion that "[a]ny money received by the Sater Defendants was received in good faith and in consideration of work performed and services rendered." See ECF No. 266 at 333 (Sater Defendants' Answer); F. Sater Dep. Tr., at 34:4–12 (rough).

**Response**

Sater objects to Interrogatory No. 6 on the grounds that it is vague and overbroad. Sater further objects on the grounds that Plaintiffs have the burden of proof on this issue. Sater further objects that good faith, in this context, is evidenced by very wide variety of facts and circumstances.

Subject to these objections, Sater's good faith receipt of funds is evidenced by:

- Commercially reasonable agreements between SPG and Sater;

- Transactional documents relating to transactions;

- Correspondence relating to such transactions;

Sater is preparing a supplemental document production and will amend this response with specific document citations.

**Interrogatory No. 7**

Identify all evidence produced in this Action that You contend supports the assertion that "Plaintiffs have not continued to pursue the claims against the Sater Defendants in good faith." See ECF No. 266 at 333 (Sater Defendants' Answer); F. Sater Dep. Tr., at 34:4–12 (rough).

**Response**

The Sater Defendants object to Interrogatory No. 7 as vague and overbroad. Plaintiffs have acted in bad faith by accepting the benefits of Sater's assistance and refusing to pay under the CAA.

Sater is preparing a supplemental document production and will amend this response with specific document citations.

Dated: New York, New York
March 18, 2022

                        JOHN H. SNYDER PLLC

By: _____
      John H. Snyder
      555 Fifth Avenue, Suite 1700
      New York, New York 10017
      Tel: (917) 292-3081
      Email: john@jhs.nyc

## VERIFICATION

  Felix Sater states under penalty of perjury that he has read the Sater Defendants' Response to Interrogatories dated March 18, 2022; that the responses were prepared with the assistance and information of others upon whom he has relied; that the responses, subject to inadvertent or undiscovered errors, are based on and are therefore necessarily limited by the record and information still in existence, presently recollected, and thus far discovered in the course of the preparation of the responses; that consequently he reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made in those responses or that more accurate information is available; and that subject to those limitations, the responses to interrogatories are true to the best of his knowledge, information, and belief.

Dated:  March 18, 2022

_____
Felix Sater