USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CITY OF ALMATY, KAZAKHSTAN and
BTA BANK JSC,

                            Plaintiffs,

            -against-

FELIX SATER, et al.,

                            Defendants.

------------------------------------------------------------------X

19-CV-2645 (JGK) (KHP)

REPORT AND RECOMMENDATION
ON MOTION TO DISMISS

TO: THE HONORABLE JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE

FROM: THE HONORABLE KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

        Defendant MeM Energy Partners LLC ("MeM Energy") has moved to dismiss the unjust enrichment and money had and received claims asserted against it by Plaintiffs in their First Amended Complaint ("FAC", ECF No. 120) pursuant to Federal Rule of Civil Procedure 12(b)(6) (Mot. to Dismiss, ECF No. 326.) For the reasons below, I respectfully recommend that MeM Energy's motion to dismiss be GRANTED in part and DENIED in part.

## BACKGROUND[1]

        Plaintiffs brought this action against Felix Sater, two companies he owns, Bayrock Group Inc. and Global Habitat Solutions, Inc., Daniel Ridloff, a former business associate of Sater's, RRMI-DR LLC, a company owned by Ridloff, Ferrari Holdings LLC, and MEM Energy Partners LLC. Plaintiffs allege that Sater and Ridloff assisted Mukhtar Ablyazov, former chair of BTA Bank, JSC ("BTA"), and Viktor Khrapunov, former mayor of the City of Almaty, Kazakhstan, to launder money that Ablyazov and Khrapunov stole from Plaintiffs. They allege that the stolen funds

---

[1] As required when deciding a motion to dismiss, the Court assumes the truth of the allegations asserted in Plaintiffs' FAC.

were laundered through shell entities into various U.S. investments, and that Sater and Ridloff, through the defendant entities they control, knowingly accepted and still possess millions of dollars of the stolen funds. The allegations in this action are intertwined to some extent with those in another action pending in this Court, captioned *City of Almaty, Kazahkstan, et al. v. Mukhtar Ablyazov, et al.*, 15-cv-5345 (JGK)(KHP) (the "Ablyazov Action"). They are also intertwined in part with a pending arbitration involving fees due to Sater's company Litco LLC ("Litco") pursuant to the terms of a Confidential Assistance Agreement ("CAA") between and among Litco, Plaintiffs, and Kazakhstan. The Court assumes general familiarity with the underlying facts of these actions and does not repeat them here.[2]

*MeM Energy*

Plaintiffs assert that MeM Energy, an entity owned and controlled by Mendel Mochkin, assisted and conspired with Defendants in laundering money via the Tri-County Mall Scheme in mid-2013. (FAC ¶ 12, 254-57.) Sater and Ridloff came to know that the third-party noteholder of the Tri-County Mall, a shopping mall in Cincinnati, Ohio, was facing financial difficulties and sought to sell the note to the highest bidder. (FAC ¶¶ 193-94.) On April 16, 2013, Ridloff used the stolen funds to place a bid through a newly formed shell company named Tri-County Mall Investors LLC ("TCMI"). (FAC ¶¶ 207, 222.) TCMI's bid was ultimately accepted, and it purchased and resold the note at a considerable profit, garnering over 15.4 million dollars from

---

[2] For additional background on this action see *City of Almaty v. Sater*, 503 F. Supp. 3d 51 (S.D.N.Y. 2020); ECF No. 144. For additional background on the Ablyazov Action, see *City of Almaty, Kazakhstan v. Ablyazov*, 15-cv-5345, 2019 WL 4747654 (S.D.N.Y. Sept. 30, 2019); 2019 WL 4126445 (S.D.N.Y. Aug. 30, 2019); 2019 WL 1430155 (S.D.N.Y. Mar. 29, 2019); 2018 WL 3579100 (S.D.N.Y. July 25, 2018); 2018 WL 1583293 (S.D.N.Y. Mar. 27, 2018); 278 F. Supp. 3d 776 (S.D.N.Y. 2017); 226 F. Supp. 3d 272 (S.D.N.Y. 2016); 2016 WL 5945912 (S.D.N.Y. June 24, 2016).

the transaction. (FAC ¶245-46.) From these proceeds, on August 30, 2013, Sater and Ridloff through TCMI, transferred $2,250,000 to MeM Energy. (FAC ¶ 251.)

