**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK, JSC, | |
| Plaintiffs, | 19 Civ. 2645 (JGK) (KHP) |
| -against- | |
| FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC, | |
| Defendants. | |
| | |
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, | |
| Plaintiffs, | 15 Civ. 5345 (JGK) (KHP) |
| -against- | |
| MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT FELIX SATER'S GLOBAL OFFER OF JUDGMENT**

1

Plaintiffs City of Almaty, Kazakhstan and BTA Bank JSC ("Plaintiffs" or the "Kazakh Entities") respectfully submit this memorandum of law in support of their motion to strike Defendant Felix Sater's "Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68," ECF No. 389.[1]  Sater's "offer" is in no sense actually an offer of judgment as contemplated by Rule 68, nor did he comply with the procedural requirements of that Rule.

## LEGAL STANDARD

Rule 68 provides: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed. R. Civ. P. 68(a).  If a proper offer of judgment is *not* accepted, there are consequences: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

The features of Rule 68 demonstrate that a true offer of judgment must be one that the defendant is able to make without further involvement of third parties or even the Court.  On the one hand, if the plaintiff(s) accept the offer, the clerk of court "must then enter judgment." *See, e.g., Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 400 (2d Cir. 2019) ("Rule 68(a)'s command that the clerk *must* enter judgment is mandatory and absolute."); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) (the district court's function is "ministerial rather than discretionary").  On

---

[1]  Sater filed the same "offer" in this case and a related case pending before Your Honor [*see* Case No. 15 Civ. 5345, ECF No. 1492], as well as in an arbitration before the American Arbitration Association.  Plaintiffs have filed substantially identical motions to strike in both cases.

2

the other hand, a rejected offer must be sufficiently definite that the Court can later determine when it is "more favorable" than any judgment obtained after trial. *See generally Kubiak v. Cnty. of Ravalli*, – F.4th –, No. 21-35542, 2022 WL 1311299, at *4 (9th Cir. May 3, 2022) ("Our review of the rule, above, shows that it was designed to function in a mechanical manner.").

## ARGUMENT

Sater's "offer of judgment" does contain an offer that he is able to unilaterally make or that the clerk of court could enter even if the Kazakh Entities were inclined to accept it (which, to be clear, they are not). Nor can Sater's "offer" be compared against the ultimate judgment against him to determine whether Rule 68's cost-shifting mechanism applies.

In fact, Sater's "offer" contains numerous terms that are flatly inconsistent with Rule 68. For example, rather than an "offer to allow judgment [to be taken against him] on specified terms," Sater's "offer" is a proposed settlement term sheet that would purport to resolve multiple disputes, only one of which he is a party to. The Court need look no further than the very first operative paragraph of Sater's "offer," which – putting aside the four pages of "recitals" that reflect Sater's version of the facts – would result in the lawsuit against him being dismissed with prejudice. [Case No. 19 Civ. 2645, ECF No. 389 at 7.] To state the obvious, requiring that all of Plaintiffs' claims against all defendants be dismissed with prejudice is fundamentally inconsistent with allowing judgment to be taken against Sater on those claims, as Rule 68 contemplates. *See Stanczyk v. City of New York*, 752 F.3d 273, 282-84 (2d Cir. 2014).[2]

---

[2] The Second Circuit in *Stanczyk* held – consistent with Rule 68 permitting offers of "judgment on specified terms" – that a valid Rule 68 offer need not allow judgment to be taken against *every* defendant so long as it (1) was made on behalf of every relevant defendant; and (2) allowed judgment to be taken against at least one defendant. In that case, the Court found a valid Rule 68 offer in a section 1983 case when the New York City Corporation Counsel submitted an offer on behalf of all defendants that would have permitted judgment to be taken against the City, but released the individually-named defendants. Here, Sater's "offer" is neither made on

3

Likewise, Sater's "offer" provides that each party will "bear its own fees and costs," [Case No. 19 Civ. 2645, ECF No. 389 at 9,] whereas a Rule 68 offer must allow judgment to be taken "with the costs then accrued." An offer that expressly excludes costs, by definition, is not a valid Rule 68 offer. *See Marek v. Chesny*, 473 U.S. 1, 6 (1985) ("The critical feature of this portion of the Rule is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued. . . . As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid.").

