```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------

CITY OF ALMATY, KAZAKHSTAN, and BTA
BANK JSC,

                Plaintiffs,        19-cv-2645 (JGK)

    - against -                   MEMORANDUM OPINION
                                              AND ORDER

FELIX SATER, et al.,

                Defendants.

------------------------------------------------

JOHN G. KOELTL, District Judge:

      The plaintiffs, the City of Almaty, Kazakhstan, and BTA Bank JSC ("BTA"), brought this action against the defendants, Felix Sater, Bayrock Group Inc., Global Habitat Solutions Inc., Daniel Ridloff, RRMI-DR LLC, Ferrari Holdings LLC, and MeM Energy Partners LLC ("MeM Energy"). The plaintiffs allege that Sater and Ridloff assisted Mukhtar Ablyazov, the former chair of BTA, and Viktor Khrapunov, the former mayor of the City of Almaty, Kazakhstan, launder money that Ablyazov and Khrapunov stole from the plaintiffs. The plaintiffs allege that Sater and Ridloff, through the defendant entities, accepted and still possess millions of dollars in stolen funds. The plaintiffs bring claims for unjust enrichment and money had and received against all of the defendants. The plaintiffs also assert claims for fraud, conversion, conspiracy, and punitive damages against Sater and Ridloff individually.

      MeM Energy now moves to dismiss the plaintiffs' unjust enrichment and money had and received claims pursuant to Rule

1

12(b)(6). ECF No. 326. On April 12, 2022, Magistrate Judge Parker issued a Report and Recommendation (the "Report"), ECF No. 385, recommending that the motion be granted in part and denied in part. MeM Energy timely objected to the Report. ECF No. 388. For the following reasons, MeM Energy's objection is **overruled**, and the Report is adopted in full.

I.

A.

The Court presumes general familiarity with the allegations in this case, which are summarized in the Report.

In brief, sometime in 2013, the third-party noteholder of the Tri-County Mall, a shopping mall in Cincinnati, Ohio, was facing financial difficulties and sought to sell its note. Am. Compl. ¶¶ 193-94, ECF No. 120. On April 16, 2013, Ridloff and Sater allegedly used funds stolen from the plaintiffs to place a bid on the note through a shell company, Tri-County Mall Investors LLC ("TCMI"), that they created (altogether, the "Tri-County Mall deal"). Id. ¶¶ 195-96, 202. The bid was ultimately accepted, id. ¶ 207, and Sater and Ridloff soon resold the note at auction, id. ¶ 245. Sater and Ridloff allegedly profited over $15.4 million from the resale, of which Sater and Ridloff transferred $2.25 million to MeM Energy. Id. ¶¶ 246, 251.

MeM Energy is an entity owned and controlled by Mendel Mochkin. Id. ¶ 252. The plaintiffs allege that Mochkin was aware

2

that the funds used in the Tri-County Mall deal belonged to Ablyazov and constituted a breach of a worldwide freeze against Ablyazov's assets. Id. ¶¶ 253-54.

Sater allegedly informed local counsel that the multimillion dollar payment to MeM Energy was a finder's fee. Id. ¶ 256. The plaintiffs dispute this characterization of the payment and allege that the payment to MeM Energy was instead compensation for unrelated work that Mochkin had done on behalf of Ablyazov to generate negative publicity about the Republic of Kazakhstan and to improve Ablyazov's public image. Id. Accordingly, the plaintiffs argue that the $2.25 million payment to MeM Energy was not a bona fide finder's fee. Id.

**B.**

The plaintiffs filed this action on March 25, 2019. ECF No. 1. Under the original scheduling order, the parties' deadline to move to dismiss or answer the complaint was July 31, 2019. ECF No. 41. Although properly served with the complaint, ECF No. 24, MeM Energy did not yet appear in the action. On November 20, 2019, the plaintiffs filed an amended complaint. ECF No. 120. On August 2, 2021, MeM Energy made its first appearance. ECF No. 303.

On October 22, 2021, MeM Energy filed a motion to dismiss the plaintiffs' unjust enrichment and money had and received claims pursuant to Rule 12(b)(6). ECF No. 326. On November 22,

3

2021, the plaintiffs opposed the motion, and requested leave to reamend their complaint to assert additional allegations against MeM Energy. ECF No. 345.

