**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CITY OF ALMATY, KAZAKHSTAN and BTA BANK, JSC,

                Plaintiffs,

-against-

FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,

                Defendants.

19 Civ. 2645 (JGK) (KHP)

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 1, 2022 ORDER**

The City of Almaty, Kazakhstan and BTA Bank JSC ("Plaintiffs" or the "Kazakh Entities") respectfully submit this memorandum of law in support of their motion for reconsideration of the Court's June 1, 2022 Order denying as moot Plaintiffs' motion to strike Felix Sater's "Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68." [ECF No. 400 (the "Order").][1]

## PRELIMINARY STATEMENT

Plaintiffs moved to strike Sater's purported "offer of judgment" because it was not an offer at all under Federal Rule of Civil Procedure 68. [*See* ECF No. 395.] In its June 1 Order, the Court held that the motion to strike was moot because sufficient time had passed and the unaccepted offer of judgment was "considered withdrawn." Order at 1.

Plaintiffs respectfully submit that this was an error of law that overlooks the continuing effect of Sater's withdrawn offer of judgment – if, but only if, it actually was a valid Rule 68 offer – and its continuing impact on the litigation of the case. Plaintiffs' motion to strike was not simply a matter of rejecting Sater's settlement-proposal-of-sorts, which would not have required a filing. Rather, Plaintiffs filed their motion to ensure that they would not be subject to the potential financial consequences of an unaccepted Rule 68 offer of judgment.

Because of the uncertainty surrounding the legitimacy of Sater's offer of judgment, it is

---

[1] Because Sater filed the same "offer of judgment" in this case and a related one [*see* Case No. 15 Civ. 5345, ECF No. 1492], Plaintiffs filed the motion to strike in both cases [*see id.*, ECF No. 1501]. The Court denied both motions as moot, but Plaintiffs are moving for reconsideration of the Order in this case only, because it is the only case in which Plaintiffs could conceivably be exposed to the cost-shifting mechanics of Rule 68.

2

unclear whether Plaintiffs could be subject to the cost shifting provision of Rule 68(d). Plaintiffs therefore have an ongoing interest in resolving the question of whether Sater's "offer" was legitimate while the case is pending. The outcome of the motion to strike, in other words, is relevant to how the Plaintiffs' counsel advise their clients and the strategic decisions the Plaintiffs themselves make going forward, and is not moot.

## **LEGAL STANDARD**

Pursuant to Rule 6.3 of this Court's Local Rules, a party may move for reconsideration of a court order based on "matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that may be reasonably expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration motions also may be granted where the movant identifies "the need to correct a clear error or prevent manifest injustice," although such motions are not "an opportunity to take a second bite at the apple." *Walker v. Carter*, No. 1:12-cv-05384, 2016 WL 6820554, at *2 (S.D.N.Y. Feb. 4, 2016).

A dispute becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307–08 (2012) (cleaned up); *see also Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (a suit becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" (cleaned up)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox*, 567 U.S. at 307–08.

## ARGUMENT

Plaintiffs' motion to strike is not moot because there are consequences to an unaccepted offer of judgment. If Sater had made a true offer of judgment, Plaintiffs would potentially be liable for his costs, and cut off from recovering their own costs, from the time that he made the offer – depending of course on the ultimate outcome of this case. The fact that Plaintiffs did not accept the offer, and it is therefore "considered withdrawn," does not remove that risk.

Plaintiffs explained in their original motion to strike why Sater's "offer" was not a proper Rule 68 offer: among other things, it was not an offer that he could unilaterally make nor one that could be compared against the judgment against him. [ECF No. 395 at 3.] That question – whether Sater's public settlement proposal constitutes a valid Rule 68 offer of judgment – is an important one. Under Federal Rule of Civil Procedure 68(b) and (d), "[a]n unaccepted offer is considered withdrawn. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." In denying the motion to strike as moot, the Court left open the question of whether Plaintiffs are subjected to the risk of cost-shifting under that Rule. *See* Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3006 (3d ed. 2022) (noting that if a Rule 68 offer is rejected, the "plaintiff will suffer the adverse consequences prescribed by the rule unless it obtains a more favorable judgment").

The advice Plaintiffs' counsel provide and the decisions the Kazakh Entities themselves make in this litigation will be affected by this risk. Courts have long recognized the impact cost shifting may have on litigant behavior. *See, e.g.*, *Marek v. Chesny*, 473 U.S. 1, 5 (1985) ("[Rule 68] prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits."). As a result, Plaintiffs still have a "concrete interest" in striking Sater's purported offer, such that the motion to strike "is not moot."

*Knox*, 567 U.S. at 307–08. And even though the ultimate outcome of this case—and therefore the application of a Rule 68 offer—is uncertain, "uncertainty does not typically render cases moot." *Chafin*, 568 U.S. at 175 (2013) ("Courts often adjudicate disputes where the practical impact of any decision is not assured.").

Because the rejection or withdrawal of an offer of judgment itself has continuing legal importance, Plaintiffs' motion to strike is not moot. Plaintiffs therefore respectfully request that the Court reconsider its June 1 Order and determine whether Sater's offer complied with Rule 68. For the reasons stated in the motion to strike, Sater's offer of judgment is squarely inconsistent with the requirements of Rule 68(a), and the Court should strike the "offer" from the public docket and given it no legal effect. *See Michael Grecco Productions, Inc. v. Jukely, Inc.*, 2019 WL 1284256, at *2 (E.D.N.Y. Mar. 20, 2019) (collecting authorities and observing: "It is also well established that if an unaccepted offer of judgment is filed with the Court in disregard of the dictates of Rule 68(a), it should be stricken from the docket."); *see also* 13 *Moore's Federal Practice* § 68.05[2][a] (3d ed. 2018) ("Courts generally sanction the pre-acceptance filing by striking the offer from the record.").[2]

## CONCLUSION

The Court should reconsider its June 1 Order and grant Plaintiffs' motion to strike.

---

[2] Sater failed to file an opposition or otherwise respond to Plaintiffs' motion to strike. On this basis alone, the Court may grant the motion to strike. *See Dineen v. Stramka*, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997).

Dated:   New York, New York
         June 15, 2022

        Respectfully,

        /s/ *Matthew L. Schwartz*
        Matthew L. Schwartz
        Craig Wenner
        Erica Sweeting

        BOIES SCHILLER FLEXNER LLP
        55 Hudson Yards
        New York, New York 10001
        Telephone: (212) 446-2300
        Facsimile: (212) 446-2350
        E-mail: mschwartz@bsfllp.com

**CERTIFICATION OF COUNSEL**

I hereby state that the foregoing Memorandum of Law was prepared on a computer using Microsoft Word. Pursuant to the word count system in Microsoft Word, the total number of words in the Brief, excluding the caption, signature block, and this certification is 1,386.

Dated: June 15, 2022

Respectfully submitted,

/s/ *Matthew L. Schwartz*

Matthew L. Schwartz
Craig Wenner
Erica Sweeting

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2300
(f) +1 212 446 2380

*Attorneys for Plaintiffs*