**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CITY OF ALMATY, KAZAKHSTAN and BTA BANK, JSC,

        Plaintiffs,

  -against-

FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,

        Defendants.

19 Civ. 2645 (JGK) (KHP)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

1

The City of Almaty, Kazakhstan and BTA Bank JSC ("Plaintiffs" or the "Kazakh Entities") respectfully submit this reply memorandum of law in further support of their motion for reconsideration of the Court's June 1, 2022 Order.

## **REPLY**

Sater's opposition gives no reason to believe that Plaintiffs' motion to strike his purported offer of judgment is moot, as the Court originally held. His argument boils down to the assertion that Plaintiffs "functionally" seek an advisory opinion because "as a practical matter" "[i]t is hard to imagine the risk of [cost-shifting] will be strategically important." Opp. at 4. There is a reason Sater's opposition does not cite a single case: all of the mootness case law makes clear that so long as Plaintiffs retain an interest in the dispute, however small or contingent, it is not moot. There are at least three reasons why the Court should grant Plaintiffs' motion, reconsider its earlier order, and strike Sater's "offer."

*First*, Sater makes no attempt to defend the offer as bona fide under Rule 68. Rather, Sater argues that at the time he made his filing, he believed it "was an opportune time for the parties" in this case and others "to consider a global settlement," and put forth what he calls a "workable framework." Opp. at 2. That may be so, but it says nothing about whether the proposal was a valid offer of judgment under Rule 68, which is all that Plaintiffs' motion concerned. Ordinary settlement offers are not filed on the docket and do not have the cost-shifting consequences of a valid Rule 68 offer, which Sater's was not. As stated in Plaintiffs' motion to strike, there is no way to compare Sater's purported offer of judgment against the eventual outcome of this case, nor did he have the unilateral authority to extend that offer in the first place – and Plaintiffs could not simply accept it, since third parties would have to be involved.

*Second*, Sater's suggestion that whether his offer could support an award for costs is

2

speculative and would only arise if Sater were to makes an application following trial ignores the parameters of Rule 68 and the mootness doctrine. The fact that Sater may or may not attempt to enforce the offer does not render the motion to strike a request for an advisory opinion. Regardless of Sater's later attempts to enforce Rule 68's cost-shifting mechanism, there is still an active dispute concerning the validity in the purported offer of judgment, which exposes Plaintiffs to the risk of cost-shifting. The uncertainty of the ultimate outcome of the litigation or the cost-shifting does not, on its own, render the issue moot. "Courts often adjudicate disputes where the practical impact of any decision is not assured." *Chafin v. Chafin*, 568 U.S. 165, 175 (2013).

*Finally*, Sater's argument that any cost-shifting will be "minor" and so likely not "strategically important" is irrelevant. To avoid mootness, all that is required is that Plaintiffs have an interest, "however small," in the outcome of a dispute. *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307–08 (2012) ("As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."). Because Sater acknowledges that a proper Rule 68 offer would potentially expose Plaintiffs to the risk of bearing "the other expenses necessary to bring a case to trial," aside from fees, Opp. at 4, there is a live dispute. Put simply, Plaintiffs are entitled to know whether they actually bear that risk because Sater made a valid Rule 68 offer, or not – in which case his "offer of judgment" should be struck.

## CONCLUSION

The Court should grant Plaintiffs' motion for reconsideration and strike Sater's global "offer of judgment."

Dated:   New York, New York
         June 28, 2022

                                                Respectfully,

                                                /s/ *Matthew L. Schwartz*
                                              Matthew L. Schwartz
                                              Craig Wenner
                                              Erica Sweeting

                                              BOIES SCHILLER FLEXNER LLP
                                              55 Hudson Yards
                                              New York, New York 10001
                                              Telephone: (212) 446-2300
                                              Facsimile: (212) 446-2350
                                              E-mail: mschwartz@bsfllp.com