


CRAIG WENNER
Tel: (212) 909-7625
Email: cwenner@bsfllp.com

July 1, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/5/2022

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

**Re: *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*, Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (AJN) (KHP)**

Dear Judge Parker:

We represent the City of Almaty, Kazakhstan and BTA Bank (together, the "Kazakh Entities") and write on behalf of the parties in accordance with the Court's June 6, 2022 order to submit a joint status letter updating the Court on the ongoing discovery in this action. [ECF No. 401.]

During the last discovery conference, the Court extended discovery "only as to the discovery that's contemplated with respect to the existing claims in the case." 2022.03.24 Hr'g Tr. at 42:23–43:2. There are several outstanding discovery items that the parties are attempting to finish. The parties respectfully request a conference with the Court to discuss the issues described below.

**Plaintiffs' Position**

**1. Felix Sater's Outstanding Responses to Plaintiffs' Disclosure Demands**

**A. Herz Communications**

As the Court is already familiar, the Kazakh Entities have been attempting to obtain documents from attorney Arnie Herz pursuant to a third-party subpoena. Herz produced documents to Sater and other third parties – which included Triadou SPV S.A. and Ilyas Khrapunov – who conducted a privilege review. The Kazakh Entities received a subset of Herz's production and a metadata chart of more than 2,600 entries of documents and emails being withheld by Sater and/or the third parties on the basis of attorney-client privilege. It was not clear from the chart which party was asserting privilege. Due to the breadth of entries, the Kazakh Entities provided Sater and the third parties a list of specific documents for which the Kazakh Entities were challenging the privilege determination and requesting more information about the nature of the privilege asserted.[1]

[1] Third-party Triadou SPV S.A. met and conferred with the Kazakh Entities concerning its assertions of privilege over certain Herz communications. Triadou subsequently produced certain



In Sater's March 24 letter to Your Honor, Sater requested until April 30 to provide a log of the Herz documents that Sater is withholding on the basis of privilege. [ECF No. 375 at 3.] To date, Plaintiffs have not received any such log or documents previously withheld by Sater and for which he no longer asserts privilege. Sater suggested this "is a large task that will require significant time," but Sater did not assert privilege over all 2,600 documents, evidenced by the fact that Triadou was able to produce additional Herz documents for which it was the only party asserting privilege. Presumably Sater already knows which subset of the 2,600 documents he asserted privilege over based on the initial responsiveness review when the metadata chart was originally generated. Regardless, it has now been over three months since Sater represented to the Court that this response was forthcoming. Plaintiffs hope to discuss at the conference whether a motion to compel the production of these documents and a privilege log will be necessary.

***Sater Response:*** *Candidly, this particular item has been lower priority heretofore. We will engage with Plaintiffs next week on this.*

**B. Responses to Disclosure Demands**

Specific issues remain in dispute between Plaintiffs and Sater concerning Sater's responses and objections to Plaintiffs' disclosure demands.

Sater initially objected to the production of certain communications between him and his ex-wife, Viktoria Gutsko (Sater), on the basis of spousal privilege, notwithstanding that the communications were made during a time when they were separated and in the process of a contentious divorce. [ECF No. 375 at 3.] In response to Plaintiffs' draft of this status letter, Sater produced on July 1 responsive text messages between Sater and Ms. Gutsko. Plaintiffs are evaluating the completeness of this discovery response.

Plaintiffs served a second set of interrogatories to Sater on January 26, 2022. Sater admitted that his March 19 responses are insufficient and unverified. By email dated May 31, Sater's counsel indicated that they still "intended to supplement our responses." As of the date of this letter, we have not received Sater's supplemented responses.

***Sater Response:*** *We have cured the verification issue by providing a verified version of the prior interrogatory responses.*

Regarding Sater's audio recordings of his meetings with Ilyas Khrapunov that Sater testified were likely in his storage unit, these recordings have still not been produced. In Sater's

---

documents that were previously withheld and provided additional detail concerning its invocations of privilege over remaining documents.

