```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────────────

CITY OF ALMATY, KAZAKHSTAN, and BTA
BANK JSC,

                 Plaintiffs,       19-cv-2645 (JGK)

      - against –            **MEMORANDUM OPINION
                                                   AND ORDER**

FELIX SATER, et al.,

                 Defendants.

───────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

     The plaintiffs have brought a motion for reconsideration of this Court's June 1, 2022 Order. In that Order, the Court denied as moot the plaintiffs' motion to strike Felix Sater's "Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68." See ECF No. 400. The Court noted that, because the offer was not accepted within the requisite time period, it was "considered withdrawn." Fed. R. Civ. P. 68(b).

I.

     A party may move for reconsideration of a court order based on "matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader

1

v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).[1] "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." Jelen v. Breezy Point Coop., Inc., No. 18-cv-3440, 2018 WL 8996342, at *1 (E.D.N.Y. Dec. 21, 2018).

**II.**

The plaintiffs argue that their motion to strike Sater's purported offer of judgment was not moot because there are potential consequences to an unaccepted offer of judgment. A dispute is only moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Id. at 307-08.

In issuing the June 1, 2022 Order, the Court overlooked the law establishing the potential continuing legal effect of an unaccepted offer of judgment. Under Federal Rule of Civil Procedure 68(b), an unaccepted offer of judgment is considered withdrawn. Rule 68(d) provides that, "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

the offer was made." Whether Sater's purported offer of judgment is valid determines whether the plaintiffs could be subject to the cost-shifting provisions of Rule 68(d). Accordingly, there is a live controversy between the parties concerning the validity of Sater's purported offer and the plaintiffs' motion to strike the purported offer was not moot.

It is plain that Sater should not have filed his purported offer of judgment on the public docket in the first instance. Rule 68(a) provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Because Sater's purported offer of judgment was not accepted within 14 days of service (or at all), it should not have been filed on the docket. Sater's purported offer, ECF No. 389, therefore should be stricken from the docket. See Michael Grecco Prods., Inc. v. Jukely, Inc., No. 18-cv-605, 2019 WL 1284256, at *2 (E.D.N.Y. Mar. 20, 2019) ("It is . . . well established that if an unaccepted offer of judgment is filed with the Court in disregard of the dictates of Rule 68(a), it should be stricken from the docket."); Fair Hous. Advocs. Ass'n v. NPA Hous. Prop., LLC, No. 2:09-cv-538, 2010 WL 596477, at *2 (S.D. Ohio Feb. 16,

3

2010); Kason v. Amphenol Corp., 132 F.R.D. 197, 197 (N.D. Ill. 1990); 12 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3002 (3d ed. 2022).

Whether Sater's purported offer of judgment is valid is a separate question. Presumably because parties ordinarily comply with the timing provisions of Rule 68, "the validity and effect of Rule 68 offers is usually not determined until the close of the suit and the filing of attorney's fee applications." Boorstein v. City of N.Y., 107 F.R.D. 31, 34 (S.D.N.Y. 1985) (Motley, C.J.). However, in circumstances such as this where a purported offer of judgment was prematurely filed on the docket, courts have found it appropriate to determine the validity of the offer. See Flick v. Am. Fin. Res., Inc., No. 10-cv-3084, 2012 WL 181639, at *2-4 (E.D.N.Y. Jan. 3, 2012) (confirming validity of offer of judgment and finding "at least two instances in this Circuit where the validity of a Rule 68 offer was decided by a court after the time to accept the offer had run, but prior to the close of the suit") (citing Christian v. R. Wood Motors, Inc., No. 91-cv-1348, 1995 WL 238981, at *1 (N.D.N.Y. Apr. 21, 1995), and Boorstein, 107 F.R.D. at 33).[2] The validity of Sater's purported offer of judgment is not moot because, even though the offer is considered withdrawn, it

---

[2] But see Bechtol v. Marsh & McLennan Cos., Inc., No. C07-1246, 2008 WL 2074046, at *2 (W.D. Wash. May 14, 2008) ("After striking the early filing of the offer of judgment, the Court cannot quash the offer.").

