

CRAIG WENNER
Tel: (212) 909-7625
Email: cwenner@bsfllp.com

August 19, 2022

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
             **Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (JGK) (KHP)**

Dear Judge Parker:

    We represent the City of Almaty, Kazakhstan and BTA Bank (together, the "Kazakh Entities") and write in accordance with the Court's July 5, 2022 order to submit a joint updated letter on the status ongoing discovery in this action in advance of the Court's August 23, 2022 case management conference. [ECF No. 408 (memo endorsement of the parties' July 1 status update).] We provided a draft of this letter to the defendants' counsel, but as of the time of filing this letter late Friday, we have not received any objections or comments.

**1.    Felix Sater's Outstanding Responses to Plaintiffs' Disclosure Demands**

    **A.    Herz Communications**

    As previously described by the Kazakh Entities in the parties' July 1 status letter, [ECF No. 408 at 1-2,] Sater has represented on multiple occasions that he intends to produce a privilege log of withheld communications and otherwise respond to the Kazakh Entities' initial challenges to privilege based on a chart of metadata concerning documents produced by third party Arnie Herz. The Kazakh Entities do not believe Sater will produce the log or otherwise produce responsive documents absent a court order.[1]

    Issues surrounding Herz's production of documents have been raised with the Court before. Briefly stated, the Kazakh Entities subpoenaed Herz for documents and communications that are highly relevant and directly concern the transactions at issue in this litigation. Herz worked on many of the deals and acted as an escrow agent for the payment of funds to Sater and

---

[1] Given Sater's multiple prior representations that he would provide a privilege log and respond to the Kazakh Entities' targeted requests for Herz documents, the Kazakh Entities believe the Court can resolve the issue of a deadline for his response without the need of a formal motion to compel. The Kazakh Entities therefore have not filed a separate letter motion for a pre-motion conference in anticipation of a motion to compel pursuant to Rule III(b) of Your Honor's Individual Practices, but they can do so if the Court would find it helpful. Once the Kazakh Entities have reviewed Sater's privilege log and met and conferred with his counsel, it is possible a formal motion may be required to compel the production of non-privileged documents that are being wrongfully withheld.



his co-conspirators that the Kazakh Entities allege were illegitimate payments that Sater concealed as purported commissions. After Herz produced documents in response to the Kazakh Entities' third-party subpoena, Sater and certain third parties contended that a subset of the documents were privileged. Sater and the third parties – specifically, Ilyas Khrapunov (and apparently any entity conceivably related to him), and Triadou SPV S.A. and its affiliates (such as Swiss Development Group) – then reviewed Herz's production and withheld purportedly privileged documents based on an assertion of privilege by one or more of Sater or the third parties. Sater and the third parties then provided the admittedly non-privileged documents to the Kazakh Entities along with a chart reflecting certain metadata from the withheld documents.

The metadata chart does not contain all of the information required under Local Rule 26.2, such as the nature of the privilege, the type of document (where not readily apparent), the general subject matter of the document (where, for example, the subject line of the email is not descriptive), or the relationships of the participants to the communication. While the metadata chart served a purpose in facilitating the production of documents and narrowing the potential disputed issues, the Kazakh Entities could not evaluate the privilege determinations on the basis of the chart alone. The Kazakh Entities subsequently wrote letters to Sater and the third parties challenging aspects of their privilege determinations and requesting more information concerning a specific subset of approximately 200 documents. Third party Triadou responded to the Kazakh Entities, engaged in a meet and confer, provided additional information about withheld communications, and agreed to produce certain of its previously withheld documents. (Ilyas Khrapunov's counsel did not respond to the Kazakh Entities letter challenging the privilege assertions, presumably because the communications at issue were not withheld by him but were withheld by Sater or Triadou instead. If Ilyas Khrapunov objects to the further production of Herz documents, the Kazakh Entities will meet and confer with Khrapunov's counsel at that time and may move to compel if necessary.)

The Kazakh Entities raised the issue of Sater's delay in their March 22, 2022 letter to Your Honor. [ECF No. 374.] In Sater's March 24 letter response, Sater requested until April 30 to provide a log of the Herz documents that Sater is withholding on the basis of privilege. [ECF No. 375 at 3.] (To be clear, Sater's log would need to cover only the subset of the Herz communications for which he asserts privilege, not the privilege assertions of the third parties.) In the parties' July 1, 2022 joint discovery status update, Sater admitted he did not respond by April 30, noting that "this particular item has been lower priority," but insisted that he "will engage with Plaintiffs next week." [ECF No. 407 at 2.] The Kazakh Entities most recently reached out to Sater's counsel about the Herz communications on August 9, but have not received a response.

