

CRAIG WENNER
Tel: (212) 909-7625
Email: cwenner@bsfllp.com

January 31, 2023

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/2023
```

      Re:    *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
             **Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (JGK) (KHP)**

Dear Judge Parker:

      We represent Plaintiffs the City of Almaty, Kazakhstan and BTA Bank and write to request that the Court order defendant Felix Sater to produce any documents that Sater has withheld on the basis of privilege sufficiently in advance of the currently scheduled February 15, 2023 deposition of non-party Arnie Herz. Despite this Court's clear order that Sater produce a compliant privilege log by a date certain or risk waiving privilege, Sater failed to produce the required log. Sater has not responded to Plaintiffs' repeated requests that he produce the previously withheld documents.

## Background

      As the Court is well aware, Plaintiffs made substantial efforts to obtain documents from third-party witness Arnie Herz, as well as an accompanying privilege log of withheld communications from Sater. Sater's original court-ordered deadline to produce a privilege log was December 11, 2020. [ECF No. 219 at 2.] On December 11, Sater's counsel contacted Plaintiffs to explain that they would be unable to meet a production deadline for Sater's own documents, which included communications with Mr. Herz that came from Sater's files. [ECF Nos. 257, 258.] The Court granted Sater an extension to produce documents, though his documents needed to be produced before his deposition. [ECF No. 259.] Plaintiffs eventually received an excel chart populated with certain metadata from withheld Herz communications, and Plaintiffs then engaged in a meet and confer process with Sater and non-party Triadou SPV S.A.. Triadou produced additional previously withheld documents and provided information concerning the bases for its remaining privilege assertions.

      Plaintiffs raised the issue of Sater's unsubstantiated privilege assertions in a status letter on March 22, 2022. [*See* ECF No. 374 at 4.] Sater's new counsel—who did not conduct the original privilege review, as that was undertaken before Sater replaced his counsel in this action—requested a deadline of April 30, 2022, to complete his re-review of the Herz communications. [ECF No. 375 at 3.] Plaintiffs raised the issue again with the Court on July 1, 2022, noting that Sater had missed his self-imposed deadline. [ECF No. 407.] By written order following a status conference, the Court ordered Sater to "produce their privilege log regarding the Herz documents and related metadata by September 15, 2022." [ECF No. 420.]

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards, New York, NY 10001 | (t) 212.446.2300 | (f) 212.446.2350 | www.bsfllp.com



Plaintiffs advised the Court on October 14, 2022, that Sater failed to provide the required disclosures or a compliant privilege log. [ECF No. 430.] The issue was then discussed with the Court at the October 17, 2022 case management conference. Your Honor made clear during the October 17, 2022 case management conference and in the subsequent written Order that "Defendants shall produce their privilege log regarding the Herz documents and related metadata by November 11, 2022. **If the log is not produced or in a form that satisfies Rule 26(b)(5), Defendant Sater will be deemed to have waived privilege**." [ECF No. 432 (emphasis added).]

On the afternoon of Friday, November 11, Sater's counsel requested an extension of the deadline to produce a privilege log to the following Monday for personal reasons. As a matter of professional courtesy, Plaintiffs responded that they would not raise any objection or argument that the privilege had been waived if the log was provided on Monday, November 14, as promised. But by November 16th, Plaintiffs had not received a privilege log or any correspondence from Sater, and again followed up. Plaintiffs' counsel by this point were fully engaged in the trial in the related action against Triadou. But on both December 21, 2022 and January 18, 2023, Plaintiffs inquired from Sater on the status of the privilege log, reminded Sater of the Court's October 17th Order, and advised that Plaintiffs intended to move to compel in the event that Sater continued to evade this Court's orders.

## Argument

Sater had multiple opportunities to produce any withheld documents or a compliant privilege log. It is undisputed that Sater has failed to produce the required log and continues to maintain assertions of privilege over responsive documents. The Court's order was clear: by failing to produce a log by November 11, Sater "will be deemed to have waived privilege." [ECF No. 432.] Sater then refused to produce the withheld communications, which he must, given that he can no longer claim privilege over them.

Plaintiffs respectfully request that the Court order Sater to produce any documents that he has withheld on the basis of privilege, including communications with Arnie Herz, or risk further sanctions. We respectfully request that the Court order Sater to produce the documents by Wednesday, February 8, so that Plaintiffs receive the documents sufficiently in advance of the deposition of Arnie Herz that is currently scheduled for February 15, 2023.

We thank the Court for its consideration of this request.

Respectfully,

/s/ *Craig Wenner*
Craig Wenner

SO ORDERED:
*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    02/08/2023

According to the Court's individual rules, Defendant Sater was permitted to submit a response within three business days of Plaintiff's letter. As Defendant Sater has failed to submit a response by that deadline, the Court orders that Defendant Sater respond to the Plaintiff's letter by **February 10, 2023,** or the Court may decide on the letter motion without the benefit of Defendant Sater's response.

2