UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CITY OF ALMATY, KAZAKHSTAN and
BTA BANK JSC,

                              Plaintiffs,

                -against-

FELIX SATER, et al.,

                             Defendants.
-----------------------------------------------------------------X

19-CV-2645 (JGK) (KHP)

**OPINION & ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On December 12, 2022, after the deadline for completing depositions (ECF No. 420), Plaintiffs served a Rule 45 subpoena on non-party Philippe Glatz, a citizen and resident of Switzerland, while he was in New York for the purpose of attending trial in a related action, *City of Almaty, Kazakhstan, et ano. v. Ablyazov, et al.*, 15-cv-5345. Glatz has moved to quash the subpoena. (ECF No. 437.) For the reasons set forth below, the motion to quash is GRANTED. Plaintiffs did not seek this Court's permission to depose Glatz outside of the deadline for fact depositions. Nor did they mention the need to depose Glatz at the October 2022 case management conference. Notably, Glatz already sat for two days of deposition in the related action and provided trial testimony in that action on the topics relevant in this action. Plaintiffs' failure to seek this testimony earlier through Rule 45 or the Hague process is reason alone to grant the motion to quash. *See Wood v. Mut. Redevelopment Houses, Inc.*, 2019 WL 6174369, at *9 (S.D.N.Y. Nov. 19, 2019), *objections overruled*, 2020 WL 4548079 (S.D.N.Y. Aug. 5, 2020) (stating it is within the Court's discretion to deny enforcement of subpoenas after the close of

1

fact discovery where the issuing party could have sought enforcement before the discovery deadline); *Nikonov v. Flirt NY, Inc.*, 338 F.R.D. 444, 445 (S.D.N.Y. 2021) (finding Court's discovery requests served after the end of the discovery deadline were not timely and could be denied for failure to timely serve without a showing of good cause). However, the subpoena should be quashed for the more substantive reason that it does not comply with Rule 45's geographic limitations.

"A district court ... must have personal jurisdiction over a nonparty to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014). Rule 45 provides that a subpoena may be served "at any place within the United States." Fed. R. Civ. P. 45(b)(2). The Rule, however, restricts a deposition subpoena's reach to persons within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1). Additionally, the party serving a subpoena must take steps to avoid imposing "undue burden or expense" on the subpoenaed person. Fed. R. Civ. P. 45(d)(1).

A subpoenaed person may move to quash a subpoena if it requires a person to comply beyond the geographical limits of Rule 45 or subjects the person to undue burden. Fed. R. Civ. P. 45(d)(3). The Rule further states that the court *must* quash or modify the subpoena if it requires a person to comply beyond the geographical limits of the rule. *Id*.

Plaintiffs argue that Glatz "regularly" transacts business in New York and thus falls within the geographic reach of the subpoena from this District. The factual basis for this argument is that Glatz indirectly owns a company called Triadou that invested in property and engaged in financial transactions in New York. They also state that Triadou participated in

other litigations in New York. Finally, they say Glatz testified in the related litigation in which Triadou was a defendant. (ECF No. 438.) This argument is not persuasive.

Courts have held that even if a corporation regularly does business in New York, it does not necessarily follow that one of its employees, officer, or directors does business in New York. Occasional or sporadic visits to New York are not sufficient. *Perez v. Progenics Pharms., Inc.*, 2015 WL 4111551, at *2 (S.D.N.Y. June 24, 2015) (person who was chair of audit committee and member of board of defendant company who attended quarterly meetings in person or by phone at defendant company's headquarters in New York did not regularly conduct business in New York for purposes of Rule 45 trial subpoena); *M'Baye v. New Jersey Sports Production, Inc.*, 246 F.R.D. 205, 208 (S.D.N.Y. 2007) ("[T]raveling to an area within a 100-mile radius for fourteen to eighteen days in two years is insufficient to render a person amenable to subpoena."); *see also Studio A Entertainment, Inc. v. Direct Distributors, LLC*, 2007 WL 437703, *3 (S.D.N.Y. Feb. 8, 2007) (In context of evaluating personal jurisdiction under New York's long-arm statute, court recognized "[e]ven if personal jurisdiction exists over a corporation, it does not follow that jurisdiction necessarily exists over the corporation's employees."). This is because "Rule 45's goal is to prevent inconvenience to the flesh-and-blood human beings who are asked to testify, not the legal entity for whom those human beings work." *Price Waterhouse LLP v. First Am. Corp.,* 182 F.R.D. 56, 62 (S.D.N.Y. 1998)).

