

February 23, 2023

**VIA CM/ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
               Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (AJN) (KHP)

Dear Judge Parker:

      We represent Defendant MeM Energy Partners LLC ("MeM") in this matter and write to request an order compelling Plaintiffs to respond to outstanding discovery requests to which they have so far refused to respond as required.

      Plaintiffs allege that MeM's principal, Mendel Mochkin, received allegedly stolen funds in exchange for putting defendants in touch with an Italian journalist. According to news accounts, Mukhtar Ablyazov's wife (Alma Shalabayeva) and their six-year-old daughter, Alua, were in Italy when they "were taken into custody in an Italian raid in 2013 and forcibly returned to Kazakhstan in a case that sparked public outrage." (Ex. A.) At that time, Mr. Mochkin provided Defendant Sater with a journalist contact to assist in publicizing these grave human rights violations and in protecting the two victims. In 2014, "Italy's supreme Court of Cassation has ruled that the deportation last year of the wife and daughter of a Kazakh dissident was 'manifestly illegitimate.'" (Ex. B.) In 2020, "[s]even senior former Italian police and immigration officials have received prison sentences for their roles in the 'unlawful' deportation of the wife and daughter of fugitive Kazakh banker and opposition organizer politician Mukhtar Ablyazov." (Ex. A.)

      To somehow make out a legal claim concerning Mr. Mochkin's introduction to a journalist that could help publicize the "manifestly illegitimate" and "unlawful" forcible deportation of Mukhtar Ablyazov's family, Plaintiffs alleged (and are now required to prove) that "MeM was instrumental in the conspiracy to breach the Worldwide Freezing Orders. . . . Mochkin's work on behalf of Ablyazov to generate negative publicity about the Republic of Kazakhstan and to improve Ablyazov's public image was aimed at facilitating the laundering of

the Stolen Funds, thereby concealing them from the Kazakh Entities." (Second Amended Complaint ¶ 294.)[1]

MeM served discovery requests probing the basis for Plaintiffs' bogus allegations. If Plaintiffs have any basis for alleging that the "manifestly illegitimate" and "unlawful" forcible deportation of Mukhtar Ablyazov's family was anything other than a human rights abuse with which Mr. Mochkin was rightly concerned, MeM is entitled to know it. To that end, MeM served discovery seeking the information Plaintiffs' have regarding the events Plaintiffs have put at issue. Specifically, MeM served two document requests seeking:

> **Document Request No. 2**
> All documents and communications concerning any immigration-related activities in Italy or Kazakhstan, including without limitation any arrest, revocation of visas, or deportation, or any attempted kidnapping, taken with respect to one or more family members of Mukhtar Ablyazov.
>
> **Document Request No. 3**
> All documents and communications concerning any media reports regarding any immigration activities in Italy or Kazakhstan, including without limitation any arrest, revocation of visas, or deportations, or any attempted kidnapping, taken with respect to one or more family members of Mukhtar Ablyazov, including without limitation any news reports concerning the role of any Kazakh or Italian officials in any such actions.

(*See* Ex. C.)

While meeting and conferring with MeM, Plaintiffs represented that they were unable to identify *any* custodians whose files they could reasonably search for such documents. In light of that representation and in the interest of speeding the discovery process, MeM agreed as an initial matter to allow Plaintiffs to run certain searches across an existing document database. Plaintiffs' belated[2] document production resulting from their proposed search makes it clear that Plaintiffs in fact have a number of employees, contractors and representatives who closely tracked the arrest, revocation of visas, or deportation, or attempted kidnapping, of family members of Mukhtar Ablyazov. MeM requested that Plaintiffs search the files of those employees, contractors, and representative and produce the responsive documents located. (*See* Ex. D.) Remarkably, in a letter served as the parties were walking into Court for last week's Case Management Conference, Plaintiffs informed us that they were refusing to do so. (*See* Ex. E.)

---

[1] These allegations are implausible on their face, and Mr. Wenner suggested at the February 16 conference that Plaintiffs are retreating back to the prior allegation that the funds Mr. Mochkin received were in fact a broker's commission. Nevertheless, they remain the allegations of the operative Second Amended Complaint in this action.

[2] MeM timely served these requests back on April 7, 2022. Plaintiffs first produced documents responding to these requests on January 18, 2023.

**CYRULNIK** FATTARUSO LLP

MeM also served a pair of interrogatories on April 7, 2022, requesting Plaintiffs:

**INTERROGATORY NO. 7:**
Identify all persons with knowledge of any immigration-related activities in Italy or Kazakhstan, including without limitation any arrest, revocation of visas, or deportation, or attempted kidnapping, taken with respect to family members of Mukhtar Ablyazov.

and

**INTERROGATORY NO. 8:**
Identify all persons with knowledge of any role of any Kazakh or Italian official in any immigration-related activities in Italy or Kazakhstan, including without limitation any arrest, revocation of visas, or deportation, or attempted kidnapping, taken with respect to the family members of Mukhtar Ablyazov.

(Ex. F.)

Again, Plaintiffs represented that they were not aware of *any* such individuals and in their belated response to these interrogatories on January 24, 2023, responded with only the names of two "governmental bodies responsible for immigration-related activities in Kazakhstan." (Ex. G.) MeM requested that Plaintiffs respond to these Interrogatories, identifying at least the persons Plaintiffs have identified through their search terms. (*See* Ex. D.) Plaintiffs have flatly refused. (*See* Ex. E.).

These requests are manifestly relevant and Plaintiffs' refusal to comply with their discovery obligations is inappropriate.

MeM respectfully requests that the Court compel Plaintiffs to respond to the above-identified Interrogatories and Requests for Production of Documents promptly.[3]

                                           Sincerely,

                                           **CYRULNIK FATTARUSO LLP**

                                           */s/ Jason Cyrulnik*
                                           Jason Cyrulnik

---

[3] MeM recognizes the Court's desire to close fact discovery in this case and is not asking the Court to stay MeM's deposition while Plaintiffs are responding to these discovery requests. MeM is prepared to proceed with its deposition during the period the Court has directed.