UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CITY OF ALMATY, KAZAKHSTAN and
BTA BANK JSC,

                            Plaintiffs,

            -against-

FELIX SATER, et al.,

                           Defendants.

------------------------------------------------------------------X

**19-CV-2645 (JGK) (KHP)**

**OPINION AND ORDER MOTION TO COMPEL FILED BY MeM ENERGY PARTNERS LLC**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/14/2023

**KATHARINE H. PARKER, United States Magistrate Judge:**

       Defendant MeM Energy Partners LLC ("MeM") moves to compel Plaintiffs City of Almaty, Kazakhstan ("Almaty") and BTA Bank JSC ("BTA") to conduct a further search for documents in response to two document requests and to provide specific names of individuals with knowledge in response to two interrogatories. (Defs.' Letter Mot. to Compel Discovery from Pls., ECF No. 453.) For the reasons set forth below, the motion is DENIED.

       The Court assumes familiarity with the factual allegations in this case and does not repeat them here, except as relevant to the instant motion. Plaintiffs allege that Mendel Mochkin, the owner of MeM, conspired with Ilyas Khraphunov and Mukhtar Ablyazov to launder money Ablyazov stole from BTA Bank and Khrapunov's father stole from Almaty. The money was allegedly laundered through shell companies into various real estate investments in the United States. According to Plaintiffs, sums that MeM received purportedly as a broker's commission or finder's fee in connection with the real estate transaction were not bona fide commissions/fees but payments for public relations work that Mochkin/MeM performed for

1

Ablyazov. The alleged public relations work included generating negative publicity about the Republic of Kazakhstan and generating positive publicity about Ablyazov to improve his public image after he fled the United Kingdom after being sentenced for criminal contempt there. Among other things, Mochkin allegedly offered to introduce Ablyazov to an Italian journalist who would generate a positive news article about Ablyazov. Ultimately, the connection was made, and the journalist wrote an article discussing how Italy had improperly expelled Ablyazov's wife and daughter from Italy, deporting them back to Kazakhstan.

Plaintiffs further allege the sums received by Mochkin/MeM for the public relations work were derived from the funds stolen from Plaintiffs by Ablyazov and Khrapunov and subject to a worldwide freeze order issued by a court in the United Kingdom. Mochkin/MeM allegedly were aware that they were receiving stolen funds in violation of the freezing order. Plaintiffs assert two causes of action against MeM: Unjust Enrichment and Money Had and Received.

**THE DISCOVERY REQUESTS**

MeM's document requests seek:

- All documents and communications concerning any immigration-related activities in Italy or Kazakhstan, including without limitation any arrest, revocation of visas, or deportation, or any attempted kidnapping, taken with respect to one or more family members of Mukhtar Ablyazov; and

- All documents and communications concerning any media reports regarding any immigration activities in Italy or Kazakhstan, including without limitation any arrest, revocation of visas, or deportations, or any attempted kidnapping, taken with respect to one or more family members of Mukhtar Ablyazov, including without limitation any news reports concerning the role of any Kazakh or Italian officials in any such actions.

(Defs.' Letter Mot. to Compel Discovery from Pls., ECF No. 453, Ex. C.)

MeM's interrogatories ask:

- Identify all persons with knowledge of any immigration-related activities in Italy or Kazakhstan, including without limitation any arrest, revocation of visas, or deportation, or attempted kidnapping, taken with respect to family members of Mukhtar Ablyazov; and

- Identify all persons with knowledge of any role of any Kazakh or Italian official in any immigration-related activities in Italy or Kazakhstan, including without limitation any arrest, revocation of visas, or deportation, or attempted kidnapping, taken with respect to the family members of Mukhtar Ablyazov

(*Id.*, Ex. F.)

Plaintiffs made various objections to MeM's document requests and interrogatories, including their breadth and relevance.  (Pl.'s Letter Mot. in Opp., ECF No. 454.)  Plaintiffs explain that the City of Almaty is politically distinct from the Republic of Kazakhstan and does not have possession, custody, or control over the information solely within the possession of the Republic or authority to act on behalf of the country with respect to immigration matters.  (*Id.*, Ex. 2.)

