

55 BROADWAY, THIRD FLOOR, NEW YORK, NY 10006

August 2, 2023

**BY ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
      **Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (AJN) (KHP)**

Dear Judge Koeltl:

  We represent Defendant MeM Energy Partners, LLC ("MeM") and write in accordance with the Court's July 26, 2023, Order that the parties submit status letters for cases 15 civ 5345 (JGK) and 19 civ 2645 (JGK) (Dkt. 1755).

  On July 25, 2023, Plaintiffs requested that the Court schedule a pretrial conference. MeM wrote to the Court that same day noting that Plaintiffs' request was premature and that the appropriate next step in this litigation is summary judgment. With the Court's permission this letter will serve as both a status letter and a pre-motion letter with respect to MeM's anticipated motion for summary judgment.

  There is no genuine dispute between Plaintiffs and MeM about any material fact pertaining to the limited claims Plaintiffs asserted in adding MeM to this case. There is no genuine dispute that:

  a. MeM assisted in securing a purchaser for a note (the Tri-County Mall note) and offered similar services in connection with the sale of the Syracuse Center.

  b. MeM was wildly successful and secured a very favorable transaction that significantly *increased* the amount of money available for recovery by the Plaintiffs should they have any meritorious claims against the main defendants.

  c. In compensation for this work, MeM received a percentage of the transaction prices, consistent with (and actually below) a standard commission for brokering such transactions.

**CYRULNIK FATTARUSO LLP**

    d.  MeM's principal (who, as a result of personal experience, has throughout his life been a champion for human rights) was informed about human rights violations suffered by the child and wife of Mukhtar Ablyazov and introduced Felix Sater to someone (an Italian journalist) who could help publicize those violations to help rescue the endangered individuals.

These facts are themselves dispositive of the claims against MeM. Beyond this, Plaintiffs have not proffered any genuine evidence that MeM knew or even had reason to believe that the commission it received came from any illegitimate source, much less from funds stolen from Plaintiffs.

On these undisputed facts, Plaintiffs have no legal claim for money had and received or for unjust enrichment against MeM, and MeM is entitled to judgment as a matter of law. Summary judgment will simplify not only the issues but also the parties before the Court at trial.

MeM respectfully requests that the Court set a schedule for summary judgment briefing or, in the alternative, direct the parties to submit an agreed schedule for the Court's consideration.

As always, we thank the Court for its attention to this matter and are available at the Court's convenience to the extent the Court has any questions.

                                    Respectfully,

                                    /s/ Matthew J. Henken
                                      Matthew J. Henken

cc: Counsel of record (by ECF)