```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
----------------------------------------

CITY OF ALMATY, KAZAKHSTAN, ET AL.,

                Plaintiffs,

  - against -

FELIX SATER, ET AL.,

                Defendants.

----------------------------------------

19-cv-2645 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

Thomas Sima and John Snyder move to withdraw their appearances as counsel in this case for Felix Sater and his two corporations, Bayrock Group Inc. and Global Habitat Solutions, Inc. (collectively, "the Sater defendants"). ECF No. 499. The plaintiffs oppose the motion. ECF No. 505. For the following reasons, the motion to withdraw is **denied.**

**I.**

This is a complicated civil action in which the plaintiffs argue that the defendants, including the Sater corporations, are responsible for obtaining money that was ultimately stolen from BTA Bank JSC ("BTA"), headquartered in Almaty, Kazakhstan. The moving attorneys have been representing the Sater defendants for nearly three years. See ECF Nos. 294 and 295.

On December 11, 2023, Mr. Sater filed a voluntary petition in the United States Bankruptcy Court for the District of New Jersey. ECF No. 491-1. On March 8, 2024, the bankruptcy court

lifted the automatic stay to allow this case to proceed, but provided that "in the event the SDNY Court permits the voluntary withdrawal of Sater's counsel without substitution of counsel . . . , the automatic stay shall be reinstated . . . ." ECF No. 497-1. Within one week of the bankruptcy court's order, on March 15, 2024, the Sater defendants' lawyers conveniently moved to withdraw. ECF No. 499.

**II.**

Local Civil Rule 1.4 provides:

> [a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

"In determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding."[1] Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014). "Satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." Id. at

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

445 (collecting cases); see also Allen v. Krucial Staffing, LLC, No. 20-cv-2859, 2022 WL 2106447, at *1 (S.D.N.Y. June 9, 2022). "District courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal." Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999).

### III.

#### A.

As to the reason for the withdrawal, the moving attorneys initially argue that they cannot competently represent the Sater defendants. See Mot. to Withdraw at 5, ECF No. 500. In particular, they argue that Mr. Sima, a solo practitioner and primarily a corporate attorney, cannot handle a trial of this complexity on his own, and that Mr. Snyder is winding down his practice to focus on business ventures. See id. Mr. Sater agrees and supports the motion to withdraw. See Affidavit of Felix Sater in Reply to Mot. to Withdraw ¶¶ 6, 30, ECF No. 507 ("Sater Aff.").

However, there is no showing that the moving attorneys cannot competently represent the Sater defendants. To the contrary, the moving attorneys have competently represented the Sater defendants for almost three years. See ECF Nos. 294 and 295. In sum, the attorneys have amended Mr. Sater's answer, sought to plead aggressive counterclaims, engaged in a formal mediation, litigated numerous discovery disputes, navigated

3

privilege assertions and supplemental document productions, sought to streamline the case through an offer of judgment, and participated in several arguments and pretrial conferences. See, e.g., ECF Nos. 356, 364, 375, 387, 405, 429. Across these activities, Mr. Sima has provided valuable assistance in connection with knowledge about the foreign entities in this case, see, e.g., Mot. to Withdraw at 3 (". . . Sima was being engaged due to over 20 years of experience handling matters in the former Soviet Union generally and Kazakhstan in particular"), and Mr. Snyder has provided valuable trial experience, see, e.g., Sater Aff. ¶ 17 (describing Mr. Snyder as "a talented trial attorney"); see also Snyder Affirmation in Support of Mot. to Withdraw ¶ 9, ECF No. 500-2 ("Snyder Affirmation") (noting that Mr. Snyder has practiced law for more than 20 years).

While Mr. Snyder is winding down his practice and turning to entrepreneurial pursuits, he forthrightly states that he will of course abide by the orders of the Court. Snyder Affirmation at ¶¶ 9, 10. As for Mr. Sima, a "lack of experience [in a certain area of the law] . . . is not a satisfactory reason for withdrawal." R.M. Dev. & Const., LLC v. Principal IX Assocs., LLP, No. 09-cv-1666, 2010 WL 3420700, at *1 (E.D.N.Y. Aug. 27, 2010).

Moreover, while the moving attorneys attempt to undercut their ability to represent the Sater defendants, they represented to the Court that they were preparing for trial and were prepared to represent the Sater defendants as recently as December 20, 2023. See Dec. 20, 2023 Hr'g Tr. at 4:1-22, ECF No. 503 (noting the pre-trial submission schedule with the expectation that the Sater defendants were preparing for trial); Dec. 6, 2023 Hr'g Tr. at 17:4-12, ECF No. 494 (noting Mr. Snyder's ongoing "zealous[]" representation of Mr. Ridloff and, by implication, the Sater defendants).

Mr. Sater now expresses his dissatisfaction with his attorneys, but that representation is not credible. It comes only after Mr. Sater declared bankruptcy and would find it convenient for his attorneys to withdraw so that he can see the automatic stay of this case reinstated. See ECF No. 497-1. Therefore, there has been no showing that the moving attorneys cannot competently represent the Sater defendants.

The moving attorneys also argue that continuation of the representation would work a financial hardship on them because Mr. Sater has not been paying his bills, and they have no hope of being paid in this case. See Mot. to Withdraw at 5. This argument rings hollow. The attorneys entered into an agreement with the Sater defendants in which the attorneys were to receive a contingency fee from an arbitration that they conducted for

5

Litco, a company controlled by Mr. Sater. See id. at 2-3. When that litigation was discontinued more than two years ago, the attorneys were fully aware that they had lost, at least for the time being, the source from which they were to be paid. See id. at 3. But that was the bargain that they reached for the payment of their fees. See, e.g., Flannigan v. Vulcan Power Grp. LLC, 9-cv-8473, 2023 WL 2986870, at *4 (S.D.N.Y. Apr. 18, 2023) ("Defense Counsel were cognizant of the risks of agreeing to represent [the defendant], and that is a factor weighing against Defense Counsel's motion [to withdraw]."). They cannot now, on the eve of trial, withdraw from the litigation simply because their bargained-for fee has not worked out as they thought it would. See United States v. Assets of Revere Armored, Inc., 131 F.3d 132 (2d Cir. 1997) ("Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation."); see also Whiting v. Lacara, 187 F.3d 317, 323 (2d Cir. 1999) (noting that, in most circumstances, the court would "be loath to allow an attorney to withdraw on the eve of trial when the attorney had [significant notice] that he was taking on a difficult client").

In sum, the moving attorneys have failed to proffer a valid reason why they should be allowed to withdraw their appearances as counsel in this case.

**B.**

The Court turns now to the second consideration in evaluating a motion to withdraw -- "the impact of the withdrawal on the timing of the proceeding." Farmer, 60 F. Supp. 3d at 444.

"Allowing counsel to withdraw may be likely to disrupt and delay the proceedings, especially when the case is about to be tried." Blue Angel Films, Ltd. v. First Look Studios, Inc., 8-cv-6469, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011); see also Malarkey v. Texaco, Inc., 81-cv-5224, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw when the case was "on the verge of trial readiness"). This case, which was filed five years ago, see ECF No. 1, is on the eve of trial. Discovery is complete, and a detailed schedule for pre-trial submissions has been entered. See ECF No. 498. Trial is scheduled to begin on June 10, 2024. See id.

Furthermore, there are two other sets of defendants in this case who have been preparing for trial, in addition to the plaintiffs. If the case against the Sater defendants were subject again to the automatic stay, the plaintiffs would be required to try this case against the remaining defendants in this Court and then try substantially the same case in an adversary proceeding in the state court. Cf. Nnaji v. Guzman Fernanez, 21-cv-1559, 2021 WL 2433850, at *5 (S.D.N.Y. June 15, 2021) (noting that forcing parties "to litigate nearly identical

7

facts and claims in two courthouses, under two sets of rules, before two judges . . . would not serve the interests of justice"). That would be substantially prejudicial to the plaintiffs.

"It would be inappropriate to reward [the defendants'] dilatory tactics . . . by granting the withdrawal motion at this time." S.E.C. v. Gibraltar Glob. Sec., Inc., 13-cv-2575, 2015 WL 2258173, at *4 (S.D.N.Y. May 8, 2015); see also Whiting, 187 F.3d at 321 (noting that a court has "wide latitude to deny a counsel's motion to withdraw . . . on the eve of trial"). Accordingly, the significant impact of a withdrawal on the proceeding in this case counsels against granting the motion.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion to withdraw is **denied**. The Clerk is directed to close ECF No. 499.

**SO ORDERED.**

Dated:   New York, New York
         April 1, 2024

         _____
         John G. Koeltl
         United States District Judge