SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – Commercial Division

TRI-COUNTY MALL INVESTORS, LLC,          Index No.:

                                         **AFFIDAVIT IN SUPPORT**
                    Plaintiff,           **OF THE ORDER**
                                         **TO SHOW CAUSE**

          -against-


FELIX SATER and DANIEL RIDLOFF,

                    Defendants.

_____

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK )

Nicolas Bourg, being duly sworn deposes and says:

1. I am the president of the sole member of Plaintiff, Tri-County Mall

Investors, LLC, in the above captioned action (hereinafter "Tri-County" or

"Plaintiff"), which is an action for conversion, breach of fiduciary duty, money had

and received, breach of contract, unjust enrichment, civil conspiracy and for a

preliminary and permanent injunction.  As such, I am fully familiar with the facts

and the circumstances of the case and submit this affidavit in support of Plaintiff's

Order to Show Cause seeking a Temporary Restraining Order and Preliminary

Injunction and for an order granting the following relief:

    (a)    That the Defendants be restrained and enjoined from

disposing, hiding, transferring, selling or removing any of the

assets or bank funds, which were converted,

misappropriated and/or transferred by Defendants from the

Plaintiff's bank account at JP Morgan Chase Bank in New

1

York in their capacities as managers and/or officers of the Plaintiff;

(b)     That the Defendants be restrained and enjoined from disposing, hiding, transferring, selling or removing any of the assets or bank funds outside the jurisdiction of the United States, which were converted, misappropriated and/or transferred by Defendants from the Plaintiff's bank account in their capacities as managers and/or officers of the Plaintiff;

(c)     Directing that the Defendants deposit into Court the assets or bank funds, which were converted, misappropriated and/or transferred by Defendants from the Plaintiff's bank account in their capacities as managers and/or officers of the Plaintiff; and

(d)     Such other and further relief as the Court may determine to be just and proper.

2.   This Order to Show Cause is being filed because Defendants, in their capacities as managers and/or officers of the Plaintiff, have converted nearly Forty Three Million ($43,000,000.00) Dollars of the Plaintiff's specific monies.

3.   Based on the following, the Plaintiff's application must be granted in its entirety.

## **BACKGROUND FACTS**

4.   Tri-County purchased the assignment and assumption of any and all rights and obligations of Wells Fargo Bank N.A. in connection with the loan and

2

related documents securing several parcels of property in Hamilton County,

Ohio, to be foreclosed (hereinafter collectively the "Foreclosure Properties").

5.  At all relevant times, pursuant to the Operating Agreement of Tri-

County dated as of April 22, 2013 (the "Operating Agreement"), Defendant Ridloff

was appointed as manager of Tri-County.  Upon information and belief,

Defendant Ridloff, in his capacity as manager of Tri-County, authorized and/or

appointed Defendant Sater to act as co-manager and/or officer of Tri-County.

6.  On or about July 18, 2013, the Sheriff of Hamilton County, Ohio, (the

"Sheriff") sold at a public sale the Foreclosure Properties to American Pacific

International Capital Co. Ltd. ("APIC") for $45,000.000.00.

7.  By order dated August 29, 2013 ("Order"), the Court of Common Pleas

of Hamilton County, Ohio directed that the Sheriff distribute the $45,000,000.00

proceeds as follows:

- $813,292.80 to the Clerk of the Court;
- $791,177.65 to the treasurer of Hamilton County, Ohio for the real property taxes;
- The remaining balance of $43,395,529.55 to the Plaintiff.

8.  According to the August 29, 2013 Order, the Sheriff sent by wire

transfer the remaining balance of $42,720,529.55 ("Sale Proceeds") to a bank

account opened by Defendant Ridloff and Defendant Sater on behalf of Plaintiff,

in Plaintiff's name, at JP Morgan Chase Bank.  A copy of the August 29, 2013

Order, and wiring information from Tri-County's transactional attorney are

attached hereto and made a part hereof as **Exhibits A and B**, respectively.

9.  In contravention of their duties as managers and/or officers of Tri-

County and contrary to the direction of the sole member of Tri-County,

Defendants Sater and Ridloff unlawfully and without the consent of the Plaintiff, did transfer, misappropriate and/or deliver the entirety of the Sale Proceeds from Plaintiff's account at JP Morgan Chase to another bank account under the exclusive control of Defendants Sater and Ridloff, and to the exclusion of Plaintiff. It should be noted that Defendants' confirmed the receipt of the wire transfer from the Sheriff via email to Plaintiff's attorneys in the transaction. A copy of an email correspondence relating to the confirmation is annexed hereto as **Exhibit C**.

10. As a result thereof, the entirety of the Sale Proceeds have been improperly diverted, converted, and/or made unavailable to the Plaintiff. Plaintiff has not even been provided with information or documentation as to the location of the Sale Proceeds.

11. To date, Defendants have not delivered any of the Sale Proceeds to Plaintiff despite due demand therefore.

12. Plaintiff has repeatedly requested copies of all financial records and an accounting concerning the Sale Proceeds from Defendants, but to date no such documentation has been provided.

13. There is no question that Tri-County had a specific, identifiable and pre-existing interest in the monies from the Sale Proceeds. It is uncontroverted that the entirety of the Sale Process have been diverted, converted, misappropriated and/or made unavailable to the Plaintiff by Defendants. Despite repeated demands therefore, Defendants have not returned the converted funds to Plaintiff. The only possible, yet completely unsatisfactory explanation for these

4

illegal and improper actions by Defendants is that a commission in the sum of at most One Million Six Hundred Thousand ($1,600,000.00) Dollars would have been payable to Defendant Sater for the work he performed in connection with the sale of the Foreclosure Properties. Yet, this does not excuse or justify the conversion and misappropriation of the entirety of the Sale Proceeds, including Forty One Million One Hundred Twenty Thousand Five Hundred Twenty Nine ($41,120,529.55) Dollars, on which Defendant Sater has no legitimate claim to.

14. At this time, Plaintiff's representatives are pursuing the filing of a criminal complaint with Federal and/or State prosecutor against Defendants for the conversion, theft, and/or misappropriation and theft of the Sale Proceeds.

15. Moreover, upon information and belief, Defendant Sater is currently outside of the jurisdiction of the United States, in Israel. Defendant Sater has given no indication that he will return, despite demand for his return to account for the converted and misappropriated sums. Upon information and belief, Defendant Sater is not intending to return as he fears that his aforesaid improper and illegal conduct will subject him to criminal prosecution, and intends to transfer the absconded sums outside the jurisdiction of the United States.

16. Defendant Sater has a history of criminal behavior, including but not limited to his actions that lead to a Federal criminal indictment in 1998 relating to a Forty Million ($40,000,000.00) Dollar money laundering scheme and stock manipulation, *United States v. Felix Sater*, 98-cr-1101. A copy of a New York Times article relating to the indictment is annexed hereto as **Exhibit D**.

17.  I therefore respectfully request that this Court grant the Plaintiff's

Order to Show Cause in its entirety.

_____

Nicolas Bourg

Sworn to before me this
16th day of December 2013

NOTARY PUBLIC

LUIGI ROSABIANCA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6247137
Qualified In New York County
My Commission Expires August 22, 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – Commercial Division          INDEX #

---

TRI-COUNTY MALL INVESTORS, LLC,

                    Plaintiff,

          -against-

FELIX SATER and DANIEL RIDLOFF,

                    Defendants.

---

## AFFIDAVIT

---

## ROSABIANCA & ASSOCIATES, PLLC
### Attorneys for Plaintiff
40 Wall Street, 30th Floor
New York, New York 10005
(212) 269-7722

---

Pursuant to 22 NYCRR 130-1.1, the undersigned an attorney admitted to practice in the courts of New York State, certifies upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:                                   Signature_____