**JOHN H. SNYDER**

157 East 81st Street, Suite 3A
New York, NY 10028
917.292.3081
john@jhs.nyc

June 11, 2024

**By ECF and Email**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *City of Almaty v. Sater,* 19-cv-2645 (JGK)(KHP)
              **Reply -- Motion In Limine: Evidence of Sater's Past Convictions**

Dear Judge Koeltl:

      This letter responds to the June 10, 2024 letter of my learned adversary, John T. Zach, Esq. (Docket No. 618) regarding the admissibility of Felix Sater's prior criminal conviction for racketeering.

      As a preliminary matter, Mr. Zach notes that Mr. Sater has two prior criminal convictions – one for assualt arising from a barroom fight in the early 1990s, and, of course, the racketeering conviction based on misconduct in the late 1990s.

      We presume, based on his letter, that Mr. Zach is not proposing to introduce evidence of Sater's assault conviction. Obviously, Mr. Sater strongly objects to the assault conviction coming into evidence.

      Regarding the racketeering conviction, which was formally entered in 2009 but was based upon misconduct from the 1990s, my biggest request is for certainty on this issue. In this regard, we ask for two things:

      First – if the Court is going to allow evidence of Sater's racketeering conviction, we would like a ruling promptly so that we can prepare.

      Second – Plaintiffs should not be allowed to bring out Sater's conviction when they call him "as for cross." We fully intend to call Felix Sater in our case-in-chief and Plaintiffs will have an opportunity to cross-examine him.

June 11, 2024
Page 2 of 2

**JOHN H. SNYDER**
157 East 81st Street, Suite 3A
New York, NY 10028
917.292.3081
john@jhs.nyc

However, if the conviction is coming into evidence, I want the opportunity to bring it out myself on direct, so that the jury does not get the impression that we are running away from that issue. Mr. Sater is very comfortable explaining the circumstances leading up to his 2009 conviction, including the reasons why he received no prison time.

Accordingly, we respectfully request that the Court (1) promptly rule on the admissibility of Sater's racketeering conviction; and (2) if the conviction is coming into evidence, direct Plaintiffs not to raise the conviction before I have an opportunity to conduct my direct examination of Mr. Sater.

Respectfully,

John H. Snyder