**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————————

**CITY OF ALMATY, KAZAKHSTAN, ET AL.,**

                     **Plaintiffs,**

        **- against -**

**FELIX SATER, ET AL.,**

                     **Defendants.**
——————————————————————

**19-cv-2645 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

    In his most recent set of letters, counsel for MeM Energy Partners ("MeM") moved for judgment on the pleadings and requested an emergency conference. See ECF No. 602, at 3 ("In light of the foregoing, MEM now asks this Court to render a judgment on the pleadings and dismiss this action, while reserving all other rights.").

    At the emergency conference on June 7, 2024, the last business day before trial, MeM explicitly disclaimed reliance on the provision of the Federal Rules of Civil Procedure that provides for a motion for judgment on the pleadings, namely Rule 12(c). Disclaiming reliance on Rule 12(c) is understandable because that rule provides that a "party may move for judgment on the pleadings" so long as the motion is made "early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). MeM's motion was made two business days before trial and was heard on the last business day before trial. Scheduling briefing for such a

seemingly consequential motion would inevitably delay the trial. Accordingly, MeM purported to rely on "the discretion of the Court."

At the argument held on June 7, the Court denied MeM's motion and explained that the Court declined to exercise its discretion to dismiss this case which has been pending for over four years on the eve of trial. The Court indicated that a longer opinion would follow. This is that opinion.

**I.**

At the final pre-trial conference, on May 16, 2024, newly-substituted counsel for MeM raised the following arguments for the first time: first, that the plaintiffs' claims are barred pursuant to N.Y. C.P.L.R. § 202 based on what counsel alleged was a shorter statute of limitations under the law of Kazakhstan, and second, that Plaintiff BTA Bank is required to register to do business in New York pursuant to N.Y. B.C.L. § 1312. See ECF No. 591, at 22-23. Counsel made it clear that "we're all going to trial. I'm not suggesting another motion to dismiss or motion for summary judgment." Id. at 25. Pursuant to the Court's Order, ECF No. 589, MeM filed a letter addressing these issues, ECF No. 590. The plaintiffs filed a response arguing, among other things, that the statute of limitations arguments were already resolved in prior decisions of the Court, that MeM waived its choice-of-law argument by failing to raise

2

it until the eve of trial, and that MeM's argument under Kazakh
law was both insufficiently supported and raised too late to
provide sufficient notice under Fed. R. Civ. P. 44.1. ECF No.
593.

Thereafter, on the evening of June 5 -- three business days
prior to trial -- MeM moved for an emergency conference,
requesting judgment on the pleadings and dismissal of the
action. ECF No. 602. In that letter, MeM argued for the first
time that collateral estoppel barred the claims against it based
on a prior decision by Judge Nathan in the Triadou action. See
City of Almaty, Kazakhstan v. Ablyazov, No. 15-cv-5345, 2018 WL
1583293 (S.D.N.Y. Mar. 27, 2018). The next morning, the
plaintiffs filed a response to MeM's letter arguing, among other
things, that MeM is estopped from arguing a position contrary to
what has become the law of the case, and that MeM's insistence
that these issues be decided on an emergency basis one business
day before trial is wholly inconsistent with its position at the
pre-trial conference that these issues need only be decided at
some point during trial for purposes of the jury instructions.
ECF No. 603. MeM replied to the plaintiffs' response on June 6,
and the Court heard argument on June 7 and denied the motion.
ECF No. 605.

## II.

The Court declines to exercise its discretion to grant what amounts to a motion to dismiss based on arguments regarding the statute of limitations and N.Y. B.C.L. § 1312.

First, MeM's application is plainly untimely and procedurally improper. This action has been pending for over four years. The trial date was set in December 2023 for June 10, 2024. ECF No. 488. After that date, extensive preparations have been made for trial, including the submission of a Joint Pre-Trial Order, submissions of necessary pre-trial filings, and arrangements for the appearance of witnesses including witnesses from abroad. A letter application shortly before trial which was inconsistent with counsel's prior representations was plainly untimely.

Second, MeM's arguments based on the statute of limitations have already been rejected years ago in this case. There are two claims against MeM in this case -- an unjust enrichment claim and a money had and received claim. As to the unjust enrichment claim, the statute of limitations has long been held to be three years, see ECF No. 244, at 17 (decision relating to claims against the Sater defendants), and there is no proffer that Kazakh law provides any different statute of limitations. As to the plaintiffs' money had and received claim against MeM, Magistrate Judge Parker issued a Report and Recommendation in

April 2022, more than two years ago, finding that the statute of limitations on that claim was six years, notwithstanding MeM's "argu[ments] that the court should apply a three-year statute of limitations to Plaintiffs' money had and received claim because it is identical, or if not, quite similar to, the unjust enrichment claim that Judge Nathan found was governed by a three-year statute of limitations." See ECF No. 385, at 8; see also ECF No. 244, at 17 ("The parties agree that a claim for money had and received under New York law must be brought within six years."). On May 16, 2022, the Court adopted the Report and Recommendation and held, over MeM's objection, that the statute of limitations was six years. See ECF No. 396, at 7. The Court's previous decisions on these claims are the law of the case, and therefore should be followed. See, e.g., United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case[.]").

Third, to the extent that MeM seeks to raise new arguments regarding the relevant statute of limitations, MeM's arguments have been waived. A party can waive a choice-of-law argument when it gives implied consent sufficient to establish choice of law, such as by assuming in its briefs that a particular jurisdiction's law applies, especially until a late stage in litigation, such as at the point of making summary judgment

motions. See Tesla Wall Sys., LLC v. Related Companies, L.P.,
No. 17-cv-5966, 2018 WL 4360777, at *2 (S.D.N.Y. Aug. 15, 2018).
Regarding the plaintiffs' unjust enrichment claim against MeM,
the Court initially dismissed that claim without prejudice
because the claim appeared to be time-barred under a three-year
statute of limitations, and the plaintiffs made insufficient
allegations to support equitable estoppel. See id. at 7-8.
Thereafter, the plaintiffs repleaded this claim against MeM, see
Second Am. Compl., ECF No. 399, and MeM did not move to dismiss
on statute of limitations grounds. Rather, MeM later moved for
summary judgment on the unjust enrichment claim and argued that
the plaintiffs' unjust enrichment claim was untimely because the
plaintiffs did not identify any alleged acts of concealment that
precluded the timely assertion of claims against MeM as required
for equitable tolling. ECF No. 491, at 11. This Court found that
the plaintiffs had alleged additional conduct that may allow
equitable tolling, and that because there were issues of fact,
the plaintiffs were entitled to try those issues. See id. at 11-
12. In sum, MeM has failed to raise any issue with respect to
the statutes of limitations that were not or could not have been
raised in the prior briefings on the statutes of limitations.

    In response, MeM argues that the plaintiffs are
collaterally estopped from arguing that MeM has waived its
claims because Judge Nathan decided in the prior Triadou action

that the Kazakh three-year statute of limitations applied to the
plaintiffs' claims. See, e.g., ECF Nos. 602 and 605. However, a
three-year statute of limitations is in fact being applied to
the unjust enrichment claim and there is no showing that Judge
Nathan applied a three-year statute of limitations to a money
had and received claim. There are factual differences between
the plaintiffs' claims in the prior Triadou action and the
plaintiffs' claims in this case. See, e.g., Central Hudson Gas &
Elec. Co. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d
Cir. 1995) (finding that the issue must have been identical,
actually decided in the prior proceeding, and necessary to
support a valid and final judgment on the merits for collateral
estoppel to apply). Moreover, any argument of collateral
estoppel should have been raised in MeM's prior motion to
dismiss and for summary judgment and not on the eve of trial.

The Joint Pre-trial Order has already been entered, ECF No.
586, and that Order sets out the claims and defenses in this
case. The Joint Pre-trial Order contains a statement by MeM that
"[t]he Court has already ruled that Plaintiffs' claim for unjust
enrichment is barred by the three-year statute of limitations
unless Plaintiffs prove to a factfinder that they are entitled

to equitable tolling of these specific claims against this defendant." Id. at 7.[1]

The Court also declines to exercise discretion to grant judgment on the pleadings because MeM requested judgment on the pleadings without a formal motion, and without the extensive briefing and opportunity for the other side to respond. See generally Local Civ. R. 7.1.

The claims and defenses as set out in the Joint Pre-trial Order, ECF No. 559, pursuant to the Court's prior decisions in this case, will be the case that is tried.

**III.**

Similarly, the issue that was raised in the correspondence that Plaintiff BTA Bank is required to register to do business in New York pursuant to N.Y. B.C.L. § 1312, see, e.g., ECF No. 590, at 4, is unsupported and therefore must be dismissed. The plaintiffs correctly argue that the defendants waived this argument by failing to raise the argument before the late filing. See, e.g., Domino Media, Inc. v. Kranis, 173 F.3d 843, 843 (2d Cir. 1999) ("The [defendants'] alternate argument, that [the plaintiff] lacked capacity to sue due to its non-compliance with New York Business Corporation Law § 1312(a), was waived by

---

[1] To the extent the Sater defendants make arguments like those of MeM, they are similarly foreclosed.

the [defendants'] failure to raise the issue in their pleadings.").

In any event, there is no showing that section 1312 applies to BTA because the defendants have not demonstrated that BTA regularly does business in New York. See Storwal Intern., Inc. v. Thom Rock Realty Co., L.P., 784 F. Supp. 1141, 1144 (S.D.N.Y. 1992) ("The burden is on the party asserting a § 1312 defense to prove that the foreign corporation's New York activities are systematic and regular."); Regal Custom Clothiers, Ltd. v. Mohan's Custom Tailors, Inc., No. 96-cv-6320, 1997 WL 370595, at *3 (S.D.N.Y. July 1, 1997) ("The standard for doing business in this context is a high one: the business activities must be so systematic and regular as to manifest continuity of activity in the jurisdiction.").

Accordingly, MeM has failed to show that Plaintiff BTA Bank is required to register to do business in New York.

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, those arguments are either moot or without merit. MeM's application for judgment on the pleadings is **denied.**

SO ORDERED.
Dated:     New York, New York
           June 13, 2024

                              John G. Koeltl
                              United States District Judge

9