June 17, 2024

**BY ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *City of Almaty, Kazakhstan, et. al., v. Felix Sater, et. al.*,
Case No. 19 Civ. 2645 (JGK) (KHP)

Dear Judge Koeltl:

We represent Defendants Felix Sater, Bayrock Group Inc. and Global Habitat Solutions Inc. (the "Sater Defendants") in the above referenced action.

We believe that questioning of Mendel Mochkin and Felix Sater regarding the illegal abduction of Mukhtar Ablyazov's wife and daughter to Kazakhstan from Italy, and their subsequent return to Italy following international outcry occasioned by Italian journalist Maurizio Molinari's news article, is justified pursuant to Federal Rule of Evidence 4.08(1).

In their questioning of Mr. Mochkin in court today, Plaintiffs actively referenced the Molinari article and actually admitted the article itself into evidence. Although the article was in Italian, it was presented on screen during testimony and Mr. Mochkin was asked about whether he had a role in obtaining the article. He was further asked to read numerous emails referencing the article and events surrounding them, but not permitted to explain the content of the article or the circumstances that led to the article.

We believe that Plaintiffs "opened the door" to this line of inquiry through their own unforced error. We had no intention of bringing up the Italian news article. Plaintiffs, by their testimony, create several highly misleading inferences that their narrative benefits from, namely (i) that Mr. Mochkin was engaging Mr. Molinari to merely create false "good press" for Mukhtar Ablyazov, (ii) that Mr. Mochkin was merely engaged in an effort to slander Kazakhstan, and (iii) that claims Kazakhstan improperly attempted to influence former UK Prime Minister Tony Blair and his brother, Judge Blair, are totally baseless.

The reality is that the abduction of Mukhtar Ablyazov's wife, Alma Shalabayeva, and their daughter, Alua Ablyazova, then only six years old at the time, was accomplished through bribery of Italian officials. This ultimately led to the conviction of 6 Italian law enforcement officers involved, the resignation of Giuseppe Procaccini, chief of staff of the Minister of the Interior of Italy, and a motion of no confidence against then Minister of the Interior, Angelino Alfano.

Seen in this light, the actions that Mr. Mochkin took to help coordinate Mr. Molinari's assistance are not slanders of Kazakhstan, or an attempt to create false "good press". The reference in his

emails to the Blairs demonstrate a willingness on the part of Kazakh authorities to resort to illegal and improper methods to achieve their goals.

We note again that we did not introduce any inference of wrongdoing by any party, including Mr. Blair and his brother, Judge Blair. As with the matter of Italian journalist Maurizio Molinari, this line of questioning was introduced by the Plaintiffs themselves through their video designations of witnesses such as Gennady Petelin, Viktor Khrapunov and Mukhtar Ablyazov.

FRE 4.08(1) specifically contemplates permitting the presentation of such evidence where a party "*has given an incomplete and misleading impression on an issue*". Plaintiffs, by their own actions and without any intention on our part to introduce these issues, have now interposed several political matters. Having opened the door to this line of questioning, they now seek to use their previous requests to limit these lines of questioning as both a sword and a shield.

We accordingly respectfully ask that this Court permit us to question both Mr. Mochkin and Mr. Sater regarding the full content of the Maurizio Molinari article and the events surrounding the international kidnapping of Alma Shalabayeva and Alua Ablyazova. This includes the fallout that resulted from the same. Plaintiffs have opened the door to this testimony and created the situation where we are required to introduce this evidence to correct their incomplete and misleading impression on the issue. We believe that this information is necessary to correct the record, as well as to explain and clarify, or otherwise correct, an incomplete and misleading impression.

In connection with this, we respectfully ask Your Honor to determine, pursuant to FRE 4.08(3), whether Plaintiffs did indeed open the door to these lines of questioning, and request that this Court rule on the matter as soon as possible.

Thank you for your consideration.

    Respectfully,

    /s/ Thomas C. Sima
    Thomas C. Sima
    102 Park Ridge Lane
    White Plains, NY 10603
    Email: tom@tsima.com
    Phone: (212) 796-6661


    JOHN H. SNYDER PLLC

    /s/ John H. Snyder
    John H. Snyder, Esq.
    157 East 81st Street, Suite 3A
    New York, NY 10028
    Email: john@jhs.nyc
    Phone Number: (917) 292-3081