

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

June 24, 2024

**BY ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *City of Almaty, et. ano., v. Felix Sater, et. al.*, Case No. 19 Civ. 2645 (JGK) (KHP)

Dear Judge Koeltl:

      As requested by the Court at this afternoon's charge conference, attached is a joint proposed revised charge on Prior Convictions.

      Thank you for your consideration of these requests.

                                            Respectfully,

                                            /s/ *Matthew L. Schwartz*
                                            Matthew L. Schwartz

Prior Criminal Convictions

You have heard that Mr. Sater was previously convicted of two crimes: (1) a 1993 conviction for assault in the first degree and (2) a 2009 conviction in the United States District Court for the Eastern District of New York of the crime of Racketeering.

Sater introduced the first conviction, and Plaintiffs introduced the second conviction. These prior convictions are relevant to your evaluation of Mr. Sater's credibility. You may consider the fact that Mr. Sater was convicted of these crimes in deciding how much of his testimony to accept and what weight, if any, it should be given.

You may also consider Mr. Sater's prior convictions and the underlying conduct of which he was convicted when you assess whether to impose punitive damages against him, and the amount of those damages.

In addition, one of Mr. Sater's prior convictions was for Racketeering, based on predicate acts of securities fraud and money laundering.  The Plaintiffs argue that the conduct underlying this conviction is similar to the allegations in the complaint against Mr. Sater.

In that connection, let me caution you that Mr. Sater is not on trial for committing these acts which are not alleged in the complaint. Accordingly, you may not consider this evidence of similar acts as a substitute for proof of the conduct alleged in the complaint. Nor may you consider this evidence that Mr. Sater has a bad character. The evidence of the other, similar acts was admitted for a much more limited purpose, and you may consider it only for that limited purpose.

If you determine that Mr. Sater committed the acts alleged in the complaint and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts which are the subject of this trial, Mr. Sater acted knowingly and intentionally and not because of some mistake, accident or other innocent reason.

As I mentioned, this evidence may also be considered by you as it relates to Mr. Sater's credibility.

Evidence of similar acts may not be considered by you for any purpose other than what I have just explained. Specifically, you may not use this evidence to conclude that because Mr. Sater committed the other acts, he must also have committed the acts alleged in the complaint.