June 25, 2024

**BY ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re: *City of Almaty, Kazakhstan, et. al., v. Felix Sater, et. al.*,
                     Case No. 19 Civ. 2645 (JGK) (KHP)

Dear Judge Koeltl:

We write on behalf of Defendants Felix Sater, Bayrock Group Inc. and Global Habitat Solutions Inc. (the "Sater Defendants") in the above referenced action in opposition to the request by Plaintiffs BTA Bank JSC and City of Almaty, Kazakhstan (collectively, the "Plaintiffs") for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 ("FRCP 50")[ECF 644].  We obviously only received Plaintiffs' FRCP 50 request a short time ago, but can provide the following observations in connection therewith:

- Plaintiffs state at p. 2 of their request, erroneously, "The trial record establishes that at the time BTA and the City of Almaty executed the Litco Agreement, no one from either party had ever interacted with Felix Sater".  This is patently incorrect, as testimony proffered by both Defendant Felix Sater and Attorney Robert Wolf, Esq., indicate otherwise.  While Plaintiffs made a halfhearted attempt to impeach Mr. Sater's testimony, the final determination of such matters is a factual issue for the jury, and not a matter of law.

- Plaintiffs in several places in their FRCP 50 request make reference to the testimony of Ms. Zhadyra Nartay of BTA Bank JSC as dispositive, when it was conclusively proven at trial that Ms. Nartay was not involved with the negotiation, execution or delivery of the Confidential Assistance Agreement dated June 12, 2015 (the "CAA").  Ms. Nartay of her own volition admitted this on the witness stand under oath, which makes her testimony with respect to matters affecting the CAA nothing more than hearsay or personal opinion.

- Plaintiffs claim the release does not cover the Sater Defendants by its plain terms.  In the course of making this argument, Plaintiffs cite, but then intentionally interpret in a self-serving and conclusory manner, the broad and general language contained at the end of the release, namely, " … and/or any other claims under applicable local, federal or ethical rules, regulations, statutes and laws."  Contrary to Plaintiffs' statements that this language clearly excludes any possibility of relief, it is precisely the Sater Defendants' position, stated at numerous points during trial, that this language has the opposite effect to that concluded by Plaintiffs (i.e., that it requires release).  As a result, this matter is a question for the jury to determine as a matter of fact.

- Plaintiffs take a "slippery slope" argument that the release as worded would involve the release of every citizen of Kazakhstan against the Sater Defendants if read literally. However, Plaintiffs failed to raise this argument at any point during trial, despite the fact that Plaintiffs had ample opportunity in their nearly 21 hours of testimony to direct testimony in any direction they so chose. As a matter of fact, we note that Plaintiffs sedulously avoided mentioning the release under the CAA in the course of over 20 hours, other than in passing and in a conclusory fashion. By so doing, we do not see that Plaintiffs have introduced any new evidence since Judge Parker noted, in her decision dated December 6, 2019 [ECF 144 at p. 28], "There are serious factual disputes as to whether Plaintiffs knew that Sater was affiliated with Litco before his deposition in the Ablyazov Action." As a result, we believe the factual issues alluded to by Judge Parke remain, and are properly to be submitted to the jury.

- Plaintiffs cite case law that recites several points of New York law regarding releases, namely, "[t]he parties' intent to benefit a third party must be apparent from the face of the contract", *LaSalle Nat'l Bank v. Ernst & Young LLP*, 285 A.D.2d 101, 108 (N.Y. App. Div. 2001), and "[a]bsent clear contractual language evincing such intent, New York courts have demonstrated a reluctance to interpret circumstances to construe such an intent" *Id.* at 108-09; *see, e.g., U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding Inc.*, 105 A.D.3d 639, 640 (N.Y. App. Div. 2013). Sater Defendants note that language that discharges "Litco, together with its predecessors, successors, direct or indirect parent companies, direct and indirect subsidiary companies, and its past, present, and future officers, directors, shareholders, interest holders, members partners, attorneys, agents, employees, managers and representatives" is precisely **clear contractual language** evidencing an intent to release the same. At a minimum, this is a question of fact properly before the jury, and not an issue of law.

- Plaintiffs repeat the absolutely ludicrous and unsupported supposition made by Ms. Nartay in her testimony that the Sater Defendants constitute "Ablyazov Entities" and/or "Khrapunov Entities". It has been adequately demonstrated that Felix Sater is not in fact Viktor Khrapunov, a member of his family, or a legal entity owned or controlled by him, nor is Felix Sater in fact Mukhtar Ablyazov, a member of his family, or a legal entity owned or controlled by him, and the same facts prevailed on June 12, 2015 when the CAA was executed. The alternative interpretation was a self-serving invention, totally unsupported by the evidence in the case, created (as far as we can see) by Ms. Nartay to re-interpret a provision of the CAA (which again, she was not involved in negotiating, executing or delivering) in a wholly fanciful manner to broadly include, apparently, anyone BTA Bank JSC believes, in its sole and absolute discretion, to be in any way cooperating with either Viktor Khrapunov or Mukhtar Ablyazov or their family members. At a very minimum, this fanciful interpretation would require a jury interpretation of the contract rather than a determination as a matter of law.

For the foregoing reasons, the Sater Defendants oppose the FRCP 50 request made by the Plaintiffs. The aforementioned reasons are sufficient to submit the questions raised in Plaintiffs' FRCP 50 request to a trier of fact, rather than for this Court to rule as a matter of law that no reasonable matters of fact exist for a jury to determine. We trust that Your Honor will permit the jury to determine this matter and thank you for your time.

Respectfully Submitted,

/s/ Thomas C. Sima
Thomas C. Sima
102 Park Ridge Lane
White Plains, NY 10603
Email: tom@tsima.com
Phone: (212) 796-6661


JOHN H. SNYDER PLLC

/s/ John H. Snyder
John H. Snyder, Esq.
157 East 81st Street, Suite 3A
New York, NY 10028
Email: john@jhs.nyc
Phone Number: (917) 292-3081