

CRAIG WENNER
Tel: (212) 909-7625
Email: cwenner@bsfllp.com

September 16, 2024

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>       Re:    ***City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.,***
>              **Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (JGK) (KHP)**

Dear Judge Koeltl:

       We represent Plaintiffs City of Almaty, Kazakhstan and BTA Bank and write in anticipation of Wednesday's conference with Your Honor, and in response to the September 9, 2024 letter from defendants Felix Sater, Bayrock Group, Global Habitat Solutions, and MeM Energy Partners, requesting that conference. [ECF No. 689; ECF No. 690].

       From Plaintiffs' perspective, it is not clear what issues Defendants wish to raise that are not already before the Court in pending motions.  Although their letter claims, repeatedly, that Plaintiffs failed to respond to their earlier July 24 letter that raised a challenge to the jury's verdict, the Court in fact ordered Plaintiffs to "respond . . . and report whether there is any agreement with respect to the sequencing of any motions or other filings."  [ECF No. 678].  The parties were able to reach agreement on a motion schedule, which Plaintiffs reported in their July 31 letter and which the Court adopted the same day.  [ECF Nos. 679, 680].  Under the schedule ordered by the Court, the parties filed their post-trial motions on August 30, and their responses are due on September 30, with any replies due October 21.  There is no legal issue identified in the Defendants' September 9 letter that is not already the subject of pending motions, aside from Defendants' request for "alternative" relief requesting an order granting them "leave to file a Rule 11 sanctions motion against Plaintiffs." [ECF No. 689 at 1, 13].  But Defendants have not complied with Rule 11's pre-filing requirements, so that request is premature.

       Although the arguments contained in Defendants' letter otherwise should be handled in the context of the ongoing briefing, to the extent the Court wishes to delve into the merits before briefing is complete, Plaintiffs provide below a short response to certain of the issues raised in Defendants' letter.  We do so while reserving our clients' rights to respond fully in opposition/reply, on the schedule set by the Court.

       *First*, as noted, most of Defendants' letter is devoted to arguing that Plaintiffs should be directed "to respond to the argument set forth in Defendants' July 24, 2024 letter," and that the proposed judgment submitted by Plaintiffs should be struck.  The argument raised in Defendants' July 24 letter was that the verdict "clearly establishes that Plaintiffs' claims for Conversion (against Sater) and Unjust Enrichment (against all Defendants) are time barred." [ECF No. 677 at 1]. This is the same argument Defendants raise in their post-trial notice of motion filed on July 23 and their brief filed pursuant to the so-ordered schedule on August 30. [*See* ECF No. 676



(Notice of Motion, arguing "the Jury Verdict determined that this cause of action accrued on April 2, 2013 and is therefore time-barred"); ECF No. 685 at 4 (memorandum, arguing that "The Jury's verdict, set forth in the Special Verdict Form, conclusively establishes that Plaintiffs' claims for Conversion (against Sater) and Unjust Enrichment (against all Defendants) are barred by the applicable three-year statute of limitations (and not equitably tolled).").] As Plaintiffs will explain in their opposition brief, this argument is meritless and confuses the verdict's "earliest ascertainable date" for calculating prejudgment interest under N.Y. CPLR § 5001(b) with the date by which Plaintiffs were required to bring suit for purposes of the statute of limitations.  To state the response succinctly—as the Court instructed the jury, and as no Defendant objected to—the "earliest ascertainable date" is the earliest date on which "plaintiffs incurred damages" from Defendants' conduct, [*see* Trial Tr. at 1732:14-19, 1734:1-8], whereas the accrual date for statute of limitations purposes was the date that "the plaintiff knew or, in the exercise of reasonable diligence, should have known about the defendant's conduct that gave rise to the claim," [*id.* at 1729:16-21].  Self-evidently, these dates need not be the same.

*Second*, Defendants ask the Court to strike Plaintiffs' Proposed Findings of Fact and Conclusions of Law. [ECF No. 689 at 6]. Defendants suggest that Plaintiffs' submission was "unnecessary" because Defendants "are not asking the Court to rule upon Unclean Hands or *In Pari Delicto* or make any findings of fact or conclusions of law regarding them." *Id.* But Defendants did explicitly raise unclean hands as a defense in their post-trial motion, [*see* ECF No. 676 at 3, ¶ 9], and in the Joint Pretrial Order, [*see* ECF No. 586 at 8 ("Plaintiffs' remaining claims are barred by unclean hands")]. Defendant MeM Energy further raised *in pari delicto* as a defense in the Joint Pretrial Order. [ECF No. 586 at 8]. It was therefore perfectly appropriate for Plaintiffs to anticipate that they might want the Court to rule on these defenses.  If Defendants have abandoned them, they should say so. But either way, there is no reason to strike Plaintiffs' submission, which properly explains "why the proposed judgment is supported by the jury verdict and the relevant law," which is what the Court asked for.  [ECF No. 673].

*Third*, Defendants ask the Court to "strike Plaintiffs' Motion for Contempt, Sanctions, and a Criminal Referral . . . under Rule 11." [ECF No. 689 at 1].  Setting aside that Plaintiffs' motion was not brought under Rule 11 [*see* ECF No. 686], Defendants' letter provides no basis for striking—as opposed to denying—that motion.  To the extent that the letter is Defendants' opposition, Plaintiffs will submit a reply.  We note, however, that Defendants' letter never actually explains how Sater could have had a good faith basis for claiming that there was a meeting on June 5, 2015.  Despite the overwhelming evidence that there was no such meeting and that Sater's perjury was crafted to evade the Court's *in limine* rulings, the best Defendants can do is to say that Sater "was ready to explain why the recording was from June 5"—but they do not even hint at what that explanation is. [ECF No. 689 at 11.]  The fact remains that Sater intentionally lied, and while the jury recognized and rejected that lie, for the reasons set out in Plaintiffs' motion, there should be independent consequences to his attempt to subvert justice.

Thank you for your consideration.

Respectfully,

/s/ *Craig Wenner*
Craig Wenner

2