```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――――――――

**CITY OF ALMATY, KAZAKHSTAN, ET AL.,**

               **Plaintiffs,**        **19-cv-2645 (JGK)**

          **- against -**                **MEMORANDUM OPINION AND ORDER**

**FELIX SATER, ET AL.,**

               **Defendants.**

―――――――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

    The plaintiffs, the City of Almaty, Kazakhstan ("Almaty"), and BTA Bank JSC ("BTA"), move to hold the defendant Felix Sater in contempt, to impose various sanctions on Sater, and to refer Sater to the United States Attorney's Office for an investigation regarding possible perjury. ECF No. 686. The gist of the plaintiffs' motion is that Sater intentionally provided false testimony at trial. Pltfs' Mem. of Law ("Br."), ECF No. 687; Reply Mem. ("Rep."), ECF No. 700. Namely, Sater testified at trial that he met with the plaintiffs' representatives in early June 2015, when according to the plaintiffs, Sater knew that the meeting actually occurred on July 8, 2015. Br. 1.

1

**I.**

The Court assumes familiarity with the history of this case, which has been described in previous opinions. See, e.g., ECF No. 702.[1]

The meeting date mattered at trial because, as relevant here, Litco LLC ("Litco"), Almaty, and BTA entered into a Confidential Assistance Agreement ("CAA") dated June 12, 2015. PX-593, ECF No. 684-34 (CAA). The CAA contained a release whereby, in relevant part, Almaty and BTA released and discharged Litco and its shareholders from all known and unknown claims and liabilities (the "Release"). Id. at 4. It is undisputed that at all relevant times, Litco was owned by Sater. In entering into the CAA, however, Litco had represented and warranted that "[n]o potential witness which Litco identifies and produces . . . shall have any ownership interest in Litco." Id. at 3.

Prior to trial, the Court ruled in limine that, while the evidence concerning the CAA's execution was relevant, evidence subsequent to the CAA's execution could not be introduced at trial without prescreening for relevance. ECF No. 591 at 10. Thus, a witness could testify about a meeting that occurred

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

prior to June 12, 2015 without prescreening for relevance, but not a meeting that occurred in July 2015. See id.

At trial, Sater asserted an affirmative defense based on the Release. In response, the plaintiffs asserted that the release was fraudulently induced because Sater did not disclose that he owned Litco. The plaintiffs also contended that, in any event, Sater was not a third-party beneficiary of the Release. The jury ultimately rejected Sater's defense of release. Trial Transcript ("Tr.") 1777-82, ECF Nos. 649-72.

**II.**

"Unlike civil contempt, which is aimed at compelling future compliance with a court order and is remedial and for the benefit of the complainant, criminal contempt is punitive and meant to vindicate the authority of the court." United States v. Donziger, 38 F.4th 290, 305 (2d Cir. 2022). "Sanctions may be imposed for civil or criminal contempt." In re Markus, 78 F.4th 554, 563 n.5 (2d Cir. 2023). A contempt order "is a potent weapon to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." King v. Allied Vision, 65 F.3d 1051, 1058 (2d Cir. 1995). The court must provide "notice and opportunity to be heard before imposing any kind of sanctions." 60 E. 80th St. Equities, Inc. v. Sapir, 218 F.3d 109, 117 (2d Cir. 2000).

3

**A.**

The plaintiffs argue that Sater testified that the meeting with the plaintiffs' representatives took place in early June 2015, when Sater knew that the meeting actually occurred on July 8, 2015, after the CAA was executed. This, the plaintiffs contend, was a deliberate attempt to violate the Court's in limine ruling and introduce at trial the contents of the meeting. According to the plaintiffs, Sater sought to use those contents to prove that he disclosed to the plaintiffs, before the CAA's execution on June 12, 2025, that Sater owned Litco. Sater's ultimate aim, the plaintiffs assert, was to deceive the jury into finding that Sater was covered by the Release.

In support of their argument that Sater deliberately lied on the witness stand, the plaintiffs point to Sater's prior testimony that conflicted with his trial testimony. Br. 11. Sater claimed at trial that the prior testimony was mistaken. Tr. 1565. The plaintiffs also note that Sater's trial testimony conflicted with the billing records of Robert Wolf, Litco's attorney during the relevant time period. Br. 10. Wolf's billing records reflected that a meeting occurred on July 8, 2015, but not on June 5, 2015. Id.

Sater and his trial counsel maintain that Sater did not knowingly provide false testimony about the date of the disputed meeting. Mem. in Opp. ("Opp."), ECF No. 698. Sater's trial

4

counsel contends that Sater "carefully reviewed the audio recording [of the disputed meeting] and identified specific substantive aspects of the recording that convinced [Sater] that the recording was from June and not July." Id. at 3. Sater's trial counsel insists that he would not have elicited the testimony from Sater concerning the meeting had Sater not convinced him that Sater believed that the meeting in fact occurred on June 5, 2015. See id. at 3-5. However, in response to the plaintiffs' present motion, Sater has not attempted to identify those "specific substantive aspects" of the recording that led Sater to believe the meeting occurred in July 2015.

**B.**

The plaintiffs' present motion is without merit because "there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." See King, 65 F.3d at 1058. The Court cannot determine that Sater's testimony, although highly argumentative, was knowingly false. Sater testified about the 2015 meeting in 2024, nine years after the meeting occurred. While the historical evidence indicates that the meeting occurred in July, not June, Br. 3-5, that does not establish that Sater knew or remembered the correct date when he testified at trial. In short, the plaintiffs have not shown that Sater deliberately provided false testimony at trial.

5

Moreover, nothing suggests that Sater's testimony about the meeting had any effect on the outcome of the trial. Based on the evidence presented, the jury appropriately rejected Sater's defense of release. Tr. 1777-82. And post-trial, the Court has denied the defendants' motion to set aside that part of the jury verdict.

In sum, no sanctions are appropriate. Accordingly, the Court will not make a reference for further investigation.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the plaintiffs' motions for sanctions and other relief is **denied**.

The Clerk is directed to close ECF No. 686.

SO ORDERED.

Dated:   New York, New York
         January 15, 2025

_____
John G. Koeltl
**United States District Judge**