UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CITY OF ALMATY, KAZAKHSTAN, ET AL.,

                         Plaintiffs,            19-cv-2645 (JGK)

          - against -            <u>MEMORANDUM OPINION AND</u>
                                           <u>ORDER</u>
FELIX SATER, ET AL.,

                         Defendants.
_____

JOHN G. KOELTL, District Judge:

    The plaintiffs, the City of Almaty, Kazakhstan ("Almaty"), and BTA Bank JSC ("BTA"), brought this action against various defendants, including Felix Sater, Bayrock Group Inc. ("Bayrock"), Global Habitat Solutions Inc. ("GHS") (together with Sater and Bayrock, the "Sater Defendants"), and MeM Energy Partners LLC ("MeM") (collectively, the "Trial Defendants"). After extensive pre-trial proceedings and a nearly three-week trial, the jury returned a verdict in favor of the plaintiffs and against each of the Trial Defendants.

    Post-trial, the Trial Defendants moved for judgment as a matter of law dismissing the claims against them pursuant to Rule 50(b) or for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. The plaintiffs moved to enter judgment in accordance with the jury's verdict.

    On January 15, 2025, this Court granted the defendants' motion pursuant to Rule 59(a)(1)(A) for a new trial on the

plaintiffs' claims for conversion and unjust enrichment but denied the parties' other requests for post-trial relief. ECF No. 702; <u>City of Almaty v. Felix Sater</u>, No. 19-cv-2645, 2025 WL 218838 (S.D.N.Y. Jan. 15, 2025) ("<u>Rule 59 Decision</u>").[1]

The plaintiffs now move for reconsideration of the <u>Rule 59 Decision</u> and entry of judgment for the plaintiffs based on the jury's verdict. ECF No. 707. For the following reasons, the plaintiffs' motion is **denied**.

I.

The standard for granting a motion for reconsideration is strict. <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the [C]ourt overlooked . . . that might reasonably be expected to alter the conclusion reached by the [C]ourt." <u>Id.</u> "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

## II.

The Court assumes familiarity with the history of this case and the Rule 59 Decision, 2025 WL 218838.

In relevant part, the Rule 59 Decision held that the jury instruction regarding accrual constituted plain error. Id. at *4-6. Given at trial without objection from any party, that instruction erroneously stated that, under New York law, all of the plaintiffs' claims accrued on the date that "the plaintiffs knew or, in the exercise of reasonable diligence, should have known about the defendant's conduct that gave rise to the claim." Trial Transcript ("Tr.") 1729, ECF Nos. 649-72. Under established New York law, however, "[c]onversion claims accrue on the date the conversion takes place," and "[u]njust-enrichment claims likewise accrue upon the occurrence of the wrongful act giving rise to a duty of restitution." Rule 59 Decision, 2025 WL 218838, at *5.

Because the erroneous provision of a discovery rule for accrual affected substantial rights, contravened established New York law, and went to the very essence of the Trial Defendants' statute-of-limitations defenses, the Rule 59 Decision granted the Trial Defendants' motion for a new trial pursuant to Rule 59(a)(1)(A) on the plaintiffs' claims for conversion and unjust enrichment. Id. at *6.

## III.

Moving for reconsideration of the Rule 59 Decision, the plaintiffs contend that a new trial is unwarranted for two reasons. Pltfs' Mem. in Support ("Br."), ECF No. 708; Pltfs' Reply ("Rep."), ECF No. 710. First, the plaintiffs argue that the Trial Defendants invited the erroneous accrual instruction and are therefore precluded from challenging it. Br. 13-17; Rep. 1-2. Second, the plaintiffs argue that the error was not plain because it did not affect the outcome of the district court proceedings. Br. 17-20; Rep. 2-3. The Trial Defendants oppose the motion for reconsideration. Opp., ECF No. 709.

### A.

The plaintiffs' invited error argument fails because it misconstrues the record. Under the invited error doctrine, "a party may not complain on appeal of errors that he himself invited or provoked the district court to commit." Cassotto v. Donahoe, 600 F. App'x 4, 6 (2d. Cir. Jan. 13, 2015) (summary order). "Denying relief even for plain errors where a defendant deliberately provokes a procedural irregularity, the invited error doctrine seeks to avoid rewarding mistakes stemming from a defendant's own intelligent, deliberate course of conduct in pursuing his defense." Id.

**1.**

The invited error doctrine does not apply in this case because the Trial Defendants did not request the erroneous jury instruction.

Start with the parties' proposed jury instructions. On April 17, 2024, the parties submitted proposed requests to charge. ECF Nos. 516, 524, 534, 537. On April 23, 2024, the plaintiffs responded to the defendants' requests to charge. ECF No. 544. Taking each party's submission in turn:

- The plaintiffs did not propose any instruction on the applicable statutes of limitations, accrual dates, or equitable tolling. See ECF No. 534.

- The defendants Daniel Ridloff and RRMI-DR LLC (together, the "Ridloff Defendants") proposed the following instruction: "The statute of limitations for bringing unjust enrichment and conversion claims under New York law is three years from the date that [the] [d]efendants allegedly interfered with and exercised control over and received [the] [p]laintiffs' property." ECF No. 516 at 53.

- The Sater Defendants incorporated by reference the jury instruction on accrual requested by the Ridloff Defendants. ECF No. 524.

- MeM proposed the following instruction: "Th[e] transfer is alleged to have occurred in August 2013, and thus the claim accrued in August 2016. [The] [p]laintiffs did not commence this action until March 2019, well after the statute of limitations had run." ECF No. 537 at 55. Read in context, MeM plainly meant that the claim expired in August 2016, rendering untimely the plaintiffs' claim for unjust enrichment against MeM. See id.

- In response, the plaintiffs proposed the following instruction on accrual: "The statute of limitations for unjust enrichment and conversion is three years from when the [d]efendants were either unjustly enriched or converted

> [the] [p]laintiffs' property. . . . Because [the]
> [p]laintiffs did not bring this lawsuit until March 2019,
> [the] [d]efendants argue that [the] [p]laintiffs' claims
> are untimely." ECF No. 544 at 26, 40.

In short, during the leadup to trial, the defendants each
proposed jury instructions that accurately restated New York law
regarding accrual. See Rule 59 Decision, 2025 WL 218838, at *5.

Fast forward to trial. The record confirms that the Trial
Defendants did not introduce or compound the error. During
trial, prior to the charge conference, the parties were provided
with a draft jury charge containing the erroneous instruction
regarding accrual. See Tr. 1440. At the charge conference,
however, none of the parties objected to the erroneous accrual
instruction. Id. at 1457–59. And when the erroneous accrual
instruction was given, the parties again failed to object. Id.
at 1729. Accordingly, the record shows that the Trial
Defendants, at most, "merely acquiesced in" the erroneous
accrual instruction. See Cassotto, 600 F. App'x at 6.

For their part, the plaintiffs appropriately suggested a
detailed instruction on equitable estoppel that the Court
ultimately gave. Tr. 1457–59, 1731. But in summation, the
plaintiffs' counsel relied on the erroneous accrual instruction
to argue that the statute of limitations for the plaintiffs'
claims had not expired when the plaintiffs filed the current
lawsuit. Rule 59 Decision, 2025 WL 218838, at *5. The jury then

rejected the Trial Defendants' statute-of-limitations defenses on the plaintiffs' claims for conversion and unjust enrichment. Id. As a further consequence, that finding prevented the jury from reaching the question of whether the plaintiffs had proved that equitable estoppel prevented the Trial Defendants from asserting the defense of the statute of limitations. Id.

In short, the plaintiffs invited the jury to find that the applicable statutes of limitations did not bar the plaintiffs' claims. Accordingly, the record shows that the plaintiffs, rather than the Trial Defendants, sought "a tactical advantage by failing to" object to the erroneous accrual instruction. See Cassotto, 600 F. App'x at 6.

In sum, the Trial Defendants did not propose the erroneous accrual instruction or invite the error requiring a new trial on the plaintiffs' claims for conversion and unjust enrichment. See id.

**2.**

In invoking the invited error doctrine, the plaintiffs rely on the incorrect premise that the Court applied Kazakhstani law. At the pre-trial conference on May 16, 2024, counsel for MeM argued for the first time that the statute of limitations under Kazakhstani law should apply instead of the statutes of limitations under New York law. ECF No. 591 at 22-23. The crux of MeM's argument was that all of the plaintiffs' claims were

7

untimely because the New York borrowing statute incorporated Kazakhstani law, and Kazakhstani law applied a three-year limitations period to all of the plaintiffs' claims. The parties then submitted various letter briefs contesting the issue. ECF Nos. 590; 593; 594; 595; 596; 597; 602; 603; & 605.

Joining MeM's position, ECF No. 594, the Sater Defendants submitted a legal opinion letter from a Kazakhstani legal office. ECF No. 594-1. That opinion letter stated that under Kazakhstani law, the three-year "statutory period begins to be calculated following the date on which the parties bringing the claim 'knew or should have known' about the facts that gave rise to the claim . . . ." Id. Applying the Kazakhstani accrual rule, the Sater Defendants argued that the plaintiffs "knew or should have known about the potential claim[s]" against the defendants on "December 19, 2013." ECF No. 594 at 2. Based on that premise, the Sater Defendants contended that "all of the claims against the Sater Defendants are properly time barred." Id.

On June 5, 2024, less than two business days before trial, invoking "the inherent discretion and authority of the Court" and relying on the Kazakhstani statute of limitations, MeM moved to dismiss all of the plaintiffs' claims. ECF Nos. 630 at 21; 602. On June 7, 2024, the Friday before trial, the Court held a conference and denied MeM's motion to dismiss. See ECF No. 625. On June 13, 2024, the Court elaborated on the reasons for denial

8

in a written decision. Id. That decision noted, in relevant
part, that "MeM's arguments based on the statute of limitations
have already been rejected years ago." Id. at 4. The Court
therefore rejected any new arguments regarding the statutes of
limitations. See id. at 4-5.

Against this backdrop, the plaintiffs' argument that the
Trial Defendants invited the error by invoking the Kazakhstani
accrual rule is without merit. When giving the erroneous accrual
instruction at trial, the Court did not apply Kazakhstani law.
Rather, the accrual instruction simply misstated New York law.
Put differently, the Trial Defendants' meritless attempt to
apply Kazakhstani law did not cause the error in restating New
York law. Because the defendants did not invite the erroneous
accrual instruction under New York law that was given at trial,
the invited error doctrine does not apply.

**B.**

The plaintiffs also contend that the erroneous accrual
instruction did not constitute plain error because the outcome
of the trial would have been the same with an appropriate
instruction. But that argument is plainly wrong. Without the
erroneous provision of a discovery rule in the accrual
instruction, the jury would have found that the claims of
conversion and unjust enrichment were barred by the statute of
limitations. Indeed, at trial, the jury found that the earliest

9

ascertainable dates that the plaintiffs had a claim for conversion against Sater and unjust enrichment against each of the Trial Defendants were in 2013. Rule 59 Decision, 2025 WL 218838, at *2.

The plaintiffs do not argue that a properly instructed jury would have rejected the Trial Defendants' statute-of-limitations defenses. Rather, pointing to the evidence of the plaintiffs' delayed claim discovery that led the jury to reject the statute-of-limitations defenses, the plaintiffs argue that the same evidence would have supported equitable estoppel. Br. 18-20. Therefore, in the plaintiffs' view, the evidence at trial was sufficient to prevent each Trial Defendant from relying on the statute of limitations. Br. 18-20.

Equitable estoppel, however, required the plaintiffs to show that "the defendant's affirmative wrongdoing produced the delay between" accrual and filing. See Tr. 1731. To establish equitable estoppel, the plaintiffs were required to prove "that the plaintiffs were induced by fraud, misrepresentation, or deception to refrain from filing the action before the statute of limitations expired." Id. Because equitable estoppel required the plaintiffs to prove that the Trial Defendants' "fraud, misrepresentation, or deception" prevented the plaintiffs from timely filing this action, not merely a delay in claim discovery, the jury's finding of delayed discovery is

insufficient to support the conclusion that, based on the same evidence, the jury would have found that equitable estoppel barred the statute of limitations defenses.

Moreover, while the Trial Defendants bore the burden of proof on the statute-of-limitations defenses, Vincent v. Money Store, 915 F. Supp. 2d 553, 562 (S.D.N.Y. 2013), the plaintiffs bore the burden of proof on equitable estoppel. Tr. 1731; Lavelle-Tomko v. Aswad & Ingraham, 143 N.Y.S.3d 109, 115 (App. Div. 2021). The plaintiffs' argument ignores these burdens of proof. Applying the erroneous accrual instruction, the jury found the evidence insufficient to establish the Trial Defendants' affirmative defenses of the statute of limitations. That jury finding is insufficient to prove the plaintiffs' argument that the jury would have found the same evidence sufficient to meet the plaintiffs' burden of proof on equitable estoppel.

Ultimately, because of the erroneous accrual instruction, the jury rejected the statute of limitations defenses and accordingly "did not reach the issue of whether the statute of limitations for the plaintiffs' conversion and unjust-enrichment claims should be equitably tolled against any of the defendants." Rule 59 Decision, 2025 WL 218838, at *5. The erroneous accrual instruction thus constituted plain error.

The cases relied on by the plaintiffs are inapposite or easily distinguishable. For example, in Snyder v. New York State Education Department, the district "court's instruction on damages" was "substantially similar to" the instruction proposed by the appellants. 486 F. App'x 176 (Table), 179 (2d. Cir. June 21, 2012) (summary order). By contrast, in this case, the accrual instruction given at trial deviated substantially from the parties' proposed instructions. And in Snyder, "the evidence adduced at trial supported the jury's verdict." Id. In this case, the evidence presented at trial established delayed discovery, not equitable estoppel.

Therefore, the plaintiffs' arguments for reconsideration lack merit. Accordingly, the plaintiffs' motion for reconsideration and entry of judgment for the plaintiffs must be **denied.**

**CONCLUSION**

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the reasons explained above, the plaintiffs' motion for reconsideration and entry of judgment for the plaintiffs is **denied.**

The parties should submit a joint status report by **April 2, 2025.** If the parties decide to proceed to a new trial, the parties should include in the joint status report the parties'

availability for trial in May and June 2025 and the parties'
estimate of the number of days required for trial.

The Clerk is directed to close ECF No. 707.

**SO ORDERED.**

Dated:    New York, New York
          March 25, 2025

                                        John G. Koeltl
                              United States District Judge