UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN and
BTA BANK JSC,

               Plaintiffs,

         v.

FELIX SATER, ~~DANIEL RIDLOFF~~,
BAYROCK GROUP INC., GLOBAL HABITAT
SOLUTIONS, INC., ~~RRMI-DR LLC~~,
~~FERRARI HOLDINGS LLC~~, and MEM ENERGY
PARTNERS LLC,

               Defendants.

No. 19 Civ. 2645 (JGK) (KHP)

**[PROPOSED] JOINT PRETRIAL ORDER**

Pursuant to Rule V(A) of this Court's Individual Practices, the parties hereby submit the following proposed Joint Proposed Pretrial Order.[1]

1. **The Full Caption of the Action (Individual Practices, Rule V(A)(1))**

The full caption of the case is shown above and included here: City of Almaty, Kazakhstan, and BTA Bank JSC v. Felix Sater, ~~Daniel Ridloff~~, Bayrock Group Inc., Global Habitat Solutions, Inc., ~~RRMI-DR LLC~~, ~~Ferrari Holdings LLC~~, and MeM Energy Partners LLC., Case No. 19 Civ. 2645 (JGK) (KHP).

For purposes of trial, the parties respectfully request that the caption on papers displayed to the jury omit (1) defendant Ferrari Holdings LLC, which is in default, (2) defendant Daniel Ridloff, who has been dismissed following settlement, and (3) defendant RRMI-DR LLC, as to which the Court has entered judgment on all claims, as this could otherwise cause juror confusion.

2. **Trial Counsel (Individual Practices, Rule V(A)(2))**

Trial Counsel for Plaintiffs City of Almaty, Kazakhstan and BTA Bank JSC:

| | |
|---|---|
| Matthew L. Schwartz | Boies Schiller Flexner LLP |
| John Zach | 55 Hudson Yards |
| Peter Skinner | New York, NY 10001 |
| Craig Wenner | Tel: (212) 446-2300 |
| Sabina Mariella | Fax: (212) 446 2350 |
| Valecia Battle | |
| Lindsey Ruff | |
| Sophie Roytblat | |

---

[1] This proposed pretrial order reflects the position of Plaintiffs and Defendants Felix Sater, Bayrock Group Inc., and Global Habitat Solutions, Inc., respectively. Defendant MeM Energy Partners LLC did not respond to requests from Plaintiffs' counsel for its contribution to the pretrial order.

1

Trial Counsel for Defendants Felix Sater, Bayrock Group, Inc., and Global Habitat Solutions, Inc.:

|  |  |
|---|---|
| John H. Snyder | John H. Snyder PLLC<br>555 Fifth Avenue, Suite 1700<br>New York, NY 10017<br>Tel: (212) 856-7280<br>Fax: (212) 304-9230 |
| Thomas C. Sima | John H. Snyder PLLC<br>102 Park Ridge Lane<br>White Plains, NY 10603<br>Tel.: (212) 796-6661<br>Fax: (917) 398-7531 |

Trial Counsel for Defendant MeM Energy Partners LLC:

### 3. Subject Matter Jurisdiction (Individual Practices, Rule V(A)(3))

Plaintiff's Statement:

The Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because (i) at the time this action was filed there was complete diversity of citizenship between the parties, and (ii) more than $75,000, exclusive of interest and costs, is at stake. At the time this action was filed, there was complete diversity because Plaintiff BTA is a Joint Stock Company organized under the laws of the Republic of Kazakhstan with its headquarters in Almaty, Kazakhstan [ECF No. 399 (Second Amended Complaint) ¶ 4]; Plaintiff City of Almaty is a foreign city in the Republic of Kazakhstan [*id.* ¶ 5]; individual Defendant Sater was domiciled in New York [*id.* ¶¶ 6, 7]; and Defendants Bayrock Group Inc., Global Habitat Solutions, Inc., and MeM Energy Partners LLC are all entities that are citizens of Delaware or New York [*id.* ¶¶ 8–12]. The amount in controversy well exceeds $75,000, as the amount in controversy at the time the action was filed was more than $20 million. [*Id.* ¶ 246]. The Defendants have not challenged the Court's subject-matter jurisdiction.

2

Defendants' Statement:

[None]

4. **Claims and Defenses To Be Tried (Individual Practices, Rule V(A)(4))**

Plaintiff's Statement:

The claims to be tried are Plaintiffs' claims for (1) unjust enrichment against all Defendants, and (2) conversion against Sater.

Plaintiffs' claim for unjust enrichment seeks to recover from Defendants the proceeds they received from investments that were made with money stolen from Plaintiffs and which were subject to world-wide freezing orders. Plaintiffs' claim for conversion seeks to recover the stolen funds that Sater misappropriated in connection with the scheme to invest Plaintiffs' stolen money in the United States and in violation of world-wide freezing orders.

The Court has dismissed the following claims, which therefore will not be tried: Plaintiffs' fraud claim against Sater and Plaintiffs' unlawful means conspiracy claim against Sater. [ECF No. 244 (order granting in part and denying in part Sater Defendants' motion to dismiss)].

In June 2024, a jury returned a verdict in favor of Plaintiffs for Plaintiffs' claim of money had and received. *See* Trial Tr. (June 26, 2024) 1782-84. The Court held that "a new trial is unwarranted on the money had and received count" and "the damages award on [] that count remains valid." [ECF No. 702 at 26].

Defendants' statute of limitations defense is the only affirmative defense to be tried. While Defendants have previously raised affirmative defenses of (1) the timeliness of Plaintiffs' claims; (2) unclean hands; (3) in pari delicto; (4) and release (which was a Sater defense only), only the timeliness of Plaintiffs' claims may be retried. [ECF Nos. 702 at 7 ("the defendants expressly withdrew the equitable defenses of unclean hands and in pari delicto."), 17, n.8 ("The defendants have waived those defenses" of unclean hands and in pari delicto); 703 at 6 (finding "the jury

3

appropriately rejected Sater's defense of release," and declining to "set aside that part of the jury verdict")]. In opposition to any timeliness defenses, Plaintiffs intend to raise the applicability of equitable tolling. As reflected in Plaintiffs' proposed jury charge and as will be explained further in Plaintiffs submission on May 19 pursuant to the Court's order, [ECF No. 722,] the jury should be instructed to decide both the application of the statute of limitations and equitable tolling.

Sater Defendants' Statement:

The Sater Defendants argue that the claims of unjust enrichment and conversion are time-barred. No equitable tolling argument can be entertained because the Sater Defendants did not at any time take affirmative steps to prevent the Plaintiffs from learning of the alleged wrongs, the wrong was not self-concealing by its nature, and the Plaintiffs did not pursue their rights diligently. To the contrary, Sater affirmatively disclosed his actions in 2013 to Arcanum (Asia) Limited (*Arcanum*), as agent of Almaty and BTA, and later to Boies Schiller. Whether or not Arcanum ultimately disclosed this information to the Plaintiffs is irrelevant; the mere disclosure demonstrates conclusively that the Sater Defendants did not affirmatively take steps to prevent the Plaintiffs from learning of the alleged wrongs and that the wrong was not self-concealing.

5. **Trial Days Needed and Jury Trial (Individual Practices, Rule V(A)(5))**

Plaintiffs' Statement:

Plaintiffs have demanded a jury trial and Plaintiffs' claims of unjust enrichment and conversion should be tried to a jury along with Defendants' timeliness defense, including the application of equitable tolling.

Plaintiffs believe 12 trial days (not including jury selection, opening statements, and closing arguments) are needed for this matter, which is the same time used in the first trial through the verdict. While this trial will not include the money had and received claim, the underlying facts and background for conversion and unjust enrichment are the same, meaning Plaintiffs

4

require the same amount of time to present the case to the jury. Because Plaintiffs have the burden of proof and will be presenting many if not most of the same witnesses that Defendants intend to call, if the Court intends to impose time limits on the parties, Plaintiffs request that the Court allocate two-thirds of the time provided to Plaintiffs and one-third to Defendants. At a minimum, the Court should provide each side 21 hours to present their case, as the Court did in the first trial.

Sater Defendants' Statement:

The Sater Defendants' position is that no questions of fact remain for jury determination. The only remaining issue is one of equitable tolling, which the court can determine as a matter of law on summary judgment or in a bench trial. To the extent that the court determines that questions of fact remain, we anticipate that our case in chief will take no more than three (3) days.

**6.   Consent To Trial By a Magistrate Judge (Individual Practices, Rule V(A)(6))**

The parties do not all consent to trial of the case by the magistrate judge.

**7.   Stipulations (Individual Practices, Rule V(A)(7))**

The parties are continuing to discuss stipulations at this time and intend to submit any factual or evidentiary stipulations prior to trial.

**8.   Trial Witnesses (Individual Practices, Rule V(A)(8))[2]**

Plaintiffs' Witness List is attached as **Exhibit 1**. With regard to the Sater Defendant' identification of Nicolas Bourg as a trial witness, should Sater successfully secure his appearance at trial, Plaintiffs reserve the right to seek his deposition before trial.

---

[2] Defendant MeM Energy Partners LLC did not provide any list of trial witnesses to attach to this proposed order.

5

The Sater Defendants' Witness List is provided below.[3]

1. Felix Sater
2. Calvin Humphrey
3. Ron Wahid
4. Matthew Schwartz
5. Nicolas Bourg
6. Robert Wolf

9. **Deposition Designations (Individual Practices, Rule V(A)(9))**[4]

Plaintiffs' Deposition Designations are attached as **Exhibit 2**.

---

[3] In light of the Court's granting of leave for Defendants to file a summary judgment motion, Defendants reserve the right to amend and update our intended trial exhibits and witness list in light of the Court's rulings.

[4] The Sater Defendants and Defendant MeM Energy Partners LLC did not provide any deposition designations to attach to this proposed order.

6

10. **Exhibits (Individual Practices, Rule V(A)(10))**[5]

Plaintiffs' Exhibit List is attached as **Exhibit 3**.

The Sater Defendants' Exhibit List is provided below.

| DTX | Description | V.A.10 Plaintiffs |
|---|---|---|
| 1 | The complaint, dated December 19, 2013, filed in New York Supreme Court in the matter of *Tri-County Mall Investors v. Felix Sater, et ano.*, Index No. 654361/2013. | * |
| 2 | The affidavit of Nicolas Bourg filed on December 19, 2013, with the 2013 complaint described in item 1, above. | * |
| 3 | The Confidential Assistance Agreement, dated June 12, 2015, between Litco and the City of Almaty, JSC BTA Bank and the Republic of Kazakhstan, entered into evidence in the June 2024 trial. | * |
| 4 | Audio file 2015-07-08_15-27-14_126 3.wav of the conversation from June or July 2015 between Peter Garske et al. and Felix Sater. | |
| 5 | Transcript of Audio file 2015-07-08_15-27-14_126 3.wav. | |
| 6 | A screenshot of the "About" section of the Arcanum website from July 3, 2015, accessed via Archive.org. | |
| 7 | The documents appearing on the docket for *City of Almaty, Kazahkstan, et al. v. Mukhtar Ablyazov*, et al., 15-CV-05345, commonly referred to as the *Triadou* case. | |
| 8 | The documents appearing on the docket for the instant matter. | |
| 9 | A screen shot of the results of searching for the name "Felix Sater" in the New York Supreme Court's public docket. | |

The parties' attached Exhibit Lists presently include only exhibits. The parties continue to negotiate stipulating to the authenticity and admissibility of exhibits and will submit revised Exhibit Lists on May 30, 2025, which will include any unresolved objections and responses thereto, along with a flash drive containing each side's proposed trial exhibits. As was the case in the first trial, the parties will submit exhibits that they intend to submit into evidence by witness at least three business days before a witness testifies with any unresolved objections and responses.

---

[5] Defendant MeM Energy Partners LLC did not provide any exhibit list to attach to this proposed pretrial order.

7

Dated: May 16, 2025                                  Respectfully submitted,
       New York, New York


By: /s/ *John H. Snyder*                             By: /s/ *Matthew L. Schwartz*
John H. Snyder                                       Matthew L. Schwartz

JOHN H. SNYDER PLLC                                  BOIES SCHILLER FLEXNER LLP
157 East 81st Street, Suite 3A                       55 Hudson Yards
New York, NY 10028                                   New York, NY 10001
Tel: 917-292-3081                                    Tel: 212-446-2300

Thomas C. Sima                                       *Counsel for Plaintiffs*
102 Park Ridge Lane                                  *City of Almaty, Kazakhstan and*
White Plains, NY 10603                               *BTA Bank JSC*
Tel: 212-786-6661

*Counsel for the Sater Defendants*


So ordered
[signature]
U.S.D.J.
9/24/25

8