

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

September 30, 2025

**BY ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *City of Almaty, et. ano., v. Felix Sater, et. al.*,
             Case No. 19 Civ. 2645 (JGK) (KHP)

Dear Judge Koeltl:

    We represent Plaintiffs City of Almaty, Kazakhstan and BTA Bank ("Plaintiffs"). We write in response to the Court's request yesterday afternoon that Plaintiffs send a letter "with respect to the plaintiffs' contention as to when the claims accrued."

    As a general proposition, plaintiffs agree with the Court's statement that "[c]onversion claims accrue on the date the conversion takes place and not from discovery or the exercise of diligence to discover," and that "[u]njust enrichment claims likewise accrue upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered." [ECF No. 702 at 12-13 (quotation marks and citations omitted)].

    The precise dates of accrual will be different for different transactions and for different claims, may be subject to dispute, and may ultimately not be relevant at all. To take one example, whether the accrual date for conversion with respect to the money that Sater retained from the Tri-County Mall sale was the date that he surreptitiously diverted the sale proceeds into an account he controlled, the date that he was allowed to keep that money by virtue of his secret settlement with Ilyas Khrapunov's company, or some other date entirely, will be the subject of the evidence adduced at trial and arguments by the parties.[1]

    Plaintiffs further agree, as the Court noted, that the accrual date is only one part of the relevant inquiry, and that the jury must also determine whether defendants are equitably estopped

---

[1] Yesterday afternoon, the Court remarked that, with respect to the accrual date, "Judge Nathan spelled it out in the original decision." Judge Nathan discussed equitable estoppel in her decision denying the Sater defendants' motion to dismiss [*see* ECF No. 244], but we have not identified a portion of any decision by Judge Nathan where she discussed when the claims accrued.

    Plaintiffs note that, in a prior recommendation that was unobjected-to in relevant part and subsequently adopted in full by Your Honor, Judge Parker held that as to defendant MeM Energy Partner LLC, "the claims accrued in 2016." [ECF No. 385 at 6, *recommendation adopted* ECF No. 396]. This is the only prior holding regarding a specific accrual date of which Plaintiffs are aware, aside from the discussion in Your Honor's order granting a new trial.

from asserting their limitations defense in the first place. [*See generally* ECF No. 726, Request No. 12]. It may be that the jury can consider this question alone, without needing to reach the question of accrual at all.

    Thank you for your consideration.

Respectfully,

/s/ *Matthew L. Schwartz*
Matthew L. Schwartz