

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

September 30, 2025

**BY ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *City of Almaty, et. ano., v. Felix Sater, et. al.*,
             Case No. 19 Civ. 2645 (JGK) (KHP)

Dear Judge Koeltl:

        We represent Plaintiffs City of Almaty, Kazakhstan and BTA Bank ("Plaintiffs"). We write regarding the anticipated testimony by designation tomorrow of Zhadyra Nartay.

        In Court this afternoon, counsel for the Sater defendants promised to provide any specific objections to the designations "first thing" after court. Having heard nothing, we asked for any specific objections by 10:00 PM this evening so that we could advise the Court of any disputes. Defense counsel subsequently confirmed that they in fact had "no objections," but wrote for the first time that they "would like to supplement with portions of my cross." Counsel has not identified those portions, however, and has not responded to our request to know when they would (although counsel otherwise responded to that same email).

        Plaintiffs appreciate counsel's clarification that they do not object to any of the designations of Ms. Nartay's testimony. However, Plaintiffs object to any designations by Defendants, whatever they might be.

        The deadline for designating prior testimony elapsed long, long ago. Defendants did not object to or designate any of Ms. Nartay's testimony in connection with the original May 2025 proposed final pretrial order. [ECF No. 724]. They did not designate any of Ms. Nartay's testimony in connection with the September 2025 amended proposed final pretrial order, either. [ECF Nos. 766, 767]. At the September 24 final pretrial conference, defense counsel indicated that they objected to unidentified aspects of Ms. Nartay's testimony, but did not say anything about having designations of their own. Defendants also had no designations when we informed defense counsel late last week that we intended to call Ms. Nartay this week and provided further cut-down designations. [ECF No. 772-3]. They had no designations when we filed those designations on the docket on Monday. [*Id.*]. They had no designations when we told them via e-mail on Monday night that we would call Ms. Nartay by designation on Tuesday. They had no designations when we told them orally at lunch today that we intended to read Ms. Nartay's testimony this afternoon. When Plaintiffs actually did try to call Ms. Nartay this afternoon, defense counsel objected to her testifying at all; they had no designations of their own. [Tr. at 146-47]. And at the end of the trial day today—when the Court advised defense counsel that they would need to make "a compelling showing . . . with respect to specific testimony from Ms. Nartay that for some reason should not be admitted, they can make that specific objection"—counsel said nothing about having additional



designations. [Tr. at 175-79]. Further, Ms. Nartay has never been on any version of defendants' witness list. [ECF Nos. 724, 767].

As the Court observed this afternoon, "I have rules that the defendants have chosen not to follow." [Tr. at 178]. Defendants have waived, on at least nine or ten occasions, any designations of Ms. Nartay's testimony at this trial. And they have *still* not identified what testimony they would like to introduce. It is far too late for them to first make designations at this point, and would prejudicially interfere with the Plaintiffs' presentation of their case. Plaintiffs should be permitted to call Ms. Nartay tomorrow, as planned and without any designations by Defendants.

Thank you for your consideration.

                                             Respectfully,

                                           /s/ *Matthew L. Schwartz*
                                           Matthew L. Schwartz