Case 1:19-cv-02645-JGK-KHP   Document 782   Filed 10/07/25   Page 1 of 3



<div style="text-align:right">

Matthew L. Schwartz
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

October 7, 2025

</div>

**BY ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *City of Almaty, et. ano., v. Felix Sater, et. al.*,
           Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (JGK) (KHP)

Dear Judge Koeltl:

     We write on behalf of BTA Bank and the City of Almaty, Kazakhstan ("Plaintiffs") in response to the Court's request on Monday morning that the parties submit proposed special verdict forms. Along with Plaintiffs' proposed verdict form, attached as Exhibit A, Plaintiffs suggest below a corresponding slightly modified and simplified instruction on statute of limitations. [*See* ECF No. 726, Plaintiffs' Request to Charge No. 12].

     "The doctrine of equitable estoppel applies where it would be unjust to allow a defendant to assert a statute of limitations defense." *Zumpano v. Quinn*, 849 N.E.2d 926, 929 (N.Y. 2006). Equitable estoppel therefore "bar[s] the assertion of the affirmative defense of the Statute of Limitations." ECF No. 244 at 21 (Nathan, *J.*) (quoting *Gen. Stencils, Inc. v. Chiappa*, 219 N.E.2d 169, 171 (N.Y. 1966)). Accordingly, if equitable estoppel applies, the effect is that Defendants are precluded from asserting a statute of limitations defense—a defense as to which defendants otherwise would bear the burden. If defendants are estopped from asserting a limitations defense at all, there is no need to determine precisely when Plaintiffs' claims accrued or whether they are otherwise time-barred. *See, e.g.*, *Greystone Equip. Fin. Corp. v. Motion Imaging, Inc.*, 27 Misc. 3d 1213(A), 910 N.Y.S.2d 405 (N.Y. Sup. Ct. 2010) ("The equitable estoppel doctrine precludes a defendant from raising the statute of limitations when defendant's affirmative wrongdoing, such as fraud, misrepresentation, or deception, prevented plaintiff from bringing a timely action"); *State of New York v. Solil Mgmt. Corp.*, 128 Misc. 2d 767, 771 (N.Y. Sup. Ct. 1985) ("[T]he doctrine of equitable estoppel precludes the respondent from interposing a defense based on the Statute of Limitations"), *aff'd sub nom. State by Abrams v. Solil Mgmt. Corp.,* 114 A.D.2d 1057 (App. Div. 1985).

     Here, equitable estoppel is the only issue that the jury must decide with respect to the defendants' statute of limitations defense; Plaintiffs do not intend to argue that they filed the complaint in this action within three years of the Defendants' conversion of stolen property and/or unjust enrichment. Plaintiffs therefore respectfully submit that a streamlined instruction and verdict sheet regarding the statute of limitations defense and equitable estoppel is appropriate. Accordingly, Plaintiffs revise their Request No. 12 [ECF No. 726], and request that the Court instruct the jury as follows:



Affirmative Defense – Statute of Limitations and Equitable Estoppel[1]

As a defense to Plaintiffs' claims, the Defendants have claimed that Plaintiffs failed to bring their lawsuit within the applicable statute of limitations period. A statute of limitations is a maximum time period within which a claim may ordinarily be brought. The statute of limitations for unjust enrichment and conversion is three years from when the Defendants were either unjustly enriched or converted Plaintiffs' property.

While Plaintiffs' claims would otherwise be untimely, the Plaintiffs contend that the Defendants are equitably estopped from asserting the defense of the statute of limitations. Equitable estoppel allows a plaintiff to pursue a claim that is brought after the statute of limitations has expired, if the plaintiff can show that the defendant's affirmative wrongdoing produced the delay of the legal proceeding.

To establish equitable estoppel, the Plaintiffs must prove by a preponderance of the evidence that the Plaintiffs were induced by fraud, misrepresentation, or deception to refrain from filing the action before the statute of limitations expired.

The Plaintiffs contend that because the Defendants concealed their roles in the transactions and receipt of the stolen funds, the Plaintiffs did not learn, despite diligent investigation, that the Defendants had received stolen funds within the limitations period, and as a result, their unjust enrichment and conversion claims are not time-barred.

The Defendants deny these allegations.

If you find, by a preponderance of the evidence, that the Plaintiffs were induced by fraud, misrepresentation, or deception to refrain from filing the action before the statute of limitations expired, you must find that Defendants are estopped from arguing the defense of statute of limitations, and that Plaintiffs' claims are timely.[2]

Similarly, Plaintiffs respectfully submit that the verdict form need only address whether equitable estoppel applies. As to timeliness issues, as set forth in the attached proposed form, Plaintiffs request that the verdict form address the statute of limitations and equitable estoppel issue as follows:

---

[1] *See City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*, Case No. 19 Civ. 2645 (JGK) (KHP), Trial Tr. (June 26, 2024) at 1726:21-1727:8, 1730:25-1731:18*; see also Zumpano v. Quinn*, 6 N.Y.3d 666, 673, 849 N.E.2d 926, 929 (2006); ECF No. 244 at 21 (quoting *Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 198 (N.Y. 2007)).

[2] ECF No. 711 at 10-11.



> Do you find that the plaintiffs have proven by a preponderance of the evidence that Defendant [Sater/Bayrock/GHS/MeM] is equitably estopped from raising a statute of limitations defense as to plaintiffs' claim for [conversion/unjust enrichment], as equitable estoppel is defined for you in the Court's instructions?
>
> Yes_____    No_____

Plaintiffs' proposed verdict form is otherwise modeled on the one used by the Court in the 2024 trial in this case, with one other exception: we have removed the repeated admonition to "Remember that the amount of damages that you award may not exceed the total amount of damages incurred by the Plaintiffs." 2024 Trial Tr. 1734:12-13.  The Court (we anticipate) will of course instruct the jury that it may not double-count damages such that Plaintiffs cannot be awarded compensatory damages in excess of the total actual damages incurred by them.  But placed on the verdict form, this reminder is confusing as to punitive damages, which by definition are damages awarded in excess of actual damages.  As the Court may recall, the jury last time erroneously allocated an incredible amount of the total damages to punitives, we believe in reliance on this admonition.  It should either be omitted from the verdict sheet entirely or, if included, there should be corresponding language reminding the jury that punitive damages, if any, *are* and should be in excess of actual damages.  *See generally Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001) ("Although compensatory damages and punitive damages are typically awarded at the same time by the same decisionmaker, they serve distinct purposes. The former are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct.  The latter, which have been described as "quasi-criminal," operate as "private fines" intended to punish the defendant and to deter future wrongdoing. A jury's assessment of the extent of a plaintiff's injury is essentially a factual determination, whereas its imposition of punitive damages is an expression of its moral condemnation." (cleaned up); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 54 (1991) (O'Connor, *J.*, dissenting) ("[P]unitive damages are specifically designed to exact punishment *in excess of actual harm* to make clear that the defendant's misconduct was especially reprehensible" (emphasis supplied)); *Patterson v. Balsamico*, 440 F.3d 104, 121 (2d Cir. 2006) (Koeltl, *J.*) (discussing "ratio between compensatory damages and punitive damages").

Thank you for your consideration.

<div style="text-align: right">
Respectfully,

/s/ *Matthew L. Schwartz*
Matthew L. Schwartz
</div>