

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

October 7, 2025

**BY ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *City of Almaty, et. ano., v. Felix Sater, et. al.*,
            Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (JGK) (KHP)

Dear Judge Koeltl:

      We write on behalf of plaintiffs in response to the defendants' letter of earlier today regarding jury instructions and the special verdict form. [ECF No. 783].

      ***With respect to the special verdict form***, defendants have not submitted their own version and both their letter and their remarks this afternoon indicate that, with one exception, they are in agreement with the form proposed by plaintiffs. The one exception is that they want the Court to "ask the jury to make findings regarding each Plaintiff individually." [ECF No. 783 at 4-5]. The Court has already rejected this argument on multiple occasions, and it should do so again. *See, e.g.,* 2024 Trial Tr. at 1443; ECF No. 702 at 22-24.

      As the Court explained then, and as is no less true this time around, "because the case has been tried with respect to the plaintiffs together and the evidence showed that the money stolen from the plaintiffs moved together through the system, it would be difficult in this case and confusing to the jury to try and separate out the plaintiffs." ECF No. 702 at 22 (cleaned up). *See also Cargill, Inc. v. WDS, Inc.*, No. 316CV00848FDWDSC, 2018 WL 1525352, at *10 (W.D.N.C. Mar. 28, 2018) ("On this trial record, collective references to Plaintiffs was appropriate and necessary to avoid jury confusion and to avoid the possibility of an excessive or duplicative award of damages." (footnote omitted)).

      Defendants have also never submitted a proposed jury instruction that attempts to break out the individual plaintiffs, so doing so on the verdict form would be particularly confusing. In fact, although defendants did not submit new proposed jury instructions for this trial despite the Court setting a deadline to do so, their 2024 submissions *all* referred to BTA and Almaty collectively. [ECF No. 516 at 41-60 (Ridloff instructions); ECF No. 524 (Sater defendants "adopt[ing] and incorporate[ing]" Ridloff's instructions); ECF No. 537 at 52-57 (MeM instructions)].

      ***With respect to the proposed jury instructions***, defendants do not explain what they believe is incorrect about plaintiffs' proposal, aside from a highlighted note that reads "this is improper as it suggests a discovery rule." [ECF No. 783 at 3]. But that language in plaintiffs' proposed charge is identical to the unobjected-to charge that the Court gave at the first trial, [*see* 2024 Trial Tr. at 1457-58 (charge conference, at which this language was expressly discussed and agreed to by defense counsel); *id.* at 1731 (final jury instruction)], and defendants did not object when plaintiffs proposed that language again in their pretrial submission, [ECF No. 726 (Request No. 12)].



More to the point, the highlighted language is an accurate description of plaintiffs' contention. In fact, it tracks almost word-for-word the language used by Judge Nathan in her 2020 decision denying the Sater defendants' motion to dismiss. *See City of Almaty v. Sater*, 503 F. Supp. 3d 51, 67 (S.D.N.Y. 2020) (Plaintiffs "allege that despite diligent investigation, as a result of this concealment, they did not learn that the Sater Defendants had received stolen funds until March 2017, after many of their claims would have been time-barred.") (docketed as ECF No. 244).

Defendants' proposed charge, on the other hand, is at best confusing and at worst—on the facts of this case—legally misleading. For example, they flag as "CRITICAL" the instruction that "In invoking equitable estoppel, the plaintiff may not rely on the same act that forms the basis for the claim and must instead point to a distinct act of deception or concealment." That much is true as a general proposition, but it has no application here. As Your Honor recognized this afternoon, Judge Nathan already spoke to this precise issue:

> The Kazakh Entities' surviving claims essentially sound in conversion. To prevail on those claims, they must prove only that the Sater Defendants took money that rightfully belonged to them. They need not prove that the Sater Defendants accomplished that task with subterfuge or successfully covered their tracks afterwards. That is, the Kazakh Entities do not allege merely a "self-concealing wrong." *Sejin Precision Indus. Co. v. Citibank, N.A.*, 235 F. Supp. 3d 542, 552 (S.D.N.Y. 2016). The Sater Defendants' corporate shell game and fraudulent bid on the Tri-County Mall deal are distinct acts from those that give rise to liability. Like with the bookkeeper in *Simcuski* [*v. Saeli*, 377 N.E.2d 713, 716 (N.Y. 1978)], the claim rests on taking the money, not hiding it. The hiding, if proved as alleged, supports the application of equitable estoppel.

*City of Almaty*, 503 F. Supp. 3d at 67–68 (also at ECF No. 244 at 24). The trial record evidences numerous acts of hiding, lying, deception, distraction, fraud, and misconduct on the part of the defendants and their co-conspirators designed to obscure their receipt of money from the plaintiffs. *All* of that conduct is distinct, as a matter of law and as law of the case, from the acts of conversion and unjust enrichment that give rise to the defendants' liability. Instructing the jury that "the plaintiff may not rely on the same act that forms the basis for the claim and must instead point to a distinct act of deception or concealment" therefore carries a tremendous risk of juror confusion and prejudice to the plaintiffs. Alternatively, if the Court is inclined to include that language, it should also include language making clear that *all* of the evidence the jury has heard that it concludes constitute "acts of deception or concealment"—whether committed by the defendants themselves or a co-conspirator, *see generally Anderson v. United States*, 417 U.S. 211, 219 n.6 (1974) ("[C]onspirators are partners in crime. As such, the law deems them agents of one another." (citations omitted))—is properly considered in connection with the equitable estoppel argument, since it is all distinct from the acts that give rise to liability.

Thank you for your consideration.

Respectfully,

/s/ *Matthew L. Schwartz*
Matthew L. Schwartz
