**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,

            Plaintiffs,

-against-

FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,

            Defendants.

No. 19 Civ. 2645 (JGK) (KHP)

**[PROPOSED] DEFAULT JUDGMENT AND STATEMENT OF DAMAGES**

---

WHEREAS, on March 25, 2019, Plaintiffs City of Almaty, Kazakhstan, and BTA Bank JSC ("Plaintiffs") commenced this civil action against the above-named defendant Ferrari Holdings LLC ("Defendant Ferrari") by filing of the Summons and Complaint for (1) Unjust Enrichment, and (2) Money Had and Received;

WHEREAS, jurisdiction and venue in this Court are proper;

WHEREAS, on April 11, 2019, Defendant Ferrari was served with the Summons and Complaint;

WHEREAS, on March 17, 2020, counsel for Defendant Ferrari, Archer & Greiner, P.C., filed an application to withdraw as attorney for Defendant Ferrari, citing a "breakdown of communication;"

WHEREAS, on April 9, 2020, the Court granted Archer & Greiner, P.C.'s motion to withdraw as Defendant Ferrari's attorney and ordered it, as a corporate defendant, to retain new counsel within 60 days of the order;

WHEREAS, Defendant Ferrari did not retain new counsel;

WHEREAS, a corporate entity must be represented by counsel and cannot appear pro se;

WHEREAS, on July 16, 2020, the Clerk of the Court for the Southern District of New York issued a Certificate of Default against Defendant Ferrari, [ECF No. 207];

WHEREAS, as of the date of this Order, Defendant Ferrari has not retained new counsel;

WHEREAS, since the withdrawal of Archer & Greiner, P.C., Defendant Ferrari has not participated in this litigation, including failing to respond to outstanding discovery requests;

WHEREAS, a jury trial between Plaintiffs and non-defaulting Defendants Felix Sater, Bayrock Group Inc., Global Habitat Solutions Inc., and MeM Energy Partners LLC (the "Trial Defendants") was held beginning on June 10, 2024, in the United States District Court for the Southern District of New York before the Honorable John G. Koeltl;

WHEREAS, a jury of nine persons were regularly impaneled and sworn, and the trial proceeded on three causes of action in Plaintiffs' Second Amended Complaint for (1) Conversion against Defendant Sater, (2) Unjust Enrichment against all Trial Defendants, and (3) Money Had and Received against all Trial Defendants (the "First Trial");

WHEREAS, after hearing the evidence and arguments of counsel the jury was duly instructed by the Court on Plaintiffs' claims for Conversion, Unjust Enrichment, and Money Had and Received.  The jury deliberated and thereafter returned to Court on June 26, 2024, with its verdict in favor of Plaintiffs on its claims for Conversion against Defendant Sater, Unjust Enrichment against all Trial Defendants, and Money Had and Received against all Trial Defendants;

WHEREAS, on January 16, 2025, the Court granted the Trial Defendants' motion pursuant to Fed. R. Civ. P. 59(a)(1)(A) for a new trial on Plaintiffs' claims of conversion and unjust enrichment, and held that the First Jury's damages award on Plaintiffs' claim of money had and

received remains valid, [ECF No. 702];

WHEREAS, on September 29, 2025, a jury trial was held between Plaintiffs, appearing by their attorneys at Boies Schiller Flexner LLP, and the same Trial Defendants, appearing by attorneys at John H. Snyder PLLC, the Law Firm of Thomas C. Sima, and Kombol Law Group, P.C., in the United States District Court for the Southern District of New York before the Honorable John G. Koeltl (the "Second Trial");

WHEREAS, a jury of ten (10) persons was regularly impaneled and sworn, and the trial proceeded on the two remaining causes of action in Plaintiffs' Second Amended Complaint for (1) Conversion against Defendant Sater, and (2) Unjust Enrichment against all Trial Defendants;

WHEREAS, after hearing the evidence and arguments of counsel the second jury was duly instructed by the Court on Plaintiffs' claims for Conversion and Unjust Enrichment. The second jury deliberated and thereafter returned to Court on October 10, 2025, with its verdict in favor of Plaintiffs on its claims for Conversion against Defendant Sater and Unjust Enrichment against all Trial Defendants;

WHEREAS, the Court has considered all evidence submitted to it at the First Trial, the Second Trial, and otherwise.

WHEREAS, there is no just reason to delay directing final judgment on Plaintiffs' unjust enrichment and money had and received claims against Defendant Ferrari, it is hereby

ORDERED, ADJUGED, AND DECREED: That Plaintiffs are granted a default judgment against Defendant Ferrari on the unjust enrichment and money hand and received claims in the total amount of $540,000, plus prejudgment interest at the statutory rate of nine percent per annum running from May 24, 2013, amounting to $604,903.55 in prejudgment interest through October 30, 2025, plus $133.15 per day until this Default Judgment is rendered. *See* New York Civil Law

```
```

and Rules ("CPLR") § 5004. Prejudgment interest is awarded on Plaintiffs' claims for Unjust Enrichment and Money Had and Received in the total amount of _____.

 IT IS FURTHER ORDERED: That post–judgment interest shall be allowed as provided for under 28 U.S.C. § 1961.

Dated: _____, 2025  _____

            HONORABLE JOHN G. KOELTL
            UNITED STATES DISTRICT JUDGE