UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC;<br><br>                                      Plaintiffs,<br><br>-against-<br><br>FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS, INC., RRMI- DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,<br><br>                                      Defendants. | 1:19-cv-02645 (GJK)(KHP) |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF POST-TRIAL RELIEF**

**Brendan C. Kombol, Esq.**,
bkombol@yellenlaw.com
Tel. 646.957.3953

Kombol Law Group, P.C. | 340 Atlantic Avenue, Brooklyn, NY 11201
Counsel for the Defendant MEM Energy Partners LLC

**PRELIMINARY STATEMENT**

Defendant MEM Energy Partners LLC ("MEM") offers this memorandum of law in support of various judgments demanded, as a matter of law following trial herein, based upon matters of law (among other basis) which require the relief demanded hereby.

*Specifically*, as will be demonstrated below, it cannot be challenged that the jury empaneled in this matter (the "Jury") was purportedly tasked with adjudicating questions relating to the availability of equitable relief benefitting the Plaintiffs, said relief being critical in Plaintiffs' prosecution of this matter. Without this equitable relief, even Plaintiffs concede that their claims would otherwise be time barred. However, as will be established below, a jury is not permitted to adjudicate such matters, in that questions of equity can only be decided by a Court of Law.

Accordingly, any Jury findings purporting to extend to any associated claims for equitable relief must be rendered improper, and without application to the claims asserted by Plaintiff herein.

If, however, the Court elects to consider those findings as an advisory recommendation upon which the Court may rely upon in determining questions of law relating to questions of equitable remedies demanded by Plaintiffs in support of their claims, any such reliance would nonetheless be unavailing to Plaintiffs, as the Jury was not asked to make any findings as to the extent of any equitable tolling available to Plaintiffs.

Nor did the Jury identify any exceptional circumstances present that would permit the Plaintiffs to benefit from equitable remedies resulting in the extension of statutory limitations periods. Rather, as is evident from the record of this proceeding, there can be no question that (at minimum) the Plaintiffs must have been aware of the claims asserted herein by no later than 2015 yet delayed in commencing this action until mid-2019.

In order to benefit from the extraordinary relief required to be demonstrated by Plaintiffs to benefit from any tolling remedies, extraordinary circumstances must be both established and found to have resulted in a delay in filing. In addition, the Plaintiffs must have proven that they acted with reasonable diligence in pursuing their claims after learning of the same, following latent discovery hindered by extraordinary conduct on the part of the Defendants upon which the Plaintiffs were induced to rely, reasonably resulting in the delay in taking action.

Not only did Plaintiffs not so much as attempt to establish any facts supporting those critical elements to the equitable relief they seek to benefit from, but further the Jury was not even asked to make any findings indicating what, if any, facts addressed at trial might support the grant of equitable relief.

Finally, in addition to the preceding, there can be no question that Plaintiffs' claims are time-barred as asserted against MEM, given that in its Answer interposed herein, affirmative defenses are asserted invoking the applicable borrowing statute of the Plaintiffs' home jurisdiction, which in turn limits any related claims to a three (3) year limitation period following accrual. In MEM's answer, not only is the borrowing statute defense asserted, but also all statutory limitations periods, along with other material defenses, including *laches*.

Not only do these defenses act as an absolute bar to Plaintiffs' claims, rendering all in fact untimely, but moreover as the facts of this dispute related to accrual, inasmuch as the Jury found that any money had and received claims asserted against MEM accrued as of August 22, 2013, said finding further requires the dismissal of all equitable claims now asserted, as (for example), by way of making such finding the Jury necessarily found that the claims accrued against MEM upon its receipt of "profits" from the transactions at issue, without any finding that MEM otherwise possessed or benefited from the disputed funds *before* it was ultimately paid monies derived from

the profits of other parties control over those funds. As will be demonstrated below, this in turn renders each of Plaintiffs' claims sounding in unjust enrichment and/or money and received as non-actionable. Rather, only an unpled demand for relief by way of "disgorgement" (mislabeled as "unjust enrichment in (g) of the notice of motion) would have been available as a theory of recovery.

## ARGUMENT

Under the circumstances set forth above, there can be no question that the Jury verdict must be disregarded, and Plaintiffs' claims dismissed.

## POINT I

## THE JURY CANNOT DECIDE EQUITABLE MATTERS

A jury lacks authority to render judgment in matters of equity, such authority exclusively being vested in the discretion of the trial court, by bench decision. *See*, for example, *Clark v. Hanley*, No. 22-302, (2d Cir. 2023), "The Seventh Amendment protects the right to a jury trial only for matters at law, 'in contradistinction' to those in equity." In re CBI Holding Co., Inc., 529 F.3d 432, 465 (2d Cir. 2008) (quoting Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)); see also U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ."). Even then, "the right to a jury trial exists . only with respect to disputed issues of fact." Shore v. Parklane Hosiery Co., 565 F.2d 815, 819 (2d Cir. 1977), aff'd, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). "When legal and equitable claims are joined in the same action, 'the right to jury trial on the legal claim, including all issues common to both claims, remains intact.' " Lytle v. Household Mfg., Inc., 494 U.S. 545, 550, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990) (quoting Curtis v. Loether, 415 U.S. 189, 196, n. 11, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974)). "To safeguard this right," we have said that "the general rule is that the jury must decide the legal claims prior to the

court's determination of the equitable claims, in order to prevent the court's determination of a common factual issue from precluding, by collateral estoppel effect, a contrary determination by the jury." Wade v. Orange Cnty. Sheriff's Off., 844 F.2d 951, 954 (2d Cir. 1988) (internal citations omitted) (citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510–11, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

Inasmuch as the Jury was purportedly vested with these critical findings, they must be disregarded, or at minimum relegated to a mere advisory finding, albeit one left unsupported by any of the remaining critical considerations in support of relief of that nature, including: extraordinary circumstances, reliance, diligent inquiry and later conduct, etc. As a result, the Jury's findings on these questions must be disregarded, and this Court must rule in MEM's favor as a matter of law dismissing the claims.

## POINT II

### THE JURY'S FINDING THAT CLAIMS AGAINST MEM ACCRUED WHEN THE CLOSINGS WERE FUNDED RENDER ALL CURRENT CLAIM NON-ACTIONABLE

Given that there is no dispute that any payments to MEM were funded from the profits realized by those transactions, in light of the Jury's finding on the date of accrual, Plaintiffs' claims for money had and received are now rendered non-actionable, absent a demand for disgorgement, which is both equitable in nature, thusly beyond the authority of the Jury, as well as not even having been asserted by the Plaintiffs. *See*, for example, *National Presto Industries Inc. v. U.S. Merchants Financial Group Inc.*, Case No. 23-1493 (8th Cir. Nov. 12, 2024).

## POINT III

## ALL OTHER REQUESTED RELIEF MUST BE GRANTED

The basis for all other requested relief demanded by MEM is set forth in the notice of motion filed in connection herewith, with adequate detail and without the need for further argument. In turn, all such other relief must also be granted.

## CONCLUSION

For the foregoing reasons stated herein, the motion must be granted, and this Court must grant such other and further relief as is just and proper. All rights are otherwise reserved.

Dated:

Brooklyn, NY
November 7, 2025

                                   KOMBOL LAW GROUP, P.C.

                                       Brendan C. Kombol

By: _____/s/_____
                                       Brendan C. Kombol, Esq.
                                       Attorneys for MEM
                                       340 Atlantic Avenue
                                       Brooklyn, NY 11201