```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────
CITY OF ALMATY, ET AL.,
                    Plaintiffs,            19-cv-2645 (JGK)

        - against -                        MEMORANDUM OPINION
                                           AND ORDER
FELIX SATER, ET AL.,
                    Defendants.
─────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiffs, the City of Almaty, Kazakhstan ("Almaty"), and BTA Bank JSC ("BTA"), move by order to show cause for the entry of a default judgment against defendant Ferrari Holdings LLC ("Ferrari") in the amount of $540,000. ECF Nos. 797-98. For the reasons that follow, the plaintiffs are entitled to default judgment in the amount of $540,000, plus pre-judgment and post-judgment interest.

## I.

The Court assumes familiarity with the history of this case, which has been described in previous opinions. See, e.g., ECF Nos. 244, 323, 392, 296, 625, 673. The following summary sets forth only those facts necessary to contextualize the ruling on the plaintiff's motion for a default judgment.

The plaintiffs brought this case on March 25, 2019. The plaintiffs allege that Victor Khrapunov, the former mayor of Almaty, misappropriated funds from Almaty through fraudulent means. Second Amended Complaint ("SAC") ¶ 53-62, ECF No. 399.

The plaintiffs also contend that Mukhtar Ablyazov ("Ablyazov"), the former chairman and controlling shareholder of BTA, misappropriated funds from BTA by causing BTA to make fraudulent loans to companies controlled by Ablyazov. Id. ¶¶ 16-49. According to the plaintiffs, the funds stolen from BTA were then mixed and laundered throughout the world by Ablyazov and Ilyas Khrapunov, Victor Khrapunov's son and Ablyazov's son-in-law. Id. ¶¶ 50-52. Similarly, the funds stolen from Almaty were laundered with the aid of Ablyazov through his control of BTA. Id. ¶ 57.

The plaintiffs brought claims against various defendants, including Ferrari. As alleged in the First Amended Complaint,[1] Ferrari participated in a scheme with the other defendants to launder tens of millions of dollars of the plaintiffs' funds in connection with the purchase of the Tri-County Mall note. First Amended Complaint ("FAC") ¶¶ 230-33, 299(e), ECF No. 120.

With this background in mind, the Court makes the following findings of fact.[2]

---

[1] Following the withdrawal of Ferrari's counsel and the subsequent certificate of default, the plaintiffs filed the SAC. ECF No. 399. The allegations and claimed damages against Ferrari are the same in the FAC and SAC.

[2] "On a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint." Tropica Fresh v. Mr. G Int'l Produce Inc., No. 20-cv-748, 2020 WL 3440120, at *2 (S.D.N.Y. June 23, 2020).

**A.**

Ferrari knowingly agreed to help defendant Felix Sater ("Sater") launder funds stolen from the plaintiffs, and Ferrari profited directly from the scheme. In April 2013, in a deal handled by Sater and defendant Daniel Ridloff ("Ridloff"), under Ilyas Khrapunov's direction, a company beneficially owned by Ilyas Khrapunov won an auction to acquire an investment in a note related to the Tri-County Mall in Ohio for approximately $30 million. FAC ¶ 220. Telford International Limited ("Telford"), a company controlled by Ilyas Khrapunov and funded with money stolen from the plaintiffs, provided funding for the acquisition. FAC ¶¶ 222, 230; see also PTX-376, ECF No. 798-1. Ferrari earned $1,080,000 as a purported "finder's fee" in relation to the Tri-County Mall transaction. FAC ¶ 230. Ferrari kept half of that amount, or $540,000, and transferred the remaining half to an entity controlled by Ridloff. Id. ¶¶ 231-32; see also PTX-376; PTX-572, ECF No. 798-2.

Although the $1,080,000 payment to Ferrari purported to be a finder's fee in connection with the Tri-County Mall transaction, it was not. Ferrari was not identified as a broker in connection with the transaction, had no interactions with the real estate advisor on the transaction, and was not involved in negotiating the terms or the financing of the acquisition. FAC

¶¶ 136-38, 239-240. Ferrari knowingly participated in the scheme to launder funds stolen from the plaintiffs. See ECF No. 798-3.

**B.**

The plaintiffs filed this action on March 25, 2019. See ECF No. 1. Ferrari was properly served with the summons and complaint on April 11, 2019. ECF No. 25. Ferrari originally appeared through counsel, Archer & Greiner, P.C. ("Archer & Greiner"), see, e.g., ECF Nos. 21, 37, but Archer & Greiner subsequently sought to withdraw, citing a "breakdown in communication," ECF Nos. 162, 169-1. On April 9, 2020, Magistrate Judge Parker granted Archer & Greiner's motion to withdraw as Ferrari's counsel. ECF No. 181. Magistrate Judge Parker also ordered Ferrari to retain new counsel within sixty days of that order. Id. Ferrari has never requested an extension, and no other counsel has appeared on Ferrari's behalf. See, e.g., ECF No. 200.

On July 16, 2020, the Clerk issued a Certificate of Default against Ferrari. ECF No. 207. On January 15, 2021, the plaintiffs filed their first motion for a default judgment as to Ferrari. See ECF Nos. 269-270, 272, 314. Ferrari did not oppose the motion or otherwise make an appearance. The Court deferred a decision on the plaintiffs' first motion for a default judgment until their claims against the other defendants were resolved. ECF No. 315. In June 2024, the plaintiffs and defendants Daniel

4

Ridloff and RRMI-DR reached a settlement. The plaintiffs and the remaining non-defaulting defendants proceeded to trial on the plaintiff's claims for conversion, money had and received, and unjust enrichment on June 10, 2024; the jury returned a verdict for the plaintiffs on all three claims. See June 26, 2024, Minute Entry. On January 16, 2025, the Court granted the trial defendants' motion for a new trial on the conversion and unjust enrichment claims and held that the damages award from the June 2024 trial on the money had and received claim remained valid. See ECF No. 702. On September 29, 2025, the plaintiffs and the non-defaulting defendants proceeded to a second trial on the conversion and unjust enrichment claims; the jury once again returned a verdict for the plaintiffs on these claims. See Oct. 20, 2025, Minute Entry.

On October 30, 2025, the plaintiffs again moved for a default judgment against Ferrari. ECF No. 797. On November 3, 2025, the Court ordered Ferrari to show cause why a default judgment should not be entered pursuant to Federal Rule of Civil Procedure 55. ECF No. 800. The plaintiffs served Ferrari with notice of the order to show cause on November 5, 2025. ECF Nos. 803-04. Ferrari did not respond.

**II.**

In determining whether to grant a default judgment, a court considers "(1) whether the defendant's default was willful;

(2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."[3] Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02-cv-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). Because on a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint, the Court "must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." Tropica Fresh, 2020 WL 3440120, at *2.

**A.**

As described above, Magistrate Judge Parker ordered Ferrari to obtain new counsel following the withdrawal of Archer & Greiner, ECF No. 181. Ferrari was aware of its obligation to obtain new counsel, but Ferrari failed to do so. See ECF Nos. 797-4, 797-5, 797-6, 246, 280. Ferrari's default was therefore willful. See, e.g., Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered

---

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

against it pursuant to Rule 55."); Golden Ins. Co. v. PCF State Restoration, Inc., No. 17-cv-5390, 2020 WL 635533, at *2 (S.D.N.Y. Feb. 11, 2020) ("[The defendant's] failure to appear in this action through new counsel, despite having ample opportunity and clear direction from the Court to do so, is indicative of willful conduct.").

## B.

Ferrari is liable to the plaintiffs for unjust enrichment and money had and received and does not have any meritorious defenses to those claims. Claims for money had and received and unjust enrichment lie where a defendant knowingly receives wrongfully obtained property. See Middle E. Banking Co. v. State St. Bank Int'l, 821 F.2d 897, 906 (2d Cir. 1987) (money had and received depends on the defendant receiving money belonging to the plaintiff and that the defendant benefitted from the receipt of that money); Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1110 (N.Y. 2011) (unjust enrichment requires the plaintiff to prove that the defendant was enriched at the plaintiff's expense). As established by the well-pleaded allegations in the FAC, Ferrari knowingly helped the other defendants launder funds stolen from the plaintiffs and retained $540,000 in exchange for doing so. See FAC ¶¶ 237-40. Ferrari's only attempt to present a defense in this action was filing a motion to dismiss, which was administratively denied when Ferrari failed to retain new

7

counsel. See ECF No. 245. Therefore, Ferrari has abandoned its motion to dismiss and any other defenses it may have had. See Intrepidus, LLC v. Bivins, No. 15-cv-7721, 2017 WL 1608896, at *3 (S.D.N.Y. Apr. 28, 2017).

### C.

With respect to prejudice, a court "may presume that the non-defaulting party has been prejudiced by the defaulting party's failure to defend their actions and prosecute their claim." Mister Softee, Inc. v. Tsirkos, No. 14-cv-1975, 2015 WL 7458619, at *3 (S.D.N.Y. Nov. 23, 2015).

\* \* \*

For the foregoing reasons, the plaintiffs are entitled to a default judgment against Ferrari.

### III.

A default judgment entered on well-pleaded allegations in a complaint establishes liability, Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995), but it does not reach the issue of damages, see Ferri v. Berkowitz, 561 F. App'x 64, 65 (2d Cir. 2014) (summary order). Therefore, a plaintiff must substantiate its claim with sufficient evidence to prove its damages with reasonable certainty. "[A] hearing is not necessary as long as there is a basis for the damages specified in the default judgment." Tropica Fresh, 2020 WL 3440120, at *4.

8

The record from the second trial establishes that Ferrari retained $540,000 in funds wrongfully taken from the plaintiffs. See PTX-376; PTX-572. Ferrari obtained that $540,000 on May 24, 2013. PTX-572. The plaintiffs are accordingly entitled to a default judgment of $540,000 on their money had and received and unjust enrichment claims. The plaintiffs are also entitled to pre-judgment interest at the statutory rate of 9% per year running from May 24, 2013, until entry of judgment. See N.Y. C.P.L.R. §§ 5001, 5004.

## CONCLUSION

For the foregoing reasons, the plaintiffs are entitled to a default judgment against Ferrari in the amount of $540,000 on the plaintiff's money had and received and unjust enrichment claims. Therefore, the Clerk is respectfully requested to enter judgment as follows:

(1)  A default judgment in favor of the plaintiffs against Ferrari in the amount of $540,000.

(2)  Pre-judgment interest at the statutory rate of 9% running from May 24, 2013, until the entry of judgment.

(3)  Post-judgment interest at the statutory rate. 28 U.S.C. § 1961.

The Clerk should enter this judgment on the same day as the judgment against the remaining defendants so that all judgments are final and the case is closed.

SO ORDERED.
Dated:    New York, New York
          February 27, 2026

_____
John G. Koeltl
United States District Judge

10