**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,

                Plaintiffs,

  -against-

FELIX SATER, DANIEL RIDLOFF, BAYROCK GROUP INC., GLOBAL HABITAT SOLUTIONS INC., RRMI-DR LLC, FERRARI HOLDINGS LLC, and MEM ENERGY PARTNERS LLC,

                Defendants.

No. 19 Civ. 2645 (JGK) (KHP)

[~~PROPOSED~~] JUDGMENT

---

      WHEREAS, on June 10, 2024, a jury trial was held between Plaintiffs the City of Almaty, Kazakhstan and BTA Bank JSC (collectively, the "Plaintiffs"), appearing by their attorneys at Boies Schiller Flexner LLP, and Defendants Felix Sater ("Sater"), Bayrock Group Inc. ("Bayrock"), Global Habitat Solutions Inc. ("GHS"), and MeM Energy Partners LLC ("MeM") (collectively, the "Defendants") appearing by attorneys at John H. Snyder PLLC, the Law Firm of Thomas C. Sima, and Kombol Law Group, P.C., in the United States District Court for the Southern District of New York before the Honorable John G. Koeltl (the "First Trial");

      WHEREAS, a jury of nine persons was regularly impaneled and sworn (the "First Jury"), and the trial proceeded on three causes of action in Plaintiffs' Second Amended Complaint for (1) Conversion against Defendant Sater, (2) Unjust Enrichment against all Defendants, and (3) Money Had and Received against all Defendants;

      WHEREAS, after hearing the evidence and arguments of counsel the First Jury was duly instructed by the Court on Plaintiffs' claims for Conversion, Unjust Enrichment, and Money Had and Received. The First Jury deliberated and thereafter returned to Court on June 26, 2024, with

its verdict in favor of Plaintiffs on its claims for Conversion against Defendant Sater, Unjust Enrichment against all Defendants, and Money Had and Received against all Defendants (the "First Verdict");

WHEREAS, on January 16, 2025, the Court granted Defendants' motion pursuant to Fed. R. Civ. P. 59(a)(1)(A) for a new trial on Plaintiffs' claims of conversion and unjust enrichment, and held that the First Jury's verdict and damages award on Plaintiffs' claim of money had and received remains valid, [ECF No. 702];

WHEREAS, on September 29, 2025, a jury trial was held between Plaintiffs, appearing by their attorneys at Boies Schiller Flexner LLP, and Defendants, appearing by attorneys at John H. Snyder PLLC, the Law Firm of Thomas C. Sima, and Kombol Law Group, P.C., in the United States District Court for the Southern District of New York before the Honorable John G. Koeltl (the "Second Trial");

WHEREAS, a jury of ten persons was regularly impaneled and sworn (the "Second Jury"), and the trial proceeded on the two remaining causes of action in Plaintiffs' Second Amended Complaint for (1) Conversion against Defendant Sater, and (2) Unjust Enrichment against all Defendants;

WHEREAS, after hearing the evidence and arguments of counsel the Second Jury was duly instructed by the Court on Plaintiffs' claims for Conversion and Unjust Enrichment. The Second Jury deliberated and thereafter returned to Court on October 10, 2025, with its verdict in favor of Plaintiffs on its claims for Conversion against Defendant Sater and Unjust Enrichment against all Defendants (the "Second Verdict");

WHEREAS, the Court has considered all evidence submitted to it at the First Trial, the Second Trial, and otherwise.

2

**NOW THEREFORE, IT IS ORDRED, ADJUDGED AND DECREED** that:

1. Judgment shall be entered in favor of Plaintiffs, and against Defendant Felix Sater, on their claim of Conversion, in the amount of $26,221,387.00 in principal. Plaintiffs are further entitled to prejudgment interest at the statutory rate of nine percent per annum from April 2, 2013, which was the earliest ascertainable date that Plaintiffs had a claim for Conversion, amounting to $29,670,397.38 in prejudgment interest through October 24, 2025, plus $6,465.54 per day until this Judgment is rendered. *See* New York Civil Law and Rules ("CPLR") § 5004. Prejudgment interest is awarded on Plaintiffs' claim for Conversion in the amount of $30,485,055.22. Plaintiffs are further entitled to punitive damages for their claim of Conversion against Defendant Sater in the total amount of $3,000,000.00;

2. Judgment shall be entered in favor of Plaintiffs, and against all Defendants, on their claim of Unjust Enrichment, for which the Defendants are jointly and severally liable. Plaintiffs shall have and recover from each Defendant damages for Unjust Enrichment as follows:

   a. From Defendant Felix Sater, $16,083,426.67 in principal. Plaintiffs are further entitled to prejudgment interest at the statutory rate of nine percent per annum from April 2, 2013, which was the earliest ascertainable date that Plaintiffs had a claim for Unjust Enrichment against Defendant Sater, amounting to $18,198,948.07 in prejudgment interest through October 24, 2025, plus $3,965.77 per day until this Judgment is rendered. *See* CPLR § 5004. Prejudgment interest is awarded on Plaintiffs' claim for Unjust Enrichment against Defendant Sater in the total amount of $18,698,635.09;

   b. From Defendant Bayrock Group, Inc., $2,031,375.00 in principal. Plaintiffs are further entitled to prejudgment interest at the statutory rate of nine percent per annum

3

from June 3, 2013, which was the earliest ascertainable date that Plaintiffs had a claim for Unjust Enrichment against Defendant Bayrock, amounting to $2,267,515.38 in prejudgment interest through October 24, 2025, plus $500.88 per day until this Judgment is rendered. *See* CPLR § 5004. Prejudgment interest is awarded on Plaintiffs' claim for Unjust Enrichment against Defendant Bayrock in the total amount of $2,330,626.26_____;

      c.      From Defendant Global Habitat Solutions, Inc., $668,930.50 in principal. Plaintiffs are further entitled to prejudgment interest at the statutory rate of nine percent per annum from April 2, 2013, which was the earliest ascertainable date that Plaintiffs had a claim for Unjust Enrichment against Defendant GHS, amounting to $756,917.76 in prejudgment interest through October 24, 2025, plus $164.94 per day until this Judgment is rendered. *See* CPLR § 5004. Prejudgment interest is awarded on Plaintiffs' claim for Unjust Enrichment against Defendant GHS in the total amount of $777,700.20_____;

      d.      From Defendant MeM Energy Partners LLC, $343,051.74 in principal. Plaintiffs are further entitled to prejudgment interest at the statutory rate of nine percent per annum from August 22, 2013, which was the earliest ascertainable date that Plaintiffs had a claim for Unjust Enrichment against Defendant MeM, amounting to $376,163.28 in prejudgment interest through October 24, 2025, plus $84.58 per day until this Judgment is rendered. *See* CPLR § 5004. Prejudgment interest is awarded on Plaintiffs' claim for Unjust Enrichment against Defendant MeM in the total amount of $386,820.36_____;

3. Judgment shall be entered in favor of Plaintiffs, and against all Defendants, on their claim of Money Had and Received, for which the Defendants are jointly and severally liable. Plaintiffs shall have and recover from each Defendant damages for Money Had and Received as follows:

a. From Defendant Felix Sater, $504,213.33 in principal. Plaintiffs are further entitled to prejudgment interest at the statutory rate of nine percent per annum from April 2, 2013, which was the earliest ascertainable date that Plaintiffs had a claim for Money Had and Received against Defendant Sater, amounting to $570,534.65 in prejudgment interest through October 24, 2025, plus $124.32 per day until this Judgment is rendered. *See* CPLR § 5004. Prejudgment interest is awarded on Plaintiffs' claim for Money Had and Received against Defendant Sater in the total amount of $586,198.97;

b. From Defendant Bayrock Group, Inc., $2,031,375.00 in principal. Plaintiffs are further entitled to prejudgment interest at the statutory rate of nine percent per annum from June 3, 2013, which was the earliest ascertainable date that Plaintiffs had a claim for Money Had and Received against Defendant Bayrock, amounting to $2,267,515.38 in prejudgment interest through October 24, 2025, plus $500.88 per day until this Judgment is rendered. *See* CPLR § 5004. Prejudgment interest is awarded on Plaintiffs' claim for Money Had and Received against Defendant Bayrock in the total amount of $2,330,626.26;

c. From Defendant Global Habitat Solutions, Inc., $668,926.50 in principal. Plaintiffs are further entitled to prejudgment interest at the statutory rate of nine percent per annum from April 2, 2013, which was the earliest ascertainable date that Plaintiffs had

a claim for Money Had and Received against Defendant GHS, amounting to $756,913.24 in prejudgment interest through October 24, 2025, plus $164.94 per day until this Judgment is rendered. *See* CPLR § 5004. Prejudgment interest is awarded on Plaintiffs' claim for Money Had and Received against Defendant GHS in the total amount of $777,695.68;

        d.    From Defendant MeM Energy Partners LLC, $343,000.26 in principal. Plaintiffs are further entitled to prejudgment interest at the statutory rate of nine percent per annum from August 22, 2013, which was the earliest ascertainable date that Plaintiffs had a claim for Money Had and Received against Defendant MeM, amounting to $376,106.83 in prejudgment interest through October 24, 2025, plus $84.57 per day until this Judgment is rendered. *See* CPLR § 5004. Prejudgment interest is awarded on Plaintiffs' claim for Money Had and Received against Defendant MeM in the total amount of $386,762.65.

Date: February 27, 2026

                                                            The Honorable John G. Koeltl
                                                            United States District Court Judge