According to Plaintiffs, Mochkin was informed by Sater that the funds used in the Tri-County Deal belonged to Ablyazov and constituted a breach of the Worldwide Freezing Orders.[3] (FAC ¶¶ 253-54.) In sworn testimony, Sater admitted that he may have told Mochkin that Ablyazov was connected to the Tri-County Deal. (FAC ¶ 255.) Sater told local counsel that the payment to MeM Energy was a finders' fee; however, Plaintiffs allege that "Mochkin had done work on behalf of Ablyazov to generate negative publicity about the Republic of Kazakhstan and to improve Ablyazov's public image after his flight from justice in the United Kingdom and sentence for criminal contempt." (FAC ¶ 256.) Further, before MeM Energy received the payment, in June 2013, Mochkin told Sater that he could arrange an interview with a reputable Italian journalist for his people. (FAC ¶ 257.) Sater forwarded the e-mail to Ilyas Khrapunov, Ablyazov's son-in-law. (*Id.*) As such, Plaintiffs allege that the $2,250,000 payment to MeM Energy was actually intended to compensate Mochkin for that work which had no connection to the Tri-County Mall deal and, thus, is not a bona fide finders' fee. (*Id.*; FAC ¶ 280.)

## PROCEDURAL HISTORY

Plaintiffs filed this action three years ago, on March 25, 2019. (Compl., ECF No. 1.) Under the Court's original scheduling order, the parties had until July 31, 2019, to move to dismiss or answer the complaint. (Scheduling Order, ECF No. 41.) Although properly served, MeM Energy did not appear in this action. On July 24, 2019, the Clerk of Court entered a

---

[3] Plaintiff BTA commenced a series of lawsuits against Ablyazov in the United Kingdom to recover the stolen funds which granted a worldwide freeze against Ablyazov's assets. (FAC ¶ 36.)

3

certificate of default against MeM Energy and Plaintiffs moved for a default judgment on July 31, 2019. (ECF Nos. 58, 68).  Because Plaintiffs subsequently amended their complaint, the Honorable Alison J. Nathan denied that motion as moot on March 3, 2020.  (ECF No. 161.)  MeM Energy finally appeared on August 2, 2021.  (ECF No. 303.)

On October 22, 2021, MeM Energy filed the instant motion to dismiss.  In opposing the motion to dismiss, Plaintiffs requested leave to amend their FAC to assert additional allegations against MeM Energy that would purportedly cure the deficiencies identified in its motion. The Court held oral arguments on April 11, 2022.

## LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts all factual allegations as true and draws all reasonable inferences in favor of the plaintiff.  *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.,* 553 F.3d 187, 196 (2d Cir. 2009).  "[C]onsideration of a reasonably disputed fact is inappropriate on a motion to dismiss." *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 607 (E.D.N.Y. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  The plausibility standard is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

4

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

## DISCUSSION

Plaintiffs contend that this motion should be denied because it is untimely given that it was made two years after the court-imposed deadline to move to dismiss. (Pl. Opp. p. 7, ECF No. 345.) It is true that MeM Energy has been late to participate in this case as a formal matter; however, MeM Energy's principal was cooperating informally with Plaintiffs' counsel and, as a result, Plaintiffs elected not to move for a default judgment against MeM Energy after they amended their complaint. (Pl. Ltr., ECF No. 195.) After informal cooperation did not result in a withdrawal of the claims against it, MeM made a formal appearance in the case on August 2, 2021 and moved for dismissal on the pleadings on October 22, 2021. While it is true that this motion is coming after the deadline initially set by the Court for Rule 12(b) motions, MeM Energy's motion can be treated as a motion under Federal Rules of Civil Procedure 12(c), which permits a motion on the pleading so long as it is "early enough not to delay trial." Here, there will be no delay. At oral argument, Plaintiffs conceded this point, but argued that the Court should nonetheless require summary judgment briefing at this point. However, if the pleading is deficient on its face, it is more appropriate to evaluate it under Rule 12. In sum, I decline to reject MeM Energy's motion on the mere fact that it was filed late in the case.

### A. Unjust Enrichment

MeM Energy argues that the unjust enrichment claim against it is time barred. Judge Nathan held earlier in this case that unjust enrichment claims are subject to a three-year statute of limitations. *See City of Almaty v. Sater*, 503 F. Supp. 3d 51, 66 (S.D.N.Y. 2020) ("The

5

Court therefore concludes that a three-year limitations period applies to their claim for unjust enrichment"). Accordingly, I apply a three-year limitations period in assessing Plaintiffs' unjust enrichment claim. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'") (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)).

Here, the alleged nefarious transfer to MeM Energy occurred in August 2013. Thus, the claim accrued in August 2016. Plaintiffs brought this action in March 2019, well after the statute of limitations had run. Thus, Plaintiffs' unjust enrichment claim is time-barred.

Plaintiffs nevertheless argue that equitable estoppel applies and thus their claim is timely. "Under the doctrine of equitable estoppel, 'a defendant is estopped from pleading a statute of limitations defense if the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *City of Almaty v. Sater*, 503 F. Supp. 3d 51, 66 (S.D.N.Y. 2020) (quoting *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478 (2007)). The Plaintiff must bring forth distinct facts that indicate a desire to conceal the prior wrongdoing. *Id.* Plaintiffs do not allege that MeM Energy worked to conceal the money transfer it received or engaged in any other deception. The FAC as currently pleaded only indicates that MeM Energy knew the funds it received were stolen by Ablyazov and subject to an asset freeze order. The allegations fall short of showing MeM Energy further perpetuated the fraud or concealed the illicit transfer of funds by the Defendants.

In its briefing and during oral argument, Plaintiffs raised a number of facts learned in discovery that they contend set forth a basis for equitable tolling. For equitable tolling to apply, a plaintiff may not rely on the same act that forms the basis for the underlying claim. *Ross*, 8 N.Y.3d at 491. Rather, equitable estoppel is triggered by some other wrongdoing by the defendant that amounts to active concealment, not just silence or failure to disclose. *Id*. Presently, although not included in the FAC, Plaintiffs allege additional conduct that may allow equitable tolling. For example, Plaintiffs allege that MeM Energy diverted a substantial sum of the money it received back to Sater, thereby constituting an independent act compounding the alleged concealment. Thus, I recommend that Plaintiffs be permitted to amend the pleading as to MeM Energy to plead facts sufficient to indicate equitable tolling may apply.

B. **Money Had And Received**

MeM Energy asserts that Plaintiffs failed to sufficiently allege that it received money at the expense of Plaintiffs. Specifically, MeM Energy argues that the deal it brokered pertaining to the Tri-County Mall actually increased the overall funds available for Plaintiff's recovery, thus Plaintiffs' claim falls short in showing the money received was indeed at Plaintiffs' expense. Further, MeM Energy asserts that its payment was a rightful commission it earned for facilitating the Tri-County Mall deal. (Mot. to Dismiss p. 2.) However, both arguments raise factual disputes not properly resolved at the motion to dismiss stage. MeM Energy provides no case law indicating that either assertion merits dismissal at the pleading stage. Further, Plaintiffs posit a set of facts that, if taken as true as they must at this stage in the litigation, survive a motion to dismiss insofar as Plaintiffs allege that the money MeM Energy received was compensation for assisting Ablyazov's public image.

7

Next, MeM Energy argues that the court should apply a three-year statute of limitations to Plaintiffs' money had and received claim because it is identical, or if not, quite similar to, the unjust enrichment claim which Judge Nathan found was governed by a three-year statute of limitations. Although the statute of limitations on this claim was not disputed by the other defendants in this case, Judge Nathan noted that the statute of limitations is six years for Plaintiffs' money had and received claims. *See City of Almaty*, 503 F. Supp. 3d at 66. New York courts have long applied a six-year statute of limitations to this claim. *See, e.g., Equitable Life Assur. Soc. Of U.S. v. Branch*, 302 N.Y.S.2d 958, 960 (2d Dep't 1969); *District Attorney of New York County v. Republic of the Philippines*, 307 F. Supp.3d 171, 201 (S.D.N.Y. 2018); *Indovino v. Tassinari*, 2006 WL 2505232, at *4 (E.D.N.Y. Aug. 28, 2006) (citing cases). MeM Energy's argument that the Court should nonetheless follow Judge Nathan's analysis with respect to the limitations period for unjust enrichment claims is unavailing given the weight of authority and the nature of the money had and received claim. Accordingly, this claim is timely because the complaint was filed within six years of it receiving the money from Sater and Ridloff, by way of TCMI.

## CONCLUSION

For the reasons set forth above, I respectfully recommend Defendant MeM Energy's Motion to Dismiss at ECF No. 361 be GRANTED without prejudice as to the unjust enrichment claim and DENIED as to the money had and received claim.

...
...

Dated: April 12, 2022

New York, New York

Respectfully Submitted,

*[signature: Katharine H. Parker]*

_____

KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).

If any party files written objections to this Report and Recommendation, the opposing party may respond to the objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John G. Koeltl at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Koeltl. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).