Sater's "offer" also contemplates terms that the clerk of court would have no power to effectuate, such as dismissing with prejudice a third party's claims in a pending arbitration. [Case No. 19 Civ. 2645, ECF No. 389 at 8.] Sater's "offer" also impermissibly requires the consent of non-parties outside of his control (such as Triadou SPV S.A., the defendant in Case No. 15. Civ. 2645) because the "offer" proposes to split funds currently held in escrow pursuant to an attachment order in that case. Even if this were something that the clerk of court could implement on the Kazakh Entities' say-so alone, it is not a proper offer of judgment because there is no way to compare it to the eventual outcome of the case to which Sater is a party. To the contrary, the lawsuit against Sater seeks money from him for his role in an international money laundering conspiracy, but Sater's "offer" would result in his entity obtaining about $5 million. [Case No. 19 Civ. 2645, ECF No. 389 at 8.] Far less convoluted offers than Sater's have been rejected by courts for lack of ability to make the comparison required by Rule 68(d). *See, e.g.*, *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 247 (2d Cir. 2021) ("[B]ecause the Rule 68 offer was ambiguous as to what dollar amount the Appellees were offering . . . the Offer of Judgment was

---

behalf of all defendants nor does it permit Plaintiffs to take judgment against anyone.

4

not a proper Rule 68 offer."). Because Sater's "offer" is not a proper offer of judgment under Rule 68, it should be struck.

The Court should also strike the "offer" because Sater failed to comply with the procedure laid out in Rule 68, which requires a defendant to serve, but not file, an offer of judgment and then to wait 14 days. If the plaintiff accepts the offer, either party may file it and the clerk then enters judgment. But if the offer is not accepted within the 14-day period, it does not ever get filed on the docket and is not otherwise admissible, "except in a proceeding to determine costs." Fed. R. Civ. P. 68(a), (b). This avoids what amounts to unaccepted settlement offers being laid out in public filings. *See Kubiak*, 2022 WL 1311299, at *2 ("When the District Court entered [its summary judgment] order, it did not know about the County's outstanding Rule 68 offer. This comports with Rule 68 procedures: the defendant serves its offer on the plaintiff but does not file it with the court. The offer is filed only upon acceptance." (citations omitted)). Confronted with this very situation, courts often strike (legitimate) unaccepted offers of judgment simply because they have no place being filed on the public docket. *See Michael Grecco Productions, Inc. v. Jukely, Inc.*, 2019 WL 1284256, at *2 (E.D.N.Y. Mar. 20, 2019) (collecting authorities and observing: "It is also well established that if an unaccepted offer of judgment is filed with the Court in disregard of the dictates of Rule 68(a), it should be stricken from the docket."); *see also* 13 *Moore's Federal Practice* § 68.05[2][a] (3d ed. 2018) ("Courts generally sanction the pre-acceptance filing by striking the offer from the record.").

Rather than making a good-faith offer of judgment under the procedure established in the Federal Rules, Sater has tried to use the Rules as a pretext for publicly filing a one-sided and misleading summary of the litigation against him and to float a proposal that would require the consent of numerous non-parties – presumably in an effort to speak directly to the Kazakh Entities

and resurrect his attempts to force them into settlement. His filing of the "offer" in both English and Russian tends to confirm this view. But regardless of his motive, Sater's "offer" is simply not a Rule 68 offer of judgment as a matter of substance or of procedure, and it should be struck from the public docket.

Dated:     New York, New York
           May 12, 2022

                                                    Respectfully,

                                                    /s/ *Matthew L. Schwarz*
           Matthew L. Schwartz
           Craig Wenner
           Erica Sweeting

           BOIES SCHILLER FLEXNER LLP
           55 Hudson Yards
           New York, New York 10001
           Telephone: (212) 446-2300
           Facsimile: (212) 446-2350
           E-mail: mschwartz@bsfllp.com

**CERTIFICATION OF COUNSEL**

     I hereby state that the foregoing Memorandum of Law was prepared on a computer using Microsoft Word. Pursuant to the word count system in Microsoft Word, the total number of words in the Brief, excluding the caption, signature block, and this certification is 1,525.

Dated: May 12, 2022　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Matthew L. Schwartz*

　　　　　　　　　　　　　　　　　　　　　　　Matthew L. Schwartz
　　　　　　　　　　　　　　　　　　　　　　　Craig Wenner
　　　　　　　　　　　　　　　　　　　　　　　Erica Sweeting

　　　　　　　　　　　　　　　　　　　　　　　BOIES SCHILLER FLEXNER LLP
　　　　　　　　　　　　　　　　　　　　　　　55 Hudson Yards
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　　　　　(t) +1 212 446 2300
　　　　　　　　　　　　　　　　　　　　　　　(f) +1 212 446 2380

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*