On April 12, 2022, Magistrate Judge Parker issued the Report. ECF No. 385. Magistrate Judge Parker recommended that the Court grant in part and deny in part MeM Energy's motion to dismiss. As a threshold matter, Magistrate Judge Parker construed MeM Energy's motion as arising under Rule 12(c) and declined to deny the motion as untimely under that Rule. Proceeding to the merits of the motion, Magistrate Judge Parker recommended, first, that the Court dismiss the plaintiffs' unjust enrichment claim as untimely, but recommended granting the plaintiffs leave to amend to plead facts that might justify the application of equitable estoppel. Second, Magistrate Judge Parker recommended that the Court deny MeM Energy's motion to dismiss the plaintiffs' claim for money had and received, because the plaintiffs had pleaded facts sufficient to state a claim, and the claim was timely.

MeM Energy filed its objections to the Report on April 26, 2022. ECF No. 388. MeM Energy objects only to Magistrate Judge Parker's recommendation as to the plaintiffs' money had and received claim, and, in particular, her recommendation that the claim be considered timely under the relevant statute of

4

limitations. Id. The plaintiffs did not object to the Report, but opposed MeM Energy's objection. ECF No. 393.

## II.

### A.

When reviewing objections to a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).[1] It is sufficient that the Court "arrive at its own independent conclusion regarding those portions of the report to which objections are made," and the Court "need not conduct a de novo hearing on the matter." In re Hulley Enters. Ltd., 400 F. Supp. 3d 62, 69 (S.D.N.Y. 2019). "To accept those portions of the report to which no timely objection has been made," the Court "need only satisfy itself that there is no clear error on the face of the record." Antetokounmpo v. Paleo Prods. LLC, No. 20-cv-6224, 2021 WL 4864537, at *2 (S.D.N.Y. Oct. 18, 2021).

### B.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) that is styled as arising under Rule 12(b) but is

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

considered untimely under that Rule may be construed as a motion for judgment on the pleadings under Rule 12(c). Patel v. Contemp. Classics of Beverly Hills, 259 F.3d 123, 124 (2d Cir. 2001). Accordingly, the Court, like Magistrate Judge Parker, construes MeM Energy's motion to dismiss as a motion for judgment on the pleadings.

The standards to be applied to a motion for judgment on the pleadings are "identical" to those applied to a motion to dismiss pursuant to Rule 12(b)(6). Id. at 126. In both postures, the Court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor," and the Court should "not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle [the non-moving party] to relief." Id.

### III.

The Report in this case is adopted in full. First, the Court adopts Magistrate Judge Parker's recommendations with respect to (1) the timeliness of MeM Energy's motion to dismiss and (2) the plaintiffs' claim for unjust enrichment. Neither MeM Energy nor the plaintiffs objected to the Magistrate Judge's recommendation as to either issue, and these recommendations entail no clear error. See Antetokounmpo, 2021 WL 4864537, at *2. The plaintiffs have also indicated that they will amend

6

their unjust enrichment claim to assert factual allegations showing equitable estoppel.

Magistrate Judge Parker's recommendation that the Court deny MeM Energy's motion to dismiss the plaintiffs' money had and received claim is also adopted. As Magistrate Judge Parker rightly reasoned — and as MeM Energy does not dispute — the plaintiffs' allegations suffice to state a claim at this stage in the litigation. Additionally, while subject to de novo review, Magistrate Judge Parker's finding that the money had and received claim was timely is plainly correct. New York courts have consistently held that the statute of limitations for money had and received claims is six years. First Nat. City Bank v. City of New York Fin. Admin., 324 N.E.2d 861, 864 (N.Y. 1975); Cohen v. City Co. of N.Y., 27 N.E.2d 803, 805 (N.Y. 1940); Pierson v. Bd. of Sup'rs of Wayne Cnty., 49 N.E. 766, 767 (N.Y. 1898); Cnty. of Suffolk v. Suburban Hous. Dev. & Rsch., Inc., 76 N.Y.S.3d 177, 181 (App. Div. 2018); Bias Limud Torah Inc. v. Cnty. Of Sullivan, 736 N.Y.S.2d 523, 524 (App. Div. 2002), amended, 760 N.Y.S.2d 896 (App. Div. 2003). This weight of authority is controlling, and the plaintiffs' claim is therefore timely. MeM Energy's objection to the contrary is **overruled.**

7

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not discussed above, the arguments are either moot or without merit.

For the reasons explained above, MeM Energy's objection is **overruled**. The Court adopts Magistrate Judge Parker's Report. The Clerk is directed to close Docket No. 326.

The plaintiffs should file their amended pleading by **May 31, 2022**.

SO ORDERED.

Dated:  New York, New York
        May 16, 2022

_____
John G. Koeltl
United States District Judge

8