Additional third-parties represented by Ilyas Khrapunov's counsel have purportedly asserted privilege over certain other communications and have not responded to Plaintiffs' challenge to certain of their privilege invocations. However, to narrow the dispute with respect to these other third parties, the Kazakh Entities have attempted first to resolve the outstanding privilege dispute with Sater.



counsel's May 31 email, counsel indicated that they had "arranged with Mr. Sater to visit the storage locker and inspect it for myself. I plan on doing this next week. I will report back on this." We have not received more information from Sater's counsel on what search they conducted or what they found in the storage unit.

***Sater Response:*** *On June 20, 2022, Mr. Sater appeared for deposition as party representative of Litco, where he was questioned extensively about his storage locker. Mr. Sater testified that he searched the storage locker and no devices were found. Mr. Sater has moved multiple times since 2012 and the evidence Plaintiffs are asking for does not exist.*

**2. Plaintiffs' Responses to Felix Sater's Disclosure Demands**

The parties have continued negotiating and conferring on the scope of Sater's disclosure demands that he served just prior to the denial of his motion for leave to file new counterclaims. The parties have agreed on much of what was not discoverable in light of the Court's ruling that discovery was extended "only as to the discovery that's contemplated with respect to the existing claims in the case." 2022.03.24 Hr'g Tr. at 42:23–43:2. But the parties are still working through certain disputed issues, though there is no dispute that is presently ripe for the Court to resolve because the parties continue to meet and confer in good faith.

For example, Sater served a third-party deposition notice of Kenes Rakishev, chairman of the board at BTA Bank, who Plaintiffs maintain does not have relevant information to testify to as evidenced by his prior testimony in the related case. In an effort to provide Sater with clarity as to the breadth of Rakishev's knowledge, Plaintiffs reproduced Rakishev's deposition transcript from the related case, which was already produced to Sater's prior counsel many years prior. While Sater has provided Plaintiffs with a general list of topics for the deposition, Plaintiffs maintain that the topics are (1) topics to which a BTA corporate representative can testify; (2) concern Rakishev's personal affairs and are therefore irrelevant; or (3) are irrelevant and highly prejudicial because they concern Sater's counterclaim. To avoid involving the Court at this time, Plaintiffs proposed, and Sater agreed, that the parties would hold Rakishev's deposition in abeyance pending the completion of BTA's deposition, at which point Sater would reevaluate the alleged need to depose Rakishev.

***Sater Response:*** *Rakishev's "prior testimony" was a deposition in the Triadou case taken in 2017, long before this case was ever filed. In any event, Sater is entitled to question Rakishev, which he did not have an opportunity to do in 2017. Rakishev owns over 90% of BTA's equity, and therefore he (and his friends) personally stand to benefit from this case.*

Regarding Sater's Rule 30(b)(6) deposition notices of the City of Almaty and BTA Bank, the parties have similarly negotiated the scope of permissible topics. This meet and confer is ongoing. Most recently, the Kazakh Entities' provided Sater on June 3 with objections to irrelevant topics, such as Rakishev's purported personal relationships with non-parties, his personal net worth, and other information not reasonably known to BTA or relevant to the claims and defenses. The purpose of the Kazakh Entities' objections to the Rule 30(b)(6) notice was to avoid the need to move the Court for a protective order limiting the scope of the deposition. Sater's counsel has not responded. The parties are similarly negotiating the scope of Sater's related interrogatories and document demands.



***Sater Response:*** *In order to clarify, we have not agreed to hold Rakishev's deposition "in abeyance." However, we are open to taking BTA's deposition first in the hope of streamlining Rakishev's deposition. Ultimately, we do not envision any scenario in which Rakishev's testimony is not required. We understand that Mr. Rakishev may be barred from entering the U.S.; for that reason, we are willing to take the deposition remotely.*

**3. Joint Statement Regarding MeM Energy Partners LLC's Deposition and Outstanding Response to Plaintiffs' Disclosure Demands**

After meeting and conferring with Plaintiffs over the course of several months, MeM Energy has collected documents pursuant to an agreed-upon search protocol and expects to complete its review of those documents by July 15. To avoid a motion to compel by Plaintiffs, MeM represents that it will produce responsive documents by July 22.

The parties previously agreed that MeM's deposition would be scheduled once its document production is completed, and the parties anticipate working together in good faith to schedule MeM's deposition after Plaintiffs have completed their review of the documents produced.

**4. Joint Statement Regarding the Kazakh Entities' Outstanding Response to MeM's Disclosure Demands**

On April 7, 2022, MeM served its First Interrogatories and First Requests for Production on Plaintiffs. After the Kazakh Entities served their responses and objections, the parties discussed at their June 1 meet and confer whether the Kazakh Entities may possess any additional responsive documents that have not already been produced and whether the parties could otherwise agree on narrowed disclosure demands to which Plaintiffs objected. Plaintiffs' counsel are working with their clients to identify any remaining documents the Kazakh Entities may possess concerning any MeM-related entity as well as to identify what other responsive documents they may possess and what would be involved in searching and producing them. The Kazakh Entities' search for additional responsive documents and the parties' meet and confer process are ongoing.

**5. Third Party Discovery**

Since the last conference in March, Plaintiffs have taken the deposition of third parties Moses & Singer LLP and Litco LLC. There are several outstanding depositions of third-party witnesses that require additional time to complete.

The Court's Hague Request for discovery of Ilyas and Leila Khrapunov is still pending before the Geneva court. Most recently, the Geneva court informed the Kazakh Entities that the depositions of the Khrapunovs were scheduled for May 18, 2022. This date was adjourned after the Geneva court was adjourned for logistical reasons and has not been rescheduled yet. We recently learned that the Khrapunovs raised an objection to the Geneva court. The Geneva court asked the U.S. District Court to confirm that the depositions should proceed, and the Kazakh Entities are preparing an update to Judge Koeltl on this question. We have been attempting to obtain a copy of the Khrapunovs' objection to better inform Judge Koeltl of the nature of the objection, but so far have not been able to. We expect to provide that update to Judge Koeltl early next week.



As the Court will recall, the Kazakh Entities served Sater's long-time assistant Kalsom Kam with a deposition subpoena. Kam left the United States for Malaysia before the Kazakh Entities could hold that deposition. In the meantime, Sater produced Kam's deposition transcript from Sater's matrimonial action, and the Kazakh Entities deposed Litco on June 21, with Sater acting as Litco's corporate representative. The Kazakh Entities are evaluating whether that deposition and Kam's prior testimony are together sufficient to provide the Kazakh Entities the discovery they need regarding Sater's release-based defense.

Additionally, Plaintiffs served Viktoria Gutsko (Viktoria Sater) with a deposition subpoena on March 1, 2022. The Kazakh Entities then worked with Ms. Gutsko around her schedule and treatment for her medical condition to arrange a convenient time for her remote deposition. However, on the eve of the agreed-upon date, counsel for Felix Sater advised that he had been retained by Ms. Sater for the deposition, and that Ms. Sater was too sick to appear. While Plaintiffs went on the record to note the non-appearance, Plaintiffs have been pressing Sater's counsel for a new date for the continued deposition. The Kazakh Entities intend to press forward with Ms. Gutsko's deposition and will arrange to do so at a time and in a manner that is most convenient for her. However, to date, the continued deposition has not been scheduled.

***Sater Response:*** *Sater's counsel also represent's Mrs. Sater, who is suffering from serious medical issues and is currently unable to testify effectively. We have discussed the possibility of conducting the depositions in short segments.*

**The Sater Defendants' Position**

The following discovery remains outstanding from Plaintiffs:

- First Interrogatories (Almaty) dated 3/22/22.
- First Interrogatories (BTA) dated 3/22/22.
- Second Request for Production (Almaty) dated 3/22/22.
- Second Request for Production (BTA) dat3/22/22.
- Deposition Notice for Kenes Rakishev dated 3/22/22.
- Deposition Notice for BTA dated 3/22/22.
- Deposition Notice for Almaty dated 3/22/22.

We have engaged with Plaintiffs in particular regarding the scope of interrogatories and depositions. We are continuing the meet and confer process in the hope of narrowing any disputes.

* * *



We thank the Court for its attention to these matters, and the parties are of course available to answer any questions that the Court may have.

Respectfully,

*/s/ Craig Wenner*
Craig Wenner

**APPLICATION GRANTED.** A case management conference is scheduled for **August 23, 2022 at 2:30 p.m.** in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, NY 10007. The parties shall be prepared to discuss the issues raised in this letter. To the extent additional issues arise, the parties shall submit a joint updated letter via ECF by August 19, 2022.

**SO ORDERED:**

Katharine H Parker
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

**7/5/2022**