potentially has continuing legal effect and the plaintiffs have a concrete interest in knowing whether they may be subject to the cost-shifting provisions of Rule 68 based on the offer. See Boorstein, 107 F.R.D. at 34 ("[T]he issue of whether a Rule 68 offer is valid is certainly not moot at the moment the offer's ten day pendency runs."); Christian, 1995 WL 238981, at *3 (same).[3]

Sater's purported offer of judgment is plainly invalid for several independent reasons. First, the offer provides that each party "shall bear its own fees and costs," ECF No. 389, at 9, but a valid Rule 68 offer must "allow[] judgment to be taken against the defendant for both the damages caused by the

---

[3] In opposing the plaintiffs' motion for reconsideration, Sater appears to argue that the validity of his purported offer of judgment is not ripe for review. Sater argues that it is too early, as opposed to too late, for the Court to decide whether his offer is valid because the plaintiffs could not be subject to cost-shifting under Rule 68 unless Sater obtains a favorable judgment and applies for an award of costs. However, in Flick, Christian, and Boorstein, courts in this Circuit decided the validity of an offer of judgment prior to the close of the lawsuit, implicitly holding that the issue may be ripe prior to judgment. But see Tillman v. Calvary Portfolio Servs., LLC, No. 08-cv-8142, 2009 WL 510921, at *2 (D. Ariz. Feb. 27, 2009) ("Even if the offer [of judgment] was filed, the issue of its fairness and validity will only ripen after an entry of judgment less favorable than Defendant's offer."). The validity of Sater's offer is ripe for review because the plaintiffs currently face uncertainty concerning their susceptibility to cost-shifting under Rule 68, the validity of the offer does not depend on further factual developments, and the offer is only before the Court because Sater disregarded the timing provisions of Rule 68. Cf. Nat'l Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 691 (2d Cir. 2013) (prudential ripeness requires court to consider "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration"). Moreover, determining the validity of Sater's offer now furthers the purpose of Rule 68. See Boorstein, 107 F.R.D. at 34 ("[A]mbiguous offers should be clarified or stricken to further the purposes of Rule 68 [to encourage settlement] and to protect the ability of parties to make reasonable decisions regarding the conduct of litigation.").

challenged conduct and the costs then accrued." Marek v. Chesny, 473 U.S. 1, 6 (1985) (emphasis omitted). Moreover, the offer purports to resolve multiple disputes, in only one of which Sater is a party. The offer also calls for dismissal of this action "with prejudice as against all defendants," ECF No. 389, at 7, even though the offer was only made on Sater's behalf, id. at 4. This is an invalid offer because Sater has no authority to bind his co-defendants or parties in cases to which he is not a party. See Rule 68(a) (offer must "allow judgment on specified terms"); cf. Stanczyk v. City of N.Y., 752 F.3d 273, 283–84 (2d Cir. 2014) (offer applicable to all defendants was valid because it "was clearly made on behalf of all Defendants"). Finally, Sater waived any additional arguments in opposition to the plaintiffs' motion to strike by not responding to the motion within the time allowed by Local Civil Rule 6.1(b).

Accordingly, Sater's purported offer of judgment, ECF No. 389, is invalid under Rule 68. Moving forward, the parties should comply with the timing provisions of Rule 68 and only file an offer of judgment on the Court's docket if: (1) the offer is accepted within 14 days of service, see Fed. R. Civ. P. 68(a); or (2) the offer is not accepted but is offered in a proceeding to determine costs, see Fed. R. Civ. P. 68(b).

6

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not discussed above, the arguments are either moot or without merit. For the reasons explained above, the plaintiffs' motion for reconsideration is **granted**. The plaintiffs' motion to strike is also **granted**. The Clerk is directed to close Docket No. 402. The Clerk is also directed to strike Docket No. 389.

**SO ORDERED.**

Dated:  New York, New York
        July 11, 2022

                                     _____
                                     John G. Koeltl
                                     **United States District Judge**