The Kazakh Entities request that the Court provide Sater with a clear deadline at the conference for his response to the Kazakh Entities privilege challenges and his production of a privilege log that complies with Local Rule 26.2.

B.  **Responses to Disclosure Demands**

Since the last status update, the Kazakh Entities still have not received Sater's supplemental responses to his March 19 responses and objections to the Kazakh Entities interrogatories. Sater noted in the July 1 status update that he provided a verified version of the



prior interrogatory responses, but he has not provided the promised supplemental responses. If Sater has changed tactics and no longer intends to supplement his responses, he should say so, which would permit the Kazakh Entities to raise appropriate challenges to the admittedly deficient responses or otherwise commit Sater to his answers.

Regarding Sater's audio recordings of conversations with Ilyas Khrapunov, the Kazakh Entities most recently requested an update from Sater's counsel on August 9 concerning their efforts at searching Sater's storage locker, which counsel represented they would be conducting personally. The Kazakh Entities did not receive a response.

**2.      Discovery of and by Defendant MeM Energy**

Since the parties July 1, 2022 status update, the Kazakh Entities and defendant MeM Energy have narrowed the number of outstanding discovery issues. As anticipated in the prior status update, MeM Energy produced records on July 22 in response to the Kazakh Entities' August 10, 2021 requests for production. The Kazakh Entities are reviewing the production and have requested that counsel for MeM Energy provide suggested dates for MeM Energy's deposition that the Kazakh Entities noticed in May 2022. That deposition has not been scheduled yet.

With respect to MeM Energy's disclosure demands, the Kazakh Entities have undertaken a search for additional responsive documents and have made a supplemental production. The parties have met and conferred regarding one outstanding issue for which MeM Energy has issued interrogatory and document requests. The Kazakh Entities have so far maintained their objection to this category of information, but counsel for the Kazakh Entities have sought additional information from their clients to determine whether this is an issue that can be resolved without the Court's involvement. The meet and confer process on this remaining issue is ongoing.

**3.      Third Party Discovery**

The Court's Hague Request for discovery of Ilyas and Leila Khrapunov is still pending before the Geneva court. As noted in the last status update to the Court, [ECF No. 408 at 4,] the Kazakh Entities learned that the Khrapunovs raised an objection to the deposition requests. The Geneva court requested confirmation from Judge Koeltl that the depositions were still necessary, which Judge Koeltl provided in an order dated July 13, 2022. [ECF No. 415.] Because the Geneva court did not disclose the Khrapunovs' objection to either Judge Koeltl or the Kazakh Entities, Judge Koeltl stated that any objection should be resolved by the Geneva court. The Kazakh Entities served Judge Koeltl's order on the Geneva court. On August 17, the Kazakh Entities received a copy of the Khrapunovs' objection from the Geneva court, which requested any response to the objection be filed with that court within one month (though that time may be extended). The Kazakh Entities will be filing a response to the Khrapunovs' objection and continuing to seek their deposition pursuant to the Hague Request.

With respect to the Kazakh Entities' third-party deposition subpoena of Viktoria Gutsko, the Kazakh Entities have been unable to secure a date for the deposition. Ms. Gutsko is defendant Felix Sater's ex-wife and is represented by Sater's counsel. As outlined in the parties' July 1 joint status letter, the Kazakh Entities have been working with Ms. Gutsko to schedule her



deposition in light of treatment she is receiving for her medical condition.  The Kazakh Entities appreciate that Ms. Gutsko has continuing health issues, and in an effort to compromise, the Kazakh Entities have offered to accommodate a shorter, more streamlined deposition, to be held remotely and at times convenient for the witness.  While Sater's counsel has indicated he will consult with Ms. Gutsko, the Kazakh Entities have not been able to schedule the deposition.  The Kazakh Entities most recently requested proposed dates from Ms. Gutsko on August 9, to which Sater's counsel did not respond.  The Kazakh Entities believe that Ms. Gutsko will not voluntarily sit for the deposition absent a court order and are prepared to move to compel if necessary.  As such, the Kazakh Entities intend to discuss at the conference how the Court would prefer to address this issue.

*     *     *

We thank the Court for its attention to these matters and are of course available to answer any questions that the Court may have at the conference.

Respectfully,

/s/ *Craig Wenner*
Craig Wenner