Here, Triadou is not a party to this litigation and Plaintiffs point to no instances other than the trial in the related matter when Glatz personally came to New York to transact business, and testimony at a trial does not constitute conducting personal business here. *See McDonnell v. Am. Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1179-80 (2d Cir. 1972) (in evaluating

3

personal jurisdiction, presence in the district for the purposes of attending a proceeding in a different case was not sufficient for fulfilling requirement for personal jurisdiction through service). In sum, Plaintiffs have fallen far short of what is necessary to satisfy Rule 45's requirement that the person subject to the subpoena "regularly" conduct business within 100 miles of the District where the deposition subpoena was issued.

Plaintiffs alternatively argue that they can avoid the geographical restrictions of Rule 45 by taking a video deposition testimony of Glatz from Switzerland. This argument is also unpersuasive. Switzerland prohibits in-person and remote depositions of Swiss citizens on Swiss soil absent authorization – a rule Plaintiffs do not dispute. Plaintiffs did not seek authorization to obtain Glatz's deposition in Switzerland from Swiss authorities. And, at least one court in this District has held in the context of an arbitral subpoena that the location of the proceeding – where the deposition will be taken from, determines the place of compliance for purposes of remote testimony. In other words, use of video technology does not enable a party to evade the explicit geographic restrictions of the Rule. *Broumand v. Joseph*, 522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021). This Court agrees with the analysis in *Broumand*. In sum, New York is the location of this proceeding and where Plaintiffs' counsel would conduct the questioning. New York is also the District out of which the subpoena issued. Thus, conducting the deposition from New York by video does not provide a work-around to the geographic restrictions of Rule 45.

Plaintiffs also suggest that Glatz could be compelled to travel to the U.K. or Belgium to sit for a deposition. While this would get around Switzerland's restrictions on depositions, it would still require Glatz to travel more than 100 miles to another country and sit for a deposition more than 100 miles from New York—the place where the deposition is being

conducted. Thus, this suggestion is not at all consistent with the 100-mile restriction of Rule 45. Moreover, it is both expensive and burdensome. *Probulk Carriers Ltd. v. Marvel International Management and Transportation*, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016). For all of the above reasons, the motion to quash is GRANTED.

Plaintiffs ask that if the Court quashes the subpoena, it hold that Glatz's testimony in the related action is admissible in this action. Triadou had agreed to allow transcripts of Glatz's testimony in the related action to be produced in this action so long as Glatz was not required to testify again personally in this action. Given the Court's ruling on the motion to quash and Triadou's prior position, it directs Triadou to provide Plaintiffs with copies of the transcripts of Glatz's testimony in the related action to the extent Plaintiffs' counsel does not have them already. Plaintiffs' counsel shall produce those transcripts to the Defendants in this action subject to the Protective Order in this case. The Court, however, does not make any evidentiary ruling regarding the use of those transcripts at trial in this action.

To the extent Plaintiffs wish to utilize Glatz's testimony in the related action in this case, they must mark the transcripts as exhibits consistent with the rules of the Hon. John G. Koeltl, the judge who will be presiding over the trial in this matter. If Defendants object to their use, the objections will be the subject of *in limine* motions at the proper time.

**SO ORDERED.**

DATED:  New York, New York
February 16, 2023

_Katharine H. Parker_
_____
KATHARINE H. PARKER
United States Magistrate Judge