Nevertheless, in response to the interrogatories, it identified the government offices within the Republic of Kazakhstan that are responsible for matters concerning extradition and immigration.  (Defs.' Letter Mot. to Compel Discovery from Pls., ECF No. 453, Ex. G.)  More fundamentally, Plaintiffs contend that the persons whose identity MeM seeks do not have information relevant to this action, because the claims against MeM concern MeM's and Mochkin's activities to generate negative publicity about Kazakhstan and positive publicity about Ablyazov, as well as their knowledge of the worldwide freezing order and the source of funds they received.  Plaintiffs also contend requiring them to identify "all" persons with

3

knowledge of the subjects set forth in the interrogatories is disproportionate to the needs of the case.

With regard to the document requests, Plaintiffs have the same objections based on relevance and proportionality. (Pl.'s Letter Mot. in Opp., ECF No. 454.) In addition, they state that they produced all of the documents they have to support their allegations including emails between Mochkin, Felix Sater, Ilyas Khrapunov, and Ablyazov's lawyer reflecting Mochkin's introduction to the Italian journalist, Mochkin's suggestion that Ablyazov's lawyer "spin the story" about BTA's fraud case to raise questions about whether Kazakhstan had somehow interfered with the judicial process in the United Kingdom, and Mochkin's monitoring of media concerning Ablyazov and Plaintiff's asset recovery process. (*Id.* at 3.) Plaintiffs also produced bank records showing payments to MeM at the same time Mochkin was allegedly engaging in the public relations work. After a meet and confer to address the issues raised in this motion, Plaintiffs further agreed to conduct a search that hit on the terms "immigration; visa w/10 Italy; deportation, Shalabayeva [Ablyazov's wife]." (*Id.*) The search recovered 32 documents, all of which were media alerts about news reporting on this litigation or Ablyazov. MeM contends now that the search should have been broader and included search of emails of consultants to BTA and Almaty, not just of emails of employees of Plaintiffs. Plaintiffs state, however, that the relevant consultants were parties to the same emails already produced and thus there is nothing new that will be located from such a search.

## DISCUSSION

Rule 26(b)(1) restricts discovery to information that is both "relevant to any party's claim or defense" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Proportionality requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.  When disputes about the relevance of requested documents arise, the requesting party bears the initial burden of explaining why the information is relevant.  *Cohen v. Cohen*, 2015 WL 4469704, at *3 (S.D.N.Y. June 29, 2015).

      Because it is requesting the information, MeM must explain why it is relevant.  MeM has failed to meet its burden.  MeM contends the information sought is relevant to probe the legitimacy of the allegation that MeM received stolen funds for introducing Ablyazov's attorney and others to the Italian journalist who wrote the story about Ablyazov's wife and daughter being deported from Italy.  It points out that since that incident and the new article, an Italian court held that the deportation was "manifestly illegitimate" and several Italian police and immigration officials received prison sentences for their role in the deportation.  Thus, it argues that far from being an improper agent for Ablyazov, Mochkin was merely acting out of concern for a human rights abuse.  MeM already has sufficient information to argue there was human rights abuse.  The discovery requests go further, however, implying that Plaintiffs had something to do with Italy's deportation of Ablyazov's wife and daughter.  MeM provides no facts to support this speculative theory.  Nor does it explain why such information undermines or is at all relevant to the allegation that Mochkin received stolen funds for helping Ablyazov in a public relations campaign.  What happened to Ablyazov's wife and daughter in Italy is simply not relevant to the claims and defenses in this action.

The information sought is also disproportionate to the needs of this case.  In particular, it is not clear how the City of Almaty or BTA are better positioned than MeM to obtain information about why Italy decided to deport Ablyazov's wife and daughter.  The Italian government and Ablyazov would appear to have the best information about the incident.  The information sought also is not important to resolving the issues in this case.  Plaintiffs represent that they have already produced all the information they have to support the allegations against MeM, and MeM has already articulated the basis for its argument that Mochkin was simply acting out of legitimate concern for human rights when he connected Ablyazov's lawyer to the Italian journalist.   Finding out why Italy did what it did is not necessary or important to the prosecution and defense of the case.

## CONCLUSION

For the reasons set forth above, MeM's motion to compel (ECF No. 453) is DENIED.

**SO ORDERED.**

Dated: March 14, 2023
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge